# United States District Court

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: JAMIE LYNN GALLIAN, | District Court Case Number<br>8:23-cv-00001-DSF |
| Debtor | |
| _____ | Bankruptcy Court Case Number<br>8:21-bk-11710-SC |
| HOUSER BROS. CO; HUNTINGTON<br>BEACH GABLES HOMEOWNERS<br>ASSOCIATION, | |
| | Chapter 7 |
| Appellants | |
| v. | |
| JAMIE LYNN GALLIAN, | |
| Appellee. | |

### APPELLANT'S OPENING BRIEF

D. EDWARD HAYS, #162507
ehays@marshackhays.com
LAILA MASUD, #311731
lmasud@marshackhays.com
BRADFORD N. BARNHARDT, #328705
Bbarnhardt@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt, Irvine, California 92620
Telephone: (949) 333-7777; Facsimile: (949) 333-7778

Attorneys for Appellants,
HOUSER BROS. CO;
HUNTINGTON BEACH GABLES
HOMEOWNERS ASSOCIATION

4854-7883-0429, v. 2/1572-001

TABLE OF CONTENTS

Corporate Disclosure Statement .................................................................vi

1.   Summary of Argument ...................................................................1

2.   Factual Background .......................................................................4

     A.   Bankruptcy Case..................................................................4

     B.   Appeal..................................................................................11

3.   Legal Argument ............................................................................12

     A.   Standard of Review ...........................................................12

     B.   Debtor bears the burden of proof to show her entitlement to the
          claimed homestead exemption. ........................................13

     C.   Debtor can, at most, claim a homestead exemption in the
          Property as a renter............................................................14

     D.   Alternatively, to the extent Debtor is entitled to a homestead
          exemption, 11 U.S.C. § 522(p) should limit the amount. ...................25

Statement of Related Cases....................................................................29

Form 6.   Certificate of Compliance with Type-Volume Limitation,
          Typeface Requirements, and Type Style Requirements ...............................31

APPELLANT'S OPENING BRIEF

TABLE OF AUTHORITIES

## Cases

*Abrahim & Sons Enters. v. Equilon Enters.*,

    292 F.3d 958, 963 (9th Cir. 2002) ........................................................................18

*Broadway Foreclosure Investments, LLC v. Tarlesson*,

    184 Cal.App.4th 931, 937 (2010) ................................................................ 20, 21

*Diaz v. Kosmala (In re Diaz)*,

    547 B.R. 329, 336-37 (B.A.P. 9th Cir. 2016) ............................................. 14, 15

*Harrington v. Ainsworth (In re Harrington)*,

    2005 Bankr.LEXIS 3379, at *8 (B.A.P. 9th Cir. Aug. 22, 2005) ............. 5, 16, 17

*In re Farokhirad*,

    8:21-bk-10026-MW, ECF No. 98 (Bankr. C.D. Cal. Apr. 29, 2021) .................18

*In re Gilman*,

    887 F.3d 956, 964-65 (9th Cir. 2018) ................................................ 18, 20, 21, 24

*In re McNabb*,

    326 B.R. 785 (Bankr. D. Ariz. 2005) .................................................................26

*In re Narita*,

    2008 Bankr.LEXIS 5174, at *11 (Bankr. D. Nev. Jan. 10, 2008) ......................26

*In re Reade*,

    2014 Bankr.LEXIS 1391, at *10 (Bankr. C.D. Cal. Mar. 28, 2014) ...................16

APPELLANT'S OPENING BRIEF

*In re Sain*,

    584 B.R. 325, 328 (Bankr. S.D. Cal. 2018)............................................... 15, 22, 24

*In re Tallerico,*

    532 B.R. 774, 780 (Bankr. E.D. Cal. 2015) ..........................................................13

*In re Tallerico*,

    532 B.R. 774, 780 (Bankr. E.D. Cal. 2015). CCP § 704.780(a)(1) ....................13

*Kane v. Zions Bancorporation, N.A.*,

    2022 U.S.Dist.LEXIS 177905 (N.D. Cal. Sept. 29, 2022).............. 2, 3, 11, 26, 27

*Kelley v. Locke (In re Kelley)*,

    300 B.R. 11, 17, 20 (B.A.P. 9th Cir. 2003) ..........................................................15

*Owen v. Owen*,

    500 U.S. 305 (1991) ....................................................................................... 5, 18

*Raleigh v. Ill. Dep't of Revenue*,

    530 U.S. 15 (2000) ................................................................................................14

*Schaefers v. Blizzard Energy, Inc. (In re Schaefers)*,

    623 B.R. 777, 783 (B.A.P. 9th Cir. 2020) ...........................................................16

*Schaefers v. Blizzard Energy, Inc. (In re Schaefers)*,

    623 B.R. 777, 783, 785 (B.A.P. 9th Cir. 2020) ...................................................17

*Whatley v. Stijakovich-Santilli (In re Stijakovich-Santilli)*, 542 B.R. 245, 253-54

    (B.A.P. 9th Cir. 2015)...........................................................................................12

**Statutes**

APPELLANT'S OPENING BRIEF

11 U.S.C § 522 ..................................................................................18

11 U.S.C. § 522(b)(3)(A) ....................................................................26

11 U.S.C. § 522(c) ..............................................................................18

11 U.S.C. § 522(g) ...............................................................................3

11 U.S.C. § 522(p) ............................................................................2, 3

11 U.S.C. § 522(p)(1) ..................................................................... 6, 26

Cal. Code Civ. P. § 704.710(c) .........................................................16

Cal. Code Civ. P. § 704.720(a) .........................................................15

Cal. Code Civ. P. § 704.740(a) .........................................................15

Cal. Code Civ. P. § 704.740(b) .........................................................15

Cal. Code Civ. Proc. § 704.710(a)(2) ................................................16

California Evidence Code § 662 ...........................................................6

CCP § 704.710(c) ..................................................................... 16, 19, 21

CCP § 704.730 ......................................................................... 7, 14

CCP § 704.730(a) ................................................................ 5, 15, 16, 17

CCP § 704.780(a) ...............................................................................13

CCP §§ 704.710-704.850 ...................................................................14

CCP §§ 704.910-704.995 ...................................................................14

**Other Authorities**

4 COLLIER ON BANKRUPTCY P 522.13[1] (2023) ...................................25

APPELLANT'S OPENING BRIEF

**Rules**

Rule 4003(c)...........................................................................................................14

APPELLANT'S OPENING BRIEF

# Corporate Disclosure Statement

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure,

Appellant, Houser Bros. Co., dba Rancho Del Rey Mobile Home Estates, makes

the following disclosures:

There is no corporation that is a parent corporation, nor is there a publicly

held corporation that owns 10% or more of Appellant's stock.


