| | | |
|---|---|---|
| | | Debtor Jamie Lynn Gallian (Attachments: # 1 Part 2) 'EDB' (RE: related document(s)95) (JL) (Entered: 07/26/2022) |
| 07/26/2022 | 158 (4 pgs) | Supplemental Notice of Hearing to be Held Remotely Using ZOOMGOV Audio and Video Filed by Debtor Jamie Lynn Gallian 'EDB' (RE: related document(s)157 Debtor's Notice of and Motion for Reconsideration of 7.21.22 Order Sustaining Houser Bros. Co. DBA Rancho Del Rey Mobile Home Estates Objection to Debtor's Claimed Homestead Exemption and Joinder Parties Huntington Beach Gables HOA; Janine Jasso. Filed by Debtor Jamie Lynn Gallian (Attachments: # 1 Part 2) 'EDB' (RE: related document(s)95) (JL)). (JL) (Entered: 07/26/2022) |
| 07/26/2022 | 159 | Hearing Set (RE: related document(s)157 Motion to Reconsider filed by Debtor Jamie Lynn Gallian) The Hearing date is set for 8/18/2022 at 10:30 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith (JL) (Entered: 07/26/2022) |
| 07/28/2022 | 160 | Trustee Certification of Services Rendered Under 11 U.S.C. Section 330(e). I rendered the following service in the case and am eligible for payment under 11 U.S.C. Section 330(e): Filed a Notice of Assets. I declare under penalty of perjury that the foregoing is true and correct. (Executed on 7/28/2022). Filed by Trustee Jeffrey I Golden (TR) (RE: related document(s)90 Notice of Assets (no bar date for claims is required) *with proof of service* Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) filed by Trustee Jeffrey I Golden (TR)). (Golden (TR), Jeffrey) (Entered: 07/28/2022) |
| 07/28/2022 | 161 (12 pgs) | Notice Of Appeal And Statement of Election To Bankruptcy Appellate Panel.(Official Form 417A) . Fee Amount $298 NOT PAID Filed by Debtor Jamie Lynn Gallian. Appellant Designation due by 8/11/2022. - [EDB] - APPEAL FEE OF $298 PAID 7/29/2022 - RECEIPT NO. 80076183 (NB8) Modified on 7/29/2022 (NB8). (Entered: 07/28/2022) |
| 07/28/2022 | 162 (25 pgs) | Application to Employ Coldwell Banker Realty as Real Estate Broker *Application Of The Chapter 7 Trustee To Employ Real Estate Broker Coldwell Banker Realty And Agents William Friedman And Greg Bingham Pursuant To 11 U.S.C. §§ 327 And 328; Memorandum Of Points And Authorities; And Declarations Of William Friedman And Greg Bingham In Support (with Proof of Service)* Filed by Trustee Jeffrey I Golden (TR) (Golden (TR), Jeffrey) - WARNING: See docket entry no. 166 for corrections - Modified on 7/29/2022 (TD8). (Entered: 07/28/2022) |
| 07/28/2022 | 163 (5 pgs) | Notice of Hearing *Application Of The Chapter 7 Trustee To Employ Real Estate Broker Coldwell Banker Realty And Agents William Friedman And Greg Bingham Pursuant To 11 U.S.C. §§ 327 And 328; Memorandum Of Points And Authorities; And Declarations Of William Friedman And Greg Bingham In Support (with Proof of Service)* Filed by Trustee Jeffrey I Golden (TR) (RE: related document(s)162 Application to Employ Coldwell Banker Realty as Real Estate Broker *Application Of The Chapter 7 Trustee To Employ Real Estate Broker Coldwell Banker Realty And Agents William Friedman And Greg Bingham Pursuant To 11 U.S.C. §§ 327 And 328; Memorandum Of Points And Authorities; And Declarations Of William Friedman And Greg Bingham In Support (with Proof of Service)* Filed by Trustee Jeffrey I Golden (TR) (Golden (TR), Jeffrey)). (Golden (TR), Jeffrey) - WARNING: See docket entry no. 166 for corrections - Modified on 7/29/2022 (TD8). (Entered: 07/28/2022) |

| | | |
|---|---|---|
| 07/28/2022 | 164 (4 pgs) | Supplemental *Supplemental Notice Of Hearing To Be Held Remotely Using Zoomgov Audio And Video (with Proof of Service)* Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) - WARNING: See docket entry no. 166 for corrections - Modified on 7/29/2022 (TD8). (Entered: 07/28/2022) |
| 07/28/2022 | 165 (1 pg) | Deficiency letter to Appellant: Appeal Is Deficient For the Following Reasons: $298.00 Filing Fee For Appeal Was Not Paid And Does Not Include Entered Stamped Copy Of Order, Judgment, Or Decree (RE: related document(s)161 Notice of Appeal and Statement of Election (Official Form 417A) filed by Debtor Jamie Lynn Gallian) (NB8) (Entered: 07/28/2022) |
| 07/28/2022 | | Receipt of Appeal Late Filing Fee - $0.00 by 12. Receipt Number 80076180. (admin) (Entered: 07/28/2022) |
| 07/28/2022 | | Receipt of Appeal Late Noticing Filing Fee - $0.00 by 12. Receipt Number 80076180. (admin) (Entered: 07/28/2022) |
| 07/29/2022 | 166 | Notice to Filer of Error and/or Deficient Document **Hearing date/time selected is no longer available.** **THE FILER IS INSTRUCTED TO CONTACT JUDGE SMITH'S COURTROOM DEPUTY FOR AN AVAILABLE HEARING DATE/TIME AND SUBSEQUENTLY FILE AN AMENDED NOTICE OF MOTION/HEARING WITH THE CORRECT HEARING INFORMATION.** (RE: related document(s)162 Application to Employ filed by Trustee Jeffrey I Golden (TR), 163 Notice of Hearing (BK Case) filed by Trustee Jeffrey I Golden (TR), 164 Supplemental filed by Trustee Jeffrey I Golden (TR)) (TD8) (Entered: 07/29/2022) |
| 07/29/2022 | | Receipt of Appeal Late Noticing Filing Fee - $5.00 by 16. Receipt Number 80076183. (admin) (Entered: 07/29/2022) |
| 07/29/2022 | | Receipt of Appeal Late Filing Fee - $293.00 by 16. Receipt Number 80076183. (admin) (Entered: 07/29/2022) |
| 08/01/2022 | 167 (160 pgs; 2 docs) | Notice of Motion Motion For Leave From The Bankruptcy Appeal Panel To Permit The Bankruptcy Court To Consider Debtor's Motion For Re-Consideration [Doc 157] On August 18, 2022 Filed by Debtor Jamie Lynn Gallian (Attachments: # 1 Motion For Reconsideration) (GD) [EDB] Modified on 8/1/2022 (GD). (Entered: 08/01/2022) |
| 08/02/2022 | 168 (4 pgs) | Optional Appellee Statement of Election to Proceed in U.S. District Court (Official Form 417B) Filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates (RE: related document(s)143 Notice of Appeal and Statement of Election (Official Form 417A), 161 Notice of Appeal and Statement of Election (Official Form 417A)). (Masud, Laila) (Entered: 08/02/2022) |

| PACER Service Center |
|---|
| Transaction Receipt |

Main Document Page 44 of 58

8/4/22, 12:45 PM CM/ECF - U.S. Bankruptcy Court (NG 1.6.3 - LIVE)

| 08/04/2022 12:45:30 | | | |
|---|---|---|---|
| **PACER Login:** | attydeh162507 | **Client Code:** | 9999-001 |
| **Description:** | Docket Report | **Search Criteria:** | 8:21-bk-11710-ES Fil or Ent: filed From: 5/6/2000 To: 8/4/2022 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 18 | **Cost:** | 1.80 |

https://ecf.cacb.uscourts.gov/cgi-bin/DktRpt.pl?166204833508599-L_1_0-1 22/22

EXHIBIT 1, PAGE 40

000384

# EXHIBIT 2

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Erithe Smith, Presiding**
**Courtroom 5A Calendar**

**Thursday, July 21, 2022** **Hearing Room 5A**

10:30 AM
**8:21-11710 Jamie Lynn Gallian** **Chapter 7**

**#32.00** CON'TD Hearing RE: Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates Motion Objecting to Debtor's Claimed Homestead Exemption

FR: 6-2-22

Docket 95

**Courtroom Deputy:**

- NONE LISTED -

**Tentative Ruling:**

June 2, 2022

Continue hearing to July 21, 2022 at 10:30 a.m. to allow Movant/Joining Parties to file a reply to Debtor's late opposition filed on June 1, 2022, which reply(ies) must be filed by July 7, 2022. No other pleadings may be filed.

Basis for Tentative Ruling:

1. Because Debtor filed her opposition one day prior to the hearing, the court has not had an opportunity to review it and the Movant was not afforded the opportunity to file a reply to the opposition. Under the Local Bankruptcy Rules, the court may exclude late-filed pleadings and not consider them at all. On this one occassion, the court will make an exception and allow the opposition. However, in the future, the court will not consider any pleadings filed by Debtor after the day they are due.

2. Based solely on the timely filed Motion and joinders, the court would be inclined to grant the Motion.

---------------------------------------------------------------------------

July 21, 2022

Grant the Motion objecting to Debtor's homestead exemption claim.

Main Document Page 47 of 58

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Erithe Smith, Presiding**
**Courtroom 5A Calendar**

**Thursday, July 21, 2022** **Hearing Room 5A**

10:30 AM
**CONT...** **Jamie Lynn Gallian** **Chapter 7**

Preliminary Comments re the Tentative Ruling:

This hearing was continued from June 2, 2022 solely because Debtor filed a late opposition one day prior to the hearing on June 1, 2022. The continuance was to allow the Movant and Joining Parties to file a reply to the June 1 opposition by July 7, 2022. The court expressly ruled that no other pleadings were to be filed. Notwithstanding that ruling, Debtor filed an additional pleading on July 8, 2022 [dkt. 134] without obtaining leave from the court (with notice to the Movant and Joining Parties) to do so. Accordingly, the pleading will not be formally considered by the court. The court notes parenthetically that even if it were to consider the improper pleading, the evidence presented therein would be insufficient to alter or change the court's ruling.

Basis for Tentative Ruling:

A. The Motion is Timely

The court must first determine whether the objection was timely. In re Smith, 235 F.3d 472, 475 (9th Cir. 2000) (stating that before reaching the merits of debtor's purported exemption, the court must determine whether the Creditors' objections were timely). An objection to an exemption must be filed within 30 days after the conclusion of a debtor's meeting of creditors or the filing of any exemption amendment. Fed. R. Bankr. P. 4003(b)(1). Here, the Motion was timely filed on May 12, 2022, as the Debtor's meeting of creditors concluded on May 3, 2022.

B. Movant has provided evidence sufficient to grant the Motion

At the time a petition for bankruptcy is filed, "all legal or equitable interests of the debtor in property" become available to satisfy creditors' claims and costs of the proceedings unless the assets are '"exempted' from use in satisfying claims of creditors and other authorized charges." In re Sewell, 180 F.3d 707, 710 (5th Cir. 1999); FRBP § 541(a)(1). The applicable state law determines bankruptcy exemptions on the date of the filing of the

7/22/2022 5:46:01 PM Page 59 of 77

EXHIBIT 2, PAGE 42

000387

Main Document Page 48 of 58

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Erithe Smith, Presiding**
**Courtroom 5A Calendar**

**Thursday, July 21, 2022** **Hearing Room 5A**

10:30 AM
**CONT... Jamie Lynn Gallian Chapter 7**

original bankruptcy petition. In re Bassin, 637 F.2d 668, 670 (9th Cir. 1980). California has, per FRBP § 522(b)(1), has "opted out" of the federal exemption scheme and therefore California debtors may claim only those exemptions allowable under California law.

1. Houser Bros has standing to bring the Motion

FRBP 4003(b) provides that a party in interest may filed an objection to the list of property claimed by debtor as exempt. Fed. R. Bankr. P. 4003(b). Here, Houser Bros is certainly a party in interest. First, Houser Bros is a creditor. In her Amended Schedules [dkt. 75], Debtor listed Houser Bros. as a creditor, with a contingent, unliquidated, disputed claim against the Property of unknown amount. Second, On January 2, 2019, Houser Bros. filed a "Complaint for Forcible Entry/Detainer (Mobilehome Park)" ("OCSC Complaint") against Debtor in Orange County Superior Court, Case No. 30-2019-01041423-CL-UD-CJC ("OCSC Action"). Hays Declaration, Ex. 3. Debtor's claimed homestead exemption, if allowed, will bind Houser Bros. Reply, 7.