DATED: April 20, 2023                    MARSHACK HAYS LLP


                                                 */s/ D. Edward Hays*
                                         By: _____
                                         D. EDWARD HAYS
                                         LAILA MASUD
                                         BRADFORD N. BARNHARDT
                                         Attorneys for Appellant,
                                         HOUSER BROS. CO. dba RANCHO DEL
                                         REY MOBILE HOME ESTATES

APPELLANT'S OPENING BRIEF

TO THE HONORABLE DALE S. FISCHER, UNITED STATES DISTRICT
JUDGE, JAMIE LYNN GALLIAN, AND ALL INTERESTED PARTIES

Appellant, Houser Bros. Co., dba Rancho Del Rey Mobile Home Estates
("Houser Bros."), files this Opening Brief, and respectfully submits as follows:

## 1.    Summary of Argument

Under United States Supreme Court authority, a debtor may not exempt
property unless it is property of her bankruptcy estate. In this case, Debtor did not
own the home at issue. Instead, it was owned by a limited liability company in
which she was the 100% member. As such, the property which became property of
her estate upon the commencement of bankruptcy was her interest in the LLC. The
record includes Debtor's rent payments to the LLC. As such, the property which
became property of the estate was Debtor's interest in the LLC and her month-to-
month tenancy rights. Appellant objected to Debtor's claimed exemption in the
property itself.

The bankruptcy court sustained the objection but Debtor filed for
reconsideration raising no new arguments and presenting no new evidence which
should have resulted in a different outcome. Yet, the bankruptcy court granted
reconsideration without making any findings as to what interest Debtor had in the
property. It is true that California law does not require ownership as a condition of
an exemption (i.e. there are cases in which a debtor's long-term leasehold interest

1

APPELLANT'S OPENING BRIEF

became an asset of a bankruptcy estate and debtor was permitted an exemption in the proceeds of any sale of such an interest). Yet, the Court made no findings as to what was Debtor's interest in the property when the evidence established that she was paying rent to the LLC.

Recently, the United States District Court for the Northern District of California was confronted with virtually the same issue. *Kane v. Zions Bancorporation, N.A.*, 2022 U.S.Dist.LEXIS 177905 (N.D. Cal. Sept. 29, 2022). In Kane, the debtor through his 100% owned LLC purchased residential real property in which debtor lived. There is was no indication that debtor paid rent. On the day prior to bankruptcy, the debtor had the LLC transfer title to him. The bankruptcy court held that the debtor had no interest in the property when it was owned by the LLC and that he only acquired his interest when title was transferred to him on the eve of bankruptcy. Under Bankruptcy Code § 522(p), when a debtor acquires a home within a certain period prior to bankruptcy, any exemption is subject to a cap notwithstanding state law that would have otherwise permitted a higher exemption. As such, the District Court in Kane affirmed the bankruptcy court's ruling that debtor had no interest upon which a homestead could be based when the property was owned by the LLC and that his exemption was thus capped. This result is consistent with Ninth Circuit and California authority that property owned by an LLC is not owned by its individual members and that a creditor's remedy is to seek to charge the debtor's interest in the LLC. The decision in *Kane* was issued after

APPELLANT'S OPENING BRIEF

oral argument on Debtor's motion for reconsideration in this case. But, a notice of recent decision was filed with the bankruptcy court. When the bankruptcy court granted reconsideration, however, no mention of *Kane* was made and no reason was provided as to why its reasoning was flawed or unpersuasive.

Lastly, the evidence in this case was that Debtor attempted to transfer title to herself on the day of bankruptcy (like *Kane*) but that title didn't transfer until post-petition. The bankruptcy court made this finding in originally granting the objection to exemption. In its decision on reconsideration, however, no contrary finding was made that title did in fact transfer prior to bankruptcy. But, even if title had transferred, Debtor's exemption should have been capped at the then existing cap of $170,500 pursuant to Section 522(p). Debtor should never have been granted the full $600,000 exemption then available under California law. If not reversed, the allowed exemption fully consumes the value of the property leaving nothing for the benefit of creditors.

The evidence established that Debtor sold her former residence and used the proceeds to fund the acquisition of the subject home in the name of the LLC at a time when she was being sued. She ultimately lost such litigation and a large money judgment was entered against her. Debtor's choice to fraudulently transfer the funds and any interest in the property to her LLC to avoid creditors had consequences. In bankruptcy, when a trustee recovers fraudulently transferred property, a debtor is not permitted an exemption. See, 11 U.S.C. § 522(g). Federal

and state law and public policy does not permit a debtor to fraudulently transfer
assets to their separate business entities and then claim to have owned them for
purposes of exempting them from the reach of creditors. This Court should reverse
the bankruptcy court's order granting reconsideration and find that Debtor's claim
of exemption should be disallowed.

## 2.     Factual Background

### A.     Bankruptcy Case

On July 9, 2021 ("Petition Date"), Jamie Lynn Gallian ("Debtor") filed a
voluntary petition under Chapter 7 of Title 11 of the United States Code,
commencing Bankruptcy Case No. 8:21-bk-11710 ("Bankruptcy Case"). Excerpt
of Record ("ER") ER 23.

In Schedule C, Debtor claimed a $600,000 homestead exemption in a
manufactured home located at 16222 Monterey Lane, Space 376, Huntington
Beach, CA 92649 ("Property") pursuant to § 704.730 of the California Code of
Civil Procedure ("CCP"). *See* ER 1 at 000116 (Debtor's Schedule C).