2. There is no applicable recorded homestead

Generally, claimed exemptions are "presumptively valid" and the objecting party thus bears the burden of proving that the exemption is improper. In re Carter, 182 F.3d 1027, 1029 n. 3 (9th Cir.1999); FRBP § 4003(c). However, the Supreme Court in Raleigh v. Illinois Dept of Revenue, 530 US 15, 20-21 (2000) held that because burden of proof is substantive, in the absence of a federal interest requiring a different result, the state law allocation of the burden should apply in bankruptcy objection to claims. The Ninth Circuit Bankruptcy Appellate Panel concluded that, where a state law exemption statute specifically allocates the burden of proof to the debtor, FRBP § 4003(c) does not change that allocation. In re Diaz, 547 B.R. 329, 337 (B.A.P. 9th Cir. 2016). In re Diaz is persuasive given the U.S. Supreme Court's holding in Raleigh. California has placed the ultimate burden of proof on the party claiming the exemption. CCP §§ 703.580(b), 704.780(a). Although the burden of proof lies with the party claiming the exemption, exemption statutes are generally construed in favor of the debtor. Kono v. Meeker K, 196 Cal. App. 4th 81, 86 (2011).

7/22/2022 5:46:01 PM Page 60 of 77

EXHIBIT 2, PAGE 43

000388

Main Document Page 49 of 58

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Erithe Smith, Presiding**
**Courtroom 5A Calendar**

**Thursday, July 21, 2022** **Hearing Room 5A**

10:30 AM
**CONT... Jamie Lynn Gallian Chapter 7**

Pursuant to Cal. Civ. Proc. Code § 704.780(a), the burden to show a debtor's entitlement to a homestead exemption rests with the debtor, unless a declared homestead has been recorded. Cal. Civ. Proc. Code § 704.780(a). The objecting party need only provide evidence sufficient to meet the "preponderance of the evidence" standard. In re Kelley, 300 B.R. 11, 16 (9th Cir. B.A.P. 2003). If the objecting party produces evidence to rebut the claimed exemption, the burden of production then shifts to the debtor to demonstrate the exemption is proper. Fed. R. Evid. R. 301. The debtor's standard of proof is also "preponderance of the evidence." United States ex rel. Farmers Home Admin. v. Arnold & Baker Farms, 177 B.R. 648, 654 (9th Cir. BAP 1994).

Here, Debtor bears the burden of proof to show entitlement to the homestead exemption because the Orange County Treasurer-Tax Collector records do not indicate that there is a "current homeowner's exemption or disabled veteran's exemption" for the Property. A copy of the 2021-22 tax bill for the Property is attached to the Hays Declaration as Exhibit 24.

Although Debtor claims to have recorded a Homestead Declaration, she did so with the Orange County Clerk-Recorder, not the Orange County Treasurer-Tax Collector. Declared homesteads are not applicable to sales by a bankruptcy trustee. See In re Sain, 584 B.R. 325, 329 (Bankr. S.D. Cal. 2018) (indicating that only the automatic homestead was available to a debtor who held a recorded declaration of homestead, because the debtor had not elected a declared homestead exemption in his schedules, and declared homesteads are not applicable to sales by bankruptcy trustees); see also See Kelley v. Locke (In re Kelley), 300 B.R. 11, 21 (B.A.P. 9th Cir. 2003) (noting that in the bankruptcy context, a debtor's declaration of homestead "helps him not at all, as the additional benefits conferred in Article 5 [Sections 704.910-704.995] would benefit him only in the situation of a voluntary sale"). Therefore, Debtor bears the burden of proof for the homestead exemption.

3. <u>Debtor failed to meet her burden that the Property is subject to exemption</u>

In In re Shaefers, the Ninth Circuit BAP found that a Chapter 7 debtor

7/22/2022 5:46:01 PM Page 61 of 77

EXHIBIT 2, PAGE 44

000389

Main Document Page 50 of 58

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Erithe Smith, Presiding**
**Courtroom 5A Calendar**

**Thursday, July 21, 2022** **Hearing Room 5A**

10:30 AM
**CONT... Jamie Lynn Gallian Chapter 7**

cannot claim homestead exemption in limited liability company (LLC) that he owned, which owned real property at which debtor resided; debtor did not identify any beneficial or equitable interest in the property, and LLC members such as debtor had no interest in the company's assets, rather, debtor's interest in LLC was a personal property interest outside the statutory definition of a homestead. 623 B.R. 777 (B.A.P. 9th Cir. 2020).

Here, Debtor has failed to meet her burden that the Property is subject to exemption. First, the HCD records show that J-Sandcastle LLC, not Debtor, was the Property's owner of record on the Petition Date. As of June 7, 2021—about a month before the Petition Date—the Property's registered owner was J-Sandcastle LLC, and the legal owners were Pierpont and J-Pad LLC. Hays Decl., Ex. 17 at 142. The HCD webpage indicates that "documents and fees" must be submitted to the HCD to transfer ownership of a manufactured home or manufactured home. The June 7, 2021, Title Search did not note any pending applications for title or registration change that might have added Debtor as the registered or legal owner of the Property before the Petition Date. And, Debtor paid no fees to the HCD between June 7, 2021, and the Petition Date that could have effectuated a title change. See Hays Decl., Ex. 26.

Moreover, the July 2021 HCD Transaction had a transaction date of July 14, 2021—five days after the Petition Date—and included a certificate of title showing J-Sandcastle LLC as the Property's registered owner and Pierpont and J-Pad LLC as the Property's legal owners. Hays Decl., Ex. 21 at 171. Included in this post-petition transaction was a document to add Debtor as the Property's "New Registered Owner." Id. at 172. Also attached was a County of Orange "Tax Clearance Certificate" issued and executed on the Petition Date, which gave the Property's "Current Registered Owner" as J-Sandcastle LLC. Id. at 191. The August 2021 HCD Transaction did include a certificate of title showing Debtor as the Property's registered owner, but according to the certificate, title was issued on August 3, 2021, nearly a month after the Petition Date. Hays Decl., Ex. 22 at 195.

Second, between February 1, 2021, and the Petition Date, all payments that Debtor submitted to Houser Bros. listed J-Sandcastle LLC as the payor/were on behalf of J-Sandcastle LLC. Only after the Petition Date

7/22/2022 5:46:01 PM Page 62 of 77

EXHIBIT 2, PAGE 45

000390

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Erithe Smith, Presiding**
**Courtroom 5A Calendar**

**Thursday, July 21, 2022** **Hearing Room 5A**

10:30 AM
**CONT... Jamie Lynn Gallian Chapter 7**

did Debtor submit a payment on her own behalf. See Hays Decl. Ex. 23 at 203-222.

Third, Debtor provides no credible evidence that she acquired an interest from the LLC on February 25, 2021. In Debtor's Original Schedules, filed on the Petition Date (July 9, 2021), Debtor provided, under penalty of perjury, that "Registered Title with HCD Debtor's single member LLC, J-Sandcastle Co, LLC." Motion at 33 (Exhibit 2). In addition, Debtor, in the Opposition, asserts J-Sandcastle LLC's executed a notarized release of title document, claiming: "On the petition date July 9, 2021, the registered title owner of the manufactured home located at 16222 Monterey Lane, Unit #376, Huntington Beach, CA 92649 ('Property') was Jamie Lynn Gallian as of February 25, 2021, the date J-Sandcastle Co LLC signed and dated to release the Certificate of Title to Jamie Lynn Gallian, notarized the same date." Opp'n., 29. However, Mr. Buysman did not actually notarize these documents. Instead, Mr. Buysman's notary book shows that on February 25, 2021, he notarized for Debtor an "Affidavit of Death" and a "Transfer Grant Deed." Buysman Decl., ¶7-11. Mr. Buysman did not notarize the July 2021 HCD Submission either. Id. Debtor's improperly filed July 8 response, even if considered by the court, would be insufficient to counter the statements and documentary evidence set forth in the Buysman Declaration.

Fourth, any alleged unrecorded transfer of title to Debtor personally was ineffective. See In re Farokhirad, Case No. 8:21-bk-10026-MW, ECF No. 98 (Bankr. C.D. Cal. Apr. 29, 2021) (sustaining a trustee's objection to an individual debtor's claimed homestead exemption in property held by a wholly owned LLC, and indicating that a provision of the LLC agreement purporting to transfer an interest in the property to the debtor prepetition was ineffective because an unrecorded deed could not bind the trustee). In California, unperfected (i.e. unrecorded) liens against real property are unenforceable against a bona fide purchaser for value, and Trustee is "clothed with the status of a hypothetical bona fide purchaser of real property under Section 544(a)(3). In re Tleel, 79 B.R. 883, 887 (B.A.P. 9th Cir. 1987); Cal.Civ.Code §§ 1214, 1217. Section 544, however, must be applied "without regard to any knowledge of the trustee or of any creditor." 11 U.S.C. § 544(a). Therefore, actual notice cannot overcome the Trustee's bona fide purchaser status. In re Tleel, 876 F.2d 769, 772 (9th Cir. 1989). Pursuant to Section 544, the trustee

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Erithe Smith, Presiding**
**Courtroom 5A Calendar**

**Thursday, July 21, 2022** **Hearing Room 5A**

10:30 AM
**CONT...** **Jamie Lynn Gallian** **Chapter 7**

is treated as a lien creditor and/or bona fide purchaser as of the date of the commencement of the case. In re Tleel, 79 B.R. 883, 886 (B.A.P. 9th Cir. 1987).

While Debtor asserts the Property was actually transferred from J-Sandcastle LLC to Debtor on February 25, 2021, the transfer was not recorded until after the Petition Date. Hays Decl., Ex. 19 at 145. As such, Trustee would be treated as a bona fide purchaser as of the Petition Date.

In conclusion, Debtor failed to carry her burden because, on the Petition Date, the Property's registered owner was J-Sandcastle LLC, and the legal owners were Pierpont and J-Pad, LLC. As a result, the Property was not part of the estate and not eligible for an exemption. The court, therefore, need not address Movant's alternative argument re 11 U.S.C. 522(p) except to say that had Debtor provided sufficient evidence of a transfer on February 25, 2021, the limitations of 522(p) would have applied.

**Party Information**

**Debtor(s):**

| | |
|---|---|
| Jamie Lynn Gallian | Pro Se |

**Trustee(s):**

| | |
|---|---|
| Jeffrey I Golden (TR) | Represented By<br>Aaron E DE Leest<br>Eric P Israel |

# EXHIBIT 3

**From:** Ed Hays <EHays@MarshackHays.com>
**Sent:** Wednesday, July 27, 2022 9:20 AM
**To:** Jamie Gallian; Bradford N. Barnhardt; Laila Masud
**Subject:** Gallian

Jamie:

Last week, you filed a notice of appeal. An appeal generally divests the trial court from having jurisdiction over the matters covered in the appealed order. The pendency of the appeal will prevent the court from reaching the merits of the motion for reconsideration you filed yesterday. A motion for reconsideration is also known as a motion to alter or amend a judgment.

I suggest that we enter a stipulation that provides that the appeal will be dismissed without prejudice so that the court can hear your motion for reconsideration. Your time to appeal the original order and any order on reconsideration runs from the date of entry of the order on reconsideration.

> (1) *In General*. If a party files in the bankruptcy court any of the following motions and does so within the time allowed by these rules, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:
> ***
> (B) to alter or amend the judgment under Rule 9023;

FRBP 8002.

While we do not believe that the court will grant your motion for reconsideration, we do not object to the court resolving the motion on the merits.

Please let me know if you agree and, if so, we can send you a proposed stipulation. If you do not agree, then our opposition to your motion for reconsideration will have to point out to the court that it does not have jurisdiction to decide the motion.

Thank you.

Ed

# EXHIBIT 4



To: Jamie Gallian

Sunday 6:45 PM

Hi, Jamie. Sorry to interrupt your Sunday. At your convenience, please advise if you will agree to dismiss the appeal without prejudice and reserving the right to re-file it if the court doesn't reconsider its ruling. We need to know whether to start a response on the merits or just to advise the court that it currently lacks jurisdiction. Thanks.

Delivered



Main Document Page 57 of 58

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 870 Roosevelt, Irvine, CA 92620.