On May 12, 2022, as Docket No. 95, Houser Bros. filed a "Motion
Objecting to Debtor's Claimed Homestead Exemption" ("Homestead Motion").
ER 000001. The Motion was set for hearing on June 2, 2022, at 10:30 a.m. Docket
No. 99. In the Homestead Motion, Houser Bros. provided extensive evidence to
show that Debtor's single-member LLC, J-Sandcastle Co., LLC ("J-Sandcastle"),
was the Property's owner of record on the Petition Date, and because a debtor's

right to claim an exemption is determined as of the petition date, the Property did not become property of the bankruptcy estate (and therefore Debtor could not be allowed a homestead). ER 000001-000259; *see Owen v. Owen*, 500 U.S. 305 (1991) ("Property that is properly exempted under § 522 is (with some exceptions) immunized against liability for prebankruptcy debts. § 522(c). No property can be exempted (and thereby immunized), however, unless it first falls within the bankruptcy estate.") (emphasis in original); *see also Harrington v. Ainsworth (In re Harrington)*, 2005 Bankr.LEXIS 3379, at *8 (B.A.P. 9th Cir. Aug. 22, 2005) (noting that the homestead exemptions set forth in CCP § 704.730(a) depend on whether the debtor is eligible for an exemption as of the petition date); *Goswami v. MTC Distrib. (In re Goswami)*, 304 B.R. 386, 391-92 (B.A.P. 9th Cir. 2003) (setting forth the "well-established rule" that the "critical date" for determining exemption rights is the petition date).

In this case, the record is clear that Debtor's interest in the property as of the petition date and the property which became property of the bankruptcy estate was Debtor's interest in the LLC and her month-to-month tenancy rights. Appellant presented Debtor's rent checks to the LLC in support of the objection to exemption. It is plain error for the bankruptcy court to have permitted Debtor an exemption (which required a finding of Debtor having a beneficial or equitable interest and no findings were made as to what interest she individually had in the property) when she was paying rent to a separate entity. Under California Evidence

Code § 662, the owner of legal title is presumed to be the owner of the full

beneficial title unless rebutted by clear and convincing proof. In this case, there

was no such clear and convincing proof and the bankruptcy court did not identify

any such evidence in support of its grant of reconsideration.

Houser Bros. alternatively argued that any exemption Debtor could claim in

the Property (if she proved that she acquired an interest from the LLC prior to

bankruptcy which she did not) was capped at $170,350 pursuant to 11 U.S.C.

§ 522(p), which provides, in relevant part:

> [A]s a result of electing under subsection (b)(3)(A) to exempt property
>
> under State or local law, a debtor may not exempt any amount of
>
> interest that was acquired by the debtor during the 1215-day period
>
> preceding the date of the filing of the petition that exceeds in the
>
> aggregate $170,350 in value in—
>
>> (A) real or personal property that the debtor or a dependent of
>>
>> the debtor uses as a residence; . . . or
>>
>> (D) real or personal property that the debtor or dependent of the
>>
>> debtor claims as a homestead.

11 U.S.C. § 522(p)(1). Houser Bros. presented evidence that Debtor's single-

member LLC, J-Sandcastle, acquired the Property from a third party on

November 1, 2018, and Debtor did not acquire any interest in the Property prior to

bankruptcy (unless the Court determined she acquired title on the eve of

APPELLANT'S OPENING BRIEF

bankruptcy because such date would obviously be within the 1,215-day period before the Petition Date). ER 000018-19.

Houser Bros. therefore sought an order:

1) Sustaining the objection to Debtor's claimed homestead exemption under CCP § 704.730, and disallowing any claim of exemption by Debtor in the Property pursuant to CCP § 704.730; and

2) Alternatively, finding that any allowed exemption be capped at $170,350 pursuant to 11 U.S.C. § 522(p).

ER 1000019-20.

On June 1, 2022, the day prior to the scheduled hearing, Debtor filed an untimely "Reply Opposition, Memorandum of Points and Authorities to Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates' Motion Objecting to Debtor's Claimed Homestead Exemption and Joinder Parties Huntington Beach Gables HOA; Janine Jasso" ("Homestead Opposition"). Docket No. 105. In the Homestead Opposition, Debtor asserted that she became the owner of record of the Property on February 25, 2021 (*i.e.*, approximately five months prior to bankruptcy). Docket No. 105 at 25.

On June 2, 2022, the Court conducted a hearing on the Homestead Motion. Before the hearing, the Court published a tentative ruling to continue the hearing on the Homestead Motion to July 21, 2022, to allow Houser Bros. and the parties who joined in the Homestead Motion to file a reply to Debtor's late opposition.

7

On July 7, 2022, Houser Bros. filed its "Reply to Debtor's Opposition to Motion Objecting to Claimed Homestead Exemption" ("Homestead Reply") and related documents. *See* ER 6-9, ER 000274-000493. In the Homestead Reply, Houser Bros. argued, *inter alia*, that Debtor's only interest in the Property was that of a month-to-month tenant of an LLC which was the owner of the Property. ER 6 at 000291. Unless Trustee sold Debtor's tenancy rights, no exemption should attach to the proceeds of sale if Trustee could otherwise recover the Property from the LLC and administer it for the benefit of creditors. *Id.*

On July 20, 2022, as Docket No. 138, Houser Bros. filed "Excerpts of Certified Transcript in Support of Reply to Debtor's Opposition to Motion Objecting to Claimed Homestead Exemption" ("Excerpts of Record").[1] ER 10. The Excerpts of Record attached excerpts from the certified transcript of Debtor's deposition, during which she stated that she "was J Sandcastle's Tenant" and "was paying rent to J Sandcastle . . . just as if a stranger off the street . . . rent[ed] this place [*i.e.*, the Property]." ER 10 at 000453. Debtor further noted that J-Sandcastle had $9,000 from her $1,086/month of rental payments, which continued from November 2018 through February 2021. *Id.* at 000454-000455.

Before the July 21, 2022, hearing, the Court published a tentative ruling to grant the Homestead Motion ("July 21 TR"). ER 15. In the July 21 TR, the Court

---

[1] The Homestead Reply attached excerpts from a draft of the deposition transcript, and Houser Bros. filed the Excerpts of Record once the certified transcript was available.

APPELLANT'S OPENING BRIEF

found that Debtor had failed to meet her burden that the Property was subject to any exemption. ER 15 at 000866-000869. The Court alternatively found that had Debtor provided sufficient evidence of a transfer on February 25, 2021, the limitations of 11 U.S.C. § 522(p) would have applied. *Id.* at 000869.

On July 21, 2022, the Court held a continued hearing on the Homestead Motion. During the hearing, the Court orally granted the Homestead Motion for the reasons stated in the July 21 TR.

On July 26, 2022, Debtor filed a "Motion for Reconsideration of 7.21.22 Order Sustaining Houser Bros. Co. DBA Rancho Del Rey Mobile Home Estates Objection to Debtor's Claimed Homestead Exemption and Joinder Parties Huntington Beach Gables HOA; Janine Jasso" ("Reconsideration Motion"). ER 11.