A TRUE AND CORRECT COPY OF THE FOREGOING DOCUMENT ENTITLED: RESPONSE TO DEBTOR'S NOTICE OF AND MOTION FOR RECONSIDERATION OF 7.21.22 ORDER SUSTAINING HOUSER BROS. CO. DBA RANCHO DEL REY MOBILE HOME ESTATE'S OBJECTION TO DEBTOR'S CLAIMED HOMESTEAD EXEMPTION; DECLARATION OF D. EDWARD HAYS IN SUPPORT will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **August 4, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**: On **August 4, 2022**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR**
JAMIE LYNN GALLIAN
16222 MONTEREY LN UNIT 376
HUNTINGTON BEACH, CA 92649

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **August 4, 2022**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

PURSUANT TO THE COURTROOM POLICIES AND PROCEDURES OF THE HONORABLE ERITHE A. SMITH, COURTROOM 5A, §VIII. JUDGES' OR COURTESY COPIES, EXCEPT FOR DOCUMENTS 200 PAGES OR OVER, INCLUDING EXHIBITS, JUDGE SMITH **DOES NOT** REQUIRE JUDGES' COPIES.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 4, 2022 | Layla Buchanan | */s/ Layla Buchanan* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

000397

Main Document Page 58 of 58

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:
- **ATTORNEY FOR TRUSTEE JEFFREY I GOLDEN (TR):** Aaron E DE Leest adeleest@DanningGill.com, danninggill@gmail.com; adeleest@ecf.inforuptcy.com
- **ATTORNEY FOR CREDITOR and PLAINTIFF THE HUNTINGTON BEACH GABLES HOMEOWNERS ASSOCIATION:** Robert P Goe kmurphy@goeforlaw.com, rgoe@goeforlaw.com; goeforecf@gmail.com
- **TRUSTEE JEFFREY I GOLDEN (TR):** Jeffrey I Golden (TR lwerner@wgllp.com, jig@trustesolutions.net; kadele@wgllp.com
- **ATTORNEY FOR PLAINTIFF HOUSER BROS. CO.:** D Edward Hays ehays@marshackhays.com, ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com
- **ATTORNEY FOR CREDITOR and PLAINTIFF THE HUNTINGTON BEACH GABLES HOMEOWNERS ASSOCIATION:** Brandon J Iskander biskander@goeforlaw.com, kmurphy@goeforlaw.com
- **ATTORNEY FOR TRUSTEE JEFFREY I GOLDEN (TR):** Eric P Israel eisrael@DanningGill.com, danninggill@gmail.com; eisrael@ecf.inforuptcy.com
- **ATTORNEY FOR PLAINTIFF HOUSER BROS. CO.:** Laila Masud lmasud@marshackhays.com, lmasud@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com
- **ATTORNEY FOR DEFENDANT RANDALL L NICKEL:** Mark A Mellor mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com
- **INTERESTED PARTY COURTESY NEF:** Valerie Smith claims@recoverycorp.com
- **U.S. TRUSTEE:** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

4884-4060-6253, v. 1

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

000398

**EXHIBIT 3**

D. EDWARD HAYS, #162507
ehays@marshackhays.com
LAILA MASUD, #311731
lmasud@marshackhays.com
BRADFORD N. BARNHARDT, #328705
bbarnhardt@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, CA 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

FILED & ENTERED

AUG 05 2022

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY jle DEPUTY CLERK

Attorneys for Movant and Creditor,
HOUSER BROS. CO. dba RANCHO DEL REY MOBILE HOME ESTATES

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>JAMIE LYNN GALLIAN,<br><br>Debtor. | Case No. 8:21-bk-11710-ES<br><br>Chapter 7<br><br>ORDER GRANTING HOUSER BROS. CO. DBA RANCHO DEL REY MOBILE HOME ESTATES'S MOTION OBJECTING TO DEBTOR'S CLAIMED HOMESTEAD EXEMPTION IN 16222 MONTEREY LANE, SPACE #376, HUNTINGTON BEACH, CA 92649, DOCKET NO. 95<br><br><u>HEARING DATE</u><br>Date: July 21, 2022<br>Time: 10:30 a.m.<br>Ctrm: 5A<br>Location: 411 W. Fourth Street, Santa Ana, CA 92701 |

On May 12, 2022, Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates ("Houser Bros.") filed a "Motion Objecting to Debtor's Claimed Homestead Exemption" ("Motion"). Docket No. 95. The Motion was set for hearing on June 2, 2022, at 10:30 a.m. Docket No. 99.

On May 13, 2022, The Huntington Beach Gables Homeowners Association ("HOA") filed a "Joinder to Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates' Motion Objecting to Debtor's Claimed Homestead Exemption" ("HOA Joinder"). Docket No. 98.

On May 16, 2022, Janine Jasso ("Ms. Jasso," and together with the HOA, the "Joining Parties") filed a "Joinder to Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates' Motion Objecting to Debtor's Claimed Homestead Exemption" ("Jasso Joinder"). Docket No. 100.

On June 1, 2022, Jamie Lynn Gallian ("Debtor") filed "Debtors Reply Opposition, Memorandum of Points and Authorities to Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates' Motion Objecting to Debtor's Claimed Homestead Exemption and Joinder Parties Huntington Beach Gables HOA; Janine Jasso" ("Opposition"). Docket No. 105.

On June 2, 2022, at 10:30 a.m., the Court conducted a hearing on the Motion. All appearances were as noted on the record. Before the hearing, the Court published a tentative ruling to continue the hearing on the Motion to July 21, 2022, at 10:30 a.m. to allow Houser Bros. and the Joining Parties to file a reply to Debtor's late Opposition. The Court's tentative ruling cautioned that "[n]o other pleadings may be filed," and that "in the future, the court will not consider any pleadings filed by Debtor after the day they are due."

On June 23, 2022, the Court entered an "Order Continuing Hearing on Motion Objecting to Debtor's Claimed Homestead Exemption" ("June 23, 2022, Order"), which attached a copy of the Court's tentative ruling for the June 2, 2022, hearing. Docket No. 124. The June 23, 2022, Order, provided as follows:

1) The hearing on the Motion is continued to July 21, 2022, at 10:30 a.m. to allow Houser Bros. and/or the Joining Parties to file a reply/replies to Debtor's late opposition filed on June 1, 2022;

2) Any replies by Houser Bros. or the Joining Parties must be filed by July 7, 2022; and

3) No other pleadings may be filed regarding the Motion. Docket No. 124.

On June 30, 2022, Chapter 7 Trustee Jeffrey I. Golden filed "Trustee's Joinder in Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates' Motion Objecting to Debtor's Claimed Homestead Exemption" ("Trustee Joinder"). Docket No. 128.

On July 7, 2022, the HOA filed a "Reply to Debtor's Opposition to Motion Objecting to Debtor's Claimed Homestead Exemption" ("HOA Reply"). Docket No. 129.

That same day, Houser Bros. filed:

1) "Reply to Debtor's Opposition to Motion Objecting to Claimed Homestead Exemption" ("Houser Bros. Reply"), Docket No. 130;

2) "Declaration of Vivienne J. Alston Re: Motion Objecting to Debtor's Claimed Homestead Exemption" ("Alston Declaration"), Docket No. 131;

3) "Declaration of Greg Buysman Re: Motion Objecting to Debtor's Claimed Homestead Exemption" ("Buysman Declaration"), Docket No. 132; and

4) "Declaration of Chris Houser Re: Motion Objecting to Debtor's Claimed Homestead Exemption" ("Houser Declaration"), Docket No. 133.

On July 8, 2022, Debtor filed an unauthorized "Reply to Greg Buysman, CA Notary Public Commission Number 2341449; Owner & Operator the UPS Store, Edinger/Springdale." Docket No. 134.[1]

Before the July 21, 2022, hearing, the Court published a tentative ruling to grant the Motion. A true and correct copy of the Court's tentative ruling for the July 21, 2022, hearing is attached as **Exhibit 1**.

On July 21, 2022, at 10:30 a.m., the Court held a continued hearing on the Motion. Appearances were as noted on the record. During the hearing, all parties were given an opportunity to be heard. The Court, having read and considered the Motion, the HOA Joinder, the Jasso Joinder, the Opposition, the Trustee Joinder, the HOA Reply, the Houser Bros. Reply, the Alston Declaration, the Buysman Declaration, and the Houser Declaration, and all other pleadings and papers filed in this case, and having heard the arguments made on the record during the July 21, 2022, hearing, for the set forth in the motion and reply papers, the attached tentative ruling, and on the record during the hearing, the Court enters its order as follows:

---

[1] The Court did not formally consider this pleading because Debtor filed it in violation of the June 23, 2022, Order's requirement that no other pleadings were to be filed other than replies by Houser Bros. and the Joining Parties. Even if the Court were to consider this improper pleading, the evidence presented therein would have been insufficient to alter or change the Court's ruling.

IT IS ORDERED that the Motion is granted and Houser Bros.'s objection in the Motion to Debtor's claimed homestead exemption in 16222 Monterey Lane, Space #376, Huntington Beach, CA 92649 pursuant to § 704.730 of the California Code of Civil Procedure is sustained. Any claim of exemption by Debtor in the Property is disallowed.

# # #

Date: August 5, 2022

Erithe Smith
United States Bankruptcy Judge

EXHIBIT  1

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Erithe Smith, Presiding**
**Courtroom 5A Calendar**

**Thursday, July 21, 2022** **Hearing Room 5A**

10:30 AM
**8:21-11710 Jamie Lynn Gallian** **Chapter 7**

**#32.00** /01234ĀV" C<=!Ā87+Ā/C"B<>$CĀV$ED"CĀTC$DFĀ/$FĀBK Ā8 =GJ$Ā$K;Ā8ĀH V$9"Ā7D> >"DĀ.$><$=Ā0KQ"G><=!Ā>$Ā4"K>$C2DĀ/; <9"BĀV$9"D9:">B$7P"

68+ĀŁ(Ł((

Docket 95

**Courtroom Deputy:**

- NONE LISTED -

**Tentative Ruling:**

(! ÀĀ "%Ā#""

/$=><=E"Ā" C<=!Ā>$ĀOE(#MĀ((Ā >Ā#)+I)Ā F9FĀ$Ā;$NĀ$A =>'O$<=<=!Ā À C><"DĀ>$Ā%<;"Ā ĀC":;HĀ>$Ā4"K>$C2DĀ; >"Ā$::$D<>=$Ā#MĀ()(BMĀ-ĀOEJĀ C":;H?<"D@Ā9ED>ĀK"Ā%<;"BĀKHĀOE;HĀ&MĀ()((FĀĀ1$Ā$>JĀKĀ%B<"BĀ9

T D<DĀ%$CĀ3"=> ><A"Ā8E;<=!

#F T"G ED"Ā4"K>$CĀ%<;"BĀJ"CĀ$::$D<><$=Ā$="ĀB HĀ:C<$CĀMĀ>J"ĀG$EC> J DĀ=$>ĀJ BĀ =Ā$::$C>E=<>HĀ>$ĀC"A<"NĀ<>Ā =BĀ>J"Ā.$Ā%$NCĀB>JĀ $::$C>E=<>HĀ>$Ā%<;"Ā ĀC":;HĀ>$Ā>J"Ā$::$D<>=$Ā5ĀB"CRCE:>GH 8E;"DMĀ>J"ĀG$EC>Ā9 HĀ"PG;EB"Ā;"BĀ:;" B<=!DĀ =BĀ=$>ĀG$=D<B"CĀ>J"9Ā >Ā ;;F 0=Ā>J<DĀ"Ā$GG DD<$=MĀG$EC>9ĀR"Ā =Ā"PG":><$=ĀBĀ;;$NĀ>J" $::$D<><$=ĀV$N"A"CMĀ<=Ā>J"Ā%E>EC"MĀ>J"ĀG$EC>ĀN<;;Ā=$>ĀG$=D<B"CĀ =HĀ:;" B<=!D %<;"BĀKHĀ4"K>$CĀ %>"CĀ>J"ĀB HĀ>J"HĀ C"ĀBE"F

(F T D"BĀD$;";HĀ$=Ā>J"Ā><9";HĀ%<;"BĀ.$><$=Ā =BĀQ$<=BĀ"=BĀKĀG$EC> <=G;<="BĀ!C =>Ā"Ā$><$=F
LLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLL

(!&' Ā"$%Ā"#""

WC =>Ā>J"Ā.$><$=Ā$KQ"G><=!Ā>$Ā4"K>$C2DĀJ$9"D>" BĀ"PG:><$=ĀG; <

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Erithe Smith, Presiding**
**Courtroom 5A Calendar**

**Thursday, July 21, 2022** **Hearing Room 5A**

10:30 AM
**CONT...** **Jamie Lynn Gallian** **Chapter 7**

ÀA"9:7:; AGĀ/$77";<BĀA"Ā<I"Ā2";< <:?"Ā6C9:;!

2I:BĀI" A:;!ĀM BĀE$;<:;C"@Ā%A$7ĀNC;"Ā(LĀ()((ĀB$9"9GĀJ"E C$$ĀA%:9"@Ā Ā 9 <"Ā$88$B:<:$&Ā"Ā#)1 8A:$AĀ<$Ā<I"ĀI" A:;!Ā$;ĀNC;"Ā#LĀ()((DĀĀ2I"Ā E$;<:;C ;E"ĀM BĀ<$Ā 99$MĀ<I"Ā.$? ;<Ā ;@ĀN$:;:;!ĀÀ A<:"BĀ <$ĀA%:9"GĀ<$Ā<I"Ā NC;"Ā#Ā$88$B:<:$;ĀJGĀNC9GĀ&LĀ()((DĀĀ2I"ĀE$CA<Ā"O8I A"B&9$"AC9"@Ā< +,")# &/!Ā2""Ā$.Ā0"Ā* ,"#DĀĀĀ0$<M:<IB< ;@:;!Ā<I <ĀAC9:;!LĀ3"J<$AĀ%:9"@Ā ;Ā @@:<:$; 9Ā89" @:;!Ā$;ĀNC9GĀRLĀ()((ĀĀT@Q<DĀ#H,UĀM:9"$?"A%A$7Ā <I"ĀE$CA<Ā=M:<IĀ;$<:E"Ā<$Ā<I"Ā.$? ;<Ā ;@ĀN$:;:;!ĀÀ A<:"BĀ$A Ā@$ 4EE$A@:;!9GLĀ<I"Ā89" @:;!ĀM:99Ā;$<ĀJ"Ā%$A7 99GĀE$;B:@"A"@ĀJGĀ<I"Ā E$CA<$Ā"BĀ8 A";<I"<:E 99GĀ<I";Ā :%Ā "A"Ā<$Ā$;B:@"A Ā<I"Ā78A$8"AĀ 89" @:;!LĀ<I"Ā"?:@";E"Ā8A"B";<"@Ā<I"A":;ĀM$C9@ĀJ"Ā:;BC%%:E:";<Ā$AĀ EI ;!"Ā<I"ĀE$CA<1BĀAC9:;!D

S B:BĀ%$AĀ2";< <:?"Ā6C9:;!