On August 4, 2022, as Docket No. 170, Houser Bros. filed a "Response to Debtor's Notice of and Motion for Reconsideration of 7.21.22 Order Sustaining Houser Bros. Co. DBA Rancho Del Rey Mobile Home Estate's Objection to Debtor's Claimed Homestead Exemption" ("Reconsideration Opposition"). ER 12. In the Reconsideration Opposition, Houser Bros. again asserted that Debtor's interest in the Property was that of a tenant, and she could accordingly not claim any exemption herself. ER 12 at 000810.

On August 5, 2022, as Docket No. 177, the Court entered its formal "Order Granting Houser Bros. Co. DBA Rancho Del Rey Mobile Home Estates's Motion Objecting to Debtor's Claimed Homestead Exemption in 16222 Monterey Lane,

9

4854-7883-0429,v.2

Space #376, Huntington Beach, CA 92649, Docket No. 95" ("Order Granting Homestead Motion"). ER 15.

On August 11, 2022, Debtor filed a "Reply to Houser Bros Co DBA Rancho Del Rey Mobilehome Estates Opposition to Debtors [sic] Motion for Consideration [sic] . . . ." Docket No. 185.

On September 22, 2022, the Court held a hearing on the Reconsideration Motion. At the end of the hearing, the Court took the Reconsideration Motion under advisement.

About a week after the September 22, 2022, hearing, Houser Bros. filed a "Notice of Recent Decision Re: Debtor's Motion for Reconsideration of 7.21.22 Order Sustaining Objection to Debtor's Claimed Homestead Exemption." ER 19.

On December 19, 2022, the Court entered:

1) "Memorandum of Decision Regarding Debtor's Motion for Reconsideration of the Court's August 5, 2022 Order Sustaining Objection to Debtor's Homestead Exemption" ("MOD"), ER 20; and

2) "Order Granting Debtor's Motion for Reconsideration of the Court's August 5, 2022 Order Sustaining Objection to Debtor's Homestead Exemption," ER 21.

In the MOD, the Court held, among other things, that Debtor's homestead exemption in the amount of $600,000 was not subject to § 522(p)(1), because Debtor had "sufficiently demonstrated both continuous occupancy of the Property

as well as her intent to reside there." ER 20, at 000983-000984. The MOD does not contain any findings regarding what was Debtor's interest in the Property when it was owned by the LLC, does not reference the uncontroverted evidence that Debtor was a tenant paying rent to the LLC (*i.e.*, her only interest in the property that became property of the estate that could be exempted was that of a tenant), and does not cite to the *Kane* decision (other than for the limited proposition that § 522(p) applies in California).

### B.   Appeal

On December 29, 2022, Houser Bros. filed a "Notice of Appeal and Statement of Election," ER 22, which commenced this appeal ("Appeal").

On January 12, 2023, Houser Bros. filed, among other things:

1) "Appellant's Designation of Items to Be Included in the Record on Appeal . . . ," Docket No. 291; and

2) "Appellant's Statement of Issues on Appeal . . ." ("Statement of Issues"), Docket No. 292.

On February 8, 2023, Houser Bros. filed as Docket No. 5 in this Appeal a "Notice of Motion and Motion to Stay Briefing and Appeal Pending the Ninth Circuit's Decision in *Evander Kane v. Zions Bancorporation, N.A.*" ("Motion to Stay"). No timely response to the Motion to Stay was filed, and on March 6, 2023, the Court entered an order granting it. Appeal, Docket No. 8.

On March 10, 2023, Houser Bros. filed a "Status Report Re: Ninth Circuit's Dismissal of Appeal in *Evander Kane v. Zions Bancorporation, N.A.*, and Request for Briefing Schedule." Appeal, Docket No. 9. Three days later, the Court entered an "Order Setting Briefing Schedule," which set a briefing schedule as follows:

1) The deadline for Houser Bros. to file and serve a brief in this Appeal is April 20, 2023;

2) Debtor's deadline to file and serve a brief is May 22, 2023;

3) Houser Bros.'s deadline to file and serve a reply brief is June 5, 2023; and

4) No further briefing shall be allowed or considered.

Appeal, Docket No. 10.

## 3.   Legal Argument

### A.   Standard of Review

A bankruptcy court's conclusions of law are reviewed *de novo*. *Whatley v. Stijakovich-Santilli (In re Stijakovich-Santilli)*, 542 B.R. 245, 253-54 (B.A.P. 9th Cir. 2015). An appellate court reviews exemption determinations *de novo*. *Id.* at 254. *De novo* review requires that the court consider a matter "anew, as if it had not been heard before, and as if no decision had been rendered below." *Id.*

The bankruptcy court's factual findings, for purposes of determining the validity of a homestead exemption claim, are reviewed under the clearly erroneous standard. *Id.* A factual finding is clearly erroneous only if the appellate court has a

"definite and firm conviction that a mistake has been committed." *Id.*

**B.     Debtor bears the burden of proof to show her entitlement to the**

**claimed homestead exemption.**

California, by statute, regulates the burden of proof regarding its

exemptions. *In re Tallerico*, 532 B.R. 774, 780 (Bankr. E.D. Cal. 2015).

CCP § 704.780(a)(1) provides:

The burden of proof at the hearing is determined in the following

manner:

(1) If the records of the county tax assessor indicate that there is a

current homeowner's exemption or disabled veteran's exemption for

the dwelling claimed by the judgment debtor or the judgment debtor's

spouse, the judgment creditor has the burden of proof that the

dwelling is not a homestead. If the records of the county tax assessor

indicate that there is not a current homeowner's exemption or disabled

veteran's exemption for the dwelling claimed by the judgment debtor

or the judgment debtor's spouse, the burden of proof that the dwelling

is a homestead is on the person who claims that the dwelling is a

homestead.

California law allocates the burden of proof on a homestead based on the

records of the county tax assessor. CCP § 704.780(a). *See also In re Tallerico,* 532

B.R. 774, 780 (Bankr. E.D. Cal. 2015); *Diaz v. Kosmala (In re Diaz)*, 547 B.R.

APPELLANT'S OPENING BRIEF

329, 336-37 (B.A.P. 9th Cir. 2016) (holding that where a state law exemption statute specifically allocates the burden of proof to the debtor, Rule 4003(c) does not change that allocation) (citing *Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15 (2000)).