4D 2I"Ā.$<:$;Ā:BĀ2:7"9G

2I"ĀE$CA<Ā7CB<Ā%:AB<Ā@"<"A7:;"ĀMI"<I"AĀ<I"Ā$JP"E<:$;ĀM BĀ&:7"9G À( $ LĀ(H*Ā5DH@Ā,&(LĀ,&*Ā=K<IĀ/:ADĀ()))>Ā=B< <:;!Ā<I <ĀJ"%$A"ĀA" EI: 7"A:<BĀ$%Ā@"J<$AZBĀ8CA8$A<"@Ā"O"78<:$;LĀ<I"ĀE$CA<Ā7CB<Ā@"<"A7:; /A"@:<$ABĀJ"E<:$;ĀM"A"Ā<:7"9G>DĀ$JP"E<:$;Ā<$Ā"O"78<:$;Ā7CB<ĀJ"Ā:9"@Ā M:<I:;ĀH)Ā@ GBĀ %<"AĀ<I"ĀE$;E9CB:$;Ā$%Ā Ā@"J<$AZBĀ@"J<$AĀ$%Ā<I"Ā %:9:;!Ā$%Ā ;GĀ"O"78<:$;Ā 7";@7";<DĀ5"@DĀ6DĀS ;QADĀÀDĀ)))H=J>=#>Ā .$<:$;ĀM BĀ<:7"9GĀ%:9"@Ā$;ĀNC9GĀ#(LĀ()((LĀ BĀ<I"Ā3"J<$AZBĀ<:;!Ā $%Ā A"@:<$ABĀ E$;E9C@"@Ā$;Ā. GĀHLĀ()((DĀ

SD .$? ;<Ā I BĀ8A$?:@"@Ā@";E"ĀBC%%:E:";<ĀA ;<Ā<I"Ā<:$;

4<Ā<I"Ā<:7"Ā Ā8"<:<:$;Ā%$AĀJ ;QAC8<EGĀ:BĀ%:9"@LĀ<I"Ā99$M"! 9Ā$AĀ" :;<"A"B<BĀ$%Ā<I"Ā@"J<$AĀ:;Ā8A$8"A<GWĀJ"E$7"Ā ? :9 J9"ĀE$A@:;!Ā<$ABZĀ E9 :7BĀ ;@ĀE$B<BĀ$%Ā<I"Ā8A$E""@:;!BĀC;9"BBĀ<I"Ā BB"<BĀ A"Ā"O"78<Ā CB"Ā:;ĀB <:B%G:;!ĀE9 :7BĀ$%ĀEA"@:<$ABĀ ;@Ā$<I"AĀ "B$CAE"BĀ<$ A À"2",, LĀ#R)Ā5DH@Ā&)&LĀ&#)Ā=*<IĀ/:ADĀ#KKK>FĀ56SÀĀ2IA:,&9 E#J9DĀ B< <"Ā9 MĀ@"<"A7:;"BĀJ ;QAC8<EGĀ"O"78<:$;BĀ$;Ā<I"Ā@ <"Ā$%Ā<I"Ā%

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Erithe Smith, Presiding**
**Courtroom 5A Calendar**

**Thursday, July 21, 2022** **Hearing Room 5A**

10:30 AM
**CONT... Jamie Lynn Gallian Chapter 7**

$E>!>? =ĀN ?VEG<@IKĀ<"@>#Ā3$!"(HĀ-L&Ā8H(DĀ--WQĀ-&)ĀAO@MĀ/>EHĀ#OW)BHĀ
/ =>%$E?> ĀM FQĀ<XĀbĀ*((ANBA#BQĀM FĀ^$<@"DĀ$G@^Ā$%Ā@M"Ā%"D"E =Ā
"T";<@>$?ĀFIM";"Ā ?DĀ@M"E"%$E"Ā/ =>%$E?> ĀD"N@$EFĀ; KĀ@M$F?Ā=
"T";<@>$?FĀ ==$R N="ĀG?D"EĀ/ =>%$E?> Ā= RH

#H \$GF"EĀXE$FĀM FĀF@ ?D>?!Ā@$ĀNE>?!Ā@M"Ā.$@>$?

8:XĀĀ,))LANBĀ<E$C>D"EM Ā<E@KĀ?@"E"F@Ā%>="DĀ$NU"I@>$?Ā@$Ā
@M"Ā=>F@Ā$%Ā<E$<"E@KĀI= >;"DĀNKĀD"N@$EĀ FĀ"T";<@>$?)LANBIĀ ?VE
\"E"QĀ\$GF"EĀXE$FĀ>FĀI"E@ >?=KĀ Ā< E@KĀ>?Ā>?@"E"F@ĀF$EĀ@QĀ\$GF
IE"D>@$EHĀ]?ĀM"EĀ6;"?D"DĀ5IM"DG="FĀYDV@HĀ&*ZQĀ4"N@$EĀF@Ā@"DĀ\$G
IE"D>@$EQĀR>@MĀ ĀI$?@>?!"?@QĀG?=>`G>D @"DQĀD>F<G@"DĀ$E<;Ā@KĀ
$%ĀG?V?$R?Ā ;$G?@HĀ5"I$?DQĀ0?ĀS ?G EKĀ(QĀ()#OQĀ\$GF"EĀXE$FHĀ%>=
^/$;<= >?@Ā%$EĀ8$EI>N="Ā9?@EK'4"@ >?"EĀA.$N>="M$;"ĀĀEVB^ĀA^0/5
/$;<= >?@^BĀ ! >?F@Ā4"N@$EĀ>?Ā0E ?!"Ā/$G?@KĀ5G<"E>$EĀ/$GE@QĀ/ F
L) P)#O P#),#,(L P[ P4 PS/ĀA^0/5/Ā6I@>$?^BHĀ\ KFĀ4"I= E @>$?QĀ9THĀLH
4"N@$EaFĀI= >;"DĀM$;"F@" DĀ"T";<@>$?QĀ>%Ā ==$R"DQĀ>FĀ?$EĀ>FĀDĀ\$G
:"<=KQĀ&H

(H 3M"E"Ā>FĀ?$Ā <<=>I N="ĀE"I$ED"DĀM$;"F@" D

_"?"E ==KQĀI= >;"DĀ"T";<@>$?FĀ^EEFG;<@>C"=KĀC =>D^Ā ?DĀ@M"Ā
$NU"I@>?!Ā< E@KĀ@MEF@M"ĀNGED"?Ā$%Ā<E$C>?!Ā@M @Ā@M"Ā"T";<@>$?Ā>FĀ
>;<E$<"EH ( )# Ā*)&#)Q#W(Ā8HLDĀ#)(&QĀ#)(OĀ?HĀLĀAO@MĀ/>EH#OOOBJĀ8:XĀĀbĀ
,))LAIBHĀ\$R"C"EQĀ@M"Ā5G<E";"Ā/$GE@Ā2ĀA.Ā'-- (0 !Ā7#,&Ā0+Ā4#1#(QĀ
*L)Ā75Ā#*QĀ(R#ĀA()))B M"=DĀ@M @ĀN"I GF"ĀNGED"?Ā$%Ā<E$$%Ā>FĀFGNF@ ?@>C"QĀ>?Ā
@M"Ā NF"?I"Ā$%Ā Ā%"D"E =Ā>?@"E"F@ĀE"`G>E>?!Ā Ā@M"ĀE"@Ā@Ā="FĀ@Q
==$I @>$?Ā$%Ā@M"ĀNGED"?ĀFM$G=DĀ <<=KĀ>?ĀN ?VEG<@IKĀ@M"ĀNU"I@>$?Ā@
1>?@MĀ/>EIG>@ĀX ?VEG<@IKĀ6<<"== @"ĀĀ ?"=ĀI$?I=GD"DĀ@M @Ā@M"Ā
"T";<@>$?ĀF@ @G@"ĀF<"I>%>I ==KĀ ==$I @"FĀ@M"ĀNGED"?Ā$%Ā<E$$%Ā@$
8:XĀĀbĀ,))LAIBĀD$"FĀ?$@ĀIM ?!"Ā@M @Ā=$I @>$?H Ā, &XH HĀL( OQĀ
LL&ĀAXH6HĀHĀO@MĀ/>EH#)#7-B6HĀĀ<"EFG F>C"Ā!>C"?Ā@M"Ā7H5HĀ5G<E";"Ā
/$GE@2FĀM$=D>?!Ā>?ĀHĀ =$E> ĀM FĀ<= I " DĀ@M"ĀG=@ @ĀNGED"?Ā$%Ā<E$$%Ā
$?Ā@M"Ā< E@KĀI= >;>?!Ā@M"Ā"T";<@>$?HĀ//ĀĀbbĀ&)LH*W)ĀNBHĀ&),H&W)
6=@M$G!MĀ@M"ĀNGED"?Ā$%Ā<E$$%Ā=>"FĀR>@MĀ@M"Ā< E@KĀI= >;>?!Ā@M"Ā
"T";<@>$?ĀF@ @G@"ĀFĀ E"Ā!"?"E ==KĀI$?F@EG"DĀ>?Ā%Ā$EĀ$%Ā@M"ĀD"N@
5##%#)Ā8$O-Ā/ =HĀ6<<HĀ,@MĀW#QĀW-ĀA()##BH

EXHIBIT 1, PAGE 7

ER 000865

000407

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Erithe Smith, Presiding**
**Courtroom 5A Calendar**

**Thursday, July 21, 2022** **Hearing Room 5A**

10:30 AM
**CONT... Jamie Lynn Gallian Chapter 7**

ÀFDEF >?Ā?$Ā/ <GĀ/=BGĀÀD$HGĀ/$C"Ā]Ā&),G&U)@ APĀ?L$"ĀMFDC">Ā?$ĀEL C"M?$D2EĀ">?=?<":">?Ā?$Ā ĀL$:"E?" CĀ"R":;?=$>ĀD"E?EĀ C"H< D"CĀL$:"E?" CĀL EĀM"">ĀD"H$DC"CGĀ/ <GĀ/=BGĀÀD$HGĀ/$C"Ā]Ā&) 3L"Ā$MS"H?=>!Ā; D?JĀ>""CĀ$><JĀ;D$B=C"Ā"B=C">H"ĀEF%"Ā=L"Ā>?Ā?$Ā:" [;D";$>C"D >H"Ā$%Ā "ĀB=C">H"[ĀE? >C DĀ(Ā)"Ā9"--"8$ĀK))ĀVG9GĀ##PĀ#-Ā@N?LĀ /=DGĀVG6GÀGĀ())KAGĀZ%Ā?L"Ā$MS"H?=>!Ā; D?JĀ;D$CD"MEĀ"B=C">H"Ā?$Ā H< =:"CĀR":;?=$>PĀ?L"ĀMFDC">Ā$%Ā;D$CFH?=$>Ā>ĀEL=%?ĀL"ĀC"M?$D$Ā C":$>E?D ?"Ā?L"Ā"R":;?=$>Ā=EĀ;D$;"DGĀ7"CGĀ9GĀ8B=CGĀ"C"M?$D2EĀ3L"Ā E? >C DĀ$Ā $$%ĀEĀ <$Ā[; D" $>C" D >H" Ā$%Ā" ĀB=C">H" G :( &"#ĀÀ&+&"!Ā";Ā )"-.Ā<+)*")!Ā/2*"Ā6#* (.Ā3.Ā6)(2-#Ā7Ā4+%")Ā<+)*!$ #&&Ā/G9 GĀ, UPĀ*, Ā@N?LĀ /=DGĀV6ÀĀ#NN,AG

Y"D"PĀ4"M?$DĀM" DEĀ?L"ĀMFDC">Ā$%Ā;D$$%Ā?$ĀEL$QĀ"Ā?=?<":">?Ā?$Ā? L$:"E?" CĀ"R":;?=$>ĀM"H FE"Ā?L"Ā0D >!"Ā/$F>?JĀ3D" EFD"D RĀ/$<<"H?$DĀ D"H$DCEĀC$Ā>$?Ā=>C=H ?"Ā?L ?Ā?L"D"Ā=EĀ Ā[HFDD">?ĀL$:"E?" CĀEĀ"R C=E M<"CĀB"?"D >\EĀ"R":;?=$>[Ā%$DĀ?L"ĀÀD$;"D?JGĀ6ĀH$;"(ĀL"ĀM<<Ā %$DĀ?L"ĀÀD$;"D?JĀ=EĀ ?? HL"CĀ?$Ā?L"ĀY JEĀ4"H< D ?Ā$>ĀEĀ8RL=M=?