Here, as the Bankruptcy Court correctly noted, Debtor had the burden of establishing her entitlement to claim a homestead exemption pursuant to § 704.730 of the CCP because the records of the Orange County Treasurer-Tax Collector did not indicate that there was a "current homeowner's exemption or disabled veteran's exemption" for the Property as of the Petition Date. *See* ER 20 at 000984 (Bankruptcy Court's MOD, placing the burden on Debtor); *see also* ER 1 at 000249-000252 (Homestead Motion, providing a copy of the 2021-22 tax bill for the Property as Exhibit 24 and, for reference, a true and correct copy of the tax bill for the next-door address, which reflects a $7,000 homeowner's exemption, as Exhibit 25). Even if Houser Bros. had the burden, however, it would have shown that Debtor was not entitled to the claimed exemption for the following reasons.

C.      **Debtor can, at most, claim a homestead exemption in the Property as a renter.**

California provides two alternative homestead exemptions: the declared homestead exemption set forth in CCP §§ 704.910-704.995, and the automatic homestead exemption set forth in CCP §§ 704.710-704.850. *In re Sain*, 584 B.R.

325, 328 (Bankr. S.D. Cal. 2018). Because declared homesteads apply to voluntary sales, they generally do not arise in bankruptcy cases. *Id.*

Section 704.730(a) of the CCP provides:

(a) The amount of the homestead exemption is the greater of the following:

> (1) The countywide median sale price for a single-family home in the calendar year prior to the calendar year in which the judgment debtor claims the exemption, not to exceed six hundred thousand dollars ($600,000).

> (2) Three hundred thousand dollars ($300,000).

The automatic homestead exemption protects a debtor from a forced sale. Cal. Code Civ. P. § 704.720(a) ("A homestead is exempt from sale under this division" (Division 2 - Enforcement of Money Judgments)); *id.* § 704.740(a) ("a dwelling may not be sold under this division to enforce a money judgment except pursuant to a court order for sale obtained under this article" (Article 4 - Homestead Exemption)); *id.* § 704.740(b) ("If the dwelling is personal property… an exemption claim shall be made and determined as provided in Article 2 (Article 2 - Procedure for Claiming Exemptions)). The filing of a bankruptcy petition constitutes a forced sale. *Diaz v. Kosmala (In re Diaz)*, 547 B.R. 329, 334 (B.A.P. 9th Cir. 2016); *Kelley v. Locke (In re Kelley)*, 300 B.R. 11, 17, 20 (B.A.P. 9th Cir. 2003).

APPELLANT'S OPENING BRIEF

A debtor's right to claim an exemption is determined as of the petition date. *In re Reade*, 2014 Bankr.LEXIS 1391, at *10 (Bankr. C.D. Cal. Mar. 28, 2014); *see also Harrington v. Ainsworth (In re Harrington)*, 2005 Bankr.LEXIS 3379, at *8 (B.A.P. 9th Cir. Aug. 22, 2005) (noting that the homestead exemptions set forth in CCP § 704.730(a) depend on whether the debtor is eligible for an exemption as of the petition date).

California law defines a "homestead" as:

the principal dwelling (1) in which the judgment debtor or the judgment debtor's spouse resided on the date the judgment creditor's lien attached to the dwelling, and (2) in which the judgment debtor or the judgment debtor's spouse resided continuously thereafter until the date of the court determination that the dwelling is a homestead.

Cal. Code Civ. P. § 704.710(c).

A "manufactured home together with the outbuildings and land upon which they are situated" is eligible for a homestead exemption. Cal. Code Civ. Proc. § 704.710(a)(2) (defining "dwelling"). An LLC interest, however, does not qualify for a homestead exemption. *Schaefers v. Blizzard Energy, Inc. (In re Schaefers)*, 623 B.R. 777, 783 (B.A.P. 9th Cir. 2020) (indicating that California's residential exemption is inapplicable to interests in an LLC, which are personal property interests outside the statutory definition of homestead under CCP § 704.710(c)), *vacated on other grounds*, 2022 U.S.App.LEXIS 24671.

Here, in ruling on the Homestead Motion, the Bankruptcy Court correctly found that J-Sandcastle rather than Debtor was the Property's owner of record on the Petition Date. ER 15 at 000866-000869 (Order Granting Homestead Motion, attaching the July 21 TR, in which the Court found that California Department of Housing and Community Development records showed that J-Sandcastle, not Debtor, was the Property's owner of record on the Petition Date). Because a Chapter 7 debtor's interest in property and right to claim a homestead exemption is determined as of the petition date, and a debtor cannot claim a homestead exemption in residential property held by an LLC rather than the debtor personally, the Bankruptcy Court properly sustained Houser Bros.'s objection to Debtor's claimed exemption in its Order Granting Homestead Motion. *Harrington v. Ainsworth (In re Harrington)*, 2005 Bankr.LEXIS 3379, at *8 (B.A.P. 9th Cir. Aug. 22, 2005) (noting that the homestead exemptions set forth in CCP § 704.730(a) depend on whether the debtor is eligible for an exemption as of the petition date); *Schaefers v. Blizzard Energy, Inc. (In re Schaefers)*, 623 B.R. 777, 783, 785 (B.A.P. 9th Cir. 2020) (holding that a debtor could not claim a homestead exemption in the property where he resided because he admitted that the property was owned by an LLC);[2] *In re Farokhirad*, 8:21-bk-10026-MW, ECF No. 98

---

[2] Although the Ninth Circuit vacated the Bankruptcy Appellate Panel's decision in *Schaefers* on other grounds, the reasoning of the Bankruptcy Appellate Panel is still sound and persuasive. Further, while the Bankruptcy Court's MOD noted that the debtor in *Schaefers* asserted an interest in the LLC itself and not in the real

(Bankr. C.D. Cal. Apr. 29, 2021) (sustaining a chapter 7 trustee's objection to a debtor's claimed homestead exemption under CCP § 704.730 where title to the property was held by an LLC in which one of the debtors was the sole member); *see also Owen v. Owen*, 500 U.S. 305 (1991) ("Property that is properly exempted under § 522 is (with some exceptions) immunized against liability for prebankruptcy debts. § 522(c). No property can be exempted (and thereby immunized), however, unless it first falls *within* the bankruptcy estate.") (emphasis in original); *Abrahim & Sons Enters. v. Equilon Enters.*, 292 F.3d 958, 963 (9th Cir. 2002) ("Once members contribute assets to an LLC, those assets become capital of the LLC and the members lose any interest they had in the assets.").