6<?L$F!LĀ4"M?$DĀH< =:EĀ?$ĀL B"ĀD"H$DC"CĀ ĀY$:"E?" CĀ4"PĀ D ?=$> EL"ĀC=CĀE$ĀQ=?LĀ?L"Ā0D >!"Ā/$F>?JĀ/$C"DPĀ>$?Ā?L"Ā0D >!"Ā/$F>?JĀ 3D" EFD"D RĀ/$<<"H?$DGĀ4"H< D"CĀL$:"E?" CEĀ D"Ā>$?Ā ;;<=H M<"Ā?$ĀE <"EĀ ĀM >TDF;?HJĀ?DFEĀ"Ā(Ā)"ĀÀ+ (PĀ*U,ĀVG9GĀK(*PĀK(NĀ@V >TDGĀ5G4GĀ/ <GĀ ()#UAĀ@=>C=H ?=>!Ā?L ?Ā$><JĀ?L"Ā F?$: ?=HĀL$:"E?" CĀ"EĀ$Ā=C"M?$DĀ QL$ĀL"<CĀ ĀD"H$DC"CĀC"H< D ?=$>Ā$%ĀL$:"E?" CPĀM"H FE"Ā?L"ĀC"M?$D$ "<"H?"CĀ ĀC"H< D"CĀL$:"E?" CĀ"R":;?=$>Ā=>ĀL=EĀEHL"CF<"EĀ D"CĀC" L$:"E?" CEĀ D"Ā>$?Ā ;;<=H M<"Ā?$ĀE <"ĀMJĀM >TDF;?HJĀ?DFE?""Ā2ÀĀ 9"--"8Ā3.Ā520%"Ā='(Ā)"Ā9"--"8$ĀVG9GĀ##PĀ(#Ā@VG6GÀGĀN?LĀ/=DGĀ())KAĀ@>$?=>!Ā ?L ?Ā=>Ā?L"ĀM >TDF;?HJĀH$>?"R?PĀ ĀC"M?$D\EĀC"H< D ?=$>Ā$%ĀL$:"E >$?Ā ?Ā <<PĀ EĀ?L"Ā CC=?=$> <ĀM">"%=?EĀH$>%"D"CĀ$>ĀEĀD?=H<"Ā*ĀW &),GN#)&),GNN*XĀQ$F<CĀM">"%=?ĀL=:Ā$><JĀ=>Ā?L"ĀE=?F ?=$>Ā$%ĀCĀB$<F>? DJ 3L"D"%$D"PĀ4"M?$DĀM" DEĀ?L"ĀMFDC">Ā$%Ā;D$$%Ā%$DĀ?L"ĀL$:"E?" CĀ"

KG 4"M?$DĀ% =<"CĀ?$Ā:""?ĀL"DĀMFDC">Ā?L ?Ā?L"ĀÀD$;"D?JĀ=E EFMS"H?Ā?$Ā"R":;?=$>

Z>Ā(Ā)"ĀÀ1+",")!$Ā?L"Ā1=>?LĀ/=DHF=?ĀV6ÀĀ%$F>CĀ?L ?Ā ĀĀ/L ;?"DĀ&ĀC"M?$DĀ

EXHIBIT 1, PAGE 8

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Erithe Smith, Presiding**
**Courtroom 5A Calendar**

**Thursday, July 21, 2022** **Hearing Room 5A**

10:30 AM

**CONT... Jamie Lynn Gallian Chapter 7**

H >>$?ĀH< =:ĀL$:"E?" CĀ"S":;?=$>Ā=>Ā<=:=?"CĀ<= M=<=?J[illegible]L"Ā
$Q>"CPĀQL=HLĀ$Q>"CĀD" <Ā;D$;"D?JĀ ?ĀQL=HLĀC"M?$DĀD[illegible]M?$
=C">?=%JĀ >JĀM">"%=H= <Ā$DĀ"ZF=? M<"Ā=>?"D"E?Ā[illegible]PĀ
EFHLĀ EĀC"M?$DĀL CĀ>$Ā=>?"D"E?Ā=>Ā?L"ĀH$:; >J2EĀ [illegible]"DP
=>?"D"E?Ā=>ĀVV/ĀQ EĀ Ā;"DE$> <Ā;D$;"D?JĀ=>?"D"E?Ā$[illegible]Ā?L"ĀE?
C"%=>=?[illegible]L$:"E?" CGĀ[illegible]UG9[illegible]UG6[illegible]AGĀ

W"D"PĀ4"M?$DĀL EĀ% =<"CĀ?$Ā:""?ĀL"DĀMFDC">Ā?L ?Ā[illegible]JĀ=E
?$Ā"S":;?=$>GĀ7=[illegible]/4ĀD"H$DCEĀEL$QĀ[illegible]RE?<"ĀVV/PĀ>$?Ā4"M?$DPĀ
Q EĀ?L"ĀÀD$;"D?J[EĀ$Q>"DĀ$%ĀD"H$DCĀ$>Ā?L"ĀÀ"?=?[illegible]EĀ$%Ā
M$F?Ā Ā:$>?LĀM"%$D"Ā?L"ĀÀ"?=?[illegible]D$;"D?J[EĀD"!=E?"D"CĀ$Q>"DĀQ EĀ
R[illegible] >CH E?<"[illegible]V/PĀ[illegible]CĀ?L"[illegible]"! <Ā$Q>"DE[illegible]"D"ĀÀ="D;$>?Ā [illegible] CĀVV/GĀW JE
4"H<GPĀ8SGĀ#&Ā ?Ā#,(GĀ3L"ĀW/4ĀQ"M; !"Ā=>C=H ?"EĀ?L ?Ā[illegible]"E?
:FE?Ā[illegible]ĀEFM:=??"CĀ?[illegible]4Ā?$Ā?D[illegible]"DĀ$Q>"DEL=;Ā$%Ā Ā: >[illegible]L$:"
$DĀ: >F% H?FD"CĀL$:"GĀ3L"ĀRF>"Ā&PĀ()(#PĀ3=?<"Ā5" DHLĀ[illegible]Ā>$?Ā>$
;">C=>!Ā;;<=H ?=$>[illegible]ĀD"!=E?D [illegible]Ā?L ?Ā[illegible]!L?ĀL B"ĀCC"C
4"M?$DĀ EĀ?L"ĀD"!=[illegible]<"! <Ā$Q>"DĀ$%Ā?L"ĀÀD$;"D?JĀM[illegible]
4 ?"GĀ6>CPĀ4"M?$DĀ; =CĀ>$Ā%""EĀ?$Ā?L"ĀW/4ĀM"?Q"">ĀR[illegible]()(#P
À"?=?=$>Ā4 ?"Ā?L ?ĀH$F<CĀL B"Ā"%%"H?F ?"CĀ Ā?[illegible]GPĀ8SG
(-G

.$D"$B"DPĀ?L"ĀRF<JĀ()(#ĀW/4Ā3D >E H?=$>ĀL CĀ Ā?D >E H[illegible]ĀC ?"Ā
RF<JĀ#,PĀ()[illegible]%=B"ĀC JEĀ %?"DĀ?L"ĀÀ"?=[illegible]FC"CĀ [illegible]H ?"Ā[illegible]
?=?<"ĀEL$Q=[illegible] E?<"ĀVV/Ā EĀ?L"ĀÀD$;"D?J[EĀD"!=E?"D"CĀ$Q>"DĀ >CĀ
À="D;$>?Ā >C[illegible]CĀVV/Ā EĀ?L"ĀÀD$;"D?J[EĀ<"! <Ā$Q>"DEGĀW JEĀ4"H<GPĀ8SGĀ(#Ā ?Ā
#&#G[illegible]>H<FC"CĀ=>Ā?L[illegible]>Ā?D >E H?=$>ĀQ EĀ ĀC$HF:">?Ā?$Ā CCĀ4"M?$D
EĀ?L"ĀÀD$;"D?J[EĀY1"QĀ[illegible]"D"CĀ0Q>"D[illegible]Ā?Ā#&(GĀ6<E$Ā ?? HL"CĀQ EĀ
/$F>?JĀ$%Ā0D >!"ĀY3 SĀ/<" D >H"Ā/"D?=%=H ?"YĀ=EEF"CĀ [illegible]E?"
À"?=?=$>Ā4 ?"PĀQL=HLĀ! B"Ā?L"ĀÀD$;"D?J[EĀY/FDD">?Ā9"[illegible]Q
5 >CH E?<"ĀVV/[illegible]Ā ?Ā#N#GĀ3L"Ā6F!FE?Ā()(#ĀW/4Ā3D >E H?=$>ĀC=CĀ=>H<FC"Ā
H"D?=%=H ?"Ā$%Ā?=?<"ĀEL$Q=>!Ā4"M?$DĀ EĀ?L"ĀÀD[illegible]E?"D"
HH$DC=>!Ā?$Ā?L"ĀH"D?=%=H ?"PĀ?=?<"ĀQ EĀ=EEF"C[illegible]ĀKPĀ()(
:$>?LĀ %?"DĀ?L"ĀÀ"?=?=$>Ā4 ?"GĀW JEĀ4"H<GPĀ8SGĀ((Ā ?Ā#N*G

5"H$>CPĀM"?Q"">Ā7"MDF DJĀ#PĀ()(#PĀ >CĀ?L"ĀÀ"?=?=$>Ā4 ?"PĀ <<Ā
; J:">?EĀ?L ?Ā4"M?$DĀEFM:=??"CĀ?$ĀW$FE"DĀUD[illegible]V/Ā EĀ
?L"Ā; J$D'Q"D"Ā$>ĀM"L <%[illegible]RE?<"ĀVV/GĀ0><JĀ %?"DĀ?L"ĀÀ"?=?=$>Ā4 ?"Ā

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Erithe Smith, Presiding**
**Courtroom 5A Calendar**

**Thursday, July 21, 2022** **Hearing Room 5A**

10:30 AM
**CONT...** **Jamie Lynn Gallian** **Chapter 7**

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Erithe Smith, Presiding**
**Courtroom 5A Calendar**

**Thursday, July 21, 2022** **Hearing Room 5A**

10:30 AM
**CONT... Jamie Lynn Gallian Chapter 7**

<DĀ>C" >"BĀ DĀ Ā;<"=ĀGC"B<>$CĀ =B'$CĀK$= Ā%<B"Ā:ECGB D"CĀ$%DĀ$%Ā G$99"=G"9"=>Ā$%Ā"Ā G D"FĀĀ"ĀĀ$#ĀĀ#Ā&LĀSF8FĀRRINĀRR-Ā?SF4FĀFĀL>JĀ/<CFĀ #LR&@F

TJ <;"Ā2"K>$CĀ DD"C>DĀ>J"ĀĀC$:"C>HĀO DĀ G>E ;;HĀ>C =D%"CC"BĀ%C$9ĀP 3 =BG D>;"ĀUU/Ā>$Ā2"K>$CĀ$=Ā6"KCE CHĀ(*NĀ()(#NĀ>J"Ā>Ā=$D%"CĀO D C"G$CB"BĀE=><;Ā %>"CĀ>J"ĀĀ"><><$=Ā2 >"FĀV HDĀ2"G;FĀ4DĀDEĀGLĀĀ>Ā# 1CED>""ĀO$E;BĀK"Ā>C" >"BĀ DĀ ĀK$= Ā%<B"Ā:ECGJ D"CĀ<DĀ$%Ā2>J"ĀĀ">

W=ĀG$=G;ED<$=NĀ2"K>$CĀ% <;"BĀ>$ĀG CCHĀJ"CĀKECBĀ=ĀK"G ED"NĀ$=Ā>J Ā"><><$=Ā2 >"NĀ>J"ĀĀC$:"C>HXDĀC"!<D>"C"BĀ$O=BGĀD>ĀUU/NĀ =BĀ>J"Ā ;"! ;Ā$O="CDĀO"C"ĀĀ<"C:$=>Ā #Ā&PĀUU/FĀ4DĀ ĀC"DE;>NĀ>J"ĀĀC$:"C>HĀO DĀ=$>Ā : C>Ā$%Ā>J"Ā"D> >"Ā =BĀ=$>Ā";<!<K;"Ā%$CĀ =Ā"Q"9:><$=FĀĀ1"C"%$C"NĀ =""BĀ=$>Ā BBC"DDĀ.$A =>0DĀ ;>"C= ><A"Ā C!E9"=>ĀC"Ā##Ā5F@ĀFĀG(:>Ā >$ĀD HĀ>J >ĀJ BĀ2"K>$CĀ:C$A<B"BĀDE%%<G<"=>Ā"A<B"=G"Ā$%ĀK"C H:D% (*NĀ()(#NĀ>J"Ā;<9<> ><$=DĀ$%Ā*((?:@ĀO$E;BĀJ A"Ā ::;<"BF

**Party Information**

**Debtor(s):**

| | |
|---|---|
| Jamie Lynn Gallian | Pro Se |

**Trustee(s):**

| | |
|---|---|
| Jeffrey I Golden (TR) | Represented By<br>Aaron E DE Leest<br>Eric P Israel |

# EXHIBIT 4

JAMIE LYNN GALLIAN
16222 Monterey Lane Unit 376
Huntington Beach, CA 92649
(714)321-3449
jamiegallian@gmail.com
IN PRO PER

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

In re

JAMIE LYNN GALLIAN,

Debtor

.