The MOD notably did not disturb the previous finding, that J-Sandcastle held title to the Property as of the Petition Date.[3] The MOD instead shifted the focus from title to residence, relying on *In re Gilman*, 887 F.3d 956, 964-65 (9th Cir. 2018). In *Gilman*, the Ninth Circuit found that a debtor could claim a homestead exemption in property that was in escrow to be sold on the petition date, if he intended to continue residing there. Kevin Gilman ("Mr. Gilman") filed a voluntary Chapter 7 petition and scheduled an interest in a home in which he

---

property owned by the LLC, ER 20 at 000979, Debtor here should not be able to claim an exemption in LLC property because LLC members have no interest in the company's assets.

[3] This finding was correct for the reasons set forth in extensive detail in Houser Bros.'s briefing before the Bankruptcy Court, and in the July 21 TR.

4854-7883-0429,v.2

claimed a homestead exemption pursuant to CCP § 704.730. *Id.* at 960.

Mr. Gilman later admitted that escrow was open on this property on the day he

filed bankruptcy. *Id.* Two creditors objected to Mr. Gilman's homestead exemption

and, after the bankruptcy court initially sustained the objection due to lack of

opposition, it later granted Mr. Gilman's motion for relief from the order. *Id.* The

bankruptcy court reasoned that escrow did not eliminate Mr. Gilman's right to a

homestead exemption. *Id.* at 960-61. The creditors appealed to the district court,

which affirmed, and they then appealed to the Ninth Circuit. *Id.* at 961. On appeal,

the creditors contended that Mr. Gilman lacked a sufficient ownership interest to

support an exemption because, at the time of filing bankruptcy, he only held the

property in trust for the buyer. *Id.* at 965.

 The Ninth Circuit noted that the definition of homestead under CCP

§ 704.710(c) "requires only that the judgment debtor *reside* in the property as his

or her principal dwelling at the time the judgment creditor's lien attaches and

continuously thereafter until the court determines the dwelling is a homestead." *Id.*

at 964-65 (emphasis in original) (citation omitted). The court noted that the

definition does not require that the debtor "continuously own the property." *Id.* at

965. Therefore, to determine whether a debtor resides in a property for homestead

purposes, courts consider the debtor's physical occupancy of the property and the

intent to reside there. *Id.* The Court of Appeals highlighted that Mr. Gilman's

occupancy of the premises was undisputed. *Id.* And, the Ninth Circuit indicated

19

that California law rejects the creditors' argument, that title to the property is necessary to claim a homestead exemption. *Id.* at 965-66 (citing *Broadway Foreclosure Investments, LLC v. Tarlesson*, 184 Cal.App.4th 931, 937 (2010)). Instead, "continuous residency, rather than continuous ownership, controls the analysis." *Id.* at 966 (internal quotation marks omitted). Because the bankruptcy court made no findings regarding Mr. Gilman's intent to continue to reside in the property, the Ninth Circuit vacated the decision and remanded so that the bankruptcy court could apply the correct law to the facts. *Id.*

Both the Bankruptcy Court here and the Ninth Circuit in *Gilman* also relied on *Broadway Foreclosure Investments, LLC v. Tarlesson*, 184 Cal.App.4th 931 (2010), where the California Court of Appeal held that a debtor who had conveyed title to her home to a relative but who remained living there could claim a homestead exemption. Larnise Tarlesson ("Ms. Tarlesson") failed to pay a judgment creditor, which then sought to levy upon her home to satisfy the judgment. *Id.* at 934. In December 2008, the creditor filed an application for a court order permitting the sale of the home. *Id.* It argued that even though the home was Ms. Tarlesson's principal residence when its judgment lien attached in 2006, Ms. Tarlesson lost her right to claim a homestead exemption by conveying the property by grant deed to her cousin on June 10, 2008. *Id.* In opposition to the application, Ms. Tarlesson contended that the property had continuously been her principal residence since 1984, and she only conveyed the property to arrange

mortgage financing. *Id.* at 935. Ms. Tarlesson further highlighted that in February 2009, her cousin reconveyed the property to her by grant deed dated June 10, 2008 (the same date as the original conveyance). *Id.* The trial court found that the property was Ms. Tarlesson's homestead because it was her principal dwelling where she resided when the judgment creditor's lien attached and continuously thereafter. *Id.* The trial court granted the creditor's application for an order directing the sheriff to sell the property, subject to the homestead exemption. *Id.*

The creditor appealed, arguing that Ms. Tarlesson could not claim a homestead exemption because she did not own the home between June 2008 and February 2009, and it therefore became subject to the judgment liens free of the homestead. *Id.* at 936. According to the Court of Appeal, however, because the property was Ms. Tarlesson's principal residence when it acquired its judgment lien, she had continuously resided in the home since 1984, and there was no evidence to rebut her claim that she retained the beneficial interest in her home, the home qualified as her homestead under CCP § 704.710(c). *Id.* As such, the Court of Appeal affirmed the trial court's order. *Id.* at 940.

Both *Gilman* and *Tarlesson* are distinguishable because neither case involved a debtor who, as here, did not own the beneficial interest in property which had been acquired by an LLC. For example, in *Tarlesson*, the Court found that the debtor always retained the beneficial interest in the home and that only legal title transferred to her cousin in connection with refinancing efforts. But, in

this case, the evidence established that Debtor was a month-to-month tenant that paid rent to the LLC. There was simply no evidence upon which the bankruptcy court could base a ruling (and the Court's MOD contained no findings of fact) that Debtor was the beneficial owner of property when she was paying rent as if she were a stranger off the street.

Where a debtor leases the property in which he or she claims a homestead exemption, the exemption is in the leasehold interest, as shown by *In re Sain*, 584 B.R. 325 (2018). In *Sain*, Douglas Sain ("Douglas")[4] filed a voluntary Chapter 7 petition on December 13, 2014, and scheduled a 36% interest in a home in San Diego where he resided with his children. *Id.* at 327. Douglas claimed a $75,000 automatic homestead exemption in the home pursuant to CCP § 704.720. *Id.* The Chapter 7 trustee sold both Douglas's and his ex-wife's leasehold interests in the home to Douglas for $755,000 after he was the highest bidder at an auction conducted in May 2016. *Id.* Douglas's father, Robert Sain ("Robert") funded a loan for the purchase and took title himself, and Douglas entered into a month-to-month lease with him a few days before escrow closed on July 10, 2016. *Id.* at 327-28. After litigation, the trustee paid $75,000 to Douglas for the homestead exemption. *Id.* at 728. Several months later, the trustee filed a motion for turnover of the proceeds. *Id.* The trustee argued that Douglas was not entitled to the proceeds