Case No. 8:21-bk-11710-ES

Chapter 7

**REPLY TO HOUSER BROS CO DBA RANCHO DEL REY MOBILEHOME ESTATES OPPOSITION TO DEBTORS MOTION FOR CONSIDERATION OF 7/21/22 ORDER SUSTAINING HOUSER BROS CO DBA RANCHO DEL REY MOBILEHOME ESTATES OBJECTION TO DEBTOR'S CLAIMED HOMESTEAD EXEMPTION; DECLARATION OF JAMIE LYNN GALLIAN IN SUPPORT.**

**DATE AUGUST 18, 2022**
**TIME: 10:30 A.M.**
**CTRM: 5A**
**LOCATION: 411 W. FOURTH STREET, SANTA ANA, CA 92701**

To continue to aid in the mitigation of the spread of the COVID-19 virus and in light of the response of the Bar to continue virtual appearances, Judge Smith will continue to hold the majority of her hearings remotely using Zoom.Gov audio and video. However, beginning September 1, 2021, Judge Smith will allow the option for in-person hearings and/or hybrid proceedings for trial and evidentiary hearings only.

# TABLE OF AUTHORITIES

**Cases**

Amin v Khazindar, 112 Cal. App. 4th 582, 588 (Cal. App. 2d Dist. 2003)

Breeden v Smith, 120 Cal App. 2d 62 (1953)

Carmack v Reynolds, 2 Cal. 5th 844, 851 (2017)

Cornhusker Cas. Ins. Co. v Kachman, 553 F. 3d 1187, 1191 (9th Cir. 2009))

Daniel v Security Pacific National Bank (In re Daniel), 771 F. 2d 1352, 1360 (9th Cir. 1985)

Davis v Perry, 120 Cal. App. 670, 676 (1932)

Diaz v Kosmala (In re Diaz), 547 B.R. 329, 334 (9th Cir. BAP 2016)

Diaz v Kosmala (In re Diaz), 547 B.R. 329, 336-37 (9th Cir. BAP 2016)

Elliott v Weil (In re Elliott), 523 B.R. 188 (9th Cir. BAP 2014)

Fid. Nat'l Title Ins. Co. v Schroeder, 179 Cal. App. 4th 834, 850 (Cal. App. 5th Dist. 2009)

Goncalves v Rady Children's Hospital, San Diego, 865 F. 3d 1237, 1251-52 (9th Cir. 2017)

Goodrich v Fuentes (In re Fuentes), 687 Fed. Appx 542 (9th Cir. 2017)

Hopson v McBeth (In re Hopson), 2019 WL 1002499, *2 (C.D. Cal. 2019)

In re Bloom, 839 F.2d 1376, 1378 (9th Cir. 1988)

In re Donaldson, 156 B.R. 51 (Bankr. N.D. Cal. 1993)

In re Fuentes, 687 Fed. Appx. 542 (C.D. Cal. 2017)

In re Tallerico, 532 B.R. 774, 780-82 (Bankr. E.D. Ca. 2015)

In re Weilert, 2016 WL 3771905 at *3 (9th Cir. BAP 2016)

Kaass Law v Wells Fargo Bank, N.A., 799 F. 3d 1290, 1293 (9th Cir. 2015)

Law v Siegel, 134 S. Ct. 1188, 1196 (2014)

Markham v Cabell, 66 S. Ct.193 (1945)

Marshall v Marshall, 547 U.S. 293, 299 126 S. Ct. 1735, 1741 (2006)

Phillips v Gilman, 887 F. 3d 956, 964 (9th Cir. 2018)

Phillips v Gilman, 887 F. 3d 956 (9th Cir. 2018)

Powers v Powers, 221 Cal App. 2d 746, 750 (Cal. App. 3d Dist. 1963)

Putnam Sand and Gravel v Albers, 14 Cal. App. 3d 722 (Cal. App. 5th Dist. 1971)

Schaefers v Blizzard Energy, Inc. (In re Schaefers), 623 B.R. 777 (9th Cir. BAP 2020)

Tarlesson v Broadway Foreclosure Investments, LLC, 184 Cal. App. 4th 931, 937 (Cal. App. 1st Dist. 2010)

White v Stump, 266 U.S. 310, 313, 45 S. Ct. 103, 69 L. Ed. 301 (1924)

Wilson v Rigby, 909 F. 3d 306, 308 (9th Cir. 2018)

Wolfe v Jacobson (In re Jacobson), 676 F. 3d 1193, 1199 (9th Cir. 2012))

**Statutes**

11 U.S.C. § 541(a)

28 U.S.C. § 157(b)(2)(B)

Cal Civ. Proc. Code § 704.710 - § 704.850

Cal Civ. Proc. Code § 704.720

Cal Civ. Proc. Code § 704.730

Cal Civ. Proc. Code § 709.010(b)

Cal. Civ Proc. Code § 704.710(c)

Cal. Civ. Proc. Code § 703.580

Cal. Civ. Proc. Code § 703.580(c)

Cal. Civ. Proc. Code § 704.730

Cal. Civ. Proc. Code § 704.730(a)

Cal. Civ. Proc. Code § 704.820

Cal. Civ. Proc. Code § 704.910 - § 704.995

Cal. Civ. Proc. Code § 704.910(c)

Cal. Civ. Proc. Code § 709.010(b)

Cal. Evid. Code § 115

**RULES**

Fed. R. Civ, P. 9023

**Fed. R. Civ. P 59(e)**

Fed R. Civ. P 60(b)(3)

**Other Authorities**

Black's Law Dictionary (11th ed. 2019)

**1 . Motion to Reconsider**

A. Legal Standard

Three rules govern the motion for reconsideration: Federal Rules of Civil Procedure 59(e) and 60(b) and Local Rule 7-18.

"A district court has considerable discretion when considering a motion to amend a judgment under Rule 59(e)." Turner v. Burlington N. Santa Fe R.R. Co., 338 F.3d 1058, 1063 (9th Cir. 2003). Absent "highly unusual circumstances," relief under Rule 59(e) is appropriate only where

(1) the moving party presents newly discovered evidence to the court,

(2) the court committed clear error, or

(3) there is an intervening change in the controlling law. 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999).

Additionally, Rule 60 allows a court to grant relief based on "fraud, ... misrepresentation, or other misconduct of an adverse party." Fed. R. Civ. P. 60(b)(3).

Local Rule 7-18, provides:

A motion for reconsideration of the decision on any motion may be made only on the grounds of:

(a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or

(b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

9

**Legislative Update – "Indicative Rulings" Under New Bankruptcy Rule 8008**

By Henry C. Kevane
Pachulski Stang Ziehl & Jones LLP
San Francisco, CA
Chair, Legislation Subcommittee

In April 2014, the Supreme Court adopted various amendments to the Federal Rules of Bankruptcy Procedure, which took effect on December 1, 2014, for all subsequently filed bankruptcy cases and, to the extent "just and practicable," for all pending cases. As with the other federal rules of procedure and evidence, the Supreme Court has the authority to promulgate general rules for practice and procedure in cases under the Bankruptcy Code pursuant to 28 U.S.C. § 2075.[1] Among the comprehensive changes made to Part VIII of the rules governing bankruptcy appeals was the adoption of new Bankruptcy Rule 8008, titled Indicative Rulings.

The new rule addresses the effect of an appeal on the bankruptcy court's continuing jurisdiction over matters related to the appeal. Generally, an appeal from a final order confers exclusive jurisdiction in the appellate court over the issues that are the subject of the appeal. The bankruptcy court is thus deprived of any further authority to determine motions that would affect the status quo of the issues on appeal. See *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). This doctrine is designed to minimize the confusion that might arise if two courts simultaneously acted on the same matter.

Bankruptcy Rule 8008 now permits the bankruptcy court, under certain circumstances, to entertain a motion that the court would otherwise lack authority to determine because it has been divested of jurisdiction due to an appeal. The new rule is patterned on existing procedures applicable in the civil context. See Fed. R. Civ. Proc. 62.1 (adopted in 2009); *Crateo, Inc. v. Intermark Inc.*, 536 F.2d 862 (9th Cir. 1976). Essentially, the rule permits the bankruptcy court and the appellate court to share jurisdiction over the matters subject to appeal. This shared jurisdiction may enable the bankruptcy court to dispose of an appeal despite the shift of jurisdiction to the appellate forum, thereby promoting the "just, speedy and inexpensive determination of every case and proceeding." See Fed. R. Bankr. Proc. 1001.

Under the new rule, the bankruptcy court retains the authority to address a timely motion for relief, that the court might otherwise be unable to consider because of a pending appeal, in one of three ways: (a) defer consideration of the motion, (b) deny the motion, or (c) indicate either that it would grant the motion if the appellate court remanded for that purpose, or that the motion "raises a substantial issue." Bankruptcy Rule 8008(a). If the bankruptcy court issues an indicative ruling under the third option, it must promptly notify the clerk of the court where the appeal is pending (i.e., the district court, the bankruptcy appellate panel—BAP—or the court of appeals). Bankruptcy Rule 8008(b). The "substantial issue" indication, while not elaborated upon by the Advisory Committee notes to the new rule, is modeled on existing Civil Rule 62.1. There, the committee notes reveal that a "motion may present complex issues that require extensive litigation.... In such circumstances, the district court may prefer to state that the motion raises a substantial issue, and to state the reasons why it prefers to decide only if the court of appeal agrees that it would be useful to decide the motion before decision of the pending appeal." But the court is not bound to grant the motion if it indicates that the motion raises a substantial issue, rather, "further proceedings on remand may show that the motion ought not to be granted."

Once notified of the bankruptcy court's indicative ruling, the district court or the BAP has the ability to partially remand the appeal for further proceedings in the bankruptcy court yet retain continuing jurisdiction over the appeal. (If the indicative ruling affects an appeal pending before the court of appeals then Federal Rules of Appellate Procedure 6 and 12.1 govern the procedure following notification of an indicative ruling.) Alternatively, the appellate court may determine to effectively remand all proceedings by expressly dismissing the appeal. The Advisory Committee notes to the new rule suggest, however, that the appellate court should only dismiss the appeal "when the appellant has clearly stated its intention to abandon the appeal" (perhaps, for instance, if a post-appeal settlement among the parties has been reached). If the appeal is partially remanded, the parties must notify the clerk of the appellate court once the bankruptcy court has decided the underlying motion for relief that triggered the indicative ruling. Bankruptcy Rule 8008(c).

The Advisory Committee notes clarify that the new rule is not intended to "define the circumstances in which an appeal limits or defeats the bankruptcy court's authority to act in the face of a pending appeal." Indeed, the ouster of the bankruptcy court's jurisdiction following an appeal is not all-encompassing. A bankruptcy court retains the authority to stay or enforce a final order and, naturally, retains authority over all aspects of the case that are not related to the appeal. Appeals from interlocutory orders, moreover, do not deprive the bankruptcy court from modifying the order until leave to appeal has been granted. Other attributes of the appealed order, such as the correction of clerical mistakes or the award of costs or sanctions, may also proceed in the bankruptcy court despite the pendency of the appeal. The court may not, however, alter, expand or supplement a final ruling that is on appeal.

Moreover, existing Bankruptcy Rule 8002(c) already identifies various motions that, if timely filed, "suspend the effect of a notice of appeal filed before the last such motion is resolved." In these instances, the bankruptcy court has the ability to resolve such motions "without resorting to the indicative ruling procedure." Thus, for example, if a party files a Civil Rule 60(b) motion for relief from a final judgment (due to mistake or newly discovered evidence), within 14 days after the judgment is entered (the same deadline for filing a notice of appeal), Bankruptcy Rule 8002(b)(2) preserves jurisdiction in the bankruptcy court to determine the motion despite the timely docketing of an appeal. The appeal only becomes effective, and jurisdiction is divested, when the order disposing of such Civil Rule 60(b) motion is entered. But if a Civil Rule 60(b) motion is filed after the 14-day deadline under Bankruptcy Rule 8002(b)(1)(D), which is possible under the separate, longer deadlines for a Civil Rule 60(b) motion, the indicative ruling procedure may nonetheless permit the bankruptcy court to entertain the motion. In fact, a 2014 amendment to Bankruptcy Rule 9024, which incorporates Civil Rule 60 in cases under the Bankruptcy Code, states that in "some circumstances, Rule 8008 governs post-judgment motion practice after an appeal has been docketed and is pending."