---

[4] Houser Bros. refers to Douglas and his father by their first names in keeping with the definitions of the court in *Sain*.

because he did not acquire fee title in the home and did not reinvest the proceeds in a new homestead after receipt. *Id.* Douglas opposed the trustee's motion, primarily on the basis that he had recorded a homestead declaration.[5] *Id.* Douglas further provided unrefuted evidence of investments in the property totaling $90,635.43. *Id.*

The bankruptcy court found that Douglas's leasehold interest was a sufficient interest upon which a homestead could be based under California law. *Id.* at 329. The court highlighted that in *In re Gilman*, *supra*, the Ninth Circuit rejected an argument that title to property is necessary to claim a homestead exemption. *Id.* As such, the court found that just because Douglas did not acquire full fee title from the trustee but only a leasehold interest, he could still have homestead rights. *Id.* The court instead concluded that the focus of the California homestead statute is on "any type of ownership which allows the debtor to reside in the property." *Id.* Because Douglas had at all pertinent times had an interest and resided in the property, and the court found that the property was Douglas's "dwelling," the court concluded that the money he had reinvested in the property was money he reinvested in an exempt homestead. *Id.* at 331.

Here, Debtor admitted that she "was J Sandcastle's Tenant" and "was paying rent to J Sandcastle . . . just as if a stranger off the street . . . rent[ed] this place [*i.e.*, the Property]." ER 10 at 000453. Debtor further noted that J-Sandcastle had $9,000

---

[5] The court found this argument unavailing, noting that declared homesteads are not applicable to a sale by a bankruptcy trustee. *Id.* at 329.

APPELLANT'S OPENING BRIEF

from her $1,086/month of rental payments, which continued from November 2018 through February 2021. *Id.* at 000454. Houser Bros. attached to the Homestead Motion copies of the returned rent payments from J-Sandcastle to Houser Bros. regarding the Property, which money Debtor acknowledged came from her rent payments. ER 1 at 000228-000248 (Homestead Motion Exhibit 23); ER 10 at 000454-000456 (Excerpts of Records, in which Debtor indicated that on a monthly basis, she would take $1,086 from one of her accounts and transfer it to a J-Sandcastle account to cover the ground lease payment).

In the briefing before the Bankruptcy Court, Houser Bros.'s evidence established that Debtor's only interest in the Property was that of a month-to-month tenant of an LLC which was the owner of the Property and her ownership of the LLC. ER 6 at 000291 (Homestead Reply). Houser Bros. further argued that unless Trustee sold Debtor's tenancy rights, no exemption should attach to the proceeds of sale if Trustee could otherwise recover the Property from the LLC and administer it for the benefit of creditors. *Id.*; *see also* ER 12 at 000810 (Reconsideration Opposition, asserting that Debtor's interest in the Property was that of a tenant, and she could accordingly not claim any exemption herself).

Despite Houser Bros.'s evidence and argument, the Bankruptcy Court's MOD did not even acknowledge the rent payments or Debtor's admission that she held only a leasehold interest in the Property. But, based on *Sain* (and *Gilman*), to the extent Debtor could claim a homestead exemption in the Property, it would be

APPELLANT'S OPENING BRIEF

as a renter (because she held a leasehold interest as of the Petition Date), and her homestead exemption would not attach to the proceeds of sale unless Trustee sold her tenancy rights. The bankruptcy court's decision should be reversed.

### D.   Alternatively, to the extent Debtor is entitled to a homestead exemption, 11 U.S.C. § 522(p) should limit the amount.

11 U.S.C. § 522(p) imposes a monetary limit of $170,350 on the amount of a debtor's interest in homestead property that may be exempted to the extent that there has been an acquisition of a homestead interest within a period of 1,215 days before the commencement of the case. 4 COLLIER ON BANKRUPTCY P 522.13[1] (2023). It provides, in relevant part:

> [A]s a result of electing under subsection (b)(3)(A) to exempt property under State or local law, a debtor may not exempt any amount of interest that was acquired by the debtor during the 1215-day period preceding the date of the filing of the petition that exceeds in the aggregate $170,350 in value in—
>
> (A) real or personal property that the debtor or a dependent of the debtor uses as a residence; . . . or
>
> (D) real or personal property that the debtor or dependent of the debtor claims as a homestead.

4854-7883-0429,v.2

11 U.S.C. § 522(p)(1).[6]

Section 522(p) applies when a debtor seeks to exempt an interest in homestead property under § 522(b)(3)(A) by claiming exemptions under state law or local law. 4 COLLIER ON BANKRUPTCY P 522.13[1] (2023). "Section 522(p) applies in all cases regardless of whether a state has opted out of federal bankruptcy exemptions." *In re Narita*, 2008 Bankr.LEXIS 5174, at *11 (Bankr. D. Nev. Jan. 10, 2008) (citation omitted); *see also Kane v. Zions Bancorporation, N.A.*, 2022 U.S.Dist.LEXIS 177905, at *5-6 (N.D. Cal. Sept. 29, 2022) (noting that the "majority approach" holds that § 522(p) applies in states like California that have opted out of the federal exemption scheme).[7]

Here, it is undisputed that J-Sandcastle acquired the Property from third-party Lisa Ryan on November 1, 2018. ER 1 at 000131-000136 (Homestead Motion Exhibits 13-14, the documents reflecting release of title from Lisa Ryan to J-Sandcastle on November 1, 2018). It is further undisputed that before November 1, 2018, Debtor's primary residence was at 4476 Alderport Drive #53, Huntington Beach, CA 92649, which she sold to a third party on or around October 31, 2018; or a home on Pinon Drive. ER 11 at 000456-000466 (Reconsideration Motion). But, even though the MOD acknowledged that J-Sandcastle's acquisition of the Property occurred in November 2018, ER 20 at 000978, the Court

---

[6] The § 522(p) amount in effect on the Petition Date was $170,350, pursuant to 84 FR 3488.

[7] *Contra*, *In re McNabb*, 326 B.R. 785 (Bankr. D. Ariz. 2005).

APPELLANT'S OPENING BRIEF

nevertheless found that the § 522(p) limitation did not apply (presumably because Debtor was always the beneficial owner of the Property notwithstanding that it was property of the LLC and Debtor admitted she was paying rent as if she were a stranger off the street).