A similar change was made to Bankruptcy Rule 9023, which incorporates Civil Rule 59, addressing a motion for a new trial or to alter or amend a judgment. But, Bankruptcy Rule 9023 expressly requires that a Civil Rule 59 motion be filed within 14 days after entry of judgment (the same deadline for filing the notice of appeal). If timely filed, thus, the bankruptcy court would not need to use the indicative procedure in order to consider the Civil Rule 59 motion. This is because, as noted above, Bankruptcy Rule 8002(b)(2) tolls the effectiveness of the appeal until such Civil Rule 59 motion is disposed of. Oddly, thus—despite the 2014 change to Bankruptcy Rule 9023—there would seem to be no circumstances under which the Bankruptcy Rule 8008 indicative ruling procedure could ever be used to address a Civil Rule 59 motion because it would be untimely if filed more than 14 days after entry of judgment. Bankruptcy Rule 8008(a) only permits the indicative ruling procedure to be used if the underlying motion is "timely." By contrast, Civil Rule 60(b) has much longer deadlines—a "reasonable time" or, for grounds such as mistake or fraud, within one year after entry of judgment.

The use of Bankruptcy Rule 8008 may also gain traction in the context of motions to reconsider orders allowing or disallowing claims under Bankruptcy Rule 3008. The reconsideration of claims requires an underlying motion made pursuant to Civil Rules 59 and 60. Recently, Bankruptcy Judge Dennis Montali of the Northern District of California followed the new Bankruptcy Rule 8008 procedure to address a motion to reconsider the disallowance of claims in the Heller Ehrman chapter 11 case. See Order Denying Request for Indicative Ruling, In re Heller Ehrman, LLP, Case No. 08-32514, Docket No. 368, Bankr. N.D. Cal. (May 13, 2015). As noted, under Bankruptcy Rule 8008 the bankruptcy court now retains jurisdiction in order to, among other options, "deny" a timely motion for relief from the order on appeal. Here, Judge Montali determined that certain "newly discovered" evidence did not meet the standard for relief under Civil Rule 60(b)(2).

Aside from the bankruptcy court's ability to deal with these types of post-judgment motions, new Bankruptcy Rule 8008 may also clarify the procedure to be followed when the parties reach a settlement that requires approval under Bankruptcy Rule 9019. Although this question is open to debate, some bankruptcy courts have expressed reservations about their authority to hear and determine the merits of a settlement when the dispute is subject to a pending appeal. Bankruptcy Rule 8008 now permits the settling appellant to request an indicative ruling that would allow the appellate forum to remand the appeal to permit consideration of a settlement that, if approved, would entail a dismissal. Other bankruptcy courts have not felt constrained from acting on settlement motions despite the absence of a limited remand from the appellate forum. After all, if the appellant is prepared to dismiss the appeal under the compromise, the proposed settlement might be viewed as a matter "in aid of" the disposition of the appeal (another category of actions that many trial courts recognize they retain jurisdiction to decide notwithstanding an appeal).

The clear procedures set forth in new Bankruptcy Rule 8008 will undoubtedly assist the coordination of proceedings in the bankruptcy court and the appellate court. The rule will also help dispel doubts over the scope of the bankruptcy court's continuing jurisdiction to decide certain post-appeal matters. It will be very interesting to follow the myriad factual patterns that may invoke this new indicative ruling procedure.

[1] The Bankruptcy Rules also include forms prescribed by the Judicial Conference of the United States, known as the Official Bankruptcy Forms, whose use is required pursuant to Bankruptcy Rule 9009. The Bankruptcy Rules also incorporate and adopt, at various rules, selected Federal Rules of Civil Procedure. See Fed. R. Bankr. Proc. 9032. Moreover, pursuant to Bankruptcy Rule 9029, each district court may make and amend (or authorize the bankruptcy judges of the district to make or amend) additional local rules governing practice and procedure in all cases and proceedings within the district court's bankruptcy jurisdiction.

**A. Bankruptcy Filing and Claimed Homestead Exemption**

"When a debtor files a bankruptcy petition, all of her assets become property of the estate and may be used to pay creditors, subject to the debtor's ability to reclaim specified property as exempt." *In re Elliot*, 523 B.R. 188, 192 (9th Cir. B.A.P. 2014) (citing *Schwab v. Reilly*, 560 U.S. 770, 774 (2010)). "Under the 'snapshot' rule, bankruptcy exemptions are fixed at the time of the bankruptcy petition." *In re Jacobson*, 676 F.3d 1193, 1199 (9th Cir. 2012). The "exemptions must be determined in accordance with" 11 U.S.C. 522(b)(3)(A). *Id.* "Section 522(b) permits a debtor to exempt either the property set forth in section 522(d) or, alternatively, any property that is exempt under state law 'that is applicable on the date of the filing of the petition.' " *In re Diener*, 483 B.R. at 203 (quoting 11 U.S.C. § 522 (e)(3)(A–B)). Whether the homestead exemption's section 704.710 dwelling requirement is satisfied, is a question of fact.

"California has elected to 'opt out' of the federal exemption scheme, so California residents filing for bankruptcy are limited to the exemptions afforded under state law." *Id.* "Therefore, substantive issues regarding the allowance or disallowance of the claimed exemption at issue are governed by California law." *Id.* In California, there are two types of homesteads: declared and automatic. *Amin v. Khazindar*, 112 Cal.App.4th 582, 588 (2003). The declared homestead, which may be recorded, "protects the property from execution by certain creditors to the extent of the amount of the homestead." *Id.* (citing Code Civ. Proc. § 704.920). "Because many California debtors used to fail to record these exemptions, the legislature in 1974 enacted laws creating an automatic homestead exemption. *Id.* (citing Code. Civ. Proc. § 704.720). "The automatic homestead exemption is available when a party has continuously resided in a dwelling from the time that a creditors' lien attaches until a court's determination in the forced sale process that the exemption does not apply." *Amin*, 112 Cal.App. 4th, at 588 (quoting *In re Mulch*, 182 B.R. 569, 572 (Bankr.N.D.Cal.1995); *Webb v. Trippet* 235 Cal.App.3d 647, 651 (1991)). These two exemptions are distinct protections. *Id.*

**Debtor's Homestead Exemption Is Appropriate**

The homestead exemption is not about protecting equity of debtors; it is about protecting their home.

> "Homestead laws are designed to protect the sanctity of the family home against a loss caused by a forced sale by creditors…The homestead exemption ensures that insolvent debtors and their families are not rendered homeless by virtue of an involuntary sale of the residential property they occupy…This strong public policy requires courts to adopt a liberal construction of the law and facts to promote the beneficial purposes of the homestead legislation to benefit the debtor. *Amin v. Khazindar*, 112 Cal. App. 4th 582, 588 (2003).

It is not in dispute that Debtor is presently, and has for many years, resided in the Property. In fact, it is Debtor's residence in the Property that Houser Bros Co dba Rancho Del Rey Mobilehome Estates has made an issue of in the Unlawful Detainer case. (Moving Papers) Exhibit ___ This is really the more germane point of the analysis. Residency is really the crux of the homestead exemption. "There is nothing that suggests 703.020 requires that a claimant own the property subject to a claim of exemption rather than merely possess it. We will not interpret "of," as used in section 703.020, subdivision (a), to necessarily mean "owned by." *Broadway Foreclosure Investments, LLC v. Tarlesson*, 184 Cal. App. 4th 931, 937. Courts have routinely held that residence in a dwelling, even without legal ownership, is sufficient to establish a claim of homestead exemption. *Breeden v. Smith* (1953) 120 Cal.App.2d 62, 66; *Putnam Sand & Gravel Co. v. Albers* (1971) 14 Cal.App.3d 722, 726.

Debtor undisputedly resides in the Property. She is entitled to exempt any interest she has in the Property pursuant to the homestead exemption. Here, at the time of filing, the Debtor was entirely in control of the Property and held all of the badges of ownership.

***2. California Automatic Homestead Exemption***

The Ninth Circuit BAP has long held that "the filing of the [bankruptcy] petition serves as both a hypothetical levy and as the operative date of the exemption." *In re Diaz*, 547 B.R. at 335; *see also Nadal v. Mayer (In re Mayer)*, 176 B.R. 186, 189 (9th Cir. B.A.P. 1994) ("[t]he filing of the petition constitutes an attempt by the trustee to levy on the property.

It is this hypothetical levy the court must focus on in analyzing [the debtor's] entitlement to a homestead exemption.").

"The automatic homestead exemption protects a debtor from a forced sale and requires that the debtor reside in the homestead property at the time of a forced sale." *In re Diaz*, 547 B.R. at 334.

"The filing of a bankruptcy petition constitutes a forced sale for purposes of the automatic homestead exemption." *Id.*

"The automatic homestead exemption 'is not an absolute right to retain the homestead itself.' " *In re Fuentes*, 687 Fed.Appx. 542, 544 (9th Cir. 2017).

"Rather, it is a debtor's right to retain a certain sum of money when the court orders sale of a homestead in order to enforce a money judgment." *Id.*

"California Civil Procedure Code section 704.730 provides the monetary value of a debtor's homestead exemption, based on the debtor's family status" and other factors. *Id.*

"However, a judgment debtor's homestead can only be sold if a 'bid is received at a sale of [the] homestead pursuant to a court order for sale that exceeds the amount of the homestead exemption plus any additional amount necessary to satisfy all liens and encumbrances on the property.' " *Id.* (citing Cal. Civ. Proc. Code § 704.800(a)).

Asserting a lawful homestead exemption allows a judgment debtor or debtor in bankruptcy to avoid the life disruptions which would occur if the family residence could be lost through execution on a judgment or a bankruptcy sale. Permitting a debtor to retain equity in the home up to the amount of the exemption protects her opportunity for a fresh start after bankruptcy. When the broad definition of property which constitutes a bankruptcy estate under § 541(a)1, is thrown into the mix, the property interest needed by a debtor is not well-defined but liberally construed. The bankruptcy court needed applied principles to determine that the debtor's continuous occupancy of the property coupled with the beneficiary rights she held when she purchased and received the surrendered Certificate of Title with a releasing signature November 1, 2018, from the seller, Lisa Ryan, coupled with the undisputed fact, debtor has resided in the home for years prior to filing bankruptcy, on the day of filing the petition, and still resides in the home today, were sufficient to qualify for the homestead exemption.

**SUMMARY OF ARGUMENT**

The State of California has long recognized that a person need not hold legal title to real property in order to claim a homestead exemption, that an equitable interest is sufficient. This motion for reconsideration tests the extent of this liberal policy where the chapter 7 debtor has resided continuously in the home in question for years prior to and during her bankruptcy case and has an interest in that property established by her purchase on November 1, 2018, using the proceeds from the sale of her California residence A.P.N. 937-63-053, Unit 53, on October 31, 2018, reinvesting those proceeds, the very next day, in her current personal residence, a 2014 Skyline Custom Villa Manufactured Home sold in place on Lot 376, TRACT 10542, Unit 4 under an existing, unexpired, 80-year Land Lease; the same Land Lease Debtor's previous home, Unit 53, was subject to.

On November 1, 2018, debtor received the surrendered Certificate of Title Card which contained the releasing signature of the seller, Lisa Ryan, of the 2014 Skyline Custom Villa Manufactured Home, Decal No. LBM1081, [delivered and installed on Lot 376 pursuant to Health & Safety Code §§18551, in July 2014, by the purchaser of the home, Lisa T. Ryan, under the remaining unexpired term of an 80-year Ground Lease burdening Parcel 1, AP.N. 178-771-03, & Parcel 2, Unit 1, 2, 3, 4, recorded in Parcel Maps, Book 108, pg. 47-48.

Thereafter, Houser Bros Co dba Rancho Del Rey Mobilehome Estates ("RDRMHE") was notified of the sale and received **Notice of Sale and Transfer signed and dated November 1, 2018,** by the seller, Lisa T. Ryan, disclosing the name of the purchaser, Jamie Lynn Gallian on the [left side] of the document. **GALLIAN DECL. [Houser MOT. Ex. 13].**

Thereafter, over two weeks [after] debtor purchased the home November 1, 2018, with proceeds from the sale of Alderport 937-630-53, October 31, 2018, **GALLIAN DECL. Exhibit** and received the surrendered Certificate of Title released November 1, 2018, released by the seller Lisa Ryan to Jamie Gallian, Houser Bros Co. and their attorney Vivienne Alston ***on***

***November 14, 2018***, , filed a WRIT OF POSSESSION, (Decl. Gallian Exhibit 2) in the name of the previous owner, LISA T. RYAN, at the Orange County Superior Court, State Court Case *Houser Bros Co vs Lisa Ryan, Case No. 30-2018-01013582*, delivered the WRIT OF POSSESSION to the Orange County Sheriff Department, in Santa Ana.

Jamie Gallian became aware of the WRIT OF POSSESSION against Lisa Ryan from the Rancho Del Rey Park Office Manager, Willie Masculnski.