Debtor has further insisted that she personally obtained title to the Property from J-Sandcastle on February 25, 2021. *See, e.g.*, ER 11 at 000463 (Reconsideration Motion, asserting that J-Sandcastle executed a "Release of Title, signed and notarized by Jamie Lynn Gallian, its Member, on February 25, 2021").[8] While Houser Bros. disputes this date for the release of title from J-Sandcastle to Debtor, Houser Bros. will note that to the extent the transfer did occur on that date, the § 522(p) limitation would apply. [9] *See Kane v. Zions Bancorporation, N.A.*, 2022 U.S.Dist.LEXIS 177905 (N.D. Cal. Sept. 29, 2022) (finding that the § 522(p) cap applied to a debtor who received title to his home from his single-member LLC the day before he filed bankruptcy).

## 4.    Conclusion

---

[8] In support of the Reconsideration Reply, Houser Bros. submitted a "Declaration of Greg Buysman," who was the California Notary Public that Debtor alleges notarized the February 25, 2021, release documents. Docket No. 132. In the declaration, Greg Buysman represented under penalty of perjury that he notarized two probate documents for Debtor but not the release-of-title documents. *Id.* In other words, Debtor committed fraud on the Court by asserting that the February 25, 2021, release of title was notarized.

[9] In the July 21 TR, the Bankruptcy Court properly found that "had Debtor provided sufficient evidence of a transfer on February 25, 2021, the limitations of 522(p) would have applied." ER 15 at 000869.

4854-7883-0429,v.2

For the reasons stated above, Houser Bros. respectfully requests that the Court:

1) Reverse the decision of the Bankruptcy Court set forth in the MOD;

2) Find that, as a matter of law, Debtor was not entitled to claim a homestead exemption in the Property itself or, alternatively, that Debtor's homestead exemption should be capped at $170,350 pursuant to 11 U.S.C. § 522(p); and

3) Award such other and further relief as the Court deems just and proper.

DATED: April 20, 2023                    MARSHACK HAYS LLP

                                         */s/ D. Edward Hays*
                                         By: _____
                                         D. EDWARD HAYS
                                         LAILA MASUD
                                         BRADFORD N. BARNHARDT
                                         Attorneys for Appellant,
                                         HOUSER BROS. CO. dba RANCHO DEL
                                         REY MOBILE HOME ESTATES

Case Name: Houser Bros. Co., et al., vs. Jamie Lynn Gallian
USDC Case No. 8:23-cv-00001-DSF
USBC Case No.: 8:21-bk-11710-SC

# Statement of Related Cases

The undersigned counsel of record for Appellant certifies that the following are known related cases and appeals:

1. *Houser Bros. v. Jamie Lynn Gallian*, Orange County Superior Court, Case No. 30-2019-01041423-CL-UD-CJC

2. *Houser Bros. v. Jamie Lynn Gallian, Orange County Superior Court, Case No. 30-2023-013160578-UD-CJC*

3. *Houser Bros. v. Jamie Lynn Gallian,* Bankruptcy Adversary Case No. 8:21-ap-01097-SC

4. *In re Jamie Lynn Gallian*, Bankruptcy Court Case No: 8:21-bk-11710-SC

DATED: April 20, 2023          MARSHACK HAYS LLP


                              */s/ D. Edward Hays*
                              By: _____
                              D. EDWARD HAYS
                              LAILA MASUD
                              BRADFORD N. BARNHARDT
                              Attorneys for Appellant,
                              HOUSER BROS. CO. dba RANCHO DEL REY
                              MOBILE HOME ESTATES

v.
CERTIFICATE OF COMPLIANCE

4854-0429-0429,v.2

Case Name: Houser Bros. Co., et al., vs. Jamie Lynn Gallian
USDC Case No. 8:23-cv-00001-DSF
USBC Case No.: 8:21-bk-11710-SC

Form 6.    Certificate of Compliance with Type-Volume
Limitation, Typeface Requirements, and Type Style Requirements

1.    This brief complies with the type-volume limitation of Fed. R. App. P.

32(a)(7)(B) because:

this brief contains 6734 words, excluding the parts of the brief exempted by

Fed. R. App. P. 32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed. R. App.

P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

this brief has been prepared in a proportionally spaced typeface using

Microsoft Word in 14-pt or larger Times New Roman.

DATED: April 20, 2023          MARSHACK HAYS LLP


                               */s/ D. Edward Hays*
                               By: _____
                               D. EDWARD HAYS
                               LAILA MASUD
                               BRADFORD N. BARNHARDT
                               Attorneys for Appellant,
                               HOUSER BROS. CO. dba RANCHO DEL REY
                               MOBILE HOME ESTATES

4854-7883-0429, v. 2

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this District Court proceeding. My business address is: 870 Roosevelt, Irvine, CA 92620.

A true and correct copy of the foregoing document entitled: **APPELLANT'S OPENING BRIEF** will be served or was served **(a)** on the judge in chambers in the form and manner required by L.R. 5-4 in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and L.R 5-3.3, the foregoing document will be served by the court via NEF and hyperlink to the document. On **April 20, 2023**, I checked the CM/ECF docket for this case and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

⊠ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**: On **April 20, 2023**, I served the following persons and/or entities at the last known addresses in this case by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

⊠ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to F.R.Civ.P. 5 (d)(3) and/or controlling L.R. 5-4, on **April 20, 2023**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

⊠ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| April 20, 2023 | Layla Buchanan | /s/ Layla Buchanan |
| *Date* | *Printed Name* | *Signature* |

146786v1/9999-403

1. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:
   - Bradford Nathan Barnhardt bbarnhardt@marshackhays.com
   - D Edward Hays ehays@marshackhays.com, kfrederick@ecf.courtdrive.com, cmendoza@marshackhays.com, cmendoza@ecf.courtdrive.com, ehays@ecf.courtdrive.com
   - Laila Masud lmasud@marshackhays.com, kfrederick@ecf.courtdrive.com, lbuchanan@marshackhays.com, lmasud@ecf.courtdrive.com

2. <u>**SERVED BY UNITED STATES MAIL**</u>: CONTINUED:

   Jamie Lynn Gallian
   16222 Monterey Lane Unit 376
   Huntington, CA 92649

3. <u>**SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**</u>: CONTINUED:

   <u>**VIA PERSONAL DELIVERY:**</u>
   **MANDATORY CHAMBERS COPY**
   HONORABLE DALE S. FISCHER, DISTRICT JUDGE
   FIRST STREET COURTHOUSE
   350 WEST 1ST STREET, COURTROOM 7D
   LOS ANGELES, CA 90012

4888-6088-1744, v. 1