On November 15, 2018, Jamie Lynn Gallian met with Lisa T. Ryan, and requested Lisa T. Ryan sign the [same] November 1, 2018, NOTICE OF SALE OR TRANSFER document noting J-Sandcastle Co. LLC on the right side of the NOVEMBER 1, 2018, form. Lisa Ryan signed her name a second time and included the date of November 15, 2018, with an attached Acknowledgment. **Decl. Gallian Exhibit** [Houser MOT, EXHIBIT 13.]

However, the surrendered Certificate of Title releasing signature date [did not] change November 1, 2018, surrendered to Jamie Gallian. Jamie Gallian is still the owner and purchaser of the 2014 Skyline Manufactured Home.

The bankruptcy court errored when it did not consider that the debtor, JAMIE LYNN GALLIAN, met the two statutory requirements to hold a homestead under California law and therefore was entitled to a homestead exemption.

The debtor submits this court can get it right and that the decision will survive the *de novo* review which the Ninth Circuit must apply if it gets that far.

The opposition to Movant's Motion for Reconsideration spends little time analyzing the types of equitable interests in real property that support a homestead exemption under California law, perhaps because that law weighs heavily in favor of the debtor.

Houser opposition arguments is based on a substantial misconstruction of the relevant facts and procedural posture, undermining the weight of any such assertions.

The bankruptcy court has core jurisdiction to decide the exemption issue. The burden of proof argument is truly a red herring. The burden of proof governs who must sustain the burden of persuasion that any *disputed evidentiary facts* favor the debtor. There are no material disputed facts here, so who bears the burden is largely irrelevant.

Through case law and legislative comments, California policy shows that for a judgment debtor to assert an automatic homestead exemption in the property where she resides on the date that a judgment lien attaches (which is the petition date of a bankruptcy case), she need hold only some equitable interest in that property. As discussed below, the types of equitable interests which have been sufficient have varied greatly, reflecting the state's policy favoring the debtor protections which are afforded by a homestead exemption.

The Ninth Circuit has historically described it as Cal. Civ. Proc. Code sections 704.710–704.810, stating that the automatic exemption "protects a debtor from a forced sale and requires that the debtor reside in the homestead property at the time of a forced sale." (*Diaz*, 547 B.R. at 334); *see also In re Anderson*, 824 F.2d 754, 756 (9th Cir. 1987) ("The statutory provisions affecting homesteads are primarily located in Article 4 (§§ 704.710–704.850) and Article 5 (§§ 704.910–704.995) of Title 5, Division 2, Chapter 4 of the California Code of Civil Procedure. Article 4 provides for an 'automatic' homestead, for which no recording is necessary. Article 5 provides for recorded declarations of homestead.").   California courts have likewise recognized 704.710–704.730 as the automatic exemption by conducting statutory interpretation issues as required by California law. *See Wells Fargo Financial Leasing, Inc. v. D & M Cabinets*, 177 Cal.App.4th 59, 66–68 (2009) ("The issue ... is one of statutory interpretation") (citations and quotations omitted)(adding references to section 704.710–704.850 while explaining how "[s]ection 704.740 is part of the homestead laws."); *see also Amin*, 112 Cal.App.4th at 588 (listing the declared exemption as Cal. Code Civ. Proc. section 704.920 and the automatic exemption as section 704.720). California common law has recognized that "[t]here is no requirement in section 704.710 that the

judgment debtor continuously own the property, and we do not read section 703.020 to impose such a requirement." *Broadway*, 184 Cal.App.4th at 937; *see also* Cal. Civ. Proc. § 703.020 (The statute is titled "Persons who may claim exemptions[.]"). Relatedly, "there is nothing that suggests 703.020 requires that a claimant own the property subject to a claim of exemption rather than merely possess it." *Id.* at 322–23.

"Several California cases recognize that judgment debtors who continuously reside in their dwellings retain a sufficient equitable interest in the property to claim a homestead exemption even when they have conveyed title to another." *Id.* (citing a string of California cases ranging from 1952 to 2001). "Such a result is consistent with the purpose of California's homestead exemption to protect one's dwelling against creditors." *Id.* Accordingly, section 704.710(c) "requires only that the judgment debtor *reside* in the property as his or her own dwelling at the time the judgment creditor's lien attaches and continuously thereafter until the court determines the dwelling is a homestead." *In re Gilman*, 887 F.3d 956, 965 (2018) (quoting *Tarlesson*, 184 Cal.App.4th at 937). "It does not require that the debtor continuously own the property." *Id.* at 965–966. ("California law rejects [the] argument that title to [ ] property is necessary to claim a homestead exemption.") (citing *Tarlesson*, 184 Cal.App.4th at 937). "[A] third party does not defeat a debtor's right to an automatic exemption, 'because continuous residency, rather than continuous ownership, controls the analysis. *Id.* (citing *Elliot*, 523 B.R. at 196). It is clear here that California has a long common law history of applying a liberal standard to the automatic homestead laws. *See In re Reaves*, 256 B.R. 306, 310 (9th Cir. B.A.P. 2000) (quoting *In re Crosby's Estate*, 2 Cal.2d 470, 473 (1935) ("The exemption statutes are to be construed liberally, 'for their manifest purpose is that of saving debtors and their families from want by reason of misfortune or improvidence.' ") (internal quotations omitted). Further, the record clearly shows that Appellee possessed a beneficiary interest in the trust, and that he was residing in the Property during and after the Bankruptcy proceedings. Altogether, the Court holds that these factors support a finding that he was able to claim the automatic homestead exemption.

**HOUSER BROS CO Did Not Satisfy The Burden to Prove that Debtor was not Entitled to the Automatic Homestead Exemption**

" 'Generally, a debtor's claimed exemption is presumptively valid, and the party objecting to a debtor's exemption has the burden of proving that the exemption is proper' under Federal Rule of Bankruptcy Procedure 4003(c)." *In re Simon*, 2019 WL 3781599, *4 (C.D. Cal. August 12, 2019) (quoting *In re Diaz*, 547 B.R. at 336). "But '[w]here a state law exemption statute specifically allocates the burden of proof to the debtor, Rule 4003(c) does not change that allocation.' " *Id.* "California law places the burden of proof on 'the party claiming the exemption.' " *Id.* "To determine whether a debtor resides in the property for homestead purposes, courts consider the debtor's physical occupancy of the property and the intent to reside there." *In re Gilman*, 887 F.3d at 965 (citing *Diaz*, 547 B.R. at 335 and *Ellsworth v. Marshall*, 196 Cal.App. 2d 471, 474 (1961)). Debtor asserted that she had an equitable interest in the property and continuously resided there. DOC 1, Page 12 of 60. Debtors petition triggered the automatic homestead exemption. (DOC 1.) ("The automatic homestead exemption is what is at issue in this case."). Houser Bros Co does not refute that Debtor resides or intended to reside on the property, or address that a bankruptcy trustee, as a hypothetical creditor, may reach the Property by virtue of Debtor's equitable interest. Since the record shows that it is uncontested that Appellee satisfied the dwelling and intention requirements, the Bankruptcy Court did not err in making such a factual finding here.

**522(P)(2)(B)**

**MEMORANDUM OF POINTS AND AUTHORITY**

INTERESTED PARTY HOUSER BROS CO DBA RANCHO DEL REY MOBILEHOME ESTATES ("RDRMHE") filed an objection, DOC 95 to JAMIE LYNN GALLIAN'S ("DEBTOR") claimed homestead in her Amended Schedule C, DOC 72-75. Chapter 7 trustee, Jeffrey Golden,

("Trustee") filed a joinder on June 30, 2022, DOC 128. Interested party Huntington Beach Gables Homeowners Association ("HOA") filed a joinder on May 13, 2022, DOC 98 as well as interested party and former HOA attorney Janine Jasso, DOC 100. RDRMHE objected to the California homestead exemption in the amount of $600,000 claimed by Debtor in her amended Schedule C DOC 72-75, in addition to seeking to limit it to the statutory cap of $170,675 under § 522(p)(1). Houser Bros Co dba Rancho Del Rey and joinder Huntington Beach Gables HOA argued that Debtor acquired an interest in the homestead property within the meaning of § 522(p)(1) because on February 25, 2021, the property was transferred by J-SANDCASTLE CO, LLC ("JSC") back to Debtor during the 1215–day period preceding the date of the filing of Debtor's petition on July 9, 2021. DOC 1. Debtor asserts that the limitation under § 522(p)(1) was not triggered since she retained possession, beneficial and equitable interest in the property at all times since November 1, 2018, (DOC 1, page 12 of 60), despite registering her manufactured home on November 16, 2018, at the local HCD Riverside Office, California Department of Housing and Community Development to debtors single member LLC J-Sandcastle Co. LLC, after Houser Bros Co obtained an unlawful WRIT OF POSSESSION on November 14, 2018, in the name of the previous owner Lisa Ryan, delivered it to the Orange County Sheriff on November 19, 2018 over two works after Lisa Ryan gave NOTICE OF SALE OR TRANSFER of OWNER Jamie Lynn Gallian originally signed on NOVEMBER 1, 2018. [Houser MOT EX.13] Decl. Gallian. California case law requires a debtor to have some form of equity in the property in order to claim a homestead finding equity contemplated ownership. Finally, the bankruptcy court followed out-of-jurisdiction case law which rejected a debtor's attempt to claim a homestead exemption in real property held in the name of an LLC. Debtor timely file this MOT Reconsideration August 18, 2022.

A. Prepetition Transfers Of Debtor's Property

The facts are undisputed. Debtor purchased her home, Unit 376, located in TRACT 10542, Unit 4, Lot 376, at 16222 Monterey Lane, Huntington Beach, California (Property) on November 1, 2018

with the funds she acquired when she sold her previous residence on October 31, 2018, DOC 1.

The record shows that Debtor continuously resided in the home since she purchased it and has made all space rent payments, paid 5 years of local property taxes, maintained insurance and assumed all other responsibilities of a homeowner. Since November 2018 she has transferred title to the Property five or six times to and from herself and her sole Member LLC. These transfers were for no consideration and, per Debtor's declaration and deposition for estate planning purposes.

On November 16, 2018, the Property was registered to the LLC with HCD, after debtor purchased the property on November 1, 2018, and received the released and surrendered Certificate of Title from the seller Lisa Ryan November 1, 2018. Lisa Ryan signed a NOTICE OF SALE OR TRANSFER, dated the document November 1, 2018,

Over four years later, in February 2021, the Property was transferred from the LLC back to Debtor via Releasing Signature of the LLC on February 25, 2021. In October 2018, Debtor formed the LLC, a California limited liability company, by filing Articles of Organization with the California Secretary of State. Debtor is the sole member of J- Sandcastle Co. LLC.

On November 16, 2018, the Property was transferred from the Debtor to the LLC via a Certificate of Title Application with California Department Housing and Community.

On February 25, 2021, the Property was transferred from the LLC to the Debtor for no consideration.

An Application CLAIM FOR HOMEOWNER'S EXEMPTION was recorded against the Property, by the Debtor with the ORANGE COUNTY TAX ASSESSOR, which stated the following:

1. When did you acquire this property? Answer 11-1-2018

2. Date you occupied this property as your principal residence. Answer 11-1-2018

3. Do you own another property that is, or was, your principal place of residence in California? Answer YES

If YES, please provide the address below, and the date you MOVED OUT, if no longer your principal place of residence:

Answer:

| Address:4476 Alderport Drive | HB | 92649 | 10/31/2018 |
|---|---|---|---|
| Street address | City | Zip Code | month/day/year |

On July 09, 2021, at 12:48pm, PRIOR to debtor's petition for bankruptcy filing at 14:33, a Declaration of Homestead was recorded against the Property in the Official Records Clerk Recorder, County of Orange, Instrument No, 2021000443659 12:48 pm 07/09/2021. DOC 74.

**Bankruptcy Events**

On July 09, 2021, after the LLC transferred title to the Property to the debtor, Debtor filed her chapter 7 petition ("Petition Date"). Mr. Jeffrey Golden was appointed as the chapter 7 trustee. In her amended schedule Debtor claimed the full $600,000 homestead exemption in the Property under California §§704.730(a)(1). Interested party Houser Bros Co. dba Rancho Del Rey Mobilehome Estates objected to Debtor's homestead exemption in the amount of $600,000, also seeking to cap or limit to any exemption to $170,350.00 under § 522(p)(1) allegedly due to the transfer from the LLC to debtor for no consideration, within the 1215–day period prior to the debtor Petition Date. However, Houser Bros Co assumption is misstated completely. None of the traditional badges of fraud are present. Debtor has fully and credibly explained all of her actions.

Debtor lives a modest lifestyle and had no financial problems until 8 months after she sold her property in the Gables HOA, a money judgment was entered against her for "attorney fees" in an unconscionable amount of over $400,000.00, several months after the trial court vacated the jury trial sua sponte after debtor moved from the Gables HOA on 9/11/2018 and sold the property unencumbered on October 31, 2018. The trial court [denied] on November 9, 2018

Exhibit ___