**EXHIBIT 2**

1   D. EDWARD HAYS, #162507
    ehays@marshackhays.com
2   LAILA MASUD, #311731
    lmasud@marshackhays.com
3   BRADFORD N. BARNHARDT, #328705
    bbarnhardt@marshackhays.com
4   MARSHACK HAYS LLP
    870 Roosevelt
5   Irvine, CA 92620
    Telephone: (949) 333-7777
6   Facsimile: (949) 333-7778
7

8   Attorneys for Creditor,
    HOUSER BROS. CO. dba RANCHO DEL
9   REY MOBILE HOME ESTATES

10              UNITED STATES BANKRUPTCY COURT

11      CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

12
    In re                                Case No. 8:21-bk-11710-ES
13
    JAMIE LYNN GALLIAN,                   Chapter 7
14
            Debtor.                       RESPONSE TO DEBTOR'S NOTICE OF AND
15                                        MOTION FOR RECONSIDERATION OF
                                          7.21.22 ORDER SUSTAINING HOUSER
16                                        BROS. CO. DBA RANCHO DEL REY
                                          MOBILE HOME ESTATE'S OBJECTION TO
17                                        DEBTOR'S CLAIMED HOMESTEAD
                                          EXEMPTION; DECLARATION OF D.
18                                        EDWARD HAYS IN SUPPORT

19                                        Date:   August 18, 2022
                                          Time:   10:30 a.m.
20                                        Ctrm:   5A[1]
                                          Location: 411 W. Fourth Street, Santa Ana, CA
21                                        92701

22  / / /

23  / / /

24

25

26
    ──────────────────────────
27  [1] To continue to aid in the mitigation of the spread of the COVID-19 virus and in light of the response of the Bar to
    continue virtual appearances, Judge Smith will continue to hold the majority of her hearings remotely using ZoomGov
    audio and video. However, beginning September 1, 2021, Judge Smith will allow the option for in-person hearings
28  and/or hybrid proceedings for trial and evidentiary hearings only.

                                          1

TABLE OF CONTENTS

1.   SUMMARY OF ARGUMENT ........................................................................ 2

2.   FACTUAL BACKGROUND ........................................................................... 3

3.   LEGAL ARGUMENT .................................................................................... 6

    A.   This Court lacks jurisdiction to rule on the Motion. ............................... 6

    B.   Legal Standard for Motions for Reconsideration ................................... 6

    C.   Debtor has not met her burden of showing that relief is justified pursuant to
        Rule 60(b)(2) based on newly discovered evidence. ............................... 8

        i.    Debtor has not submitted newly discovered evidence within the .............. 9

        meaning of Rule 60(b)(2)........................................................................ 9

        ii.   There are no facts to suggest that Debtor exercised due ......................... 11

        diligence to discover the Assessor Document (or any other evidence). ................ 11

        iii.  Debtor's alleged newly submitted evidence would not have changed
        the result of the hearing on the Homestead Motion ................................ 11

    D.   Debtor has not met her high burden of showing, based on clear and ................... 14

    convincing evidence, that relief from judgment is appropriate based ............................. 14

    on fraud, misrepresentation, or other misconduct ............................................. 14

    E.   Debtor's Motion does not address the argument that 11 U.S.C. § 522(p)
        imposes a $170,350 cap on any exemption. ......................................... 15

4.   CONCLUSION .............................................................................................. 16

**TABLE OF AUTHORITIES**

<u>**CASES**</u>

*Bryant v. Thomas*,
    2015 U.S.Dist.LEXIS 120079, at *6 (S.D. Cal. June 18, 2015) ................................ 7

*Coastal Delivery Corp. v. U.S. Customs Serv.*,
    272 F.Supp.2d 958, 966-67 (C.D. Cal. 2003) ............................................... 6

*Diaz v. Kosmala (In re Diaz)*,
    547 B.R. 329, 336-37 (B.A.P. 9th Cir. 2016) ......................................... 11

i

*Fantasyland Video, Inc. v. Cty. of San Diego,*
  505 F.3d 996, 1005 (9th Cir. 2007) ........................................ 8

*Harrington v. Ainsworth (In re Harrington),*
  2005 Bankr.LEXIS 3379, at *8 (B.A.P. 9th Cir. Aug. 22, 2005) ........... 12

*In re Reade,*
  2014 Bankr.LEXIS 1391, at *10 (Bankr. C.D. Cal. Mar. 28, 2014) ......... 12

*In re Tallerico,*
  532 B.R. 774, 780 (Bankr. E.D. Cal. 2015) ............................. 11

*In re Wavelength, Inc.,*
  61 B.R. 614, 618 (9th Cir. 1986) ....................................... 6

*Johnson v. Caliber Home Loans,* 2021
  U.S.Dist.LEXIS 204465, at *8 (C.D. Cal. Feb. 3, 2021) ............... 7, 15

*Nishimoto v. Cty. of San Diego,*
  850 Fed.Appx. 493, 497 (9th Cir. 2021) ............................. 8, 10

*Raleigh v. Ill. Dep't of Revenue,*
  530 U.S. 15 (2000) .................................................... 12

*Smith v. Lujan,*
  588 F.2d 1304 (9th Cir. 1979) .......................................... 6

*Sundby v. Marquee Funding Grp., Inc.,*
  2021 U.S.Dist.LEXIS 223123, at *6 (S.D. Cal. Nov. 18, 2021) ............ 8

*Trendsettah USA, Inc. v. Swisher Int'l, Inc.,*
  31 F.4th 1124, 1136 (9th Cir. 2022) ................................. 8, 14

*Utzman v. Suntrust Mortg., Inc. (In re Utzman),*
  2016 Bankr.LEXIS 2927, at *13 (B.A.P. 9th Cir. Aug. 9, 2016) ..... 2, 7, 15

**STATUTES**

11 U.S.C. § 522(p) ................................................... 15, 16

11 U.S.C. § 704.730(a) ................................................... 12

Cal. Const. Art. XIII § 3(k) ............................................. 12

Cal. Rev. & Tax Code § 218(a) ........................................... 12

RESPONSE TO DEBTOR'S MOTION FOR RECONSIDERATION

000343

4880-1284-8131,v.1

CCP § 704.730(a)................................................................................................................. 12

CCP § 704.780(a)................................................................................................................. 11

CCP § 704.780(a)(1)............................................................................................................. 11

CCP § 798.74 ....................................................................................................................... 15

**OTHER AUTHORITIES**

4 COLLIER ON BANKRUPTCY P 522.13[1] (2022) ............................................................. 15

**RULES**

Fed. R. Civ. P. 9023 .............................................................................................................. 7

Fed. R. Civ. P 59 ................................................................................................................... 2

LBR 9013-4 ........................................................................................................................... 7

LBR 9013-4(b)(3) .................................................................................................................. 7

Fed. R. Civ. P 60(b)(3).................................................................................................. 2, 14, 15

Fe. R. Civ. P 60(b) ....................................................................................................... 6, 7, 8, 15

RESPONSE TO DEBTOR'S MOTION FOR RECONSIDERATION
000344
4880-1284-8131,v.1

1   TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE, THE

2   DEBTOR, AND ALL INTERESTED PARTIES:

3          Houser Bros. Co., dba Rancho Del Rey Mobile Home Estates ("Houser Bros.") files this

4   opposition to Debtor's Notice of and Motion for Reconsideration of 7.21.22 Order Sustaining

5   Houser Bros. Co. DBA Rancho Del Rey Mobile Home Estates Objection to Debtor's Claimed

6   Homestead Exemption ("Motion"), filed on July 26, 2022, as Dk. No. 157.

7   **1.      Summary of Argument**

8          A party may not seek relief from an order under Rule 60(b) of the Federal Rules of Civil

9   Procedure (applicable pursuant to FRBP 9024) to raise legal arguments or allege new facts that

10  "could have been raised at the prior hearing or to rehash arguments already presented to the

11  bankruptcy court." *Utzman v. Suntrust Mortg., Inc. (In re Utzman)*, 2016 Bankr.LEXIS 2927, at *13

12  (B.A.P. 9th Cir. Aug. 9, 2016). The same is true for a motion for new trial filed under FRCP 59

13  (applicable pursuant to FRBP 9023) and LBR 9013-4. Notwithstanding these clear rules, Debtor's

14  Motion is based on evidence that could have been presented in her opposition to the underlying

15  objection and is nothing more than a rehash of arguments she has already raised and lost.

16         The Motion does not clearly specify the basis on which Debtor seeks relief from the Court's

17  ruling disallowing her homestead exemption, but it appears that she is moving under Rule 60(b)(2),

18  based on newly discovered evidence, and Rule 60(b)(3), based on alleged fraud. Even if the Court

19  views the motion as one filed under FRCP 59, it fails for the same reasons.

20         Any "newly discovered" evidence Debtor submitted could have been discovered and

21  submitted to the Court well in advance of the continued hearing on Houser Bros.'s homestead

22  exemption objection had Debtor acted diligently. And, even if the Court had considered Debtor's

23  additional documentation, it would not have changed the outcome of the hearing. The evidence at

24  most would have shifted the burden to Houser Bros. regarding Debtor's homestead exemption, and

25  Houser Bros. would have sustained its burden for the reasons set forth in the previous briefing.

26         Debtor also makes a summary allegation of fraud which is totally lacking in merit and which

27  falls far short of the high burden for obtaining relief based on clear and convincing evidence.

28  Because Debtor fails to satisfy the standards for relief from judgment or for a new trial, the Motion

1  should be denied. If the Court does not enforce the standards for reconsideration, then every motion

2  decided will need to be decided twice.

3        Lastly, Debtor has filed an appeal of the order from which she seeks reconsideration. The

4  pending appeal deprives the Court of jurisdiction to decide the Motion on the merits.

5  **2.  Factual Background**

6        On July 9, 2021 ("Petition Date"), Jamie Lynn Gallian filed a voluntary petition under

7  Chapter 7 of Title 11 of the United States Code. A true and correct copy of the CM/ECF docket in

8  this case is attached to the Declaration of D. Edward Hays ("Hays Declaration") as **Exhibit 1**.

9        On May 12, 2022, Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates ("Houser

10  Bros.") filed a "Motion Objecting to Debtor's Claimed Homestead Exemption" ("Homestead

11  Motion"). Docket No. 95. The Motion was set for hearing on June 2, 2022, at 10:30 a.m. Docket No.

12  99.

13        On May 13, 2022, The Huntington Beach Gables Homeowners Association ("HOA") filed a

14  "Joinder to Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates' Motion Objecting to

15  Debtor's Claimed Homestead Exemption" ("HOA Joinder"). Docket No. 98.

16        On May 16, 2022, Janine Jasso ("Ms. Jasso," and together with the HOA, the "Joining

17  Parties") filed a "Joinder to Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates' Motion

18  Objecting to Debtor's Claimed Homestead Exemption" ("Jasso Joinder"). Docket No. 100.

19        On June 1, 2022, Debtor filed "Debtors Reply Opposition, Memorandum of Points and

20  Authorities to Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates' Motion Objecting to

21  Debtor's Claimed Homestead Exemption and Joinder Parties Huntington Beach Gables HOA; Janine

22  Jasso" ("Homestead Opposition"). Docket No. 105.

23        On June 2, 2022, at 10:30 a.m., the Court conducted a hearing on the Homestead Motion.

24  Before the hearing, the Court published a tentative ruling to continue the hearing on the Homestead

25  Motion to July 21, 2022, at 10:30 a.m. to allow Houser Bros. and the Joining Parties to file a reply to

26  Debtor's late opposition. The Court's tentative ruling cautioned that "[n]o other pleadings may be

27  filed," and that "in the future, the court will not consider any pleadings filed by Debtor after the day

28  they are due."

RESPONSE TO DEBTOR'S MOTION FOR RECONSIDERATION

4880-1284-8131,v.1

1      On June 23, 2022, the Court entered an "Order Continuing Hearing on Motion Objecting to

2 Debtor's Claimed Homestead Exemption" ("June 23, 2022, Order"), which attached a copy of the

3 Court's tentative ruling for the June 2, 2022, hearing. Docket No. 124. The June 23, 2022, Order,

4 provided as follows:

5      1)     The hearing on the Motion is continued to July 21, 2022, at 10:30 a.m. to allow

6      Houser Bros. and/or the Joining Parties to file a reply/replies to Debtor's late opposition filed

7      on June 1, 2022;

8      2)     Any replies by Houser Bros. or the Joining Parties must be filed by July 7, 2022; and

9      3)     No other pleadings may be filed regarding the Motion. Docket No. 124.

10      On June 30, 2022, Chapter 7 Trustee Jeffrey I. Golden filed "Trustee's Joinder in Houser

11 Bros. Co. dba Rancho Del Rey Mobile Home Estates' Motion Objecting to Debtor's Claimed

12 Homestead Exemption" ("Trustee Joinder"). Docket No. 128.

13      On July 7, 2022, the HOA filed a "Reply to Debtor's Opposition to Motion Objecting to

14 Debtor's Claimed Homestead Exemption" ("HOA Reply"). Docket No. 129.

15 That same day, Houser Bros. filed:

16      1)     "Reply to Debtor's Opposition to Motion Objecting to Claimed Homestead

17      Exemption" ("Houser Bros. Homestead Reply"), Docket No. 130;[2]

18      2)     "Declaration of Vivienne J. Alston Re: Motion Objecting to Debtor's Claimed

19      Homestead Exemption" ("Alston Declaration"), Docket No. 131;

20      3)     "Declaration of Greg Buysman Re: Motion Objecting to Debtor's Claimed

21      Homestead Exemption" ("Buysman Declaration"), Docket No. 132; and

22      4)     "Declaration of Chris Houser Re: Motion Objecting to Debtor's Claimed Homestead

23      Exemption" ("Houser Declaration"), Docket No. 133.

[2] On July 20, 2022, Houser Bros. filed a "Notice of Lodgment of Excerpts of Certified Transcript in Support of Reply to Debtor's Opposition to Motion Objecting to Claimed Homestead Exemption." Docket No. 138.

1    On July 8, 2022, Debtor filed an unauthorized "Reply to Greg Buysman, CA Notary Public

2  Commission Number 2341449; Owner & Operator the UPS Store, Edinger/Springdale." Docket No.

3  134.[3]

4    Before the July 21, 2022, hearing, the Court published a tentative ruling to grant the Motion

5  ("July 21 TR"). A true and correct copy of the July 21 TR is attached to the Hays Declaration as

6  **Exhibit 2**.

7    On July 21, 2022, at 10:30 a.m., the Court held a continued hearing on the Motion. During

8  the hearing, the Court orally granted the Homestead Motion for the reasons stated in its tentative

9  ruling.

10    On July 21, 2022, at 11:50 a.m., Debtor filed a "Notice of Lodgment of Orange County Tax

11  Assessors [sic] Proof of Debtors [sic] Homestead Exemption Effective 2/25/2021 in Support of

12  Opposition to Motion Objecting to Claimed Homestead Exemption" ("First NOL"). Docket No. 139.

13    That same day, at 2:11 p.m., Debtor filed a "Notice of Lodgment of Orange County Tax

14  Assessors [sic] Proof of Debtors [sic] Homestead Exemption Effective 2/25/2021 in Support of

15  Opposition to Motion Objecting to Claimed Homestead Exemption" ("Second NOL"). Docket No.

16  140.

17    On July 21, 2022, Debtor filed a "Notice of Appeal and Statement of Election" ("Notice of

18  Appeal") regarding a "7/21/2022 Order Denying Debtors [sic] Declared Homestead and Debtors

19  [sic] Homeowners Exemption Effective February 25, 2021 with the Orange County Tax Assessor

20  Pursuant to California Department of Housing and Community Development Certificate of Title

21  Perfected February 25, 2021." Docket No. 143. Debtor's appeal was referred to the Bankruptcy

22  Appellate Panel based on Debtor's election. Docket No. 161.

23    On July 26, 2022, Debtor filed the Motion. Docket No. 157.

24

25

26  [3] The Court did not formally consider this pleading because Debtor filed it in violation of the June 23, 2022,
    Order's requirement that no other pleadings were to be filed other than replies by Houser Bros. and the

27  Joining Parties. Hays Decl. Ex. 2 at 42 (July 21 TR, defined below). The Court indicated that even if it were
    to consider this improper pleading, the evidence presented therein would have been insufficient to alter or

28  change the Court's ruling. *Id.*

RESPONSE TO DEBTOR'S MOTION FOR RECONSIDERATION
4880-1284-8131,v.1

On August 1, 2022, Debtor filed a "Motion for Leave from the Bankruptcy Appeal [sic] Panel to Permit the Bankruptcy Court to Consider Debtor's Motion for Re-Consideration [Doc 157] on August 18, 2022" ("Motion for Leave"). Docket No. 167. Debtor's Motion for Leave has not been set for hearing.

On August 2, 2022, Houser Bros. filed an "Optional Appellee Statement of Election to Proceed in District Court." Docket No. 168.

Counsel for Houser Bros. has informed Debtor that the pending appeal deprives the Court of jurisdiction to decide her Motion. Counsel offered to enter a stipulation for the appeal to be dismissed without prejudice and which specifically provided that Debtor's time to appeal the original order and any order on reconsideration would be 14 days from entry of the order on reconsideration pursuant to FRBP 8002(b). Debtor, however, refused to enter such stipulation. Hays Decl. ¶¶ 9-12 & Exs. 3-4.

## 3.    Legal Argument

### A.    This Court lacks jurisdiction to rule on the Motion.

A notice of appeal divests the district court of jurisdiction over matters related to the appeal. *Coastal Delivery Corp. v. U.S. Customs Serv.*, 272 F.Supp.2d 958, 966-67 (C.D. Cal. 2003) (citing *Smith v. Lujan*, 588 F.2d 1304 (9th Cir. 1979)); *see also In re Wavelength, Inc.*, 61 B.R. 614, 618 (9th Cir. 1986) (noting that the bankruptcy court did not have jurisdiction to rule on a Rule 60(b) motion for reconsideration after the notice of appeal from the underlying order had been filed). In the Ninth Circuit, a district court "does not have jurisdiction at all" to act on a Rule 60(b) motion once a notice of appeal has been filed. *Coastal Delivery*, 272 F.Supp.2d at 677.

Here, Debtor filed the Notice of Appeal regarding the Court's decision to grant the Homestead Motion on July 21, 2022. Docket No. 143. She filed this Motion, however, five days later. Docket No. 157. The Notice of Appeal divested this Court of jurisdiction over matters related to the appeal, including this Motion.

### B.    Legal Standard for Motions for Reconsideration

Rule 60(b) of the Federal Rules of Civil Procedure ("FRCP"), made applicable by Rule 9024 of the Federal Rules of Bankruptcy Procedure ("FRBP"), provides:

RESPONSE TO DEBTOR'S MOTION FOR RECONSIDERATION
4880-1284-8131,v.1

1    GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion

2    and just terms, the court may relieve a party or its legal representative from a final

3    judgment, order, or proceeding for the following reasons:

4        **(1)** mistake, inadvertence, surprise, or excusable neglect;

5        **(2)** newly discovered evidence that, with reasonable diligence, could not have

6        been discovered in time to move for a new trial under Rule 59(b);

7        **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or

8        misconduct by an opposing party;

9        **(4)** the judgment is void;

10       **(5)** the judgment has been satisfied, released, or discharged; it is based on an

11       earlier judgment that has been reversed or vacated; or applying it prospectively is

12       no longer equitable; or

13       **(6)** any other reason that justifies relief.

14   Fed. R. Civ. P. 60(b). The burden of proof is on the party bringing the Rule 60(b) motion. *Bryant v.*

15   *Thomas*, 2015 U.S.Dist.LEXIS 120079, at *6 (S.D. Cal. June 18, 2015).

16       A party may not seek relief from an order under Rule 60(b) to raise legal arguments or allege

17   new facts that "could have been raised at the prior hearing or to rehash arguments already presented

18   to the bankruptcy court." *Utzman v. Suntrust Mortg., Inc. (In re Utzman)*, 2016 Bankr.LEXIS 2927,

19   at *13 (B.A.P. 9th Cir. Aug. 9, 2016); *see also Johnson v. Caliber Home Loans*, 2021

20   U.S.Dist.LEXIS 204465, at *8 (C.D. Cal. Feb. 3, 2021) (indicating that reconsideration motions "are

21   not the proper vehicles for rehashing old arguments," "are not intended to given an unhappy litigant

22   one additional chance to sway the judge," and are "improper vehicle[s] for bringing new claims not

23   previously raised"). Further, a party's disagreement "is not a ground for vacating a final judgment."

24   *Johnson*, 2021 U.S.Dist.LEXIS 204465, at *8.

25       The same standards apply to motions for a new trial under FRCP 59 (applicable under FRBP

26   9023) and LBR 9013-4. Specifically, LBR 9013-4(b)(3) requires exacting evidence regarding why

27   such allegedly new evidence could not be produced prior to the original hearing.

28

<hr>

7

RESPONSE TO DEBTOR'S MOTION FOR RECONSIDERATION

000350

As an initial note, Debtor's Motion, for the most part, reads as a regurgitation of her Homestead Opposition, which the Court already found unavailing in ruling on the Homestead Motion. Houser Bros. need not, and will not, address each of these arguments for a second time, and simply incorporates by reference the arguments already presented in the Homestead Motion and Houser Bros. Homestead Reply.

Although Debtor's Motion does not specify under which subsection Debtor seeks relief from the Homestead Order (nor does it cite Rules 60(b) or 59 at all for that matter), it appears that she is moving under Subsections (b)(2), based on newly discovered evidence, and (b)(3), based on alleged fraud of FRCP 60(b). Motion at 8, 14. Neither subsection provides Debtor with a basis for relief.

## C.   Debtor has not met her burden of showing that relief is justified pursuant to Rule 60(b)(2) based on newly discovered evidence.

Relief from judgment based on newly discovered evidence is warranted if:

1)   The moving party can show the evidence relied on in fact constitutes newly discovered evidence within the meaning of Rule 60(b);

2)   The moving party exercised due diligence to discover this evidence; and

3)   The newly discovered evidence must be of such magnitude that production of it earlier would have been likely to change the disposition of the case.

*Trendsettah USA, Inc. v. Swisher Int'l, Inc.*, 31 F.4th 1124, 1136 (9th Cir. 2022). Evidence is not "newly discovered" under the FRCP if it "could have been discovered with reasonable diligence." *Nishimoto v. Cty. of San Diego*, 850 Fed.Appx. 493, 497 (9th Cir. 2021); *see also Sundby v. Marquee Funding Grp., Inc.*, 2021 U.S.Dist.LEXIS 223123, at *6 (S.D. Cal. Nov. 18, 2021) (indicating that newly discovered evidence is that which "existed at the time of the judgment but was not discoverable with reasonable diligence") (citing *Fantasyland Video, Inc. v. Cty. of San Diego*, 505 F.3d 996, 1005 (9th Cir. 2007)). The moving party must show that the discovery materials constitute "newly discovered evidence" within the meaning of Rule 60(b)(2). *Nishimoto v. Cty. of San Diego*, 850 Fed.Appx. 493, 497 (9th Cir. 2021); *see also* LBR 9013-4(b).

The main thrust of Debtor's Motion seems to be a request that the Court should reconsider its ruling based on a letter dated July 21, 2022, that she purportedly received from the Orange County

8

1   Assessor providing: "The Homeowners' Exemption on the above property [*i.e.*, 16222 Monterey Ln,

2   Spc 376, Huntington Beach, CA 92649] has been active in Orange County as of **02-25-2021**"

3   ("Assessor Document"). Motion at 14, 35; *see also* Docket No. 139 (First NOL, attaching an

4   unexecuted copy of a letter dated July 21, 2022, from the Orange County Assessor, regarding the

5   homeowners' exemption); Docket No. 140 (Second NOL, same). The Second NOL further contains

6   (among several irrelevant documents) a "Notice of Sale or Transfer" and a "Claim for Homeowners'

7   Property Tax Exemption." Docket No. 140 at 7-8, 12. Debtor cannot meet her burden of showing

8   that any of the elements for Rule 60(b)(2) relief are met by this letter.

9                    **i.        Debtor has not submitted newly discovered evidence within the**

10                               **meaning of Rule 60(b)(2).**

11          The unauthenticated Assessor Document, on its face, provides: "The Homeowners'

12   Exemption on the above property [*i.e.*, 16222 Monterey Ln, Unit 376, Huntington Beach] has been

13   active in Orange County as of **02-25-2021**." Motion at 35 (emphasis in original). The Motion

14   contains no facts or argument to show that the evidence of the homeowners' exemption was

15   undiscoverable before the Court ruled on the Homestead Motion. Debtor fails to present any

16   evidence why this letter could not have been presented in her original opposition which was filed 19

17   days after the objection (which date was 12 days after it was due). Moreover, Debtor neither sought

18   a continuance of the original hearing to provide additional time to obtain such allegedly crucial

19   evidence as permitted under LBR 9013-1(m) nor did she seek relief from the Court's order

20   continuing the hearing from June 2, 2022, to July 21, 2022, to present additional evidence or

21   argument.

22          Houser Bros. filed the Homestead Motion on May 12, 2022, and set it for hearing on June 2,

23   2022, at 10:30 a.m. Docket No. 95. The Homestead Motion clearly provided that California law

24   allocates the burden on a homestead based on the records of the county tax assessor, and it attached

25   as an exhibit a copy of the 2021-22 tax bill for the Property, which did not reflect a $7,000

26   homeowners' exemption. Homestead Motion at 14-15.

27          Debtor filed her Homestead Opposition on June 1, 2022, nearly two weeks late, and one day

28   before the scheduled June 2, 2022, hearing on the Homestead Motion. Docket No. 105. Despite

RESPONSE TO DEBTOR'S MOTION FOR RECONSIDERATION

1   Debtor's claim now that she has a homeowners' exemption with the Orange County Assessor that

2   has been active in Orange County as of February 25, 2021, she did not mention this detail in her

3   Homestead Opposition. Following the very untimely filing of the Homestead Opposition, the Court

4   continued the hearing date to July 21, 2022, at 10:30 a.m. Docket No. 124 (June 23, 2022, Order).

5   The Court further gave Houser Bros. or the other joining parties until July 7, 2022, to file any

6   replies. Docket No. 124. Houser Bros. timely filed its reply brief on July 7, 2022. Docket No. 130.

7        On July 21, 2022, at 11:50 a.m.—after the hearing on the Homestead Motion had

8   commenced—Debtor filed the First NOL, which attached a screenshot of what appears to be an

9   unexecuted copy of a letter from the Orange County Assessor. Docket No. 139. And, attached to the

10   Motion is an executed copy of the Assessor Document, stamped "2022 JUL 21 PM 2:22." Motion at

11   35-36. In other words, Debtor appears to have obtained an executed copy of the Assessor Document

12   on the day of the hearing on July 21, 2022. But, she offers no explanation why she could not get the

13   letter earlier during the more than two-month period when the Homestead Motion was pending.

14   Thus, it is clear that Debtor chose to wait until the day of the continued hearing to obtain the

15   Assessor Document. Had she acted with reasonable diligence, she could have obtained the filing

16   before the date of the continued hearing (which was only continued based on another eleventh-hour

17   filing by Debtor). In other words, the Assessor Document is not "newly discovered" evidence. *See*

18   *Nishimoto v. Cty. of San Diego*, 850 Fed.Appx. 493, 497 (9th Cir. 2021) (explaining that evidence is

19   not "newly discovered" under the FRCP if it "could have been discovered with reasonable

20   diligence").

21        Debtor's Second NOL also contains a "Notice of Sale or Transfer" dated February 25, 2021,

22   which attaches an acknowledgment of Greg Busyman dated that same day. Docket No. 140 at 7-8.

23   Debtor does not seem to cite to this document in her Motion, nor does she explain why she could not

24   have submitted it with her Homestead Opposition filed on June 1, 2022, when the document is

25   purportedly dated February 25, 2021. (As discussed below, Houser Bros. disputes the February 25,

26   2021, date of this document as well.)

27        Finally, the Second NOL contains an undated "Claim for Homeowners' Property Tax

28   Exemption," with no evidence of the date of receipt by the Assessor (if there is such a date), or even

RESPONSE TO DEBTOR'S MOTION FOR RECONSIDERATION

1  the date on which Debtor signed the document. Docket No. 140 at 12. Debtor does not even attempt

2  to articulate how this document constitutes newly discovered evidence, and given that Debtor claims

3  to have a homeowners' exemption on the Property with the Orange County Assessor, active as of

4  February 25, 2021, it seems almost certain that this document was in her possession—or at least

5  accessible—before she filed her Homestead Opposition on June 1, 2022, or at least before the July

6  21, 2022, hearing.

7  **ii.    There are no facts to suggest that Debtor exercised due**

8  **diligence to discover the Assessor Document (or any other**

9  **evidence).**

10  As noted above, Houser Bros. filed the Homestead Motion on May 12, 2022. Docket No. 95.

11  Although Debtor submitted her purported "newly discovered" evidence on July 21, 2022, she offers

12  no explanation of what steps she undertook to obtain this evidence before the July 21, 2022, hearing.

13  And, for the reasons stated above, Debtor cannot meet her burden of showing diligence because she

14  could have obtained all of these documents before the June 2, 2022, hearing, and certainly before the

15  continued July 21, 2022, hearing. *See* LBR 9013-4(b).

16  **iii.    Debtor's alleged newly submitted evidence would not have**

17  **changed the result of the hearing on the Homestead Motion**

18  As set forth in the Homestead Motion, California law regulates the burden of proof regarding

19  its exemptions. *In re Tallerico*, 532 B.R. 774, 780 (Bankr. E.D. Cal. 2015). CCP § 704.780(a)(1)

20  provides:

21  The burden of proof at the hearing is determined in the following manner: (1) If the
records of the county tax assessor indicate that there is a current homeowner's
22  exemption or disabled veteran's exemption for the dwelling claimed by the judgment
debtor or the judgment debtor's spouse, the judgment creditor has the burden of proof
23  that the dwelling is not a homestead. If the records of the county tax assessor indicate
that there is not a current homeowner's exemption or disabled veteran's exemption
24  for the dwelling claimed by the judgment debtor or the judgment debtor's spouse, the
burden of proof that the dwelling is a homestead is on the person who claims that the
25  dwelling is a homestead.

26  California law allocates the burden of proof on a homestead based on the records of the

27  county tax assessor. CCP § 704.780(a). *See also In re Tallerico*, 532 B.R. 774, 780 (Bankr. E.D. Cal.

28  2015); *Diaz v. Kosmala (In re Diaz)*, 547 B.R. 329, 336-37 (B.A.P. 9th Cir. 2016) (holding that

1   where a state law exemption statute specifically allocates the burden of proof to the debtor, Rule

2   4003(c) does not change that allocation) (citing *Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15

3   (2000)).

4        In the Homestead Motion, Houser Bros. submitted a copy of the 2021-22 tax bill for the

5   Property to show that Debtor bears the burden of proof in showing entitlement to the homestead

6   exemption because the Orange County Treasurer-Tax Collector records did not reflect a "current

7   homeowner's exemption or disabled veteran's exemption" for the Property. Homestead Motion at

8   15, 223. Debtor provided no contrary evidence to show that there was a current homeowner's

9   exemption, and the Court, in ruling on the Homestead Motion, properly put the burden of proof on

10   Debtor to show entitlement to a homestead exemption in bankruptcy.

11        Although Debtor has now submitted alleged evidence from the Orange County Assessor to

12   try to show that she has had an active homeowner's exemption since February 25, 2021, the update

13   must have been made after the Petition Date, such that it would not shift the burden. Pursuant to the

14   California Constitution, "$7,000 of the full value of a dwelling, as defined by the Legislature, when

15   occupied by *an owner* as his principal residence . . ." is exempt from property taxation. Cal. Const.

16   Art. XIII § 3(k) (emphasis added); *see also* Cal. Rev. & Tax Code § 218(a) ("Homeowners'

17   Exemption," providing that the homeowners' property tax exemption shall be in the amount of

18   $7,000 of the full value of the dwelling). Both parties' evidence shows that on the Petition Date, the

19   "Current Registered Owner" of the Property with the Orange County Treasurer-Tax Collector was J-

20   Sandcastle Co. LLC. Motion at 191 (Orange County Treasurer-Tax Collector "Tax Clearance

21   Certificate" executed on July 9, 2021); *see also* Docket No. 140 at 9 (Second NOL, same).

22        As such, Debtor was not eligible for a homeowners' exemption with the Orange County Tax

23   Collector on the Petition Date, which is the relevant date for determining her entitlement to a

24   homestead exemption under § 704.730(a) of the California Code of Civil Procedure ("CCP"). *See In*

25   *re Reade*, 2014 Bankr.LEXIS 1391, at *10 (Bankr. C.D. Cal. Mar. 28, 2014) (indicating that a

26   debtor's right to claim an exemption is determined as of the petition date); *see also Harrington v.*

27   *Ainsworth (In re Harrington)*, 2005 Bankr.LEXIS 3379, at *8 (B.A.P. 9th Cir. Aug. 22, 2005)

28   (noting that the homestead exemptions set forth in CCP § 704.730(a) depend on whether the debtor

1   is eligible for an exemption as of the petition date). Therefore, to the extent that the Orange County

2   Assessor or Treasurer-Tax Collector records show that Debtor has a $7,000 homeowners' exemption

3   for the Property, the exemption must have been added after the Petition Date, with the retroactive

4   "effective" date of February 25, 2021. But, such a retroactive addition of the homeowners'

5   exemption cannot shift the burden for purposes of Debtor's homestead exemption in bankruptcy,

6   which is assessed as of the Petition Date. And, Debtor's $7,000 homeowners' exemption is

7   otherwise distinct from her claimed homestead exemption in bankruptcy.

8          The "Claim for Homeowners' Property Tax Exemption" likewise does not help Debtor shift

9   the burden, because the document is undated, and it does not even indicate if or when the Orange

10  County Assessor received it.

11         Even if Debtor's Assessor Document did show that Debtor had a homeowners' exemption on

12  the Property on the Petition Date, it would only shift the burden regarding her claimed homestead

13  exemption in bankruptcy, which Houser Bros. would have met. For the reasons set forth in the

14  Homestead Motion and Houser Bros. Homestead Reply, Houser Bros.'s evidence shows that J-

15  Sandcastle LLC owned the Property on the Petition Date. Debtor has *still* provided no admissible

16  evidence to show otherwise. Apparently, her "newly discovered" evidence now is a "Notice of Sale

17  or Transfer" regarding a February 25, 2021, transfer of the Property from J-Sandcastle LLC to

18  Debtor and J-Sandcastle LLC. Docket No. 140 at 7-8. But, Debtor's proof that this transfer occurred

19  is an acknowledgement by Greg Buysman, who previously represented under penalty of perjury that

20  on February 25, 2021, he only notarized two probate court documents for Debtor. *See* Docket No.

21  140 at 8 (purported "Acknowledgment" by Greg Buysman); *see also* Docket No. 132 (Buysman

22  Declaration, representing that on February 25, 2021, he notarized two probate court documents for

23  Debtor). The copy of Greg Buysman's notary book for February 25, 2021, does not show that he

24  notarized a "Notice of Sale or Transfer" document for Debtor. Buysman Decl. Ex. 1 at 3-4. And, the

25  acknowledgment page attached to the "Notice of Sale or Transfer" looks identical to the

26  acknowledgment page attached to the "Affidavit of Death" that Greg Buysman actually did notarize

27  on February 25, 2021. *Compare* Docket No. 132 at 6 (Exhibit 2 to the Buysman Declaration,

28  containing an acknowledgment for an "Affidavit of Death"); *with* Docket No. 140 at 8 (Debtor's

RESPONSE TO DEBTOR'S MOTION FOR RECONSIDERATION
000356

1    purported acknowledgment page for the "Notice of Sale or Transfer"). In other words, Debtor has

2    doubled-down on her fraud on the Court after it did not work in her Homestead Opposition. Houser

3    Bros. requests that the Court not countenance such behavior and find that there is no evidence of a

4    February 25, 2021, transfer from Debtor to J-Sandcastle LLC.

5    **D.    Debtor has not met her high burden of showing, based on clear and**

6    **convincing evidence, that relief from judgment is appropriate based**

7    **on fraud, misrepresentation, or other misconduct.**

8         Rule 60(b)(3) permits a losing party to move for relief from judgment based on fraud,

9    misrepresentation, or other misconduct of an adverse party. *Trendsettah USA, Inc. v. Swisher Int'l,*

10   *Inc.*, 31 F.4th 1124, 1136 (9th Cir. 2022). To prevail, the moving party must prove by clear and

11   convincing evidence that the verdict was obtained through "fraud, misrepresentation, or other

12   misconduct and the conduct complained of prevented the losing party from fully and fairly

13   presenting the defense." *Id.* Rule 60(b)(3) is aimed at judgments which were "unfairly obtained, not

14   at those which are factually incorrect." *Id.*

15        Here, Debtor alleges: "**HOUSER BROS AND THEIR ATTORNEY CAME INTO THIS**

16   **COURT WITH UNCLEAN HANDS WITH A FALSE DOCUMENT FROM THE**

17   **INTERNET AND PASSED IT AS TRUTH. GALLIAN PROPERLY CLAIMED HER**

18   **HOMESTEAD EXEMPTION AND IS RECORDED AT THE CO OF ORANGE TAX**

19   **ASSESSOR.**" Motion at 8 (emphasis and capitalization in original). Far from showing fraud by

20   clear and convincing evidence, Debtor does not even specify which document is false. To the extent

21   she means the 2021-22 tax bill for the Property, attached as Exhibit 24 to the Homestead Motion, the

22   Declaration of D. Edward Hays in support of the Homestead Motion properly authenticated this

23   document, explained that it was available on the Orange County Treasurer-Tax Collector's website,

24   and even provided a link to access it. Homestead Motion at 23 (Declaration of D. Edward Hays,

25   ¶ 31).

26

27

28

<div align="center">14</div>

1    Further, while Debtor accuses Houser Bros. of violating "CCP § 798.74" by refusing to enter

2  into a lease agreement with her for almost five years, no such section seems to exist it in the CCP, [4]

3  and besides, a party may not seek relief from an order under Rule 60(b) to raise legal arguments or

4  allege new facts that "could have been raised at the prior hearing or to rehash arguments already

5  presented to the bankruptcy court." *Utzman v. Suntrust Mortg., Inc. (In re Utzman)*, 2016

6  Bankr.LEXIS 2927, at *13 (B.A.P. 9th Cir. Aug. 9, 2016); *see also Johnson v. Caliber Home Loans*,

7  2021 U.S.Dist.LEXIS 204465, at *8 (C.D. Cal. Feb. 3, 2021) (indicating that reconsideration

8  motions "are not the proper vehicles for rehashing old arguments," "are not intended to given an

9  unhappy litigant one additional chance to sway the judge," and are "improper vehicle[s] for bringing

10  new claims not previously raised").

11    If there is any fraud, misrepresentation, or misconduct, it is Debtor's insistence that she got

12  the transfer documents notarized on February 25, 2021, when the Buysman Declaration proves

13  otherwise. *See* Motion at 5, 29 (arguing that ownership of the Property was released by J-Sandcastle

14  LLC, "signed and notarized by its Member Jamie Lynn Gallian on February 25, 2021"); *see also*

15  Docket No. 132 (Buysman Declaration). Debtor, in short, has not met her high burden of showing

16  that relief is warranted under Rule 60(b)(3), based on clear and convincing evidence of fraud.

17    **E.    Debtor's Motion does not address the argument that 11 U.S.C.**

18    **§ 522(p) imposes a $170,350 cap on any exemption.**

19    Title 11 U.S.C. § 522(p) imposes a monetary limit of $170,350 on the amount of a debtor's

20  interest in homestead property that may be exempted to the extent that there has been an acquisition

21  of a homestead interest within a period of 1,215 days before the commencement of the case. *See also*

22  4 COLLIER ON BANKRUPTCY P 522.13[1] (2022) (same). Even assuming that the Court accepted

23  Debtor's claimed acquisition date of February 25, 2021 (notwithstanding the forged notarizations),

24  such date was only approximately five months prior to bankruptcy. As such, § 522(p) caps the

25  amount of any allowed exemption.

26  _____

27    [4] Section 798.74 of the California Civil Code governs "Management approval of purchaser;
Notices and information." Debtor's or J-Sandcastle LLC's efforts to obtain a lease agreement with

28  Houser Bros. are not at issue before the Court in the context of the Homestead Motion.

RESPONSE TO DEBTOR'S MOTION FOR RECONSIDERATION
4880-1284-8131,v.1

1   The Court, in fact, recognized in its July 21 TR that "had Debtor provided sufficient evidence

2   of a transfer on February 25, 2021, the limitations of 522(p) would have applied." Hays Decl. Ex. 2

3   at 47. Debtor's Motion does not address the § 522(p) issue, and Houser Bros. requests that, in the

4   event the Court grants Debtor's Motion, it limit any homestead exemption to $170,350. As set forth

5   in the original objection to exemption, Debtor's interest in the Property at all times prior to

6   bankruptcy was that of a tenant of J-Sandcastle and it was J-Sandcastle that tendered all rent

7   payments to Houser Bros.

8   **4.      Conclusion**

9   Property of a bankruptcy estate and exemptions are determined as of the petition date. In this

10  case, as the Court already found in sustaining the objection to exemption, Debtor's interest in the

11  Property was that of a tenant of J-Sandcastle. As held by the Supreme Court, in order to exempt

12  property it must first be property of the estate. Because Debtor had no interest in the Property other

13  than that of a tenant (due to her fraud on creditors of placing title in the name of her J-Sandcastle

14  LLC and then recording liens against it in favor of her J-Pad LLC), she may not claim any

15  exemption in the Property itself.

16  Because Debtor has failed to meet her burden of proof justifying reconsideration under any

17  standard, Houser Bros. requests that the Court enter an order denying Debtor's Motion in its entirety.

18  Also, the Motion must be denied because the Court lacks jurisdiction due to Debtor's pending

19  appeal.

20

21  DATED: August 4, 2022                    MARSHACK HAYS LLP

22

23                                          */s/ D. Edward Hays*
                                    By: _____
24                                          D. EDWARD HAYS
                                            LAILA MASUD
25                                          BRADFORD N. BARNHARDT
                                            Attorneys for Movant and Creditor,
26                                          HOUSER BROS. CO. dba RANCHO DEL
                                            REY MOBILE HOME ESTATES

27

28

RESPONSE TO DEBTOR'S MOTION FOR RECONSIDERATION
4880-1284-8131,v.1
000359

# Declaration of D. Edward Hays

I, D. EDWARD HAYS, say and declare as follows:

1.      I am an individual over 18 years of age and competent to make this Declaration.

2.      If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration.

3.      The facts set forth below are true of my personal knowledge.

4.      I am an attorney at law duly admitted to practice before this Court and all courts of the State of California.

5.      I am a partner in the law firm of Marshack Hays LLP, attorneys of record for Houser Bros. Co., dba Rancho Del Rey Mobile Home Estates ("Houser Bros.").

6.      I make this Declaration in support of Houser Bros.'s Response to Debtor's Notice of and Motion for Reconsideration of 7.21.22 Order Sustaining Houser Bros.'s Objection to Debtor's Claimed Exemption ("Response"). All capitalized terms not otherwise defined in this Declaration shall have the meaning ascribed to them in the Response.

7.      A true and correct copy of the CM/ECF Docket in this case is attached as **Exhibit 1**.

8.      A true and correct copy of the July 21 TR is attached as **Exhibit 2**.

9.      On July 27, 2022, I e-mailed Debtor to inform her that the pending appeal deprives the Court of jurisdiction to decide her Motion. I offered to enter a stipulation for the appeal to be dismissed without prejudice and which specifically provided that Debtor's time to appeal the original order and any order on reconsideration would be 14 days from entry of the order on reconsideration pursuant to FRBP 8002(b). A true and correct copy of my July 27, 2022, e-mail to Debtor is attached as **Exhibit 3**.

10.      On July 28, 2022, I spoke with Debtor by phone about the proposed stipulation to dismiss the appeal so that the Court could decide the Motion on the merits.

11.      On July 31, 2022, I sent Debtor a text message asking her to advise if she will agree to dismiss the appeal without prejudice and reserving the right to re-file it if the Court does not reconsider its ruling. A true and correct copy of my July 31, 2022, text message to Debtor is attached as **Exhibit 4**.

17

12.     Debtor has refused to enter into the requested stipulation. Instead, on August 1, 2022, as Docket No. 167, she filed the Motion for Leave.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 4, 2022.

*/s/ D. Edward Hays*

D. EDWARD HAYS

RESPONSE TO DEBTOR'S MOTION FOR RECONSIDERATION

4880-1284-8131,v.1

000361

**EXHIBIT 1**

8/4/22, 12:45 PM                          CM/ECF - U.S. Bankruptcy Court (NG 1.6.3 - LIVE)

**727OBJ, NODISCH, APLDIST, APPEAL**

# U.S. Bankruptcy Court
## Central District of California (Santa Ana)
### Bankruptcy Petition #: 8:21-bk-11710-ES

|  |  |
|---|---|
| *Date filed:* | 07/09/2021 |
| *341 meeting:* | 04/29/2022 |
| *Deadline for filing claims:* | 10/25/2022 |
| *Deadline for filing claims (govt.):* | 01/05/2022 |
| *Deadline for objecting to discharge:* | 10/18/2022 |
| *Deadline for financial mgmt. course:* | 10/18/2021 |

*Assigned to:* Erithe A. Smith
Chapter 7
Voluntary
Asset

**Debtor**                                         represented by **Jamie Lynn Gallian**
**Jamie Lynn Gallian**                                            PRO SE
16222 Monterey Ln Unit 376
Huntington Beach, CA 92649
ORANGE-CA
714-321-3449
SSN / ITIN: xxx-xx-3936
*aka* **Jamie L Gallian**
*dba* **J-Sandcastle Co, LLC**
*dba* **J-PAD, LLC**

**Trustee**                                        represented by **Aaron E DE Leest**
**Jeffrey I Golden (TR)**                                         Danning, Gill, Israel & Krasnoff,
Weiland Golden Goodrich LLP                                       LLP
P.O. Box 2470                                                     1901 Avenue of the Stars
Costa Mesa, CA 92628-2470                                         Suite 450
(714) 966-1000                                                    Los Angeles, CA 90067-6006
                                                                 310-277-0077
                                                                 Fax : 310-277-5735
                                                                 Email: adeleest@DanningGill.com

                                                                 **Eric P Israel**
                                                                 Danning Gill Israel & Krasnoff,
                                                                 LLP
                                                                 1901 Avenue of the Stars, Suite
                                                                 450
                                                                 Los Angeles, CA 90067-6006
                                                                 310-277-0077
                                                                 Fax : 310-277-5735
                                                                 Email: eisrael@DanningGill.com

**U.S. Trustee**
**United States Trustee (SA)**
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4593
(714) 338-3400

| Filing Date | # | Docket Text |
|---|---|---|

000363                                      EXHIBIT 1, PAGE 19

| 07/09/2021 | 1<br>(60 pgs) | Chapter 7 Voluntary Petition for Individuals . Fee Amount $338 Filed by Jamie Lynn Gallian (Nguyen, Vi) (Entered: 07/09/2021) |
| 07/09/2021 | 2 | Statement About Your Social Security Number (Official Form 121) Filed by Debtor Jamie Lynn Gallian . (Nguyen, Vi) (Entered: 07/09/2021) |
| 07/09/2021 | 3<br>(1 pg) | Certificate of Credit Counseling Filed by Debtor Jamie Lynn Gallian . (Nguyen, Vi) (Entered: 07/09/2021) |
| 07/09/2021 | 4<br>(2 pgs) | Declaration by Debtor as to Whether Debtor(s) Received Income From an Employer Within 60 Days of Petition (LBR Form F1002-1) Filed by Debtor Jamie Lynn Gallian . (Nguyen, Vi) (Entered: 07/09/2021) |
| 07/09/2021 | 5<br>(3 pgs) | Meeting of Creditors with 341(a) meeting to be held on 8/18/2021 at 09:00 AM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. for Debtor and Joint Debtor (if joint case) Cert. of Financial Management due by 10/18/2021. Last day to oppose discharge or dischargeability is 10/18/2021. (Scheduled Automatic Assignment, shared account) (Entered: 07/09/2021) |
| 07/09/2021 | 6 | Debtor's Request to Activate Electronic Noticing (DeBN) Filed by Debtor Jamie Lynn Gallian . (Nguyen, Vi) (Entered: 07/09/2021) |
| 07/09/2021 | | Receipt of Chapter 7 Filing Fee - $338.00 by 16. Receipt Number 80075587. (admin) (Entered: 07/09/2021) |
| 07/11/2021 | 7<br>(5 pgs) | BNC Certificate of Notice (RE: related document(s)5 Meeting (AutoAssign Chapter 7)) No. of Notices: 36. Notice Date 07/11/2021. (Admin.) (Entered: 07/11/2021) |
| 07/12/2021 | 8<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Smith, Valerie. (Smith, Valerie) (Entered: 07/12/2021) |
| 07/13/2021 | 9<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Mellor, Mark. (Mellor, Mark) (Entered: 07/13/2021) |
| 07/26/2021 | 10<br>(1 pg) | Personal Financial Management Course Certificate for Debtor 1 (Official Form 423) (Lazar, Orsolya) (Entered: 07/26/2021) |
| 08/18/2021 | 11 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 9/22/2021 at 01:30 PM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Golden (TR), Jeffrey) (Entered: 08/18/2021) |
| 08/18/2021 | 12<br>(1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 08/18/2021) |
| 08/23/2021 | 13<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Masud, Laila. (Masud, Laila) (Entered: 08/23/2021) |
| 08/23/2021 | 14<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Hays, D. (Hays, D) (Entered: 08/23/2021) |

8/4/22, 12:45 PM                                      CM/ECF - U.S. Bankruptcy Court (NG 1.6.3 - LIVE)

| | | |
|---|---|---|
| 09/07/2021 | [15](#)<br>(29 pgs) | Amended Schedule A/B Individual: Property (Official Form 106A/B or 206A/B) , Amended Schedule C: The Property You Claimed as Exempt (Official Form 106C) , Schedule G Individual: Executory Contracts and Unexpired Leases (Official Form 106G or 206G) , Schedule H Individual: Your Codebtors (Official Form 106H or 206H) , Amended Schedule I Individual: Your Income (Official Form 106I) , Statement of Financial Affairs for Individual Filing for Bankruptcy (Official Form 107 or 207) , Statement of Intention for Individuals Filing Under Chapter 7 (Official Form 108) , Chapter 7 Statement of Your Current Monthly Income (Official Form 122A-1) (BNC Option) Filed by Debtor Jamie Lynn Gallian . [EDB] (Law, Tamika) (Entered: 09/07/2021) |
| 09/22/2021 | [16](#)<br>(29 pgs) | Amended Schedule A/B Individual: Property (Official Form 106A/B or 206A/B) , FIRST AMENDMENT Amended Schedule C: The Property You Claimed as Exempt (Official Form 106C) , Amended Schedule I Individual: Your Income (Official Form 106I) , Amended Schedule G Individual: Executory Contracts and Unexpired Leases (Official Form 106G or 206G) , Amended Statement of Financial Affairs for Individual Filing for Bankruptcy (Official Form 107 or 207) ,Amended Statement of Intention for Individuals Filing Under Chapter 7 (Official Form 108) , Amended Statement of Related Cases (LBR Form 1015-2.1) , Amended Chapter 7 Statement of Your Current Monthly Income (Official Form 122A-1) (BNC Option) , Proof of service Filed by Debtor Jamie Lynn Gallian . (Nguyen, Vi) (Entered: 09/22/2021) |
| 09/22/2021 | [17](#)<br>(15 pgs) | Amending Schedules (D) and (E/F) ,Amended List of Creditors (Master Mailing List of Creditors) , Amended Verification of Master Mailing List of Creditors (LBR Form F1007-1), Proof of Service. Filed by Debtor Jamie Lynn Gallian . (Nguyen, Vi) (Entered: 09/22/2021) |
| 09/22/2021 | 18 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 10/6/2021 at 01:30 PM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Golden (TR), Jeffrey) (Entered: 09/22/2021) |
| 09/22/2021 | [19](#)<br>(1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 09/22/2021) |
| 09/22/2021 | | Receipt of Amendment Filing Fee - $32.00 by 16. Receipt Number 80075677. (admin) (Entered: 09/22/2021) |
| 10/07/2021 | 20 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 10/14/2021 at 03:00 PM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Golden (TR), Jeffrey) (Entered: 10/07/2021) |
| 10/07/2021 | [21](#)<br>(1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 10/07/2021) |
| 10/14/2021 | [22](#)<br>(31 pgs) | Amended Schedule A/B Individual: Property (Official Form 106A/B or 206A/B) , Amended Schedule C: The Property You Claimed as Exempt (Official Form 106C) , Amending Schedules (D) (E/F) , Schedule G Individual: Executory Contracts and Unexpired Leases (Official Form 106G or 206G) , Schedule H Individual: Your Codebtors (Official Form 106H or 206H) , Statement of Intention for Individuals Filing Under |

000365                                          EXHIBIT 1, PAGE 21

8/4/22, 12:45 PM                                          CM/ECF - U.S. Bankruptcy Court (NG 1.6.3 - LIVE)

|  |  |  |
|---|---|---|
|  |  | Chapter 7 (Official Form 108) [EDB] Filed by Debtor Jamie Lynn Gallian . (Law, Tamika) (Entered: 10/14/2021) |
| 10/14/2021 | 23<br>(1 pg) | Notice of Deficiency of Filing Fees Required to Add Additional Creditors (BNC) (RE: related document(s)22 Schedule A/B: Property (Official Form 106A/B or 206A/B) filed by Debtor Jamie Lynn Gallian, Schedule C: The Property You Claimed as Exempt (Official Form 106C), Amending Schedules D and/or E/F (Official Form 106D, 106E/F, 206D, or 206E/F) (Fee), Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G or 206G), Schedule H: Your Codebtors (Official Form 106H or 206H), Statement of Intention for Individuals Filing Under Chapter 7 (Official Form B8, or 108)) (Law, Tamika) (Entered: 10/14/2021) |
| 10/15/2021 | 24 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 11/10/2021 at 03:00 PM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Golden (TR), Jeffrey) (Entered: 10/15/2021) |
| 10/15/2021 | 25<br>(1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 10/15/2021) |
| 10/16/2021 | 26<br>(3 pgs) | BNC Certificate of Notice (RE: related document(s)23 Notice of Deficiency of Filing Fees Required to Add Additional Creditors (BNC)) No. of Notices: 1. Notice Date 10/16/2021. (Admin.) (Entered: 10/16/2021) |
| 10/18/2021 | 27<br>(74 pgs; 2 docs) | Adversary case 8:21-ap-01095. Complaint by The Huntington Beach Gables Homeowners Association against Jamie Lynn Gallian , Randall L Nickel . Fee Amount $350 (Attachments: # 1 Adv Cover Sheet) Nature of Suit: (41 (Objection / revocation of discharge - 727(c),(d),(e))) ,(21 (Validity, priority or extent of lien or other interest in property)) ,(62 (Dischargeability - 523(a)(2), false pretenses, false representation, actual fraud)) (Law, Tamika) (Entered: 10/18/2021) |
| 10/18/2021 | 28<br>(93 pgs; 2 docs) | Adversary case 8:21-ap-01096. Complaint by Janine Jasso against Jamie Lynn Gallian . Fee Amount $350 (Attachments: # 1 Adv Cover Sheet) Nature of Suit: (41 (Objection / revocation of discharge - 727(c),(d),(e))) , (65 (Dischargeability - other)) ,(13 (Recovery of money/property - 548 fraudulent transfer)) ,(62 (Dischargeability - 523(a)(2), false pretenses, false representation, actual fraud)) - Original not signed - (Law, Tamika) (Entered: 10/18/2021) |
| 10/18/2021 | 29<br>(3 pgs) | Stipulation By Jeffrey I Golden (TR) and *Stipulation to Extend Time to File a Complaint Objecting to Debtors Discharge Pursuant to 11 U.S.C. § 727 and Federal Rule of Bankruptcy Procedure 4004 (with Proof of Service)* Filed by Trustee Jeffrey I Golden (TR) (Golden (TR), Jeffrey) (Entered: 10/18/2021) |
| 10/18/2021 | 30<br>(25 pgs; 2 docs) | Adversary case 8:21-ap-01097. Complaint by Houser Bros. Co., a California general partnership against Jamie Lynn Gallian. Fee Amount $350 *Complaint to (1) Determine Dischargeability of Debt Pursuant to 11 U.S.C. Sections 523 (a)(2)(A) and (a)(6); (2) Deny Discharge Pursuant to 11 U.S.C. Sections 727 (a)(2)(A), (a)(4), and (a)(5)* (Attachments: # 1 Adversary Proceeding Cover Sheet) Nature of Suit: (62 (Dischargeability - 523(a)(2), false pretenses, false representation, actual fraud)),(68 (Dischargeability - 523(a)(6), willful and malicious injury)),(65 (Dischargeability - other)) (Masud, Laila) (Entered: 10/18/2021) |

EXHIBIT 1, PAGE 22

8/4/22, 12:45 PM                                           CM/ECF - U.S. Bankruptcy Court (NG 1.6.3 - LIVE)

| | | |
|---|---|---|
| 10/19/2021 | 31<br>(2 pgs) | Order Approving Stipulation to Extend Time to File a Complaint Objecting to Debtor's Discharge Pursuant to 11 U.S.C. Section 727 and Federal Rule of Bankruptcy Procedure 4004. The Deadline for the Trustee, or United States Trustee, to file a Complaint Objecting to the Debtor's Discharge under 11 U.S.C. Section 727 is Extended to and Including November 17, 2021 (BNC-PDF) (Related Doc # 29 ) Signed on 10/19/2021 (Duarte, Tina) (Entered: 10/19/2021) |
| 10/20/2021 | 32 | Debtor's Request to Activate Electronic Noticing (DeBN) Filed by Debtor Jamie Lynn Gallian [EDB] (Law, Tamika) (Entered: 10/20/2021) |
| 10/21/2021 | 33<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)31 Order on Motion to Extend Time (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 10/21/2021. (Admin.) (Entered: 10/21/2021) |
| 11/10/2021 | 34 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 12/1/2021 at 11:00 AM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Golden (TR), Jeffrey) (Entered: 11/10/2021) |
| 11/10/2021 | 35<br>(1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 11/10/2021) |
| 11/16/2021 | 36<br>(2 pgs) | Declaration by Debtor as to Whether Debtor(s) Received Income From an Employer Within 60 Days of Petition (LBR Form F1002-1) [EDB] Filed by Debtor Jamie Lynn Gallian . (Law, Tamika) (Entered: 11/17/2021) |
| 11/16/2021 | 37<br>(26 pgs) | Amended Schedule A/B Individual: Property (Official Form 106A/B or 206A/B) , Amended Schedule C: The Property You Claimed as Exempt (Official Form 106C) , Schedule G Individual: Executory Contracts and Unexpired Leases (Official Form 106G or 206G) , Schedule H Individual: Your Codebtors (Official Form 106H or 206H) , Amended Schedule I Individual: Your Income (Official Form 106I) , Statement of Financial Affairs for Individual Filing for Bankruptcy (Official Form 107 or 207) , Statement of Intention for Individuals Filing Under Chapter 7 (Official Form 108) [EDB] Filed by Debtor Jamie Lynn Gallian . (Law, Tamika) (Entered: 11/17/2021) |
| 11/22/2021 | 38<br>(23 pgs) | Amended Schedule A/B Individual: Property (Official Form 106A/B or 206A/B) , Amended Schedule C: The Property You Claimed as Exempt (Official Form 106C) , Schedule G Individual: Executory Contracts and Unexpired Leases (Official Form 106G or 206G) , Statement of Financial Affairs for Individual Filing for Bankruptcy (Official Form 107 or 207) , Statement of Intention for Individuals Filing Under Chapter 7 (Official Form 108) [EDB] Filed by Debtor Jamie Lynn Gallian . (Law, Tamika) (Entered: 11/23/2021) |
| 11/23/2021 | 39<br>(26 pgs) | Amended Schedule A/B Individual: Property (Official Form 106A/B or 206A/B) , Amended Schedule C: The Property You Claimed as Exempt (Official Form 106C) , Schedule G Individual: Executory Contracts and Unexpired Leases (Official Form 106G or 206G) , Statement of Financial Affairs for Individual Filing for Bankruptcy (Official Form 107 or 207) , Statement of Intention for Individuals Filing Under Chapter 7 (Official Form 108) [EDB] Filed by Debtor Jamie Lynn Gallian . (Law, Tamika) (Entered: 11/23/2021) |

000367                                    EXHIBIT 1, PAGE 23

8/4/22, 12:45 PM                                    CM/ECF - U.S. Bankruptcy Court (NG 1.6.3 - LIVE)

| | | |
|---|---|---|
| 12/01/2021 | 40 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 12/15/2021 at 10:00 AM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Golden (TR), Jeffrey) (Entered: 12/01/2021) |
| 12/01/2021 | 41 (1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a) Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 12/01/2021) |
| 12/01/2021 | 42 (15 pgs) | Amending Schedules (D) (E/F) Filed by Debtor Jamie Lynn Gallian . (Law, Tamika) (Entered: 12/01/2021) |
| 12/01/2021 | | Receipt of Amendment Filing Fee - $32.00 by 08. Receipt Number 80075783. (admin) Paid in reference to dock #22 (Deficiency Ntc dock #23). Modified on 12/3/2021 (Law, Tamika). (Entered: 12/02/2021) |
| 12/01/2021 | | Receipt of Amendment Filing Fee - $32.00 by 08. Receipt Number 80075784. (admin) (Entered: 12/02/2021) |
| 12/15/2021 | 43 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 1/7/2022 at 03:00 PM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Golden (TR), Jeffrey) (Entered: 12/15/2021) |
| 12/15/2021 | 44 (1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a) Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 12/15/2021) |
| 12/22/2021 | 45 (16 pgs) | Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: Randall I. Nickel vs. The Huntington Beach Gables HOA et al., Superior Court of California, County of Orange, Central Justice Center Docket Number: 30-2020-01163055-CU-OR-CJC . Fee Amount $188, Filed by Creditor The Huntington Beach Gables Homeowners Association [NOTE: Attorney Michael Poole Notified via voice mail and e-mail to file supplemental notice of hearing to be held remotely using Zoomgov audio and video hearing] (Duarte, Tina) (Entered: 12/22/2021) |
| 12/22/2021 | 46 (112 pgs) | Memorandum of Points and Authorities in Support of Creditor The Huntington Beach Gables Homeowners Association's Motion for Relief from the Automatic Stay; Filed by Creditor The Huntington Beach Gables Homeowners Association. [NOTE: Attorney Michael Poole Notified via voice mail and e-mail to file supplemental notice of hearing to be held remotely using Zoomgov audio and video hearing] (Duarte, Tina) (Entered: 12/22/2021) |
| 12/22/2021 | | Receipt of Motion Filing Fee - $188.00 by 08. Receipt Number 80075831. (admin) (Entered: 12/22/2021) |
| 12/29/2021 | 47 (3 pgs) | Supplemental Notice of Hearing to Be Held Remotely Using Zoomgov Audio and Video, Filed by Creditor The Huntington Beach Gables Homeowners Association [Filed by FAX] (RE: related document(s)45 Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: Randall I. Nickel vs. The Huntington Beach Gables HOA et al., Superior Court of California, County of Orange, Central Justice Center Docket Number: 30-2020-01163055-CU-OR-CJC . Fee Amount $188, Filed by |

EXHIBIT 1, PAGE 24

CM/ECF - U.S. Bankruptcy Court (NG 1.6.3 - LIVE)

| | | |
|---|---|---|
| | | Creditor The Huntington Beach Gables Homeowners Association [NOTE: Attorney Michael Poole Notified via voice mail and e-mail to file supplemental notice of hearing to be held remotely using Zoomgov audio and video hearing] filed by Creditor The Huntington Beach Gables Homeowners Association). The Hearing date is set for 1/20/2022 at 10:00 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith. NOTE: [NOTE: This document is to be docketed in the main bankruptcy case. Attorney Michael Poole Notified via voice mail and e-mail to file supplemental notice of hearing to be held remotely using Zoomgov audio and video hearing using the correct form for bankruptcy] (Duarte, Tina). (Entered: 12/29/2021) |
| 12/29/2021 | 48 | Hearing Set (RE: related document(s)45 Motion for Relief from Stay - ACTION IN NON-BANKRUPTCY FORUM filed by Creditor The Huntington Beach Gables Homeowners Association). The Hearing date is set for 1/20/2022 at 10:00 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith (Duarte, Tina) (Entered: 12/29/2021) |
| 01/04/2022 | 49 (3 pgs) | Supplemental Notice of Hearing to be Held Remotely Using Zoomgov Audio and Video; Filed by Creditor The Huntington Beach Gables Homeowners Association [By FAX] (RE: related document(s)45 Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: Randall I. Nickel vs. The Huntington Beach Gables HOA et al., Superior Court of California, County of Orange, Central Justice Center Docket Number: 30-2020-01163055-CU-OR-CJC . Fee Amount $188, Filed by Creditor The Huntington Beach Gables Homeowners Association [NOTE: Attorney Michael Poole Notified via voice mail and e-mail to file supplemental notice of hearing to be held remotely using Zoomgov audio and video hearing]). The Hearing date is set for 1/20/2022 at 10:00 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith (Duarte, Tina) (Entered: 01/04/2022) |
| 01/07/2022 | 50 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 1/24/2022 at 03:00 PM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Golden (TR), Jeffrey) (Entered: 01/07/2022) |
| 01/07/2022 | 51 (1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 01/07/2022) |
| 01/14/2022 | 52 (3 pgs) | Notice of Continuance of Hearing of Creditor The Huntington Beach Gables Homeowners Association's Motion for Relief from the Automatic Stay; Filed by Creditor The Huntington Beach Gables Homeowners Association [By FAX] (RE: related document(s)45 Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: Randall I. Nickel vs. The Huntington Beach Gables HOA et al., Superior Court of California, County of Orange, Central Justice Center Docket Number: 30-2020-01163055-CU-OR-CJC . Fee Amount $188, Filed by Creditor The Huntington Beach Gables Homeowners Association [NOTE: Attorney Michael Poole Notified via voice mail and e-mail to file supplemental notice of hearing to be held remotely using Zoomgov audio and video hearing]). The Hearing date is CONTINUED TO 2/17/2022 at 10:30 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith (Duarte, Tina) (Entered: 01/14/2022) |

EXHIBIT 1, PAGE 25

8/4/22, 12:45 PM                                CM/ECF - U.S. Bankruptcy Court (NG 1.6.3 - LIVE)

| 01/14/2022 | [53](#)<br>(3 pgs) | Supplemental Notice of Hearing to Be Held Remotely Using Zoomgov Audio and Video; Filed by Creditor The Huntington Beach Gables Homeowners Association [By FAX] (RE: related document(s)[45](#) Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: Randall I. Nickel vs. The Huntington Beach Gables HOA et al., Superior Court of California, County of Orange, Central Justice Center Docket Number: 30-2020-01163055-CU-OR-CJC . Fee Amount $188, Filed by Creditor The Huntington Beach Gables Homeowners Association [NOTE: Attorney Michael Poole Notified via voice mail and e-mail to file supplemental notice of hearing to be held remotely using Zoomgov audio and video hearing]). The Hearing date is set for 2/17/2022 at 10:30 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith (Duarte, Tina) (Entered: 01/14/2022) |
|---|---|---|
| 01/20/2022 | 56 | Hearing Rescheduled/Continued (RE: related document(s)[45](#) Motion for Relief from Stay - ACTION IN NON-BANKRUPTCY FORUM filed by Creditor The Huntington Beach Gables Homeowners Association). The Hearing is CONTINUED TO 2/17/2022 at 10:30 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701, Per Hearing Held 1/13/2022. The case judge is Erithe A. Smith (Duarte, Tina) (Entered: 01/25/2022) |
| 01/24/2022 | 54 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 2/14/2022 at 09:00 AM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Golden (TR), Jeffrey) (Entered: 01/24/2022) |
| 01/24/2022 | [55](#)<br>(1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 01/24/2022) |
| 02/04/2022 | [57](#)<br>(8 pgs) | Notice of Proposed Abandonment of Property of the Estate *Trustee's Notice of Intent to Abandon Estate's Interest in an Unscheduled Check, With Proof of Service* Filed by Trustee Jeffrey I Golden (TR). (DE Leest, Aaron) (Entered: 02/04/2022) |
| 02/04/2022 | [58](#)<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Israel, Eric. (Israel, Eric) (Entered: 02/04/2022) |
| 02/07/2022 | [59](#)<br>(3 pgs) | Notice -*Notice of Withdrawal re: Trustee's Notice of Intent to Abandon Estate's Interest in an Unscheduled Check; proof of service* Filed by Trustee Jeffrey I Golden (TR) (RE: related document(s)[57](#) Notice of Proposed Abandonment of Property of the Estate *Trustee's Notice of Intent to Abandon Estate's Interest in an Unscheduled Check, With Proof of Service* Filed by Trustee Jeffrey I Golden (TR). (DE Leest, Aaron)). (DE Leest, Aaron) (Entered: 02/07/2022) |
| 02/11/2022 | [60](#)<br>(8 pgs) | Notice of Proposed Abandonment of Property of the Estate -*Trustee's Notice of Intent to Abandon Estate's Interest in Debtor's Covid 19 Rent Relief Check; proof of service* Filed by Trustee Jeffrey I Golden (TR). (DE Leest, Aaron) (Entered: 02/11/2022) |
| 02/11/2022 | [61](#)<br>(115 pgs) | Response to Motion Regarding the Automatic Stay and Declarations In Support; Memorandum of Points and Authorities in Opposition of Creditor The Huntington Beach Gables Homeowners Associations' Motion for Relief from the Automatic Stay 'EDB' (related document(s): [45](#) Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: |

EXHIBIT 1, PAGE 26

| | | |
|---|---|---|
| | | Randall I. Nickel vs. The Huntington Beach Gables HOA et al., Superior Court of California, County of Orange, Central Justice Cen filed by Creditor The Huntington Beach Gables Homeowners Association) Filed by Debtor Jamie Lynn Gallian (Le, James) Warning: Item subsequently amended by docket entry no:62 Modified on 2/11/2022 (Le, James). (Entered: 02/11/2022) |
| 02/11/2022 | 62 (241 pgs) | Amended Response to Motion Regarding the Automatic Stay and Declarations In Support; Memorandum of Points and Authorities in Opposition of Creditor The Huntington Beach Gables Homeowners Associations' Motion for Relief from the Automatic Stay 'EDB'(related document(s): 45 Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: Randall I. Nickel vs. The Huntington Beach Gables HOA et al., Superior Court of California, County of Orange, Central Justice Cen filed by Creditor The Huntington Beach Gables Homeowners Association) Filed by Debtor Jamie Lynn Gallian (Le, James) (Entered: 02/11/2022) |
| 02/15/2022 | 63 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 2/28/2022 at 03:00 PM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Golden (TR), Jeffrey) (Entered: 02/15/2022) |
| 02/15/2022 | 64 (1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 02/15/2022) |
| 02/17/2022 | 65 | Hearing Held (RE: related document(s)45 Motion for Relief from Stay - ACTION IN NON-BANKRUPTCY FORUM filed by Creditor The Huntington Beach Gables Homeowners Association) - Deny motion without prejudice to re-filing the motion if the cause of action for voidable transfer is abandoned or deemed abandoned by the chapter 7 trustee pursuant to 11 U.S.C. 554. (Daniels, Sally) (Entered: 02/28/2022) |
| 02/28/2022 | 66 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 3/21/2022 at 03:00 PM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Golden (TR), Jeffrey) (Entered: 02/28/2022) |
| 02/28/2022 | 67 (1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 02/28/2022) |
| 03/03/2022 | 68 (12 pgs) | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) 60; proof of service Filed by Trustee Jeffrey I Golden (TR). (DE Leest, Aaron) (Entered: 03/03/2022) |
| 03/03/2022 | 69 (6 pgs) | Notice of lodgment of Order in Bankruptcy Case; proof of service Filed by Trustee Jeffrey I Golden (TR) (RE: related document(s)60 Notice of Proposed Abandonment of Property of the Estate -Trustee's Notice of Intent to Abandon Estate's Interest in Debtor's Covid 19 Rent Relief Check; proof of service Filed by Trustee Jeffrey I Golden (TR). (DE Leest, Aaron)). (DE Leest, Aaron) (Entered: 03/03/2022) |
| 03/04/2022 | 70 (2 pgs) | Order Authorizing Trustee's Abandonment of Estate's Interest in Debtor's Covid 19 Rent Relief Check (BNC-PDF) (Related Doc # 60 ) Signed on 3/4/2022 (Duarte, Tina) (Entered: 03/04/2022) |

EXHIBIT 1, PAGE 27

8/4/22, 12:45 PM                                CM/ECF - U.S. Bankruptcy Court (NG 1.6.3 - LIVE)

| | | |
|---|---|---|
| 03/06/2022 | [71](#) (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[70](#) Order on Motion to Abandon (BNC-PDF)) No. of Notices: 0. Notice Date 03/06/2022. (Admin.) (Entered: 03/06/2022) |
| 03/11/2022 | [72](#) (64 pgs) | Addendum to voluntary petition , Statement of Related Cases (LBR Form 1015-2.1) , Amended Schedule A/B Individual: Property (Official Form 106A/B or 206A/B) , Amended Schedule C: The Property You Claimed as Exempt (Official Form 106C) , Schedule G Individual: Executory Contracts and Unexpired Leases (Official Form 106G or 206G) , Schedule H Individual: Your Codebtors (Official Form 106H or 206H) , Amended Schedule I Individual: Your Income (Official Form 106I) , Declaration About an Individual Debtor's Schedules (Official Form 106Dec) , Statement of Financial Affairs for Individual Filing for Bankruptcy (Official Form 107 or 207) , Statement of Intention for Individuals Filing Under Chapter 7 (Official Form 108) , Chapter 7 Statement of Your Current Monthly Income (Official Form 122A-1) (BNC Option) , Verification of Master Mailing List of Creditors (LBR Form F1007-1), Proof of service. Verification of Declaration of Homestead filed with Orange County Clerk Recorder. Filed by Debtor Jamie Lynn Gallian . (Nguyen, Vi) (Entered: 03/14/2022) |
| 03/11/2022 | [73](#) (11 pgs) | Addendum to voluntary petition to amend Debtor's DBA, Item #11 pg 3, Item #16b pg6. Filed by Debtor Jamie Lynn Gallian . (Nguyen, Vi) (Entered: 03/14/2022) |
| 03/11/2022 | [74](#) (4 pgs) | Document re Verification of Declaration of Homestead. Filed by Debtor Jamie Lynn Gallian (RE: related document(s)[72](#) Addendum to Vol Pet filed by Debtor Jamie Lynn Gallian, Statement of Related Cases (LBR Form 1015-2.1), Schedule A/B: Property (Official Form 106A/B or 206A/B), Schedule C: The Property You Claimed as Exempt (Official Form 106C), Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G or 206G), Schedule H: Your Codebtors (Official Form 106H or 206H), Schedule I: Your Income (Official Form 106I), Declaration About an Individual Debtor's Schedules (Official Form 106Dec), Statement of Financial Affairs (Official Form 107 or 207) (Official Form 107 or 207), Statement of Intention for Individuals Filing Under Chapter 7 (Official Form B8, or 108), Chapter 7 Statement of Your Current Monthly Income (Official Form 122A-1) (BNC Option), Verification of Master Mailing List of Creditors (LBR F1007-1)) (Nguyen, Vi) (Entered: 03/14/2022) |
| 03/15/2022 | [75](#) (22 pgs) | Amending Schedules (D) and (E/F) Filed by Debtor Jamie Lynn Gallian . (Nguyen, Vi) (Entered: 03/15/2022) |
| 03/15/2022 | | Receipt of Amendment Filing Fee - $32.00 by 16. Receipt Number 80075964. (admin) (Entered: 03/15/2022) |
| 03/16/2022 | [76](#) (105 pgs) | Proof of service of Amended Schedules Filed by Debtor Jamie Lynn Gallian . [EDB] (Law, Tamika) (Entered: 03/16/2022) |
| 03/16/2022 | [77](#) (8 pgs) | Statement of Corporate Ownership -none listed Filed by Debtor Jamie Lynn Gallian . [EDB] (Law, Tamika) (Entered: 03/17/2022) |
| 03/21/2022 | 78 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 4/4/2022 at 03:00 PM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Golden (TR), Jeffrey) (Entered: 03/21/2022) |

EXHIBIT 1, PAGE 28

8/4/22, 12:45 PM                                    CM/ECF - U.S. Bankruptcy Court (NG 1.6.3 - LIVE)

| 03/21/2022 | 79 (1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 03/21/2022) |
|---|---|---|
| 03/22/2022 | 80 (6 pgs) | Chapter 7 Statement of Your Current Monthly Income (Official Form 122A-1) (BNC Option) Filed by Debtor Jamie Lynn Gallian . [EDB] (Law, Tamika) (Entered: 03/23/2022) |
| 04/04/2022 | 81 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 4/11/2022 at 03:00 PM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Golden (TR), Jeffrey) (Entered: 04/04/2022) |
| 04/04/2022 | 82 (1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 04/04/2022) |
| 04/11/2022 | 83 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 4/22/2022 at 03:00 PM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Golden (TR), Jeffrey) (Entered: 04/11/2022) |
| 04/11/2022 | 84 (1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 04/11/2022) |
| 04/26/2022 | 85 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 4/29/2022 at 01:30 PM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Golden (TR), Jeffrey) (Entered: 04/26/2022) |
| 04/26/2022 | 86 (1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 04/26/2022) |
| 05/02/2022 | 87 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Iskander, Brandon. (Iskander, Brandon) (Entered: 05/02/2022) |
| 05/02/2022 | 88 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Goe, Robert. (Goe, Robert) (Entered: 05/02/2022) |
| 05/02/2022 | 89 (6 pgs) | Notice *Trustees Notice Of Intent To Abandon Estates Interest In Probate Claims (with Proof of Service)* Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 05/02/2022) |
| 05/03/2022 | 90 (2 pgs) | Notice of Assets (no bar date for claims is required) *with proof of service* Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 05/03/2022) |
| 05/03/2022 | 91 | Meeting of Creditors Held and Concluded (Chapter 7 Asset) Filed by Trustee Jeffrey I Golden (TR) (RE: related document(s) 83 Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 4/22/2022 at 03:00 PM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Golden (TR), Jeffrey)). (Golden (TR), Jeffrey) (Entered: 05/03/2022) |

EXHIBIT 1, PAGE 29

000373

| | | |
|---|---|---|
| 05/11/2022 | 92<br>(38 pgs) | Application to Employ Danning, Gill, Israel & Krasnoff, LLP as General Bankruptcy Counsel *Chapter 7 Trustees Notice Of Application And Application To Employ Danning, Gill, Israel & Krasnoff, LLP As General Bankruptcy Counsel Effective As Of January 27, 2022; Declaration Of Eric P. Israel; And Statement Of Disinterestedness, with Proof of Service* Filed by Trustee Jeffrey I Golden (TR) (Israel, Eric) (Entered: 05/11/2022) |
| 05/11/2022 | 93<br>(2 pgs) | Notification of Discrepancy of Conclusion of Whether or Not No Asset Case (Claims Bar Dar Date Should Be Required); Filed by Debtor Jamie Lynn Gallian [EDB] (RE: related document(s)90 Notice of Assets (no bar date for claims is required) filed by Trustee Jeffrey I Golden (TR)) (TD8) (Entered: 05/11/2022) |
| 05/12/2022 | 94<br>(10 pgs) | Amended Schedule I Individual: Your Income (Official Form 106I) , Amended Schedule J: Your Expenses (Official Form 106J) , Chapter 7 Statement of Your Current Monthly Income (Official Form 122A-1) (BNC Option) , Declaration About an Individual Debtor's Schedules (Official Form 106Dec) Filed by Debtor Jamie Lynn Gallian . [EDB] (TL) (Entered: 05/12/2022) |
| 05/12/2022 | 95<br>(259 pgs) | Objection to Homestead Exemption *Notice of Motion and Motion Objecting to Debtor's Claimed Homestead Exemption; Memorandum of Points and Authorities; Declaration of D. Edward Hays in Support; with Proof of Service [Hrg. 6/2/22 at 10:30 a.m.]* Filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates. (Hays, D) (Entered: 05/12/2022) |
| 05/12/2022 | 96<br>(4 pgs) | Notice *Supplemental Notice of Hearing to be Held Remotely Using Zoomgov Audio and Video; with Proof of Service* Filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates (RE: related document(s)95 Objection to Homestead Exemption *Notice of Motion and Motion Objecting to Debtor's Claimed Homestead Exemption; Memorandum of Points and Authorities; Declaration of D. Edward Hays in Support; with Proof of Service [Hrg. 6/2/22 at 10:30 a.m.]* Filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates.). (Hays, D) (Entered: 05/12/2022) |
| 05/12/2022 | 97<br>(31 pgs) | Declaration of Debtor RE Postpetition Income and Expenses as of the Following Date 05/11/2022 Filed by Debtor Jamie Lynn Gallian . [EDB] (TL) . (Entered: 05/13/2022) |
| 05/12/2022 | 99 | Hearing Set (related document # 95 Motion Objecting to Debtor's Claimed Homestead Exemption filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates). The Hearing date is set for 6/2/22 at 10:30 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith (TD8) (Entered: 05/13/2022) |
| 05/13/2022 | 98<br>(3 pgs) | Statement *The Huntington Beach Gables Homeowners Associations Joinder To Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates Motion Objecting To Debtors Claimed Homestead Exemption with proof of service* Filed by Creditor The Huntington Beach Gables Homeowners Association. (Goe, Robert) (Entered: 05/13/2022) |
| 05/16/2022 | 100<br>(2 pgs) | Janine Jasso's Joinder to Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates' Motion Objecting to Debtor's Claimed Homestead Exemption Filed by Creditor Janine Jasso 'EDB' (RE: related |

000374

EXHIBIT 1, PAGE 30

8/4/22, 12:45 PM                                    CM/ECF - U.S. Bankruptcy Court (NG 1.6.3 - LIVE)

| | | |
|---|---|---|
| | | document(s)95 Objection to Homestead Exemption filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates) (JL) (Entered: 05/16/2022) |
| 05/26/2022 | | Receipt of Motion Filing Fee - $188.00 by 16. Receipt Number 80076089. (admin) (Entered: 05/26/2022) |
| 05/26/2022 | 101 (317 pgs; 4 docs) | Motion Confirming That No Stay is in effect for Criminal Restitution Case, or, If an Automatic Stay Exists, then for Relief from Stay . Fee Amount $188, Filed by Creditor Janine Jasso (Attachments: # 1 2 of 4 Motion # 2 3 of 4 Motion # 3 4 of 4 Motion) (AM) (Entered: 05/27/2022) |
| 05/26/2022 | 103 (2 pgs) | Notice of motion/application Filed by Creditor Janine Jasso (RE: related document(s)101 Motion Confirming That No Stay is in effect for Criminal Restitution Case, or, If an Automatic Stay Exists, then for Relief from Stay . Fee Amount $188, Filed by Creditor Janine Jasso (Attachments: # 1 2 of 4 Motion # 2 3 of 4 Motion # 3 4 of 4 Motion) (AM)). (AM) (Entered: 05/27/2022) |
| 05/27/2022 | 102 | Hearing Set (RE: related document(s)101 Motion for Relief - Order Confirming Termination of Stay or That no Stay is in Effect filed by Creditor Janine Jasso) The Hearing date is set for 6/16/2022 at 10:00 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith (AM) (Entered: 05/27/2022) |
| 05/27/2022 | 104 (3 pgs) | Supplemental Notice of Hearing To Be Held Remotely Using Zoomgov Audio and Video Filed by Creditor Janine Jasso (RE: related document(s)101 Motion Confirming That No Stay is in effect for Criminal Restitution Case, or, If an Automatic Stay Exists, then for Relief from Stay . Fee Amount $188, Filed by Creditor Janine Jasso (Attachments: # 1 2 of 4 Motion # 2 3 of 4 Motion # 3 4 of 4 Motion) (AM)). The Hearing date is set for 6/16/2022 at 10:00 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith [EDB] (AM) (Entered: 05/27/2022) |
| 06/01/2022 | 105 (361 pgs; 2 docs) | Debtors Reply Opposition, Memorandum of Points and Authorities to Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates' Motion Objecting to Debtor's Claimed Homestead Exemption and Joinder Parties Huntington Beach Gables HOA; Janine Jasso (related document(s): 95 Objection to Homestead Exemption filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates), Filed by Debtor Jamie Lynn Gallian [EDB] (TD8) Additional attachment(s) added on 6/1/2022 (TD8). (Entered: 06/01/2022) |
| 06/01/2022 | 106 (43 pgs) | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) *with Proof of Service* Filed by Trustee Jeffrey I Golden (TR) (RE: related document(s)92 Application to Employ Danning, Gill, Israel & Krasnoff, LLP as General Bankruptcy Counsel *Chapter 7 Trustees Notice Of Application And Application To Employ Danning, Gill, Israel & Krasnoff, LLP As General Bankruptcy Counsel Effective As Of January 2).* (Israel, Eric) (Entered: 06/01/2022) |
| 06/01/2022 | 107 (10 pgs) | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) *Declaration that No Party Requested a Hearing on Trustees Notice Of Intent To Abandon Estates Interest In Probate Claims (with Proof of Service)* Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 06/01/2022) |

EXHIBIT 1, PAGE 31

000375

8/4/22, 12:45 PM                                        CM/ECF - U.S. Bankruptcy Court (NG 1.6.3 - LIVE)

| | | |
|---|---|---|
| 06/01/2022 | **108**<br>(2 pgs) | Order Granting Chapter 7 Trustee's Application to Employ Danning, Gill, Israel & Krasnoff, LLP as his General Bankruptcy Counsel [Doc. No. 92] (BNC-PDF) (Related Doc # 92) Signed on 6/1/2022. (TD8) (Entered: 06/01/2022) |
| 06/01/2022 | **109**<br>(2 pgs) | Order Authorizing Trustee's Abandonment of Estate's Interest in Probate Claims (BNC-PDF) (Related Doc # 89 ) Signed on 6/1/2022 (TD8) (Entered: 06/01/2022) |
| 06/01/2022 | **111**<br>(29 pgs) | Opposition to Chapter 7 Trustee's (related document(s): 92 Application to Employ Danning, Gill, Israel & Krasnoff, LLP as General Bankruptcy Counsel *Chapter 7 Trustees Notice Of Application And Application To Employ Danning, Gill, Israel & Krasnoff, LLP As General Bankruptcy Counsel Effective As Of January 2 filed by Trustee Jeffrey I Golden (TR)); Filed by Debtor Jamie Lynn Gallian [Request for Hearing] [EDB] (Filed at 9:33 pm) (TD8). (Entered: 06/02/2022)* |
| 06/02/2022 | **110**<br>(8 pgs) | Opposition to (related document(s): 101 Notice of Motion and Motion in Individual Case for Order Confirming Termination of Stay under 11 U.S.C. 362(j) or That No Stay is in Effect under 11 U.S.C. 362(c)(4)(A)(ii). Fee Amount $188, filed by Creditor Janine Jasso -*Trustee's Notice of Opposition and Opposition to Motion Confirming that No Stay is in Effect for Criminal Restitution Case, or, if an Automatic Stay Exists, then for Relief from Stay filed by Creditor Janine Jasso; Memorandum of Points and Authorities in Support Thereof; proof of service* Filed by Trustee Jeffrey I Golden (TR) (DE Leest, Aaron) (Entered: 06/02/2022) |
| 06/02/2022 | **112**<br>(39 pgs) | Debtor's Notice of Opposition and Opposition to Motion Confirming that No Stay is in Effect for Criminal Restitution Case, or, if an Automatic Stay Exists, Then for Relief from Stay filed by Interested Party Janine Jasso (related document(s): 101 Notice of Motion and Motion in Individual Case for Order Confirming Termination of Stay under 11 U.S.C. 362(j) or That No Stay is in Effect under 11 U.S.C. 362(c)(4)(A)(ii). Fee Amount $188, filed by Creditor Janine Jasso) Filed by Debtor Jamie Lynn Gallian 'EDB' (JL) (Entered: 06/03/2022) |
| 06/02/2022 | 113 | Hearing Rescheduled/Continued (related document # 95 Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates Motion Objecting to Debtor's Claimed Homestead Exemption). The Hearing is CONTINUED TO 7/21/2022 at 10:30 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701 to allow Movant/Joining Parties to file a reply to Debtor's late opposition filed on June 1, 2022, which reply(ies) must be filed by July 7, 2022. No other pleadings may be filed. The case judge is Erithe A. Smith (TD8) (Entered: 06/03/2022) |
| 06/03/2022 | **114**<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)108 Order on Application to Employ (BNC-PDF)) No. of Notices: 0. Notice Date 06/03/2022. (Admin.) (Entered: 06/03/2022) |
| 06/03/2022 | **116**<br>(322 pgs) | Amended Motion Confirming That No Stay is in effect for Criminal Restitution Case, or, If an Automatic Stay Exists, then for Relief from Stay (Updated Proof of Service) 'EDB' (related document(s): 101 Notice of Motion and Motion in Individual Case for Order Confirming Termination of Stay under 11 U.S.C. 362(c)(4)(A)(ii). Fee Amount $188, filed by Creditor Janine Jasso) Filed by Creditor Janine Jasso (JL) (Entered: 06/06/2022) |
| 06/03/2022 | **117** | Amended Supplemental Notice of Hearing To Be Held Remotely Using |

000376

EXHIBIT 1, PAGE 32

8/4/22, 12:45 PM                                CM/ECF - U.S. Bankruptcy Court (NG 1.6.3 - LIVE)

|  | (8 pgs) | Zoomgov Audio and Video Filed by Creditor Janine Jasso (Updated Proof of Service) 'EDB' (RE: related document(s)104) (Filed by Creditor Janine Jasso . (JL) (Entered: 06/06/2022) |
|---|---|---|
| 06/04/2022 | 115 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)109 Order on Motion to Abandon (BNC-PDF)) No. of Notices: 0. Notice Date 06/04/2022. (Admin.) (Entered: 06/04/2022) |
| 06/09/2022 | 118 (23 pgs) | Reply to Trustee's and Debtor's Opposition to Motion Confirming that No Stay is in Effect for Criminal Restitution Case, or, if an Automatic Stay Exists, Then for Relief From Stay (related document(s): 110 Opposition filed by Trustee Jeffrey I Golden (TR), 112 Opposition filed by Debtor Jamie Lynn Gallian) Filed by Creditor Janine Jasso 'EDB' (JL) NOTE: Filed with incorrect caption and lists adversary number; this document belongs in the main bankruptcy case 8:21-bk-11710-ES. Modified on 6/10/2022 (TD8). (Entered: 06/09/2022) |
| 06/09/2022 | 119 (9 pgs) | Notice of lodgment Filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates (RE: related document(s)95 Objection to Homestead Exemption *Notice of Motion and Motion Objecting to Debtor's Claimed Homestead Exemption; Memorandum of Points and Authorities; Declaration of D. Edward Hays in Support; with Proof of Service [Hrg. 6/2/22 at 10:30 a.m.]* Filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates.). (Hays, D) (Entered: 06/09/2022) |
| 06/10/2022 | 120 (8 pgs) | Amended Notice of lodgment, Filed by Debtor Jamie Lynn Gallian [EDB] (RE: related document(s)95 Objection to Homestead Exemption). (TD8) (Entered: 06/10/2022) |
| 06/10/2022 | 121 (8 pgs) | Notice of Lodgment Filed by Debtor Jamie Lynn Gallian 'EDB' (RE: related document(s)95 Objection to Homestead Exemption). (JL) (Entered: 06/13/2022) |
| 06/16/2022 | 123 | Hearing Held (RE: related document(s)101 Motion for Relief - Order Confirming Termination of Stay or That no Stay is in Effect filed by Creditor Janine Jasso) Motion Denied Without Prejudice. (JL) (Entered: 06/22/2022) |
| 06/17/2022 | 122 (8 pgs) | Notice of lodgment, Filed by Creditor Janine Jasso [EDB] (RE: related document(s)101 Notice of Motion and Motion in Individual Case for Order Confirming Termination of Stay under 11 U.S.C. 362(j) or That No Stay is in Effect under 11 U.S.C. 362(c)(4)(A)(ii). Fee Amount $188,). (TD8). (Entered: 06/21/2022) |
| 06/23/2022 | 124 (5 pgs) | Order Continuing Hearing on Motion Objecting to Debtor's Claimed Homestead Exemption. IT IS ORDERED that: The Hearing on the Motion is CONTINUED TO July 21, 2022, at 10:30 a.m. to Allow Houser Bros and/or the Joining Parties to File a Reply/Replies to Debtor's Late Opposition filed on June 1, 2022 (See Order for Further Ruling) (BNC-PDF) (Related Doc # 95 ) Signed on 6/23/2022 (TD8) (Entered: 06/23/2022) |
| 06/25/2022 | 125 (7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)124 Order on Generic Motion (BNC-PDF)) No. of Notices: 0. Notice Date 06/25/2022. (Admin.) (Entered: 06/25/2022) |

000377                                    EXHIBIT 1, PAGE 33

8/4/22, 12:45 PM                               CM/ECF - U.S. Bankruptcy Court (NG 1.6.3 - LIVE)

| 06/27/2022 | 126 (2 pgs) | Order Denying Motion for Relief from the Automatic Stay Under 11 U.S.C. Section 362 (BNC-PDF) Signed on 6/27/2022 (RE: related document(s)101 Motion for Relief - Order Confirming Termination of Stay or That no Stay is in Effect filed by Creditor Janine Jasso). (TD8) (Entered: 06/27/2022) |
| 06/29/2022 | 127 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)126 Order (Generic) (BNC-PDF)) No. of Notices: 0. Notice Date 06/29/2022. (Admin.) (Entered: 06/29/2022) |
| 06/30/2022 | 128 (4 pgs) | Statement -*Trustee's Joinder in Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates' Motion Objecting to Debtor's Claimed Homestead Exemption; proof of service* 95 Filed by Trustee Jeffrey I Golden (TR). (DE Leest, Aaron) (Entered: 06/30/2022) |
| 07/07/2022 | 129 (5 pgs) | Reply to (related document(s): 105 Reply filed by Debtor Jamie Lynn Gallian) *The Huntington Beach Gables Homeowners Association's Reply to Debtor's Opposition to Motion Objecting to Debtor's Claimed Homestead Exemption with Proof of Service* Filed by Creditor The Huntington Beach Gables Homeowners Association (Goe, Robert) (Entered: 07/07/2022) |
| 07/07/2022 | 130 (96 pgs) | Reply to (related document(s): 105 Reply filed by Debtor Jamie Lynn Gallian) *Reply to Debtor's Opposition to Motion Objecting to Claimed Homestead Exemption; Declaration of D. Edward Hays in Support; with Proof of Service* Filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates (Hays, D) (Entered: 07/07/2022) |
| 07/07/2022 | 131 (4 pgs) | Declaration re: *Declaration of Vivienne J. Alston re: Motion Objecting to Debtor's Claimed Homestead Exemption; with Proof of Service* Filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates (RE: related document(s)130 Reply). (Hays, D) (Entered: 07/07/2022) |
| 07/07/2022 | 132 (62 pgs) | Declaration re: *Declaration of Greg Buysman re: Motion Objecting to Debtor's Claimed Homestead Exemption; with Proof of Service* Filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates (RE: related document(s)130 Reply). (Hays, D) (Entered: 07/07/2022) |
| 07/07/2022 | 133 (4 pgs) | Declaration re: *Declaration of Chris Houser re: Motion Objecting to Debtor's Claimed Homestead Exemption; with Proof of Service* Filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates (RE: related document(s)130 Reply). (Hays, D) (Entered: 07/07/2022) |
| 07/08/2022 | 134 (13 pgs) | Reply to Greg Buysman, CA Notary Public Commission Number 2341449; Owner & Operator the UPS Store, Edinger/Springdage (related document(s): 95 Objection to Homestead Exemption filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates) Filed by Debtor Jamie Lynn Gallian [EDB] (AM) (Entered: 07/08/2022) |
| 07/08/2022 | 135 (224 pgs; 6 docs) | Motion to Avoid Lien (Real Property) with The Huntington Beach Gables Homeowners Association Filed by Debtor Jamie Lynn Gallian [EDB] (Attachments: # 1 Part 2 # 2 Part 3 # 3 Part 4) (AM) Modified on 7/8/2022 (AM). Additional attachment(s) added on 7/8/2022 (TL). (Entered: 07/08/2022) |
| 07/08/2022 | 136 (228 pgs; 7 docs) | Notice of Opportunity to Request a Hearing On Motion Filed by Debtor Jamie Lynn Gallian . [EDB] (AM) Modified on 7/8/2022 (AM) (RE: |

000378                                    EXHIBIT 1, PAGE 34

8/4/22, 12:45 PM                                 CM/ECF - U.S. Bankruptcy Court (NG 1.6.3 - LIVE)

| | | |
|---|---|---|
| | | related document(s)135 Motion to Avoid Lien Property Lien with The Huntington Beach Gables Homeowners Association). Additional attachment(s) added on 7/11/2022 (TL). Modified on 7/11/2022 (TL). (Entered: 07/08/2022) |
| 07/08/2022 | 137 | Motion to Avoid Lien Real Property with The Huntington Beach Gables Homeowners Association Filed by Debtor Jamie Lynn Gallian (Attachments: # 1 Part 2 # 2 Part 3 # 3 Part 4 # 4 Part 5 # 5 Part 6) [EDB] (AM) Modified on 7/8/2022 (AM). Docketed in error. Motion terminated. See docket entry 135 for correct Motion. Modified on 7/11/2022 (TL). (Entered: 07/08/2022) |
| 07/20/2022 | 138 (20 pgs) | Notice of Lodgment of Excerpts of Certified Transcript in Support of Reply to Debtor's Opposition to Motion Objecting to Claimed Homestead Exemption; with Proof of Service Filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates (RE: related document(s)130 Reply to (related document(s): 105 Reply filed by Debtor Jamie Lynn Gallian) Reply to Debtor's Opposition to Motion Objecting to Claimed Homestead Exemption; Declaration of D. Edward Hays in Support; with Proof of Service Filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates). (Hays, D) (Entered: 07/20/2022) |
| 07/21/2022 | 139 (6 pgs) | Notice of Lodgment of Orange County Tax Assessors Proof of Debtors Homestead Exemption Effective 2/25/2021 in Support of Opposition to Motion Objecting to Claimed Homestead Exemption, Filed by Debtor Jamie Lynn Gallian [EDB] (RE: related document(s)95 Objection to Homestead Exemption). (TD8) (Entered: 07/21/2022) |
| 07/21/2022 | 140 (33 pgs) | Amended Notice of Lodgment of Orange County Tax Assessors Proof of Debtors Homestead Exemption Effective 2/25/2021 in Support of Opposition to Motion Objecting to Claimed Homestead Exemption Filed by Debtor Jamie Lynn Gallian 'EDB' (RE: related document(s)130 Reply to (related document(s): 105 Reply filed by Debtor Jamie Lynn Gallian) Reply to Debtor's Opposition to Motion Objecting to Claimed Homestead Exemption; Declaration of D. Edward Hays in Support; with Proof of Service Filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates, 139 Notice of Lodgment of Orange County Tax Assessors Proof of Debtors Homestead Exemption Effective 2/25/2021 in Support of Opposition to Motion Objecting to Claimed Homestead Exemption, Filed by Debtor Jamie Lynn Gallian [EDB] (RE: related document(s)95 Objection to Homestead Exemption)). (JL) (Entered: 07/21/2022) |
| 07/21/2022 | 143 (6 pgs) | Notice of Appeal and Statement of Election to Bankruptcy Appellate Panel.(Official Form 417A) . Fee Amount $298 NOT PAID Filed by Debtor Jamie Lynn Gallian . Appellant Designation due by 8/4/2022. (NB8) (Entered: 07/22/2022) |
| 07/21/2022 | 153 | Hearing Held (related document # 95 Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates Motion Objecting to Debtor's Claimed Homestead Exemption) - Motion Granted objecting to Debtor's homestead exemption claim. (TD8) (Entered: 07/25/2022) |
| 07/22/2022 | 141 (63 pgs) | Opposition to (related document(s): 135 Motion to Avoid Lien Property Lien with The Huntington Beach Gables Homeowners Association filed by Debtor Jamie Lynn Gallian, 136 Notice of motion/application filed by Debtor Jamie Lynn Gallian, 137 Motion to Avoid Lien Real Property with The Huntington Beach Gables Homeowners Association filed by Debtor Jamie Lynn Gallian) Omnibus Opposition to Debtor's Notice of |

EXHIBIT 1, PAGE 35

8/4/22, 12:45 PM                    CM/ECF - U.S. Bankruptcy Court (NG 1.6.3 - LIVE)

| | | |
|---|---|---|
| | | *Motion and Motion to Avoid Lien Under 11 U.S.C. § 522(f) and Request for Hearing; Declaration of Robert P. Goe in Support Thereof; Notice of Opposition and Request for a Hearing with Proof of Service* Filed by Creditor The Huntington Beach Gables Homeowners Association (Goe, Robert) (Entered: 07/22/2022) |
| 07/22/2022 | [142](#)<br>(3 pgs; 2 docs) | Notice of Assets filed by trustee and court's notice of possible dividend (BNC) *with proof of service* Filed by Trustee Jeffrey I Golden (TR). Proofs of Claims due by 10/25/2022. Government Proof of Claim due by 1/5/2022. (Golden (TR), Jeffrey) (Entered: 07/22/2022) |
| 07/22/2022 | [144](#)<br>(1 pg) | Deficiency letter to Appellant: Appeal Is Deficient For the Following Reasons: $298.00 Filing Fee For Appeal Was Not Paid; Does Not Include The Entered Date Of Order, Judgment, Or Decree; Does Not Include Entered Stamped Copy Of Order, Judgment, Or Decree; Does Not Include the Telephone Number(s) Of The Opposing Parties (RE: related document(s)[143](#) Notice of Appeal and Statement of Election (Official Form 417A) filed by Debtor Jamie Lynn Gallian) (NB8) (Entered: 07/22/2022) |
| 07/22/2022 | 145 | Request for a Certified Copy Fee Amount $11. The document will be sent via email to :gestrada@wgllp.com: Filed by Trustee Jeffrey I Golden (TR) (RE: related document(s)[1](#) Voluntary Petition (Chapter 7)). (Golden (TR), Jeffrey) (Entered: 07/22/2022) |
| 07/22/2022 | | Receipt of Request for a Certified Copy( [8:21-bk-11710-ES](#)) [misc,paycert] ( 11.00) Filing Fee. Receipt number A54475197. Fee amount 11.00. (re: Doc# 145 ) (U.S. Treasury) (Entered: 07/22/2022) |
| 07/22/2022 | [146](#)<br>(1 pg) | Transcript Order Form related to an Appeal, regarding Hearing Date 07/21/2022 at 10:30 a.m. Filed by Debtor Jamie Lynn Gallian [EDB] (RE: related document(s)[95](#) Objection to Homestead Exemption). (TD8) (Entered: 07/22/2022) |
| 07/22/2022 | [147](#)<br>(269 pgs; 2 docs) | Amended Motion (related document(s): [135](#) Motion to Avoid Lien Property Lien with The Huntington Beach Gables Homeowners Association filed by Debtor Jamie Lynn Gallian) Filed by Debtor Jamie Lynn Gallian [EDB] (Attachments: # [1](#) Part 2) (TD8) (Entered: 07/22/2022) |
| 07/22/2022 | [148](#)<br>(273 pgs; 3 docs) | Notice of Opportunity To Request a Hearing On Motion (LBR 9013-1(o)) Filed by Debtor Jamie Lynn Gallian [EDB] (RE: related document(s)[135](#) Motion to Avoid Lien (Real Property) with The Huntington Beach Gables Homeowners Association Filed by Debtor Jamie Lynn Gallian [EDB] (Attachments: # 1 Part 2 # 2 Part 3 # 3 Part 4) (AM) Modified on 7/8/2022 (AM). Additional attachment(s) added on 7/8/2022 (TL)., [147](#) Amended Motion (related document(s): [135](#) Motion to Avoid Lien Property Lien with The Huntington Beach Gables Homeowners Association filed by Debtor Jamie Lynn Gallian) Filed by Debtor Jamie Lynn Gallian [EDB] (Attachments: # 1 Part 2) (TD8)). (Attachments: # [1](#) Part 2 - Amended Motion # [2](#) Part 3 - Declaration) (TD8) (Entered: 07/22/2022) |
| 07/22/2022 | 149 | Certified Copy Emailed to gestrada@wgllp.com (Entered: 07/22/2022) |
| 07/22/2022 | [150](#)<br>(16 pgs) | Notice of lodgment Filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates (RE: related document(s)[95](#) Objection to |

000380                              EXHIBIT 1, PAGE 36

8/4/22, 12:45 PM                           CM/ECF - U.S. Bankruptcy Court (NG 1.6.3 - LIVE)

| | | |
|---|---|---|
| | | Homestead Exemption *Notice of Motion and Motion Objecting to Debtor's Claimed Homestead Exemption; Memorandum of Points and Authorities; Declaration of D. Edward Hays in Support; with Proof of Service [Hrg. 6/2/22 at 10:30 a.m.]* Filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates.). (Hays, D) (Entered: 07/22/2022) |
| 07/24/2022 | 151 (5 pgs) | BNC Certificate of Notice (RE: related document(s)142 Notice of Assets filed by trustee and court's notice of possible dividend (BNC) filed by Trustee Jeffrey I Golden (TR)) No. of Notices: 75. Notice Date 07/24/2022. (Admin.) (Entered: 07/24/2022) |
| 07/25/2022 | 152 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 22-ES-22. RE Hearing Date: 07/21/22, [TRANSCRIPTION SERVICE PROVIDER: ECHO REPORTING, INC., Telephone number Ph: (858) 453-7590.] (RE: related document(s)146 Transcript Order Form (Public Request) filed by Debtor Jamie Lynn Gallian (JL) (Entered: 07/25/2022) |
| 07/25/2022 | 154 (61 pgs) | Opposition to (related document(s): 135 Motion to Avoid Lien Property Lien with The Huntington Beach Gables Homeowners Association filed by Debtor Jamie Lynn Gallian, 136 Notice of motion/application filed by Debtor Jamie Lynn Gallian, 137 Motion to Avoid Lien Real Property with The Huntington Beach Gables Homeowners Association filed by Debtor Jamie Lynn Gallian) *141 Amended Omnibus Opposition to Debtor's Notice of Motion and Motion to Avoid Lien Under 11 U.S.C. § 522(f) and Request for Hearing; Declaration of Robert P. Goe in Support Thereof with Proof of Service* Filed by Creditor The Huntington Beach Gables Homeowners Association (Iskander, Brandon) (Entered: 07/25/2022) |
| 07/25/2022 | 155 (63 pgs) | Opposition to (related document(s): 135 Motion to Avoid Lien Property Lien with The Huntington Beach Gables Homeowners Association filed by Debtor Jamie Lynn Gallian, 136 Notice of motion/application filed by Debtor Jamie Lynn Gallian, 137 Motion to Avoid Lien Real Property with The Huntington Beach Gables Homeowners Association filed by Debtor Jamie Lynn Gallian) *141[154 filer error] Amended Omnibus Opposition to Debtor's Notice of Motion and Motion to Avoid Lien Under 11 U.S.C. § 522(f) and Request for Hearing; Declaration of Robert P. Goe in Support Thereof; Notice of Opposition and Request for a Hearing with Proof of Service* Filed by Creditor The Huntington Beach Gables Homeowners Association (Goe, Robert) (Entered: 07/25/2022) |
| 07/26/2022 | 156 (16 pgs) | Notice of lodgment *(Amended) Notice of Lodgment* Filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates (RE: related document(s)150 Notice of lodgment Filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates (RE: related document(s)95 Objection to Homestead Exemption *Notice of Motion and Motion Objecting to Debtor's Claimed Homestead Exemption; Memorandum of Points and Authorities; Declaration of D. Edward Hays in Support; with Proof of Service [Hrg. 6/2/22 at 10:30 a.m.]* Filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates.).). (Hays, D) (Entered: 07/26/2022) |
| 07/26/2022 | 157 (332 pgs; 2 docs) | Debtor's Notice of and Motion for Reconsideration of 7.21.22 Order Sustaining Houser Bros. Co. DBA Rancho Del Rey Mobile Home Estates Objection to Debtor's Claimed Homestead Exemption and Joinder Parties Huntington Beach Gables HOA; Janine Jasso. Filed by |

000381

EXHIBIT 1, PAGE 37

8/4/22, 12:45 PM                                 CM/ECF - U.S. Bankruptcy Court (NG 1.6.3 - LIVE)

| | | |
|---|---|---|
| | | Debtor Jamie Lynn Gallian (Attachments: # 1 Part 2) 'EDB' (RE: related document(s)95) (JL) (Entered: 07/26/2022) |
| 07/26/2022 | 158 (4 pgs) | Supplemental Notice of Hearing to be Held Remotely Using ZOOMGOV Audio and Video Filed by Debtor Jamie Lynn Gallian 'EDB' (RE: related document(s)157 Debtor's Notice of and Motion for Reconsideration of 7.21.22 Order Sustaining Houser Bros. Co. DBA Rancho Del Rey Mobile Home Estates Objection to Debtor's Claimed Homestead Exemption and Joinder Parties Huntington Beach Gables HOA; Janine Jasso. Filed by Debtor Jamie Lynn Gallian (Attachments: # 1 Part 2) 'EDB' (RE: related document(s)95) (JL)). (JL) (Entered: 07/26/2022) |
| 07/26/2022 | 159 | Hearing Set (RE: related document(s)157 Motion to Reconsider filed by Debtor Jamie Lynn Gallian) The Hearing date is set for 8/18/2022 at 10:30 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith (JL) (Entered: 07/26/2022) |
| 07/28/2022 | 160 | Trustee Certification of Services Rendered Under 11 U.S.C. Section 330(e). I rendered the following service in the case and am eligible for payment under 11 U.S.C. Section 330(e): Filed a Notice of Assets. I declare under penalty of perjury that the foregoing is true and correct. (Executed on 7/28/2022). Filed by Trustee Jeffrey I Golden (TR) (RE: related document(s)90 Notice of Assets (no bar date for claims is required) *with proof of service* Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) filed by Trustee Jeffrey I Golden (TR)). (Golden (TR), Jeffrey) (Entered: 07/28/2022) |
| 07/28/2022 | 161 (12 pgs) | Notice Of Appeal And Statement of Election To Bankruptcy Appellate Panel.(Official Form 417A) . Fee Amount $298 NOT PAID Filed by Debtor Jamie Lynn Gallian. Appellant Designation due by 8/11/2022. - [EDB] - APPEAL FEE OF $298 PAID 7/29/2022 - RECEIPT NO. 80076183 (NB8) Modified 7/29/2022 (NB8). (Entered: 07/28/2022) |
| 07/28/2022 | 162 (25 pgs) | Application to Employ Coldwell Banker Realty as Real Estate Broker *Application Of The Chapter 7 Trustee To Employ Real Estate Broker Coldwell Banker Realty And Agents William Friedman And Greg Bingham Pursuant To 11 U.S.C. §§ 327 And 328; Memorandum Of Points And Authorities; And Declarations Of William Friedman And Greg Bingham In Support (with Proof of Service)* Filed by Trustee Jeffrey I Golden (TR) (Golden (TR), Jeffrey) - WARNING: See docket entry no. 166 for corrections - Modified on 7/29/2022 (TD8). (Entered: 07/28/2022) |
| 07/28/2022 | 163 (5 pgs) | Notice of Hearing *Application Of The Chapter 7 Trustee To Employ Real Estate Broker Coldwell Banker Realty And Agents William Friedman And Greg Bingham Pursuant To 11 U.S.C. §§ 327 And 328; Memorandum Of Points And Authorities; And Declarations Of William Friedman And Greg Bingham In Support (with Proof of Service)* Filed by Trustee Jeffrey I Golden (TR) (RE: related document(s)162 Application to Employ Coldwell Banker Realty as Real Estate Broker *Application Of The Chapter 7 Trustee To Employ Real Estate Broker Coldwell Banker Realty And Agents William Friedman And Greg Bingham Pursuant To 11 U.S.C. §§ 327 And 328; Memorandum Of Points And Authorities; And Declarations Of William Friedman And Greg Bingham In Support (with Proof of Service)* Filed by Trustee Jeffrey I Golden (TR) (Golden (TR), Jeffrey)). (Golden (TR), Jeffrey) - WARNING: See docket entry no. 166 for corrections - Modified on 7/29/2022 (TD8). (Entered: 07/28/2022) |

000382

EXHIBIT 1, PAGE 38

8/4/22, 12:45 PM                          CM/ECF - U.S. Bankruptcy Court (NG 1.6.3 - LIVE)

| | | |
|---|---|---|
| 07/28/2022 | [164](#)<br>(4 pgs) | Supplemental *Supplemental Notice Of Hearing To Be Held Remotely Using Zoomgov Audio And Video (with Proof of Service)* Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) - WARNING: See docket entry no. 166 for corrections - Modified on 7/29/2022 (TD8). (Entered: 07/28/2022) |
| 07/28/2022 | [165](#)<br>(1 pg) | Deficiency letter to Appellant: Appeal Is Deficient For the Following Reasons: $298.00 Filing Fee For Appeal Was Not Paid And Does Not Include Entered Stamped Copy Of Order, Judgment, Or Decree (RE: related document(s)[161](#) Notice of Appeal and Statement of Election (Official Form 417A) filed by Debtor Jamie Lynn Gallian) (NB8) (Entered: 07/28/2022) |
| 07/28/2022 | | Receipt of Appeal Late Filing Fee - $0.00 by 12. Receipt Number 80076180. (admin) (Entered: 07/28/2022) |
| 07/28/2022 | | Receipt of Appeal Late Noticing Filing Fee - $0.00 by 12. Receipt Number 80076180. (admin) (Entered: 07/28/2022) |
| 07/29/2022 | 166 | Notice to Filer of Error and/or Deficient Document **Hearing date/time selected is no longer available. THE FILER IS INSTRUCTED TO CONTACT JUDGE SMITH'S COURTROOM DEPUTY FOR AN AVAILABLE HEARING DATE/TIME AND SUBSEQUENTLY FILE AN AMENDED NOTICE OF MOTION/HEARING WITH THE CORRECT HEARING INFORMATION.** (RE: related document(s)[162](#) Application to Employ filed by Trustee Jeffrey I Golden (TR), [163](#) Notice of Hearing (BK Case) filed by Trustee Jeffrey I Golden (TR), [164](#) Supplemental filed by Trustee Jeffrey I Golden (TR)) (TD8) (Entered: 07/29/2022) |
| 07/29/2022 | | Receipt of Appeal Late Noticing Filing Fee - $5.00 by 16. Receipt Number 80076183. (admin) (Entered: 07/29/2022) |
| 07/29/2022 | | Receipt of Appeal Late Filing Fee - $293.00 by 16. Receipt Number 80076183. (admin) (Entered: 07/29/2022) |
| 08/01/2022 | [167](#)<br>(160 pgs; 2 docs) | Notice of Motion Motion For Leave From The Bankruptcy Appeal Panel To Permit The Bankruptcy Court To Consider Debtor's Motion For Re-Consideration [Doc 157] On August 18, 2022 Filed by Debtor Jamie Lynn Gallian (Attachments: # [1](#) Motion For Reconsideration) (GD) [EDB] Modified on 8/1/2022 (GD). (Entered: 08/01/2022) |
| 08/02/2022 | [168](#)<br>(4 pgs) | Optional Appellee Statement of Election to Proceed in U.S. District Court (Official Form 417B) Filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates (RE: related document(s)[143](#) Notice of Appeal and Statement of Election (Official Form 417A), [161](#) Notice of Appeal and Statement of Election (Official Form 417A)). (Masud, Laila) (Entered: 08/02/2022) |

| **PACER Service Center** |
|---|
| **Transaction Receipt** |

8/4/22, 12:45 PM                          CM/ECF - U.S. Bankruptcy Court (NG 1.6.3 - LIVE)

| 08/04/2022 12:45:30 | | | |
|---|---|---|---|
| **PACER Login:** | attydeh162507 | **Client Code:** | 9999-001 |
| **Description:** | Docket Report | **Search Criteria:** | 8:21-bk-11710-ES Fil or Ent: filed From: 5/6/2000 To: 8/4/2022 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 18 | **Cost:** | 1.80 |

000384                                    EXHIBIT 1, PAGE 40

# EXHIBIT 2

## United States Bankruptcy Court
## Central District of California
### Santa Ana
### Erithe Smith, Presiding
### Courtroom 5A Calendar

---

**Thursday, July 21, 2022**                                    **Hearing Room      5A**

---

<u>10:30 AM</u>
**8:21-11710    Jamie Lynn Gallian**                                    **Chapter 7**

#32.00       CON'TD Hearing RE: Creditor Houser Bros. Co. dba Rancho Del Rey Mobile
             Home Estates Motion Objecting to Debtor's Claimed Homestead Exemption

             FR: 6-2-22

                              Docket        95

**Courtroom Deputy:**

        - NONE LISTED -

**Tentative Ruling:**

        June  2, 2022

        Continue hearing to July 21, 2022 at 10:30 a.m. to allow Movant/Joining
        Parties to file a reply to Debtor's late opposition filed on June 1, 2022, which
        reply(ies) must be filed by July 7, 2022.  No other pleadings may be filed.

        <u>Basis for Tentative Ruling</u>:

        1.  Because Debtor filed her opposition one day prior to the hearing, the court
        has not had an opportunity to review it and the Movant was not afforded the
        opportunity to file a reply to the opposition. Under the Local Bankruptcy
        Rules, the court may exclude late-filed pleadings and not consider them at all.
        On this one occassion, the court will make an exception and allow the
        opposition.  <u>However</u>, in the future, the court will not consider any pleadings
        filed by Debtor after the day they are due.

        2.  Based solely on the timely filed Motion and joinders, the court would be
        inclined to grant the Motion.
        -------------------------------------------------------------------------------

        July  21, 2022

        Grant the Motion objecting to Debtor's homestead exemption claim.

---

EXHIBIT 2, PAGE 41

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Erithe Smith, Presiding**
**Courtroom 5A Calendar**

---

**Thursday, July 21, 2022**                                    **Hearing Room      5A**

---

<u>10:30 AM</u>
**CONT...      Jamie Lynn Gallian**                                                    **Chapter 7**

<u>Preliminary Comments re the Tentative Ruling</u>:

This hearing was continued from June 2, 2022 solely because Debtor filed a
late opposition one day prior to the hearing on June 1, 2022.  The
continuance was to allow the Movant and Joining Parties to file a reply to the
June 1 opposition by July 7, 2022.  The court expressly ruled that no other
pleadings were to be filed.   Notwithstanding that ruling, Debtor filed an
additional pleading on July 8, 2022  [dkt. 134] without obtaining leave from
the court (with notice to the Movant and Joining Parties) to do so.
Accordingly, the pleading will not be formally considered by the court. The
court notes parenthetically that even if it were to consider the improper
pleading, the evidence presented therein would be insufficient to alter or
change the court's ruling.

<u>Basis for Tentative Ruling</u>:

   A.  <u>The Motion is Timely</u>

      The court must first determine whether the objection was timely. In re
Smith, 235 F.3d 472, 475 (9th Cir. 2000) (stating that before reaching the
merits of debtor's purported exemption, the court must determine whether the
Creditors' objections were timely). An objection to an exemption must be filed
within 30 days after the conclusion of a debtor's meeting of creditors or the
filing of any exemption amendment. Fed. R. Bankr. P. 4003(b)(1). Here, the
Motion was timely filed on May 12, 2022, as the Debtor's meeting of creditors
concluded on May 3, 2022.

   B.  <u>Movant has provided evidence sufficient to grant the Motion</u>

      At the time a petition for bankruptcy is filed, "all legal or equitable
interests of the debtor in property" become available to satisfy creditors'
claims and costs of the proceedings unless the assets are "'exempted' from
use in satisfying claims of creditors and other authorized charges."  In re
Sewell, 180 F.3d 707, 710 (5th Cir. 1999); FRBP § 541(a)(1). The applicable
state law determines bankruptcy exemptions on the date of the filing of the

EXHIBIT 2, PAGE 42

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Erithe Smith, Presiding**
**Courtroom 5A Calendar**

---

Thursday, July 21, 2022                                         Hearing Room     5A

---

<u>10:30 AM</u>
**CONT...     Jamie Lynn Gallian**                                    **Chapter 7**

original bankruptcy petition. In re Bassin, 637 F.2d 668, 670 (9th Cir. 1980).
California has, per FRBP § 522(b)(1), has "opted out" of the federal
exemption scheme and therefore California debtors may claim only those
exemptions allowable under California law.

       1.  <u>Houser Bros has standing to bring the Motion</u>

      FRBP 4003(b) provides that a party in interest may filed an objection to
the list of property claimed by debtor as exempt. Fed. R. Bankr. P. 4003(b).
Here, Houser Bros is certainly a party in interest. First, Houser Bros is a
creditor. In her Amended Schedules [dkt. 75], Debtor listed Houser Bros. as a
creditor, with a contingent, unliquidated, disputed claim against the Property
of unknown amount. Second, On January 2, 2019, Houser Bros. filed a
"Complaint for Forcible Entry/Detainer (Mobilehome Park)" ("OCSC
Complaint") against Debtor in Orange County Superior Court, Case No.
30-2019-01041423-CL-UD-CJC ("OCSC Action"). Hays Declaration, Ex. 3.
Debtor's claimed homestead exemption, if allowed, will bind Houser Bros.
Reply, 7.

       2.  <u>There is no applicable recorded homestead</u>

      Generally, claimed exemptions are "presumptively valid" and the
objecting party thus bears the burden of proving that the exemption is
improper. In re Carter, 182 F.3d 1027, 1029 n. 3 (9th Cir.1999); FRBP §
4003(c). However, the Supreme Court in Raleigh v. Illinois Dept of Revenue,
530 US 15, 20-21 (2000) held that because burden of proof is substantive, in
the absence of a federal interest requiring a different result, the state law
allocation of the burden should apply in bankruptcy objection to claims. The
Ninth Circuit Bankruptcy Appellate Panel concluded that, where a state law
exemption statute specifically allocates the burden of proof to the debtor,
FRBP § 4003(c) does not change that allocation.  In re Diaz, 547 B.R. 329,
337 (B.A.P. 9th Cir. 2016). In re Diaz is persuasive given the U.S. Supreme
Court's holding in Raleigh. California has placed the ultimate burden of proof
on the party claiming the exemption. CCP §§ 703.580(b), 704.780(a).
Although the burden of proof lies with the party claiming the exemption,
exemption statutes are generally construed in favor of the debtor.  Kono v.
Meeker K, 196 Cal. App. 4th 81, 86 (2011).

---

EXHIBIT 2, PAGE 43

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Erithe Smith, Presiding**
**Courtroom 5A Calendar**

---

Thursday, July 21, 2022                                    Hearing Room        5A

---

<u>10:30 AM</u>
CONT...        Jamie Lynn Gallian                                    Chapter 7

Pursuant to Cal. Civ. Proc. Code § 704.780(a), the burden to show a debtor's entitlement to a homestead exemption rests with the debtor, unless a declared homestead has been recorded. Cal. Civ. Proc. Code § 704.780(a). The objecting party need only provide evidence sufficient to meet the "preponderance of the evidence" standard.   In re Kelley, 300 B.R. 11, 16 (9th Cir. B.A.P. 2003). If the objecting party produces evidence to rebut the claimed exemption, the burden of production then shifts to the debtor to demonstrate the exemption is proper. Fed. R. Evid. R. 301. The debtor's standard of proof is also "preponderance of the evidence." United States ex rel. Farmers Home Admin. v. Arnold & Baker Farms,  177 B.R. 648, 654 (9th Cir. BAP 1994).

Here, Debtor bears the burden of proof to show entitlement to the homestead exemption because the Orange County Treasurer-Tax Collector records do not indicate that there is a "current homeowner's exemption or disabled veteran's exemption" for the Property. A copy of the 2021-22 tax bill for the Property is attached to the Hays Declaration as Exhibit 24.

Although Debtor claims to have recorded a Homestead Declaration, she did so with the Orange County Clerk-Recorder, not the Orange County Treasurer-Tax Collector. Declared homesteads are not applicable to sales by a bankruptcy trustee. See In re Sain, 584 B.R. 325, 329 (Bankr. S.D. Cal. 2018) (indicating that only the automatic homestead was available to a debtor who held a recorded declaration of homestead, because the debtor had not elected a declared homestead exemption in his schedules, and declared homesteads are not applicable to sales by bankruptcy trustees); see also See Kelley v. Locke (In re Kelley), 300 B.R. 11, 21 (B.A.P. 9th Cir. 2003) (noting that in the bankruptcy context, a debtor's declaration of homestead "helps him not at all, as the additional benefits conferred in Article 5 [Sections 704.910-704.995] would benefit him only in the situation of a voluntary sale"). Therefore, Debtor bears the burden of proof for the homestead exemption.

3.    <u>Debtor failed to meet her burden that the Property is
subject to exemption</u>

In In re Shaefers, the Ninth Circuit BAP found that a  Chapter 7 debtor

---

EXHIBIT 2, PAGE 44

## United States Bankruptcy Court
### Central District of California
**Santa Ana**
**Erithe Smith, Presiding**
**Courtroom 5A Calendar**

---

**Thursday, July 21, 2022**                                     **Hearing Room        5A**

---

10:30 AM

**CONT...      Jamie Lynn Gallian**                                           **Chapter 7**

cannot claim homestead exemption in limited liability company (LLC) that he owned, which owned real property at which debtor resided; debtor did not identify any beneficial or equitable interest in the property, and LLC members such as debtor had no interest in the company's assets, rather, debtor's interest in LLC was a personal property interest outside the statutory definition of a homestead. 623 B.R. 777 (B.A.P. 9th Cir. 2020).

　　Here, Debtor has failed to meet her burden that the Property is subject to exemption. First, the HCD records show that J-Sandcastle LLC, not Debtor, was the Property's owner of record on the Petition Date. As of June 7, 2021—about a month before the Petition Date—the Property's registered owner was J-Sandcastle LLC, and the legal owners were Pierpont and J-Pad LLC. Hays Decl., Ex. 17 at 142. The HCD webpage indicates that "documents and fees" must be submitted to the HCD to transfer ownership of a manufactured home or manufactured home. The June 7, 2021, Title Search did not note any pending applications for title or registration change that might have added Debtor as the registered or legal owner of the Property before the Petition Date. And, Debtor paid no fees to the HCD between June 7, 2021, and the Petition Date that could have effectuated a title change. See Hays Decl., Ex. 26.

　　Moreover, the July 2021 HCD Transaction had a transaction date of July 14, 2021—five days after the Petition Date—and included a certificate of title showing J-Sandcastle LLC as the Property's registered owner and Pierpont and J-Pad LLC as the Property's legal owners. Hays Decl., Ex. 21 at 171. Included in this post-petition transaction was a document to add Debtor as the Property's "New Registered Owner." Id. at 172. Also attached was a County of Orange "Tax Clearance Certificate" issued and executed on the Petition Date, which gave the Property's "Current Registered Owner" as J-Sandcastle LLC. Id. at 191. The August 2021 HCD Transaction did include a certificate of title showing Debtor as the Property's registered owner, but according to the certificate, title was issued on August 3, 2021, nearly a month after the Petition Date. Hays Decl., Ex. 22 at 195.

　　Second, between February 1, 2021, and the Petition Date, all payments that Debtor submitted to Houser Bros. listed J-Sandcastle LLC as the payor/were on behalf of J-Sandcastle LLC. Only after the Petition Date

000390

EXHIBIT 2, PAGE 45

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Erithe Smith, Presiding**
**Courtroom 5A Calendar**

---

Thursday, July 21, 2022                                            Hearing Room          5A

---

<u>10:30 AM</u>
**CONT...      Jamie Lynn Gallian**                                                        **Chapter 7**

did Debtor submit a payment on her own behalf. See Hays Decl. Ex. 23 at
203-222.

        Third, Debtor provides no credible evidence that she acquired an
interest from the LLC on February 25, 2021. In Debtor's Original Schedules,
filed on the Petition Date (July 9, 2021), Debtor provided, under penalty of
perjury, that "Registered Title with HCD Debtor's single member LLC, J-
Sandcastle Co, LLC." Motion at 33 (Exhibit 2). In addition, Debtor, in the
Opposition, asserts J-Sandcastle LLC's executed a notarized release of title
document, claiming: "On the petition date July 9, 2021, the registered title
owner of the manufactured home located at 16222 Monterey Lane, Unit #376,
Huntington Beach, CA 92649 ('Property') was Jamie Lynn Gallian as of
February 25, 2021, the date J-Sandcastle Co LLC signed and dated to
release the Certificate of Title to Jamie Lynn Gallian, notarized the same
date." Opp'n., 29. However, Mr. Buysman did not actually notarize these
documents. Instead, Mr. Buysman's notary book shows that on February 25,
2021, he notarized for Debtor an "Affidavit of Death" and a "Transfer Grant
Deed." Buysman Decl., ¶7-11. Mr. Buysman did not notarize the July 2021
HCD Submission either. Id.  Debtor's improperly filed July 8 response, even if
considered by the court, would be insufficient to counter the statements and
documentary evidence set forth in the Buysman Declaration.

        Fourth, any alleged unrecorded transfer of title to Debtor personally
was ineffective. See In re Farokhirad, Case No. 8:21-bk-10026-MW, ECF No.
98 (Bankr. C.D. Cal. Apr. 29, 2021) (sustaining a trustee's objection to an
individual debtor's claimed homestead exemption in property held by a wholly
owned LLC, and indicating that a provision of the LLC agreement purporting
to transfer an interest in the property to the debtor prepetition was ineffective
because an unrecorded deed could not bind the trustee). In California,
unperfected (i.e. unrecorded) liens against real property are unenforceable
against a bona fide purchaser for value, and Trustee is "clothed with the
status of a hypothetical bona fide purchaser of real property under Section
544(a)(3). In re Tleel, 79 B.R. 883, 887 (B.A.P. 9th Cir. 1987); Cal.Civ.Code
§§ 1214, 1217. Section 544, however, must be applied "without regard to any
knowledge of the trustee or of any creditor." 11 U.S.C. § 544(a). Therefore,
actual notice cannot overcome the Trustee's bona fide purchaser status. In re
Tleel, 876 F.2d 769, 772 (9th Cir. 1989). Pursuant to Section 544, the trustee

---

EXHIBIT 2, PAGE 46

## United States Bankruptcy Court
### Central District of California
**Santa Ana**
**Erithe Smith, Presiding**
**Courtroom 5A Calendar**

---

**Thursday, July 21, 2022**                                    **Hearing Room        5A**

---

<u>10:30 AM</u>
**CONT...      Jamie Lynn Gallian**                                                     **Chapter 7**

is treated as a lien creditor and/or bona fide purchaser as of the date of the commencement of the case. In re Tleel, 79 B.R. 883, 886 (B.A.P. 9th Cir. 1987).

While Debtor asserts the Property was actually transferred from J-Sandcastle LLC to Debtor on February 25, 2021, the transfer was not recorded until after the Petition Date. Hays Decl., Ex. 19 at 145. As such, Trustee would be treated as a bona fide purchaser as of the Petition Date.

In conclusion, Debtor failed to carry her burden because, on the Petition Date, the Property's registered owner was J-Sandcastle LLC, and the legal owners were Pierpont and J-Pad, LLC. As a result, the Property was not part of the estate and not eligible for an exemption.  The court, therefore, need not address Movant's alternative argument re 11 U.S.C. 522(p) except to say that had Debtor provided sufficient evidence of a transfer on February 25, 2021, the limitations of 522(p) would have applied.

| Party Information |
|---|

**<u>Debtor(s):</u>**

Jamie Lynn Gallian                          Pro Se

**<u>Trustee(s):</u>**

Jeffrey I Golden (TR)                       Represented By
                                            Aaron E DE Leest
                                            Eric P Israel

EXHIBIT 2, PAGE 47

# EXHIBIT 3

| | |
|---|---|
| **From:** | Ed Hays <EHays@MarshackHays.com> |
| **Sent:** | Wednesday, July 27, 2022 9:20 AM |
| **To:** | Jamie Gallian; Bradford N. Barnhardt; Laila Masud |
| **Subject:** | Gallian |

Jamie:

Last week, you filed a notice of appeal. An appeal generally divests the trial court from having jurisdiction over the matters covered in the appealed order. The pendency of the appeal will prevent the court from reaching the merits of the motion for reconsideration you filed yesterday. A motion for reconsideration is also known as a motion to alter or amend a judgment.

I suggest that we enter a stipulation that provides that the appeal will be dismissed without prejudice so that the court can hear your motion for reconsideration. Your time to appeal the original order and any order on reconsideration runs from the date of entry of the order on reconsideration.

> (1) *In General*. If a party files in the bankruptcy court any of the following motions and does so within the time allowed by these rules, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:
> **\*\*\***
> (B) to alter or amend the judgment under Rule 9023;

FRBP 8002.

While we do not believe that the court will grant your motion for reconsideration, we do not object to the court resolving the motion on the merits.

Please let me know if you agree and, if so, we can send you a proposed stipulation. If you do not agree, then our opposition to your motion for reconsideration will have to point out to the court that it does not have jurisdiction to decide the motion.

Thank you.

Ed

EXHIBIT 3, PAGE 48

**EXHIBIT 4**



# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620.

A TRUE AND CORRECT COPY OF THE FOREGOING DOCUMENT ENTITLED: RESPONSE TO DEBTOR'S
NOTICE AND MOTION FOR RECONSIDERATION OF 7.21.22 ORDER SUSTAINING HOUSER
BROS. CO. DBA RANCHO DEL REY MOBILE HOME ESTATE'S OBJECTION TO DEBTOR'S
CLAIMED HOMESTEAD EXEMPTION; DECLARATION OF D. EDWARD HAYS IN SUPPORT
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **August
4, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**: On **August 4, 2022**, I served the following persons and/or entities at the last
known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed
envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here
constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**DEBTOR**
JAMIE LYNN GALLIAN
16222 MONTEREY LN UNIT 376
HUNTINGTON BEACH, CA 92649

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to
F.R.Civ.P. 5 and/or controlling LBR, on **August 4,  2022**, I served the following persons and/or entities by personal
delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission
and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the
judge <u>will be completed</u> no later than 24 hours after the document is filed.

PURSUANT TO THE COURTROOM POLICIES AND PROCEDURES OF THE HONORABLE ERITHE A. SMITH,
COURTROOM 5A, §VIII. JUDGES' OR COURTESY COPIES, EXCEPT FOR DOCUMENTS 200 PAGES OR OVER,
INCLUDING EXHIBITS, JUDGE SMITH **DOES NOT** REQUIRE JUDGES' COPIES.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 4, 2022 | Layla Buchanan | */s/ Layla Buchanan* |
|----------------|----------------|----------------------|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

1. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>: CONTINUED:
   - **ATTORNEY FOR TRUSTEE JEFFREY I GOLDEN (TR):** Aaron E DE Leest adeleest@DanningGill.com, danninggill@gmail.com; adeleest@ecf.inforuptcy.com
   - **ATTORNEY FOR CREDITOR and PLAINTIFF THE HUNTINGTON BEACH GABLES HOMEOWNERS ASSOCIATION:** Robert P Goe kmurphy@goeforlaw.com, rgoe@goeforlaw.com; goeforecf@gmail.com
   - **TRUSTEE JEFFREY I GOLDEN (TR):** Jeffrey I Golden (TR lwerner@wgllp.com, jig@trustesolutions.net; kadele@wgllp.com
   - **ATTORNEY FOR PLAINTIFF HOUSER BROS. CO.:** D Edward Hays ehays@marshackhays.com, ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com
   - **ATTORNEY FOR CREDITOR and PLAINTIFF THE HUNTINGTON BEACH GABLES HOMEOWNERS ASSOCIATION:** Brandon J Iskander biskander@goeforlaw.com, kmurphy@goeforlaw.com
   - **ATTORNEY FOR TRUSTEE JEFFREY I GOLDEN (TR):** Eric P Israel eisrael@DanningGill.com, danninggill@gmail.com; eisrael@ecf.inforuptcy.com
   - **ATTORNEY FOR PLAINTIFF HOUSER BROS. CO.:** Laila Masud lmasud@marshackhays.com, lmasud@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com
   - **ATTORNEY FOR DEFENDANT RANDALL L NICKEL:** Mark A Mellor mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com
   - **INTERESTED PARTY COURTESY NEF:** Valerie Smith claims@recoverycorp.com
   - **U.S. TRUSTEE:** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

4884-4060-6253, v. 1

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                       **F 9013-3.1.PROOF.SERVICE**

**EXHIBIT 3**

1 | D. EDWARD HAYS, #162507
ehays@marshackhays.com
2 | LAILA MASUD, #311731
lmasud@marshackhays.com
3 | BRADFORD N. BARNHARDT, #328705
bbarnhardt@marshackhays.com
4 | MARSHACK HAYS LLP
870 Roosevelt
5 | Irvine, CA 92620
Telephone: (949) 333-7777
6 | Facsimile: (949) 333-7778

7 | Attorneys for Movant and Creditor,
HOUSER BROS. CO. dba RANCHO DEL
8 | REY MOBILE HOME ESTATES

**FILED & ENTERED**

**AUG 05 2022**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY jle          DEPUTY CLERK

9 |     UNITED STATES BANKRUPTCY COURT

10 |     CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

11 | In re                                    Case No. 8:21-bk-11710-ES

12 | JAMIE LYNN GALLIAN,                      Chapter 7

13 |         Debtor.                          ORDER GRANTING HOUSER BROS. CO.
                                              DBA RANCHO DEL REY MOBILE HOME
14 |                                          ESTATES'S MOTION OBJECTING TO
                                              DEBTOR'S CLAIMED HOMESTEAD
15 |                                          EXEMPTION IN 16222 MONTEREY LANE,
                                              SPACE #376, HUNTINGTON BEACH, CA
16 |                                          92649, DOCKET NO. 95

17 |                                          HEARING DATE
18 |                                          Date:   July 21, 2022
                                             Time:   10:30 a.m.
19 |                                          Ctrm:   5A
                                             Location: 411 W. Fourth Street, Santa Ana, CA
20 |                                          92701

21 |

22 |         On May 12, 2022, Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates

23 | ("Houser Bros.") filed a "Motion Objecting to Debtor's Claimed Homestead Exemption"

24 | ("Motion"). Docket No. 95. The Motion was set for hearing on June 2, 2022, at 10:30 a.m.

25 | Docket No. 99.

26 |         On May 13, 2022, The Huntington Beach Gables Homeowners Association ("HOA")

27 | filed a "Joinder to Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates' Motion

28 | Objecting to Debtor's Claimed Homestead Exemption" ("HOA Joinder"). Docket No. 98.

1

Case 8:23-cv-00001-DSF   Document 16-2   Filed 05/24/23   Page 62 of 177   Page ID #:2826
Case 8:23-cv-00001-DSF   Document 12-15   Filed 04/20/23   Page 3 of 13   Page ID #:1471

Case 8:21-bk-11710-ES   Doc 177   Filed 08/05/22   Entered 08/05/22 12:28:04   Desc
Main Document   Page 2 of 12

1    On May 16, 2022, Janine Jasso ("Ms. Jasso," and together with the HOA, the "Joining

2  Parties") filed a "Joinder to Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates'

3  Motion Objecting to Debtor's Claimed Homestead Exemption" ("Jasso Joinder"). Docket No.

4  100.

5    On June 1, 2022, Jamie Lynn Gallian ("Debtor") filed "Debtors Reply Opposition,

6  Memorandum of Points and Authorities to Houser Bros. Co. dba Rancho Del Rey Mobile Home

7  Estates' Motion Objecting to Debtor's Claimed Homestead Exemption and Joinder Parties

8  Huntington Beach Gables HOA; Janine Jasso" ("Opposition"). Docket No. 105.

9    On June 2, 2022, at 10:30 a.m., the Court conducted a hearing on the Motion. All

10  appearances were as noted on the record. Before the hearing, the Court published a tentative

11  ruling to continue the hearing on the Motion to July 21, 2022, at 10:30 a.m. to allow Houser

12  Bros. and the Joining Parties to file a reply to Debtor's late Opposition. The Court's tentative

13  ruling cautioned that "[n]o other pleadings may be filed," and that "in the future, the court will

14  not consider any pleadings filed by Debtor after the day they are due."

15    On June 23, 2022, the Court entered an "Order Continuing Hearing on Motion Objecting

16  to Debtor's Claimed Homestead Exemption" ("June 23, 2022, Order"), which attached a copy

17  of the Court's tentative ruling for the June 2, 2022, hearing. Docket No. 124. The June 23, 2022,

18  Order, provided as follows:

19    1)    The hearing on the Motion is continued to July 21, 2022, at 10:30 a.m. to allow

20        Houser Bros. and/or the Joining Parties to file a reply/replies to Debtor's late

21        opposition filed on June 1, 2022;

22    2)    Any replies by Houser Bros. or the Joining Parties must be filed by July 7, 2022;

23        and

24    3)    No other pleadings may be filed regarding the Motion. Docket No. 124.

25    On June 30, 2022, Chapter 7 Trustee Jeffrey I. Golden filed "Trustee's Joinder in Houser

26  Bros. Co. dba Rancho Del Rey Mobile Home Estates' Motion Objecting to Debtor's Claimed

27  Homestead Exemption" ("Trustee Joinder"). Docket No. 128.

28

ER 000859
000401

Case 8:23-cv-00001-DSF   Document 16-2   Filed 05/24/23   Page 63 of 177   Page ID #:2827
Case 8:23-cv-00001-DSF   Document 12-15   Filed 04/20/23   Page 4 of 13   Page ID #:1472
Case 8:21-bk-11710-ES   Doc 177   Filed 08/05/22   Entered 08/05/22 12:28:04   Desc
Main Document   Page 3 of 12

1    On July 7, 2022, the HOA filed a "Reply to Debtor's Opposition to Motion Objecting to

2  Debtor's Claimed Homestead Exemption" ("HOA Reply"). Docket No. 129.

3    That same day, Houser Bros. filed:

4    1)    "Reply to Debtor's Opposition to Motion Objecting to Claimed Homestead

5        Exemption" ("Houser Bros. Reply"), Docket No. 130;

6    2)    "Declaration of Vivienne J. Alston Re: Motion Objecting to Debtor's Claimed

7        Homestead Exemption" ("Alston Declaration"), Docket No. 131;

8    3)    "Declaration of Greg Buysman Re: Motion Objecting to Debtor's Claimed

9        Homestead Exemption" ("Buysman Declaration"), Docket No. 132; and

10    4)    "Declaration of Chris Houser Re: Motion Objecting to Debtor's Claimed

11        Homestead Exemption" ("Houser Declaration"), Docket No. 133.

12    On July 8, 2022, Debtor filed an unauthorized "Reply to Greg Buysman, CA Notary

13  Public Commission Number 2341449; Owner & Operator the UPS Store, Edinger/Springdale."

14  Docket No. 134.[1]

15    Before the July 21, 2022, hearing, the Court published a tentative ruling to grant the

16  Motion. A true and correct copy of the Court's tentative ruling for the July 21, 2022, hearing is

17  attached as **Exhibit 1**.

18    On July 21, 2022, at 10:30 a.m., the Court held a continued hearing on the Motion.

19  Appearances were as noted on the record. During the hearing, all parties were given an

20  opportunity to be heard. The Court, having read and considered the Motion, the HOA Joinder,

21  the Jasso Joinder, the Opposition, the Trustee Joinder, the HOA Reply, the Houser Bros. Reply,

22  the Alston Declaration, the Buysman Declaration, and the Houser Declaration, and all other

23  pleadings and papers filed in this case, and having heard the arguments made on the record

24  during the July 21, 2022, hearing, for the set forth in the motion and reply papers, the attached

25  tentative ruling, and on the record during the hearing, the Court enters its order as follows:

26  _____

27  [1] The Court did not formally consider this pleading because Debtor filed it in violation of the June 23, 2022, Order's requirement that no other pleadings were to be filed other than replies by Houser

28  Bros. and the Joining Parties. Even if the Court were to consider this improper pleading, the evidence presented therein would have been insufficient to alter or change the Court's ruling.

3

1       IT IS ORDERED that the Motion is granted and Houser Bros.'s objection in the Motion

2  to Debtor's claimed homestead exemption in 16222 Monterey Lane, Space #376, Huntington

3  Beach, CA 92649 pursuant to § 704.730 of the California Code of Civil Procedure is sustained.

4  Any claim of exemption by Debtor in the Property is disallowed.

5                # # #

Date: August 5, 2022

Erithe Smith
United States Bankruptcy Judge

4

EXHIBIT  1

Case 8:21-bk-11710-ES   Doc 177   Filed 08/05/22   Entered 08/05/22 12:28:04   Desc
Main Document    Page 6 of 12

**United States Bankruptcy Court**
**Central District of California**
Santa Ana
**Erithe Smith, Presiding**
**Courtroom 5A Calendar**

---

**Thursday, July 21, 2022**                                        **Hearing Room        5A**

---

<u>10:30 AM</u>
**8:21-11710    Jamie Lynn Gallian**                                               **Chapter 7**

#32.00    /01234ĀV" C<=!Ā87+Ā/C"B<>$CĀV$ED"CĀTC$DFĀ/$FĀBK Ā8 =GJ$ĀǮǨĀ8ĀH
V$9"Ā7D> >"DĀ.$><$=Ā0KQ"G><=!Ā>$Ā4"K>$C2DĀ/; <9"BĀV$9"D $.>BǮǮP"

68+ĀŁ(Ц((

Docket       95

**Courtroom Deputy:**
  - NONE LISTED -

**Tentative Ruling:**

(! ĀĀ "%ǮǮ""

/$=><=E"Ā" C<=!Ā~$ĀOE(ǱǮǮ((Ā >Ā#)+I)Ā F9FĀ~$Ā;$NĀ$A =>'O$<=<=!Ā
Ā C><"DĀ~$Ā%<;"Ā ĀC"::HĀ>$Ā4"K>$C2DĀ; >"Ā$::$D<~~"$#ĀǮ(;((ǮǱ~ǱǶǺǯĀ
C"::H?<"D@Ā9ED>ĀK"Ā%<;"BĀKHĀOE;HĀ&MĀ()((FĀĀ1$Ā$+HĀǮ%Ā%Ǯ~"~ǱǱĀǱ

<u>T D<DĀ%$CĀ3"=> ><A"Ā8E;<=!</u>

#F T"G ED"Ā4"K>$CĀ%<;"BĀJ"CĀ$::$D<><$=Ā$="ĀB HĀ:C<$CĀǮǱǱ~:JĀ~$~GǱEC>
J DĀ=$>ĀJ BĀ =Ā$::$C>E=<>HĀ>$ĀC"A<"NĀ<>Ā =BĀ>J"Ā.$A%<ǮǱEJĀ~Ǳ~>ǱĀ
$::$C>E=<>HĀ~$Ā%<;"Ā ĀC"::HĀ>$Ā4"K>$C2DĀ~>~~ǱǶǱǼǮ"ǮRCE.>GH
8E;"DMĀ>J"ĀGE$EC>Ā9 HĀPG;Ǽǯ;"ǮĀ"BĀ:;" B<=!DĀ =BĀ=$>ĀGE$D=D<B"CĀ~J"9Ā >Ā ;;F
0=Ā~J<Ǯ~Ā~ĀGG DD<$~WĀMĀGE$EC~ĀǱNR"Ā =Ā"PG":><$=ĀĀBĀ;;$NĀ~J"
$::$D<>$<>$~<$Ā$~~ĀF~~Ā"A"ǮCMĀ<=Ā~J"Ā%E>EC"MĀ~J"ĀGE$EC>ĀN<;;Ā=$>ĀGE$D=D<B"CĀ =HĀ:;" B <=!D
%<;"BĀKHĀĀ4"K>$CĀ%>"CĀ"ǮCĀ~J"ĀB HĀ>J"HĀ C"ĀBE"F

(F  T D"BĀD$;";"HĀ$=Ā>J"Ā<>9";HĀ%<;"BĀ.$><$~Ā =BĀQ$<=BĀǮǮǮǱ~$~~~ĀJĀ~$GEC>
<=G;<="Ǯ~$Ā!C =Ā~"Ā$~$$<$F
LLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLLL

(!&' Ā"$%Ā"#""

WC =>Ā>J"Ā.$><$=Ā$KQ"G><=!Ā>$Ā4"K>$C2DĀJ$9"D>" BĀ"ǮǮB.><$=ĀG; <

---

EXHIBIT 1, PAGE 5

ER 000863

000405

Case 8:21-bk-11710-ES   Doc 177   Filed 08/05/22   Entered 08/05/22 12:28:04   Desc
Main Document   Page 7 of 12

**United States Bankruptcy Court**
**Central District of California**
Santa Ana
Erithe Smith, Presiding
Courtroom 5A Calendar

**Thursday, July 21, 2022**                                    **Hearing Room      5A**

10:30 AM
CONT...      **Jamie Lynn Gallian**                                        Chapter 7

Case 8:21-bk-11710-ES   Doc 177   Filed 08/05/22   Entered 08/05/22 12:28:04   Desc
Main Document    Page 8 of 12

**United States Bankruptcy Court**
**Central District of California**
Santa Ana
Erithe Smith, Presiding
Courtroom 5A Calendar

---

| Thursday, July 21, 2022 | Hearing Room | 5A |
|---|---|---|

10:30 AM

**CONT...    Jamie Lynn Gallian**                                                                 **Chapter 7**

$E>!>? =ĀN ?VEG<@IKĀ<"Ā>%@3$?'HĀQĀ-L&Ā8H(DĀ--WQĀ-&)ĀAO@MĀ/>EHĀ#OW)BHĀ
/ =>%$E?> ĀM FQĀ×ĀEĀBĀ*((ANBĀ#BQĀM FĀ^$<@"DĀ$G@^Ā$%Ā@M"Ā%"D"E =Ā
"T";<@>$?ĀFIM";"Ā ?DĀ@M"E"%$E"Ā/ =>%$E?> ĀD"N@$EFĀ;KĀ@M$Ā§Ā=
"T";<@>$?FĀ ==$R N="ĀG?D"EĀ/ =>%$E?> Ā= RH

#H \$GF"EĀXE$FĀM FĀF@ ?D>?!Ā@$ĀNE>?!Ā@M"Ā.$@>$?

8:XÀĀ,))LANBĀ<E$C>DĀ@Ā @ĀE@KĀ×Ā?@"E"FQĀ%>="DĀ§ĀNU"I@>$?Ā@$Ā
@M"Ā=>F@Ā$%Ā<E$<"E@Ā=KĀ=Ā >;"DĀNKĀD"N@$EĀ FĀ"T";HĀ@>HĀ)DHĀIBHĀ×
\"E"QĀ\$GF"EĀXE$FĀFĀ>FĀI"@ >?=KĀ Ā< E@@KĀ>?Ā>?@"ĀTĀ@>HĀ§Ā×EĀ@QĀ\$GF
IE"D>@$EHĀ]?ĀM"EĀ6;"?D"DĀ5IM"DG="FĀYDV@HĀ&*ZQĀ4"NĀ@$XEĀFHĀ@"DĀ\$G
IE"D>@$EĀ@>MĀ IĀ$?@>?!"?@QĀG?=>`G>D @"DQĀD@ĀFĀ@>QĀ\$AE$=×"§@%KĀ
$%ĀG?V?$R?Ā ;$?@ĀH5"I$?DQĀ0?ĀS ?G EKĀ(QĀ()#OQĀ\$GFDĀ×ĀXE$FHĀ%>=
^/$;<= >?@Ā%$EĀ8$EI>N="Ā9?@"EK"4"@ >?"EĀ.$N>="M$;"ĀÀĀEVBĀ^ĀA^0/5
/$;<= >?@^BĀ ! >?F@ĀA4"N@$EĀ?A?0E ?!"Ā/$G?@KĀA5G<"E>$EĀIĀ$Ā@QĀ/ F
L) R)#)O P)#),#,(L    P[ F74 PS/ĀA^0/5/Ā6I@>$?^BHĀ KFĀ4"I= E @>$?QĀ9THĀLH
4"N@$EĀ$EaFĀI= >;"DĀM$;"ĀF@" DĀ"T";<@>$?QĀ>%Ā ==$R"DQĀĀTĀEĀ×ĀENFFDĀ\$G
:"<=KQ&H

(H 3M"E"Ā>FĀ?$Ā <<=>I N="ĀE"I$ED"DĀM$;"F@" D

_"?"E ==KQĀI= >;"DĀ"T";<@>$?FĀ×EĀEEGĀ;<@>$?C"=KĀC =>D^Ā?DĀM"Ā
$NU"I@>?!Ā< E@@KĀ&=C $EĀMQĀ@M"ĀNGED"?Ā?$Ā$%Ā&<E$%?!Ā@M @ @M"Ā"T";<@>$?Ā>?Ā<$?Ā>$@ĀFĀ
>;<E$<"EHĀ   )# Ā*)&&Q#@#(WĀ8Ā×Ā$QH(OÀ?HĀLĀAO@MĀ/>EHĀ#OOOBJĀ8:XĀĀbĀ
,))LAIBHĀ\$R"C"EQĀ@M"Ā5G<"E";"Ā/$GEF@ĀAĀ/)Ā$H Ā'-- (0 !Ā7#,&Ā0+Ā4#1#(Ā@H
*L)Ā75Ā#*QĀ(R)#ĀA())B M"=DĀ@M @ĀN"I GF"ĀNGED"?Ā?$Ā$%Ā<E$%F%KĀFĀFĀFĀFĀFĀGNFĀ@ ?@>?"?Ā
@M"Ā NF"?I"Ā$%Ā Ā%"F @ĀGE"Ā>E>?!ĀBĀ>E>?!Ā@AEE<Ā@O=Q
==$I @>?$$>$Ā$%Ā@M"Ā×E!QĀ×FĀFĀFĀFĀFĀFĀ7FGFQĀ(ĀFĀNU"I@>$?Ā@$Ā
1>?@@M@>EIG>@ĀAX ?VEG<@IKĀA6<<"==" @"ĀIĀ?!$I=GD@@A@ĀM"Ā
"T";<@>$?ĀF@ @@G@G@"ĀĀ%Ā E" E@@KĀEQĀ§Ā×I$D">$"="I=KQĀ
8:XĀĀbĀ,))LAIBĀAD$"FĀ"FĀ?$@Ā@>@Ā@M"Ā×$=@=@I @>>@I×Ā& XHĀ(L ( OQĀ
LL&ĀAXH6HĀĀĀHĀO@M"Ā/>)QĀ$%?$"FFĀ<"E ?DĀFĀ""="F$@QĀ<E$<"E@Ā<E@KĀGE
/$GE@I@>@>HH@>?ĀD"F<>@"Ā@M"Ā×@$@<<@@G×Ā=>";Ā×EGE$FQ
$?Ā@M"Ā<< E E>>?Ā§@@>Ā$@!>!QĀ>$"M@<"EE<>EE@QĀĀ%@@><EGGE"F
"T";<@>$?FHĀ,))L!AIBQ@@GGE$D"FĀ$@<E@GNQĀ&=@@>NEQ§§@@$@@$G"@>?
5$(@FĀD=@Ā×I<@$HĀ=HĀ=H6<<ĀHĀ,@@MĀ@W@@QĀ@W@@><$?@)##BH

---

# United States Bankruptcy Court
## Central District of California
### Santa Ana
### Erithe Smith, Presiding
### Courtroom 5A Calendar

| **Thursday, July 21, 2022** | **Hearing Room** | **5A** |
| --- | --- | --- |

<u>10:30 AM</u>
**CONT...**    **Jamie Lynn Gallian**                                              **Chapter 7**

ÃFDEF >?Ã?$Ã/ <GÃ/=BGÃÃD$HGÃ/$C"Ã]Ã&),G&U)@ APÃ?!$ÃMÃ"DC">Ã?$ÃEL
C"M?$D2EÃ">?=?<":">?Ã?$Ã ÃL$:"E?" CÃ"R":;?=$>ÃD"E?EÃQ47$ÃDÃFÃC"EEÃ Ã
C"H< D"CÃL$:"E?" CÃL EÃM"">ÃD"H$DC"CGÃ/ <GÃ/=BGÃÃD$HGÃ$C%0@ÃJÃ%ÃÃ
3L"Ã$MS"H?=>!Ã; D?JÃ>""CÃ$><JÃ;D$B=C"Ã"B=C">H"ÃEF%%ÃAÃ*LÃ">?Ã?$Ã:"
[;D";$>C"D >H"Ã$%Ã"ÃB€C">H"[Æ? > C DC%ÃÃ)"Ã9"--"8$Ã)ÃÃVG9GÃ##PÃ#-Ã@N?LÃ
/=DGÃVG6GÃGÃ())KAGÃZ%Ã?L"Ã$MS"H?=>!Ã; D?JÃ$CEF!MÃ?Ã?$LCÃH"Ã?$Ã
H< =:"CÃR":;?=$>$PÃ?L"Ã!MDC">Ã$%$Ã%CÃ$FH?=$#Ã>$#$ÃEL=%?Ã"Ã"M?$D$Ã
C":$>E?D ?"Ã?L"Ã"R":;?=$>Ã=EÃ;D$$"DGÃ7"CGÃ9GÃ8B=CGÃ0Ã$M!E2EÃ3L"Ã
E? >C DCÃ$Ã$$%%ÃEÃ <5Ã; D'; $>C" D >H Ã$%ÃL"ÃB€C">H' Ç; :("#"ÃÃ&+"!Ã";Ã
)"-Ã<+)*")!Ã/2*"Ã6#* (.Ã3.Ã6)(2-#Ã7Ã4+%")Ã<+)*!$  #&&ÃV GÃ, UPÃ", Ã%?2Ã
/=DGÃV6ÃÃ#NN,AG

Y"D"PÃ4"M?$DÃM" DEÃ?L"ÃMFDC">Ã$%Ã;D$$%Ã%Ã?$ÃEL$QÃ"Ã?=?<":">?Ã?$Ã
L$:"E?" CÃ"R":;?=$>ÃM"H FE"Ã?L"$Ã/$F>?JÃ3D" EFD$DÃÃ/$<<"H?$$DÃ
D"H$DCEÃ$CÃ$>?Ã=>C=H ?"Ã?L ?Ã?L"D"=EÃ Ã[HFDD">?Ã?L=$=$$GÃ$$DÃ"Ã"R
C=E M <"ÃB"?"D >\EÃ"R":;?=$>[Ã%$DÃL"ÃÃD$";"D$JGÃ6Ã;!&$(Ã$%ÃPLÃÃ(<Ã
%$DÃ?L"ÃÃD$$;"?D?JÃ=EÃ ?? HL"CÃ?$Ã?L"ÃAY JEÃ4"H< D ?Ã$$ÃÃEÃ8RL=M=?

6<?L$F!LÃ4"M?$DÃH< =:EÃ?Ã$ÃL B"ÃD"H$DC"CÃCÃ ÃY$:"E?" CÃ4"PÃÃD ?=$>
EL"Ã<C=ÃE$ÃÃQ=?LÃ?L"À0D >!"Ã$F>?Ã$$H"PDPÃ>?Ã?L"À0D >!"Ã/$F>?JÃ
3D" EFD$DÃR$Ã$<<"H?$$DGÃ4"H< D"CÃ CÃD"$?Ã$Ã :;<="C Ã;$Ã">=Ã<"ÃÃ
ÃM >TDF;?HJÃ?DFEÃ"'GÃÃ)"Ã+ (PÃ*U,ÃVG9GÃÃK(*PÃK(NÃ@V >TDGÃA5G4GÃ/ <GÃ
()#UAÃ@=>C=H > ?=>!Ã?L ?Ã$><JÃ<JÃ; D$= FÃ?$ Ã F?$: ?=HÃL$:"E?" CÃ Ã$CM"M
QL$ÃL"C"Ã<ÃL"Ã"$+$)%-$%(ÃD$Ã$$H":;?=$$;"!Ã F?$: ?=HÃH$L%!?=ÀÃ
"<"H?$$CÃL"H< D"Ã">=$ÃL$:"$"CÃ"R":;?=$>[Ã;$H"ÀÃ%Ã">=P$#$#$ÃD">$
L$:"$" CÃ"R":;?=$>Ã;?=$>[Ã; C"$$D#$" ?=$>ÃFEHD?="DÃ"D#C"ÀÃ"#$ÃÃ
9"--"8Ã3.Ã520%"Ã=<Ã(Ã)"À9"--"K)ÃÃVG9GÃÃ##PÃ(#Ã@ÃVG6GÃGÃN?LÃ=>DGÃA())KÃA@>$?=>!Ã
?L ?Ã==>?L"ÃM >TDF;?HJÃ>?"CÀÃ>"?$;$"Ã M"D$$C"D$=$#Ã" C>">%$Ã<"ÀÃ
>$?Ã?Ã <<PÃ EÃ<L$$ CC=?=$>Ã CC=?=$>Ã<"Ã$&EÃ:$#%'Ã$%$Ã&!%%+JÃ
&),GN#)Ã),GNN*XÃQ$F<C"C"ÃM":$">%%:"Ã?=<$?=$>$"Ã<?=%#Ã%">J!H.$@#"$="
3L"D"%$D"Ã?L"ÃMFDC">Ã$%;D$$%Ã%Ã>$%%Ã%$?Ã?=?L$#$$"Ã"À?=$$" CÃ" CÃ">" CÃ">" CÃ">C

KG  4"M?$DÃ% =<"CÃÃ?Ã":="CÃ:$H$#"#$(">&!"$D?#:(Ã?L"$"<C$;;=">=
<u>EFMS"H?Ã?$$"Ã"$?Ã">=$>$#$($$#$</u>

Z>ÃÃÃ)"ÃÃÃ1+",")!$ÃL"Ã1=>?LÃ/=DHF=?>=?GL/=/=DHF=?Ã$FH?=$#ÃH= <=$$Ã$#$##Ã

EXHIBIT 1, PAGE 8

# United States Bankruptcy Court
## Central District of California
### Santa Ana
### Erithe Smith, Presiding
### Courtroom 5A Calendar

**Thursday, July 21, 2022** **Hearing Room 5A**

10:30 AM

**CONT...** **Jamie Lynn Gallian** **Chapter 7**

H >>$?ĀH< =:ĀL$:"E?" CĀ"S":;?=$>Ā=>Ā<=:=?"CĀ<= M=<=?JĀM$ĀAĀ?ĀL"Ā
$Q>"CPĀQL=HLĀ$Q>"CĀD" <Ā;D$;"D?JĀ ?ĀQL=HLĀC"M?$DĀDĀC=C"C>$CĀM?$
=C">?=%JĀ >JĀM">"%=H= <Ā$DĀ"ZF=? M<"Ā=>?"D"E?Ā>CĀVV/Ā;D$;"D?JĀPĀ
EFHLĀ EĀC"M?$DĀL CĀ>$Ā=>?"D"E?Ā=>Ā?L"ĀH$:; >J2EĀ ĀC"M?$D2EĀ"DP
=>?"D"E?Ā=>ĀVV/ĀQ EĀ Ā;"DE$> <Ā;D$;"D?JĀ=>?"D"E?Ā$FE$DJĀ?L"ĀE?
C"%=>=?$%ĀL$:"E?" CGĀ(KĀUG9&Ā&@UG6ĀNGĀDG)AGĀ

W"D"PĀ4"M?$DĀL EĀ% =<"CĀ?$Ā:""?ĀL"DĀMFDC">Ā?L ?ĀL"ĀWD$H"D?JĀ=E
?$Ā"S":;?=$>GĀ7=DE"?PĀW/4ĀD"H$DCEĀEL$QĀ ?L ?ĀRE?<"ĀVV/PĀ>$?Ā4"M?$DPĀ
Q EĀ?L"ĀÀD$;"D?J[EĀ$Q>"DĀ$%ĀD"H$DCĀ$>Ā?L"ĀÀ"?=?=$>Ā4 ?"GĀ(#Ā$%Ā
M$F?Ā Ā:$>?LĀM"%$D"Ā?L"ĀÀ"?=?=$>Ā4 ?"PĀ;D$;"D?J[EĀD"!=E?"D"CĀ$Q>"DĀQ EĀ
RO >CH E?<"ĀVV/PĀ>CĀ?L"Ā"! <Ā$Q>"DĀ$%Ā"D"ĀÀ=D;$>?Ā >CĀ CĀVV/GĀW JE
4"H<GPĀ8SGĀ#&Ā ?Ā#,(GĀ3L"ĀW/4ĀQ"M; !"Ā=>C=H ?"EĀ?L ?ĀC$HF:">?E
:FE?ĀM"ĀEFM:=??"CĀ?$ĀVL4Ā?$Ā?DE%"DĀ$Q>"DEL=;Ā$%Ā Ā:>FD"CĀL$:"
$DĀ: >F% H?FD"CĀL$:"GĀ3L"ĀRF>"Ā&PĀ()(#PĀ3=?<"Ā5" DHLĀ?D=CĀ>$?Ā>$
;">C=>!Ā;;<=H ?=$>EĀ$DĀ?$DĀD"!=E?D ?=$>Ā?L ?Ā=!L?ĀL B"ĀCC"C
4"M?$DĀ EĀ?L"ĀD"!=E?"D"CĀ<"! <Ā$Q>"DĀ$%Ā?L"ĀÀD$;"D?JĀM"%$D"Ā?L"
4 ?"GĀ6>CPĀ4"M?$DĀ; =CĀ>$Ā%""EĀ?$Ā?L"ĀW/4ĀM"?Q"">ĀRF>"Ā&PĀ()(#P
À"?=?=$>Ā4 ?"Ā?L ?ĀH$F<CĀL B"Ā"%%"H?F ?"CĀ Ā?ĀÀĀWHLĀ4"H<GPĀ8SG
(-G

.$D"$B"DPĀ?L"ĀRF<JĀ()(#ĀW/4Ā3D >E H?=$>ĀL CĀ Ā?D >E H$%$>ĀC ?"Ā
RF<JĀ#,PĀ()(#%=B"ĀC JEĀ %?"DĀ?L"ĀÀ"?=?=$>Ā4 ?"FC"CĀ H D%H ?"Ā$%Ā
?=?<"ĀEL$Q=>!ĀRC E?<"ĀVV/Ā EĀ?L"ĀÀD$;"D?J[EĀD"!=E?"D"CĀ$Q>"DĀ >CĀ
À=D;$>?Ā >CĀ CĀVV/Ā EĀ?L"ĀÀD$;"D?J[EĀ<"! <Ā$Q>"DEGĀW JEĀ4"H<GPĀ8SGĀ(#Ā ?Ā
#&#GX>H<FC"CĀ=>Ā?L=EĀ?E$>Ā?D >E H?=$>ĀQ EĀ ĀC$HF:">?Ā?$Ā CCĀ4"M?$D
EĀ?L"ĀÀD$;"D?JĀY1"QĀ?"?"D"CĀ0Q>"DGYĀ?Ā#&(GĀ6<E$Ā ?? HL"CĀQ EĀ
/$F>?JĀ$%Ā0D >!"ĀY3 SĀ/<" D >H"Ā/"D?=%=H ?"YĀ=EEF"CĀ >CĀ$%ĀE?"
À"?=?=$>Ā4 ?"PĀQL=HLĀ! B"Ā?L"ĀÀD$;"D?J[EĀY/FDD">?Ā9">"D "DĀQ
5 >CH E?<"ĀVV/GĀ ?Ā#N#GĀ3L"Ā6F!FE?Ā()(#ĀW/4Ā3D >E H?=$>ĀC=CĀ=>H<FC"Ā
H"D?=%=H ?"Ā$%Ā?=?<"ĀEL$Q=>!Ā4"M?$DĀ EĀ?L"ĀÀD$;"D?J[EĀD"!=E?"D"
HH$DC=>!Ā?$Ā?L"ĀH"D?=%=H ?"PĀ?=?<"ĀQ EĀ=EEF"CĀ$>Ā6F!FE?ĀKPĀ()(
:$>?LĀ %?"DĀ?L"ĀÀ"?=?=$>Ā4 ?"GĀW JEĀ4"H<GPĀ8SGĀ((Ā ?Ā#N*G

5"H$>CPĀM"?Q"">Ā7"MDF DJĀ#PĀ()(#PĀ >CĀ?L"ĀÀ"?=?=$>Ā4 ?"PĀ <<Ā
; J:">?EĀ?L ?Ā4"M?$DĀEFM:=??"CĀ?$ĀW$FE"DĀUD$E"CĀH E?<"ĀVV/Ā EĀ
?L"Ā; J$D'Q"D"Ā$>ĀM"L <%Ā$%ĀRC E?<"ĀVV/GĀ0><JĀ %?"DĀ?L"ĀÀ"?=?=$>Ā4 ?"Ā

EXHIBIT 1, PAGE 9

Case 8:21-bk-11710-ES   Doc 177   Filed 08/05/22   Entered 08/05/22 12:28:04   Desc
Main Document    Page 11 of 12

# United States Bankruptcy Court
## Central District of California
### Santa Ana
### Erithe Smith, Presiding
### Courtroom 5A Calendar

---

**Thursday, July 21, 2022**                                    **Hearing Room      5A**

---

10:30 AM
**CONT...     Jamie Lynn Gallian**                                                        **Chapter 7**

D>DÃ4"N@$EÃFGN;>@Ã Ã< K;"?@Ã$?ÃM"EÃ$R?ÃKÃFÃ4%HÃÃ9THÃ(LÃ @Ã
()L R((H

3M>EDQÃ4"N@$EÃ<E$C>D"FÃ?$ÃIE"D>N="Ã"C>D"?!Ã@M ?ÃÃFM"Ã I`G>E"DÃ
>?@"E"F@Ã%E$;Ã@M"ÃZZ/Ã$?Ã8"NEG EKÃ(*QÃ()(#HÃ!?Ã4"NÃ@$EÃFÃ<EQÃ?
%>="DÃ$?@M"ÃÃ"@>@>$?Ã4 @"ÃASG=KÃOQÃ()(#BQÃ?"N@$EÃ$E@$KS%Ã"DQÃAÃ=> ?Ã
<"EUGEKQÃ@M @Ã^":"!>F@"E"DÃ3>@="ÃR>@MÃ[/4Ã4"N@$ÃZZ/QÃFÃ?!="Ã;";N"E
5 ?DI F@="Ã/$QÃZZ/H^Ã.$@>?$?Ã @ÃLLÃÃ9TM>N>@Ã(BHÃQÃ$?Q@M@Q4"N
0<<$F>@>$?QÃ FÃ$5@DI F@="ÃZZ/bFÃ"T"IG@"DÃ Ã?$@ E>a"DÃE="" F"Ã$%Ã&@>@="Ã
D$IG;"?@QÃI= >;>?!+Ã^0?Ã@M"Ã<"@>@>$>?ÃAD @"ÃSG=KÃOQÃ()(#BQ@Q@Q$<"4"Ã"!
$R?"EÃ%@M"ÃAG% I@GE"ÃM$;"Ã$I@@Ã@Ã(((Ã .$?@"E"KÃ ?"Q?Ã>@&Ã-QÃ
[G?@>?!@$?ÃX" IMQÃ6ÃO(-,OÃAndÃE$<"E@KbÃR FÃS ;>"ÃZKbÃR FÃS%Ã=> ?Ã
8"NEG EKÃ(*QÃ()(#QÃ@QÃ@M"ÃR? @>?!ÃE>="Ã/$ÃZZ/ÃF>!?"DÃ @ÃDÃD @"Ã@"DÃ@$Ã$Ã
E="= F"Ã@M"Ã/"E@>%>I @="Ã"@>%>I @"Ã%>I ?%$%ÃZKQ E>a
D @"H^ÃO<<b?HQÃ(OHÃI$R"C"EQÃEHÃXGKF; ?ÃD>DÃ?$@Ã@"Ã9TM@$@"Ã$ E>a
D$IG;"?@@?FHÃ\?F@?QÃEHÃXGKF; ?bFÃ?$@Ã EKÃN$$VÃFRFÃ@@M @QÃ$Q8"NEG E
()(#HÃ@QÃ?$@ E>a"DÃ%$ÃEÃN$%%>D C>@@$#Ã?%Ã^"Q9E"@$="^%QÃ$?Ã4"DÃ3E
4""DH^ÃXGKF; ?Ã4"I=HQÃ&\+LHÃEHÃXGKF; ?$Ã@%$@ E>a"^@@M"Ã"^ÃASG=KÃ((#Ã
[/4Ã5GN;>FF>$?Ã"D@MÃE>="N4"N@$E2Fa>;<E$<"E="KÃ%>="DÃSG=KÃOÃ@"Ã>%Ã
I$?F>D"DÃ"DÃNKÃ@M"ÃÃI$GEÃ@GÃQÃGQ$ @$" @EÃ@"DÃ@Q@%K%%>I@"Ã@M"Ã"AF
D$IG;"?@QÃ?@@ EKÃ"C>D"?!Ã"Ã@%>!Ã$E@M"ÃÃXGKF; ?Ã  ?%"!$"ÃM$"Ã"?$Q^"Ã
<"D>@ EK; FM;;>N"D> F;"@?Q??%@; ?>" #>R>FKD@HÃ

8$GE@MQÃ?$KÃ==""ÃDQED"DHQ@ E ?F%"EÃ$%Ã@>@="$@@M@$$@@4"N@$E<"EF$? ==KÃ
R FÃ>?"%%"@ @%@@MÃ@"Ã!Ã@"(',$ '(" Q/ F" 'A1$HÃW PN#))(- PY QÃ9/8Ã1$HÃ
OWÃXX ?VEHÃHÃ=H<EH@GQ/ #BÃFGF@ >?>?@@EÃ GF@$$NÃU@@$$?>E
>?D>C>DG =ÃD"N@$EbFÃI= >;"DÃ"$?%@M@; MQ"F@@"D GÃQD T"N%"=@$$@@Ã@>@="
$R?"DÃZZ/QÃ?D >?D>I @@@!M?N@ @$GF@ $$T"$$" >? @$">$?$""$>$" %N""X>=="I%=$
@$@Ã@E %F%"Ã?%%"ÃQ?>F$@$E"F@">?@@N="? @>@@$N=@"$>?%$@>$? =$ %%" ?%"=> @$@>?>=@=>Ã
N"I GF"Ã?AG?E"!$"D$ÃDÃD"DÃ"I$@D>$" @$@$N@ "M@$@">F"D FDF=?@$@ =@@;$$"=@=$=@@@
G?<"E%"%"%Q!@DÃ="M>H!Ã[/"I$ED"DD D>F@ !$E"F%@@@"$N=@$Ã$@$$@$@@=$"$$$"=$$$"$!@@ÃG
! >?F@$Ã ÃN$? Ã%>>D"Ã<Ã="IM"Ã$EÃ=G"Ã?D3EG=$@$@=$$@@$@$@@@$@"M@@@@@$@
F@ @@GFÃ$%Ã AMK<$@M"@>I @N$ >?F Ã%>>D"Ã<""=> "$<$@%="="@$$@@@$$@@@@@M"
*,,A BALBHÃ$ÃÃ!A*)!!)$OO@MH:HÃWWLQÃWWÃ$ÃÃXH6HÃHÃN@Ã@M=M $$$$WÃBJÃ/ =
ee?#/#(#,QÃ#(#&H5'!@>$?$@*,,QÃM$R"C"EQÃGF@@ÃN"Ã <<=>"DÃ@$@@$$$$G KÃ$E"!
V?$$R="D!Ã"ÃA$%Ã"Ã@M"ÃEGF@""$%%ÃS$E$%Ã ?KÃ"D>"D"F$N$""D GÃL @"%@$%=$C$"*,,A
I@G =Ã?$@>"Ã??$$@$@$C"EI$$"Ã$ÃM"Ã$@EGF@""$%$"2FÃNS? Ã%?DQ%@"Q$@=>"@Q
*)!!) QÃW&Ã-Ã8H(DÃ&-OQÃÃ&(ÃAÃOÃMÃ/>EHÃ#OWOBHÃÃGEÃ"=GI@%$@$"@>$@$@$>$$@$>?@>=>=@@

Case 8:21-bk-11710-ES    Doc 177   Filed 08/05/22   Entered 08/05/22 12:28:04    Desc
Main Document    Page 12 of 12

**United States Bankruptcy Court**
**Central District of California**
Santa Ana
Erithe Smith, Presiding
Courtroom 5A Calendar

| Thursday, July 21, 2022 | Hearing Room | 5A |
|---|---|---|

10:30 AM

**CONT...     Jamie Lynn Gallian**                                            **Chapter 7**

*(garbled/unreadable encoded text)*

---

| **Party Information** |
|---|

**Debtor(s):**

Jamie Lynn Gallian                        Pro Se

**Trustee(s):**

Jeffrey I Golden (TR)                     Represented By
                                          Aaron E DE Leest
                                          Eric P Israel

EXHIBIT 1, PAGE 11

ER 000869

000411

**EXHIBIT  4**



1  JAMIE LYNN GALLIAN
2  16222 Monterey Lane Unit 376
   Huntington Beach, CA 92649
3  (714)321-3449
   jamiegallian@gmail.com
4  IN PRO PER
5
6
7              UNITED STATES BANKRUPTCY COURT
8        CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION
9
10 In re                          Case No. 8:21-bk-11710-ES
11 JAMIE LYNN GALLIAN,
                                  Chapter 7
12       Debtor
13                                **REPLY TO HOUSER BROS CO DBA**
14                                **RANCHO DEL REY MOBILEHOME**
                                  **ESTATES OPPOSITION TO DEBTORS**
15                                **MOTION FOR CONSIDERATION OF**
                                  **7/21/22 ORDER SUSTAINING HOUSER**
16                                **BROS CO DBA RANCHO DEL REY**
17                                **MOBILEHOME ESTATES OBJECTION**
                                  **TO DEBTOR'S CLAIMED HOMESTEAD**
18                                **EXEMPTION; DECLARATION OF**
19                                **JAMIE LYNN GALLIAN IN SUPPORT.**
20
21                                **DATE    AUGUST 18, 2022**
                                  **TIME:   10:30 A.M.**
22                                **CTRM:   5A**
23                                **LOCATION: 411 W. FOURTH STREET,**
                                  **SANTA ANA, CA 92701**
24
25   To continue to aid in the mitigation of the spread of the COVID-19 virus and in light of the response
26 of the Bar to continue virtual appearances, Judge Smith will continue to hold the majority of her
   hearings remotely using Zoom.Gov audio and video. However, beginning September 1, 2021,
27 Judge Smith will allow the option for in-person hearings and/or hybrid proceedings for trial and
   evidentiary hearings only.
28

# TABLE OF AUTHORITIES

**Cases**

Amin v Khazindar, 112 Cal. App. 4th 582, 588 (Cal. App. 2d Dist. 2003)

Breeden v Smith, 120 Cal App. 2d 62 (1953)

Carmack v Reynolds, 2 Cal. 5th 844, 851 (2017)

Cornhusker Cas. Ins. Co. v Kachman, 553 F. 3d 1187, 1191 (9th Cir. 2009))

Daniel v Security Pacific National Bank (In re Daniel), 771 F. 2d 1352, 1360 (9th Cir. 1985)

Davis v Perry, 120 Cal. App. 670, 676 (1932)

Diaz v Kosmala (In re Diaz), 547 B.R. 329, 334 (9th Cir. BAP 2016)

Diaz v Kosmala (In re Diaz), 547 B.R. 329, 336-37 (9th Cir. BAP 2016)

Elliott v Weil (In re Elliott), 523 B.R. 188 (9th Cir. BAP 2014)

Fid. Nat'l Title Ins. Co. v Schroeder, 179 Cal. App. 4th 834, 850 (Cal. App. 5th Dist. 2009)

Goncalves v Rady Children's Hospital, San Diego, 865 F. 3d 1237, 1251-52 (9th Cir. 2017)

Goodrich v Fuentes (In re Fuentes), 687 Fed. Appx 542 (9th Cir. 2017)

Hopson v McBeth (In re Hopson), 2019 WL 1002499, *2 (C.D. Cal. 2019)

In re Bloom, 839 F.2d 1376, 1378 (9th Cir. 1988)

In re Donaldson, 156 B.R. 51 (Bankr. N.D. Cal. 1993)

In re Fuentes, 687 Fed. Appx. 542 (C.D. Cal. 2017)

In re Tallerico, 532 B.R. 774, 780-82 (Bankr. E.D. Ca. 2015)

In re Weilert, 2016 WL 3771905 at *3 (9th Cir. BAP 2016)

Kaass Law v Wells Fargo Bank, N.A., 799 F. 3d 1290, 1293 (9th Cir. 2015)

Law v Siegel, 134 S. Ct. 1188, 1196 (2014)

1  Markham v Cabell, 66 S. Ct.193 (1945)

2  Marshall v Marshall, 547 U.S. 293, 299 126 S. Ct. 1735, 1741 (2006)

3

4  Phillips v Gilman, 887 F. 3d 956, 964 (9th Cir. 2018)

5  Phillips v Gilman, 887 F. 3d 956 (9th Cir. 2018)

6  Powers v Powers, 221 Cal App. 2d 746, 750 (Cal. App. 3d Dist. 1963)

7  Putnam Sand and Gravel v Albers, 14 Cal. App. 3d 722 (Cal. App. 5th Dist. 1971)

8  Schaefers v Blizzard Energy, Inc. (In re Schaefers), 623 B.R. 777 (9th Cir. BAP
9  2020)

10  Tarlesson v Broadway Foreclosure Investments, LLC, 184 Cal. App. 4th 931, 937
   (Cal. App. 1st Dist. 2010)
11

12  White v Stump, 266 U.S. 310, 313, 45 S. Ct. 103, 69 L. Ed. 301 (1924)

13  Wilson v Rigby, 909 F. 3d 306, 308 (9th Cir. 2018)

14  Wolfe v Jacobson (In re Jacobson), 676 F. 3d 1193, 1199 (9th Cir. 2012))

15

16  **Statutes**

17  11 U.S.C. § 541(a)

18  28 U.S.C. § 157(b)(2)(B)

19  Cal Civ. Proc. Code § 704.710 - § 704.850
20
21  Cal Civ. Proc. Code § 704.720

22  Cal Civ. Proc. Code § 704.730

23  Cal Civ. Proc. Code § 709.010(b)

24  Cal. Civ Proc. Code § 704.710(c)

25  Cal. Civ. Proc. Code § 703.580
26
   Cal. Civ. Proc. Code § 703.580(c)
27
28  Cal. Civ. Proc. Code § 704.730

1  Cal. Civ. Proc. Code § 704.730(a)

2  Cal. Civ. Proc. Code § 704.820

3
   Cal. Civ. Proc. Code § 704.910 **-** § 704.995
4

5  Cal. Civ. Proc. Code § 704.910(c)

6  Cal. Civ. Proc. Code § 709.010(b)

7  Cal. Evid. Code § 115

8

9  **RULES**

10  Fed. R. Civ, P. 9023

11  **Fed. R. Civ. P 59(e)**

12  Fed R. Civ. P 60(b)(3)

13

14  **Other Authorities**

15  Black's Law Dictionary (11th ed. 2019)

16

17

18

19

20

21

22

23

24

25

26

27

28

000416

1 . **Motion to Reconsider**

A. Legal Standard

Three rules govern the motion for reconsideration: Federal Rules of Civil Procedure 59(e) and 60(b) and Local Rule 7-18.

"A district court has considerable discretion when considering a motion to amend a judgment under Rule 59(e)." Turner v. Burlington N. Santa Fe R.R. Co., 338 F.3d 1058, 1063 (9th Cir. 2003). Absent "highly unusual circumstances," relief under Rule 59(e) is appropriate only where

(1) the moving party presents newly discovered evidence to the court,

(2) the court committed clear error, or

(3) there is an intervening change in the controlling law. 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999).

Additionally, Rule 60 allows a court to grant relief based on "fraud, ... misrepresentation, or other misconduct of an adverse party." Fed. R. Civ. P. 60(b)(3).

Local Rule 7-18, provides:

A motion for reconsideration of the decision on any motion may be made only on the grounds of:

(a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or

(b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

**Legislative Update – "Indicative Rulings" Under New Bankruptcy Rule 8008**
By Henry C. Kevane
  Pachulski Stang Ziehl & Jones LLP
  San Francisco, CA
  Chair, Legislation Subcommittee

In April 2014, the Supreme Court adopted various amendments to the Federal Rules of Bankruptcy Procedure, which took effect on December 1, 2014, for all subsequently filed bankruptcy cases and, to the extent "just and practicable," for all pending cases. As with the other federal rules of procedure and evidence, the Supreme Court has the authority to promulgate general rules for practice and procedure in cases under the Bankruptcy Code pursuant to 28 U.S.C. § 2075.[1] Among the comprehensive changes made to Part VIII of the rules governing bankruptcy appeals was the adoption of new Bankruptcy Rule 8008, titled Indicative Rulings.

The new rule addresses the effect of an appeal on the bankruptcy court's continuing jurisdiction over matters related to the appeal. Generally, an appeal from a final order confers exclusive jurisdiction in the appellate court over the issues that are the subject of the appeal. The bankruptcy court is thus deprived of any further authority to determine motions that would affect the status quo of the issues on appeal. See *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). This doctrine is designed to minimize the confusion that might arise if two courts simultaneously acted on the same matter.

Bankruptcy Rule 8008 now permits the bankruptcy court, under certain circumstances, to entertain a motion that the court would otherwise lack authority to determine because it has been divested of jurisdiction due to an appeal. The new rule is patterned on existing procedures applicable in the civil context. See Fed. R. Civ. Proc. 62.1 (adopted in 2009); *Crateo, Inc. v. Intermark Inc.*, 536 F.2d 862 (9th Cir. 1976). Essentially, the rule permits the bankruptcy court and the appellate court to share jurisdiction over the matters subject to appeal. This shared jurisdiction may enable the bankruptcy court to dispose of an appeal despite the shift of jurisdiction to the appellate forum, thereby promoting the "just, speedy and inexpensive determination of every case and proceeding." See Fed. R. Bankr. Proc. 1001.

Under the new rule, the bankruptcy court retains the authority to address a timely motion for relief, that the court might otherwise be unable to consider because of a pending appeal, in one of three ways: (a) defer consideration of the motion, (b) deny the motion, or (c) indicate either that it would grant the motion if the appellate court remanded for that purpose, or that the motion "raises a substantial issue." Bankruptcy Rule 8008(a). If the bankruptcy court issues an indicative ruling under the third option, it must promptly notify the clerk of the court where the appeal is pending (i.e., the district court, the bankruptcy appellate panel – BAP – or the court of appeals). Bankruptcy Rule 8008(b). The "substantial issue" indication, while not elaborated upon by the Advisory Committee notes to the new rule, is modeled on existing Civil Rule 62.1. There, the committee notes reveal that a "motion may present complex issues that require extensive litigation…. In such circumstances, the district court may prefer to state that the motion raises a substantial issue, and to state the reasons why it prefers to decide only if the court of appeal agrees that it would be useful to decide the motion before decision of the pending appeal." But the court is not bound to grant the motion if it indicates that the motion raises a substantial issue, rather, "further proceedings on remand may show that the motion ought not to be granted."

Once notified of the bankruptcy court's indicative ruling, the district court or the BAP has the ability to partially remand the appeal for further proceedings in the bankruptcy court yet retain continuing jurisdiction over the appeal. (If the indicative ruling affects an appeal pending before the court of appeals then Federal Rules of Appellate Procedure 6 and 12.1 govern the procedure following notification of an indicative ruling.) Alternatively, the appellate court may determine to effectively remand all proceedings by expressly dismissing the appeal. The Advisory Committee notes to the new rule suggest, however, that the appellate court should only dismiss the appeal "when the appellant has clearly stated its intention to abandon the appeal" (perhaps, for instance, if a post-appeal settlement among the parties has been reached). If the appeal is partially remanded, the parties must notify the clerk of the appellate court once the bankruptcy court has decided the underlying motion for relief that triggered the indicative ruling. Bankruptcy Rule 8008(c).

The Advisory Committee notes clarify that the new rule is not intended to "define the circumstances in which an appeal limits or defeats the bankruptcy court's authority to act in the face of a pending appeal." Indeed, the ouster of the bankruptcy court's jurisdiction following an appeal is not all-encompassing. A bankruptcy court retains the authority to stay or enforce a final order and, naturally, retains authority over all aspects of the case that are not related to the appeal. Appeals from interlocutory orders, moreover, do not deprive the bankruptcy court from modifying the order until leave to appeal has been granted. Other attributes of the appealed order, such as the correction of clerical mistakes or the award of costs or sanctions, may also proceed in the bankruptcy court despite the pendency of the appeal. The court may not, however, alter, expand or supplement a final ruling that is on appeal.

2

Moreover, existing Bankruptcy Rule 8002(c) already identifies various motions that, if timely filed, "suspend the effect of a notice of appeal filed before the last such motion is resolved." In these instances, the bankruptcy court has the ability to resolve such motions "without resorting to the indicative ruling procedure." Thus, for example, if a party files a Civil Rule 60(b) motion for relief from a final judgment (due to mistake or newly discovered evidence), within 14 days after the judgment is entered (the same deadline for filing a notice of appeal), Bankruptcy Rule 8002(b)(2) preserves jurisdiction in the bankruptcy court to determine the motion despite the timely docketing of an appeal. The appeal only becomes effective, and jurisdiction is divested, when the order disposing of such Civil Rule 60(b) motion is entered. But if a Civil Rule 60(b) motion is filed after the 14-day deadline under Bankruptcy Rule 8002(b)(1)(D), which is possible under the separate, longer deadlines for a Civil Rule 60(b) motion, the indicative ruling procedure may nonetheless permit the bankruptcy court to entertain the motion. In fact, a 2014 amendment to Bankruptcy Rule 9024, which incorporates Civil Rule 60 in cases under the Bankruptcy Code, states that in "some circumstances, Rule 8008 governs post-judgment motion practice after an appeal has been docketed and is pending."

A similar change was made to Bankruptcy Rule 9023, which incorporates Civil Rule 59, addressing a motion for a new trial or to alter or amend a judgment. But, Bankruptcy Rule 9023 expressly requires that a Civil Rule 59 motion be filed within 14 days after entry of judgment (the same deadline for filing the notice of appeal). If timely filed, thus, the bankruptcy court would not need to use the indicative ruling procedure in order to consider the Civil Rule 59 motion. This is because, as noted above, Bankruptcy Rule 8002(b)(2) tolls the effectiveness of the appeal until such Civil Rule 59 motion is disposed of. Oddly, thus—despite the 2014 change to Bankruptcy Rule 9023—there would seem to be no circumstances under which the Bankruptcy Rule 8008 indicative ruling procedure could ever be used to address a Civil Rule 59 motion because it would be untimely if filed more than 14 days after entry of judgment. Bankruptcy Rule 8008(a) only permits the indicative ruling procedure to be used if the underlying motion is "timely." By contrast, Civil Rule 60(b) has much longer deadlines—a "reasonable time" or, for grounds such as mistake or fraud, within one year after entry of judgment.

The use of Bankruptcy Rule 8008 may also gain traction in the context of motions to reconsider orders allowing or disallowing claims under Bankruptcy Rule 3008. The reconsideration of claims requires an underlying motion made pursuant to Civil Rules 59 and 60. Recently, Bankruptcy Judge Dennis Montali of the Northern District of California followed the new Bankruptcy Rule 8008 procedure to address a motion to reconsider the disallowance of claims in the Heller Ehrman chapter 11 case. See Order Denying Request for Indicative Ruling, In re Heller Ehrman, LLP, Case No. 08-32514, Docket No. 368, Bankr. N.D. Cal. (May 13, 2015). As noted, under Bankruptcy Rule 8008 the bankruptcy court now retains jurisdiction in order to, among other options, "deny" a timely motion for relief from the order on appeal. Here, Judge Montali determined that certain "newly discovered" evidence did not meet the standard for relief under Civil Rule 60(b)(2).

Aside from the bankruptcy court's ability to deal with these types of post-judgment motions, new Bankruptcy Rule 8008 may also clarify the procedure to be followed when the parties reach a settlement that requires approval under Bankruptcy Rule 9019. Although this question is open to debate, some bankruptcy courts have expressed reservations about their authority to hear and determine the merits of a settlement when the dispute is subject to a pending appeal. Bankruptcy Rule 8008 now permits the settling appellant to request an indicative ruling that would allow the appellate forum to remand the appeal to permit consideration of a settlement that, if approved, would entail a dismissal. Other bankruptcy courts have not felt constrained from acting on settlement motions despite the absence of a limited remand from the appellate forum. After all, if the appellant is prepared to dismiss the appeal under the compromise, the proposed settlement might be viewed as a matter "in aid of" the disposition of the appeal (another category of actions that many trial courts recognize they retain jurisdiction to decide notwithstanding an appeal).

The clear procedures set forth in new Bankruptcy Rule 8008 will undoubtedly assist the coordination of proceedings in the bankruptcy court and the appellate court. The rule will also help dispel doubts over the scope of the bankruptcy court's continuing jurisdiction to decide certain post-appeal matters. It will be very interesting to follow the myriad factual patterns that may invoke this new indicative ruling procedure.

[1] The Bankruptcy Rules also include forms prescribed by the Judicial Conference of the United States, known as the Official Bankruptcy Forms, whose use is required pursuant to Bankruptcy Rule 9009. The Bankruptcy Rules also incorporate and adopt, at various rules, selected Federal Rules of Civil Procedure. See Fed. R. Bankr. Proc. 9032. Moreover, pursuant to Bankruptcy Rule 9029, each district court may make and amend (or authorize the bankruptcy judges of the district to make or amend) additional local rules governing practice and procedure in all cases and proceedings within the district court's bankruptcy jurisdiction.

## A. Bankruptcy Filing and Claimed Homestead Exemption

"When a debtor files a bankruptcy petition, all of her assets become property of the estate and may be used to pay creditors, subject to the debtor's ability to reclaim specified property as exempt." *In re Elliot*, 523 B.R. 188, 192 (9th Cir. B.A.P. 2014) (citing *Schwab v. Reilly*, 560 U.S. 770, 774 (2010)). "Under the 'snapshot' rule, bankruptcy exemptions are fixed at the time of the bankruptcy petition." *In re Jacobson*, 676 F.3d 1193, 1199 (9th Cir. 2012). The "exemptions must be determined in accordance with" 11 U.S.C. 522(b)(3)(A). *Id.* "Section 522(b) permits a debtor to exempt either the property set forth in section 522(d) or, alternatively, any property that is exempt under state law 'that is applicable on the date of the filing of the petition.' " *In re Diener*, 483 B.R. at 203 (quoting 11 U.S.C. § 522 (e)(3)(A–B)).   Whether the homestead exemption's section 704.710 dwelling requirement is satisfied, is a question of fact.

"California has elected to 'opt out' of the federal exemption scheme, so California residents filing for bankruptcy are limited to the exemptions afforded under state law." *Id.* "Therefore, substantive issues regarding the allowance or disallowance of the claimed exemption at issue are governed by California law." *Id.* In California, there are two types of homesteads: declared and automatic. *Amin v. Khazindar*, 112 Cal.App.4th 582, 588 (2003). The declared homestead, which may be recorded, "protects the property from execution by certain creditors to the extent of the amount of the homestead." *Id.* (citing Code Civ. Proc. § 704.920). "Because many California debtors used to fail to record these exemptions, the legislature in 1974 enacted laws creating an automatic homestead exemption. *Id.* (citing Code. Civ. Proc. § 704.720). "The automatic homestead exemption is available when a party has continuously resided in a dwelling from the time that a creditors' lien attaches until a court's determination in the forced sale process that the exemption does not apply." *Amin*, 112 Cal.App. 4th, at 588 (quoting *In re Mulch*, 182 B.R. 569, 572 (Bankr.N.D.Cal.1995); *Webb v. Trippet* 235 Cal.App.3d 647, 651 (1991)). These two exemptions are distinct protections. *Id.*

1

2

3    **Debtor's Homestead Exemption Is Appropriate**

4

5        The homestead exemption is not about protecting equity of debtors; it is about protecting their

6    home.

7            "Homestead laws are designed to protect the sanctity of the family home against a

8            loss caused by a forced sale by creditors...The homestead exemption ensures that

9            insolvent debtors and their families are not rendered homeless by virtue of an

10           involuntary sale of the residential property they occupy...This strong public policy

11           requires courts to adopt a liberal construction of the law and facts to promote the

12           beneficial purposes of the homestead legislation to benefit the debtor. *Amin v.*

13           *Khazindar*, 112 Cal. App. 4th 582, 588 (2003).

14       It is not in dispute that Debtor is presently, and has for many years, resided in the Property.  In

15    fact, it is Debtor's residence in the Property that Houser Bros Co dba Rancho Del Rey

16    Mobilehome Estates has made an issue of in the Unlawful Detainer case. (Moving Papers) Exhibit

17    This is really the more germane point of the analysis.  Residency is really the crux of the

18    homestead exemption. "There is nothing that suggests 703.020 requires that a claimant own the

19    property subject to a claim of exemption rather than merely possess it. We will not interpret "of,"

20    as used in section 703.020, subdivision (a), to necessarily mean

21    "owned by." *Broadway Foreclosure Investments, LLC v. Tarlesson*, 184 Cal. App. 4th 931, 937.

22    Courts have routinely held that residence in a dwelling, even without legal ownership, is

23    sufficient to establish a claim of homestead exemption. *Breeden v. Smith* (1953) 120 Cal.App.2d

24    62, 66; *Putnam Sand & Gravel Co. v. Albers* (1971) 14 Cal.App.3d 722, 726.

25       Debtor undisputedly resides in the Property.  She is entitled to exempt any interest she has in

26    the Property pursuant to the homestead exemption.  Here, at the time of filing, the Debtor was

27    entirely in control of the Property and held all of the badges of ownership.

28

## 2. *California Automatic Homestead Exemption*

The Ninth Circuit BAP has long held that "the filing of the [bankruptcy] petition serves as both a hypothetical levy and as the operative date of the exemption." *In re Diaz*, 547 B.R. at 335; *see also Nadal v. Mayer (In re Mayer)*, 176 B.R. 186, 189 (9th Cir. B.A.P. 1994) ("[t]he filing of the petition constitutes an attempt by the trustee to levy on the property.

It is this hypothetical levy the court must focus on in analyzing [the debtor's] entitlement to a homestead exemption.").

"The automatic homestead exemption protects a debtor from a forced sale and requires that the debtor reside in the homestead property at the time of a forced sale." *In re Diaz*, 547 B.R. at 334.

"The filing of a bankruptcy petition constitutes a forced sale for purposes of the automatic homestead exemption." *Id.*

"The automatic homestead exemption 'is not an absolute right to retain the homestead itself.' " *In re Fuentes*, 687 Fed.Appx. 542, 544 (9th Cir. 2017).

"Rather, it is a debtor's right to retain a certain sum of money when the court orders sale of a homestead in order to enforce a money judgment." *Id.*

"California Civil Procedure Code section 704.730 provides the monetary value of a debtor's homestead exemption, based on the debtor's family status" and other factors. *Id.*

"However, a judgment debtor's homestead can only be sold if a 'bid is received at a sale of [the] homestead pursuant to a court order for sale that exceeds the amount of the homestead exemption plus any additional amount necessary to satisfy all liens and encumbrances on the property.' " *Id.* (citing Cal. Civ. Proc. Code § 704.800(a)).

7

1   Asserting a lawful homestead exemption allows a judgment debtor or debtor in bankruptcy to

2   avoid the life disruptions which would occur if the family residence could be lost through

3   execution on a judgment or a bankruptcy sale. Permitting a debtor to retain equity in the home up

4   to the amount of the exemption protects her opportunity for a fresh start after bankruptcy. When

5   the broad definition of property which constitutes a bankruptcy estate under § 541(a)1,  is thrown

6   into the mix, the property interest needed by a debtor is not well-defined but liberally construed.

7   The bankruptcy court needed applied principles to determine that the debtor's continuous

8   occupancy of the property coupled with the beneficiary rights she held when she purchased and

9   received the surrendered Certificate of Title with a releasing signature November 1, 2018, from

10  the seller, Lisa Ryan, coupled with the undisputed fact, debtor has resided in the home for years

11  prior to filing bankruptcy, on the day of filing the petition, and still resides in the home today,

12  were sufficient to qualify for the homestead exemption.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SUMMARY OF ARGUMENT**

The State of California has long recognized that a person need not hold legal title to real property in order to claim a homestead exemption, that an equitable interest is sufficient. This motion for reconsideration tests the extent of this liberal policy where the chapter 7 debtor has resided continuously in the home in question for years prior to and during her bankruptcy case and has an interest in that property established by her purchase on November 1, 2018, using the proceeds from the sale of her California residence A.P.N. 937-63-053, Unit 53, on October 31, 2018, reinvesting those proceeds, the very next day, in her current personal residence, a 2014 Skyline Custom Villa Manufactured Home sold in place on Lot 376, TRACT 10542, Unit 4 under an existing, unexpired, 80-year Land Lease; the same Land Lease Debtor's previous home, Unit 53, was subject to.

On November 1, 2018, debtor received the surrendered Certificate of Title Card which contained the releasing signature of the seller, Lisa Ryan, of the 2014 Skyline Custom Villa Manufactured Home, Decal No. LBM1081, [delivered and installed on Lot 376 pursuant to Health & Safety Code §§18551, in July 2014, by the purchaser of the home, Lisa T. Ryan, under the remaining unexpired term of an 80-year Ground Lease burdening Parcel 1, AP.N. 178-771-03, & Parcel 2, Unit 1, 2, 3, 4, recorded in Parcel Maps, Book 108, pg. 47-48.

Thereafter, Houser Bros Co dba Rancho Del Rey Mobilehome Estates ("RDRMHE") was notified of the sale and received **Notice of Sale and Transfer signed and dated November 1, 2018,** by the seller, Lisa T. Ryan, disclosing the name of the purchaser, Jamie Lynn Gallian on the [left side] of the document. **GALLIAN DECL.   [Houser MOT. Ex. 13].**

Thereafter, over two weeks [after] debtor purchased the home November 1, 2018, with proceeds from the sale of Alderport 937-630-53, October 31, 2018, **GALLIAN DECL. Exhibit** and received the surrendered Certificate of Title released November 1, 2018, released by the seller Lisa Ryan to Jamie Gallian, Houser Bros Co. and their attorney Vivienne Alston *on*

8

12

*November 14, 2018*, , filed a WRIT OF POSSESSION, (Decl. Gallian Exhibit 2) in the name of

the previous owner, LISA T. RYAN, at the Orange County Superior Court, State Court Case

*Houser Bros Co vs Lisa Ryan, Case No. 30-2018-01013582*, delivered the WRIT OF

POSSESSION to the Orange County Sheriff Department, in Santa Ana.

Jamie Gallian became aware of the WRIT OF POSSESSION against Lisa Ryan from the Rancho

Del Rey Park Office Manager, Willie Masculnski.

On November 15, 2018, Jamie Lynn Gallian met with Lisa T. Ryan, and requested Lisa

T. Ryan sign the [same] November 1, 2018, NOTICE OF SALE OR TRANSFER document

noting J-Sandcastle Co. LLC on the right side of the NOVEMBER 1, 2018, form.  Lisa Ryan

signed her name a second time and included the date of November 15, 2018, with an attached

Acknowledgment. **Decl. Gallian Exhibit**   [Houser MOT, EXHBIT 13.]

However, the surrendered Certificate of Title releasing signature date [did not] change

November 1, 2018, surrendered to Jamie Gallian.  Jamie Gallian is still the owner and purchaser

of the 2014 Skyline Manufactured Home.

The bankruptcy court errored when it did not consider that the debtor, JAMIE LYNN

GALLIAN, met the two statutory requirements to hold a homestead under California law and

therefore was entitled to a homestead exemption.

The debtor submits this court can get it right and that the decision will survive the *de*

*novo* review which the Ninth Circuit must apply if it gets that far.

The opposition to Movant's Motion for Reconsideration spends little time analyzing the

types of equitable interests in real property that support a homestead exemption under California

law, perhaps because that law weighs heavily in favor of the debtor.

Houser opposition arguments is based on a substantial misconstruction of the relevant

facts and procedural posture, undermining the weight of any such assertions.

9

1    The bankruptcy court has core jurisdiction to decide the exemption issue. The burden of

2    proof argument is truly a red herring. The burden of proof governs who must sustain the burden

3    of persuasion that any *disputed evidentiary facts* favor the debtor. There are no material disputed

4    facts here, so who bears the burden is largely irrelevant.

5        Through case law and legislative comments, California policy shows that for a judgment

6    debtor to assert an automatic homestead exemption in the property where she resides on the date that

7    a judgment lien attaches (which is the petition date of a bankruptcy case), she need hold only some

8    equitable interest in that property. As discussed below, the types of equitable interests which have

9    been sufficient have varied greatly, reflecting the state's policy favoring the debtor protections which

10   are afforded by a homestead exemption.

11

12       The Ninth Circuit has historically described it as Cal. Civ. Proc. Code sections 704.710–

13   704.810, stating that the automatic exemption "protects a debtor from a forced sale and requires that

14   the debtor reside in the homestead property at the time of a forced sale." (*Diaz*, 547 B.R. at 334); *see*

15   *also In re Anderson*, 824 F.2d 754, 756 (9th Cir. 1987) ("The statutory provisions affecting

16   homesteads are primarily located in Article 4 (§§ 704.710–704.850) and Article 5 (§§ 704.910–

17   704.995) of Title 5, Division 2, Chapter 4 of the California Code of Civil Procedure. Article 4

18   provides for an 'automatic' homestead, for which no recording is necessary. Article 5 provides for

19   recorded declarations of homestead.").   California courts have likewise recognized 704.710–

20   704.730 as the automatic exemption by conducting statutory interpretation issues as required by

21   California law. *See Wells Fargo Financial Leasing, Inc. v. D & M Cabinets*, 177 Cal.App.4th 59,

22   66–68 (2009) ("The issue ... is one of statutory interpretation") (citations and quotations

23   omitted)(adding references to section 704.710–704.850 while explaining how "[s]ection 704.740 is

24   part of the homestead laws."); *see also Amin*, 112 Cal.App.4th at 588 (listing the declared exemption

25   as Cal. Code Civ. Proc. section 704.920 and the automatic exemption as section 704.720).

26   California common law has recognized that "[t]here is no requirement in section 704.710 that the

27

28

10

14

judgment debtor continuously own the property, and we do not read section 703.020 to impose such a requirement." *Broadway*, 184 Cal.App.4th at 937; *see also* Cal. Civ. Proc. § 703.020 (The statute is titled "Persons who may claim exemptions[.]"). Relatedly, "there is nothing that suggests 703.020 requires that a claimant own the property subject to a claim of exemption rather than merely possess it." *Id.* at 322–23.

"Several California cases recognize that judgment debtors who continuously reside in their dwellings retain a sufficient equitable interest in the property to claim a homestead exemption even when they have conveyed title to another." *Id.* (citing a string of California cases ranging from 1952 to 2001). "Such a result is consistent with the purpose of California's homestead exemption to protect one's dwelling against creditors." *Id.* Accordingly, section 704.710(c) "requires only that the judgment debtor *reside* in the property as his or her own dwelling at the time the judgment creditor's lien attaches and continuously thereafter until the court determines the dwelling is a homestead." *In re Gilman*, 887 F.3d 956, 965 (2018) (quoting *Tarlesson*, 184 Cal.App.4th at 937). "It does not require that the debtor continuously own the property." *Id.* at 965–966. ("California law rejects [the] argument that title to [ ] property is necessary to claim a homestead exemption.") (citing *Tarlesson*, 184 Cal.App.4th at 937). "[A] third party does not defeat a debtor's right to an automatic exemption, 'because continuous residency, rather than continuous ownership, controls the analysis. *Id.* (citing *Elliot*, 523 B.R. at 196). It is clear here that California has a long common law history of applying a liberal standard to the automatic homestead laws. *See In re Reaves*, 256 B.R. 306, 310 (9th Cir. B.A.P. 2000) (quoting *In re Crosby's Estate*, 2 Cal.2d 470, 473 (1935) ("The exemption statutes are to be construed liberally, 'for their manifest purpose is that of saving debtors and their families from want by reason of misfortune or improvidence.' ") (internal quotations omitted). Further, the record clearly shows that Appellee possessed a beneficiary interest in the trust, and that he was residing in the Property during and after the Bankruptcy proceedings. Altogether, the Court holds that these factors support a finding that he was able to claim the automatic homestead exemption.

11

**HOUSER BROS CO Did Not Satisfy The Burden to Prove that Debtor was not Entitled to the Automatic Homestead Exemption**

" 'Generally, a debtor's claimed exemption is presumptively valid, and the party objecting to a debtor's exemption has the burden of proving that the exemption is proper' under Federal Rule of Bankruptcy Procedure 4003(c)." *In re Simon*, 2019 WL 3781599, *4 (C.D. Cal. August 12, 2019) (quoting *In re Diaz*, 547 B.R. at 336). "But '[w]here a state law exemption statute specifically allocates the burden of proof to the debtor, Rule 4003(c) does not change that allocation.' " *Id.* "California law places the burden of proof on 'the party claiming the exemption.' " *Id.* "To determine whether a debtor resides in the property for homestead purposes, courts consider the debtor's physical occupancy of the property and the intent to reside there." *In re Gilman*, 887 F.3d at 965 (citing *Diaz*, 547 B.R. at 335 and *Ellsworth v. Marshall*, 196 Cal.App. 2d 471, 474 (1961)).

Debtor asserted that she had an equitable interest in the property and continuously resided there. DOC 1, Page 12 of 60. Debtors petition triggered the automatic homestead exemption. (DOC 1.) ("The automatic homestead exemption is what is at issue in this case."). Houser Bros Co does not refute that Debtor resides or intended to reside on the property, or address that a bankruptcy trustee, as a hypothetical creditor, may reach the Property by virtue of Debtor's equitable interest. Since the record shows that it is uncontested that Appellee satisfied the dwelling and intention requirements, the Bankruptcy Court did not err in making such a factual finding here.

**522(P)(2)(B)**

**MEMORANDUM OF POINTS AND AUTHORITY**

INTERESTED PARTY HOUSER BROS CO DBA RANCHO DEL REY MOBILEHOME ESTATES ("RDRMHE") filed an objection, DOC 95 to JAMIE LYNN GALLIAN'S ("DEBTOR") claimed homestead in her Amended Schedule C, DOC 72-75. Chapter 7 trustee, Jeffrey Golden,

12

17

1  ("Trustee") filed a joinder on June 30, 2022, DOC 128.  Interested party Huntington Beach Gables

2  Homeowners Association ("HOA") filed a joinder on May 13, 2022, DOC 98 as well as interested

3  party and former HOA attorney Janine Jasso, DOC 100.  RDRMHE objected to the California

4  homestead exemption in the amount of $600,000 claimed by Debtor in her amended Schedule C

5  DOC 72-75, in addition to seeking to limit it to the statutory cap of $170,675 under § 522(p)(1).

6  Houser Bros Co dba Rancho Del Rey and joinder Huntington Beach Gables HOA  argued that

7

8  Debtor acquired an interest in the homestead property within the meaning of § 522(p)(1) because on

9  February 25, 2021, the property was transferred by J-SANDCASTLE CO, LLC ("JSC") back to

10  Debtor during the 1215–day period preceding the date of the filing of Debtor's petition on July 9,

11  2021. DOC 1. Debtor asserts that the limitation under § 522(p)(1) was not triggered since she

12  retained possession, beneficial and equitable interest in the property at all times since November 1,

13  2018, (DOC 1, page 12 of 60), despite registering her manufactured home on November 16, 2018, at

14

15  the local HCD Riverside Office, California Department of Housing and Community Development to

16  debtors single member LLC J-Sandcastle Co. LLC, after Houser Bros Co obtained an unlawful

17  WRIT OF POSSESSION on November 14, 2018, in the name of the previous owner Lisa Ryan,

18  delivered it to the Orange County Sheriff on November 19, 2018 over two works after Lisa Ryan

19  gave NOTICE OF SALE OR TRANSFER of OWNER Jamie Lynn Gallian originally signed on

20  NOVEMBER 1, 2018. [Houser MOT EX.13] Decl. Gallian. California case law requires a debtor to

21  have some form of equity in the property in order to claim a homestead finding equity contemplated

22

23  ownership. Finally, the bankruptcy court followed out-of-jurisdiction case law which rejected a

24  debtor's attempt to claim a homestead exemption in real property held in the name of an LLC.

25  Debtor timely file this MOT Reconsideration August 18, 2022.

26  A. Prepetition Transfers Of Debtor's Property

27  The facts are undisputed. Debtor purchased her home, Unit 376,  located in TRACT 10542, Unit 4,

28  Lot 376, at 16222 Monterey Lane, Huntington Beach, California (Property) on November 1, 2018

1    with the funds she acquired when she sold her previous residence on October 31, 2018, DOC 1.

2          The record shows that Debtor continuously resided in the home since she purchased it and has

3    made all space rent payments, paid 5 years of local property taxes, maintained insurance and

4    assumed all other responsibilities of a homeowner. Since November 2018 she has transferred title to

5    the Property five or six times to and from herself and her sole Member LLC. These transfers were

6    for no consideration and, per Debtor's declaration and deposition for estate planning purposes.

7          On November 16, 2018, the Property was registered to the LLC with HCD, after debtor

8    purchased the property on November 1, 2018, and received the released and surrendered Certificate

9    of Title from the seller Lisa Ryan November 1, 2018. Lisa Ryan signed a NOTICE OF SALE OR

10   TRANSFER, dated the document November 1, 2018,

11

12         Over four years later, in February 2021, the Property was transferred from the LLC back to

13   Debtor via Releasing Signature of the LLC on February 25, 2021. In October 2018, Debtor formed

14   the LLC, a California limited liability company, by filing Articles of Organization with the

15   California Secretary of State. Debtor is the sole member of J- Sandcastle Co. LLC.

16         On November 16, 2018, the Property was transferred from the Debtor to the LLC via a

17   Certificate of Title Application with California Department Housing and Community.

18

19         On February 25, 2021, the Property was transferred from the LLC to the Debtor for no

20   consideration.

21   An Application CLAIM FOR HOMEOWNER'S EXEMPTION was recorded against the Property,

22   by the Debtor with the ORANGE COUNTY TAX ASSESSOR, which stated the following:

23   1. When did you acquire this property? Answer 11-1-2018

24

25   2. Date you occupied this property as your principal residence. Answer 11-1-2018

26   3. Do you own another property that is, or was, your principal place of residence in

27   California? Answer YES

28

1   If YES, please provide the address below, and the date you MOVED OUT, if no longer your

2   principal place of residence:

3   Answer:

4   Address:4476 Alderport Drive      HB        92649         10/31/2018

5                 Street address       City      Zip Code      month/day/year

6

7        On July 09, 2021, at 12:48pm, PRIOR to debtor's petition for bankruptcy filing at 14:33, a

8
    Declaration of Homestead was recorded against the Property in the Official Records Clerk Recorder,
9
10  County of Orange, Instrument No, 2021000443659 12:48 pm 07/09/2021. DOC 74.

11  **Bankruptcy Events**

12       On July 09, 2021, after the LLC transferred title to the Property to the debtor, Debtor filed

13  her chapter 7 petition ("Petition Date"). Mr. Jeffrey Golden was appointed as the chapter 7 trustee.

14
    In her amended schedule Debtor claimed the full $600,000 homestead exemption in the Property
15
16  under California §§704.730(a)(1). Interested party Houser Bros Co. dba Rancho Del Rey

17  Mobilehome Estates objected to Debtor's homestead exemption in the amount of $600,000, also

18  seeking to cap or limit to any exemption to $170,350.00 under § 522(p)(1) allegedly due to the

19  transfer from the LLC to debtor for no consideration, within the 1215–day period prior to the

20  debtor Petition Date.  However, Houser Bros Co assumption is misstated completely. None of

21  the traditional badges of fraud are present. Debtor has fully and credibly explained all of her

22  actions.
23
24       Debtor lives a modest lifestyle and had no financial problems until 8 months after she

25  sold her property in the Gables HOA, a money judgment was entered against her for "attorney

26  fees" in an unconscionable amount of over $400,000.00, several months after the trial court

27  vacated the jury trial sua sponte after debtor moved from the Gables HOA on 9/11/2018 and sold

28  the property unencumbered on October 31, 2018.  The trial court [denied] on November 9, 2018

Exhibit ___

15

1 OCSC 30-2017-00913985, *Huntington Beach Gables Homeowners Association v Sandra L.*

2 *Bradley, et al,* naming debtor a co-defendant 18 days after her step-mother "gifted" the property

3 recorded in the Official Records Clerk Recorder, Co of Orange, to her as her inheritance from

4 debtor's father untimely death.

5 Gables HOA filed a Motion to Freeze debtor's sale proceeds from her equity in her home.

6 "You sued her over planting flowers and watering the lawn, now you want her equity." The trial

7 court Honorable James L. Crandall continued saying "…counselor, do you know how distasteful

8 this Court finds the way you prosecuted this case." "Although you may be correct on many of

9 the laws and procedures, only because you have successfully "papered" Ms. Gallian, to death,

10 the Court does find that equity and fairness applicable here…. Your exparte Motion to Freeze

11 Ms. Gallian's equity from the sale of her home is DENIED without prejudice." Exhibit ____

12

13 Continuing on, debtor has no priority unsecured debts and she is current with her car

14 payments. Debtor's credit card debt is modest. Her credit card statements and Schedules reflect

15 a history of responsible credit card use. Debtor did not purchase luxury goods or take cash

16 advances. Debtor consistently paid her credit card bills on time. In fact Debtor credit score was

17

18 745, the day she filed the chapter 7 petition.  The balance of her Capital One credit card was

19 $951.00.  Debtor's income was drastically decreased in late 2018, from the criminal battery

20 injuries she sustained, her expenses were manageable until the State disability paymets were

21 exhausted.

22 She was able to cover her car and credit card payments, and living expenses. Her financial world

23 collapsed when unsecured creditor Huntington Beach Gables Homeowners Association  and

24 Houser Bros Co., conspired to hold debtor hostage by filing on 1/2/2019, an Unlawful Detainer ,

25 knowing debtor did not qualify as an unlawful detainee under the CCP because she is the owner

26 $98.75

27 of the home and had the financial means to pay the space rent, which she has tendered every

28

16

1   month since her residency began on 11/1/2018; Houser Bros Co case left this Unlawful Detainer,

2   a summary procedure, normally resolved in less than 60 days, unprosecuted for 4 years.   *Exhibit*

3   The unlawful self-help remedies used by Houser Bros Co. trespassing into debtors home,   *March 4*
    *2019*

4   changing the locks to debtor's home, using the Orange County Sheriff Department to execute an

5   unlawful WRIT OF POSSESSION in the name of the previous owner, Lisa Ryan,  after Houser

6   Bros Co stipulated in Court on 10/18/2018 ("10/18/2018 STIPULATION"), OCSC 30-2018-

7   01013582, the parties agreed and it was anticipated the 2014 Manufactured Home would be sold.

8   Fourteen days later, Lisa Ryan, owner of the home released by her signature on the surrendered

9   Certificate of Title to Jamie Gallian on November 1, 2018, disclosed this fact to Houser Bros Co

10  on November 1, 2018, on the Notice of Sale or Transfer Document. This and unimaginable

11  attorney's fees was the tipping point, turning the Debtor's manageable financial situation to

12  unmanageable. The antics by Houser Bros Co and the Gables HOA made her situation desperate.

13  Manufactured Homes depreciate over time, they do not appreciate. The Debtor panicked,   *Filed Chapter*
    *7, 7/9/21*

14  Congress intended to change the view that "mere conversion of nonexempt property into exempt

15  property, without fraudulent intent does not deprive the debtor of exemption rights in the

16  converted property, ... [with] the purpose of adding § 522(o) and § 522(p) in 2005 ... to address

17  the pre-BAPCPA 'mansion loophole' and to limit the value of homestead exemptions when there

18  is fraud.

19  Debtor made the best decisions she could under tremendous financial stress and without the

20  benefit of comprehensive professional advice.

28  **11 U.S. Code § 522 - Exemptions**

17

(a) In this section—

    (1) "dependent" includes spouse, whether or not actually dependent; and

    (2) "value" means fair market value as of the date of the filing of the petition or, with respect to property that becomes property of the estate after such date, as of the date such property becomes property of the estate.

**(p) (2) (B)** 11 U.S. Code § 522

    **"For purposes of paragraph (1), any amount of such interest does not include any interest transferred from a debtor's previous principal residence (which was acquired prior to the beginning of such 1215-day period) into the debtor's current principal residence, if the debtor's previous and current residences are located in the same State.** Exhibit ____

1   The Property would be deemed Debtor's residence, in which she has an equitable interest. This

2   alone would be sufficient to entitle her to the homestead exemption.

3   **CONCLUSION**

4

5   Based on the foregoing Response to the interested party, Houser Bros Co dba Rancho Del Rey

6   Mobilehome Estates Opposition to Debtor's Notice of and Motion for Reconsideration and Housers

7   Objection to Debtor's Claim of Exemption, for the reasons stated herein, and for good cause

8   shown, Debtor respectfully requests that this Court find that the homestead exemption was

9   properly asserted in Debtor's bankruptcy filing.

10   Dated: 08/09/2022           **RESPECTFULLY SUBMITTED FOR**

11   **CONSIDERATION**

12   *Jamie Lynn Gallian*

13   Debtor, JAMIE LYNN GALLIAN

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**5801 SKYLAB ROAD
HUNTINGTON BEACH, CA 92647**

A true and correct copy of the foregoing document entitled (*specify*): RESPONSE TO HOUSER BROS CO OBJECTION TO DEBTOR'S CLAIMED HOMESTEAD EXEMPTION will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **08/10/2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **08/09/2022**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Erithe A. Smith , 411 West Fourth Street, Suite 5140 / Courtroom 5A, Santa Ana, CA 92701-4593

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 08/10/2022 | ROBERT MCLELLAND | *Robert McLelland* |
|---|---|---|
| Date | Printed Name | Signature |

1. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>: CONTINUED:
   - **ATTORNEY FOR TRUSTEE JEFFREY I GOLDEN (TR):** Aaron E DE Leest adeleest@DanningGill.com, danninggill@gmail.com; adeleest@ecf.inforuptcy.com
   - **ATTORNEY FOR CREDITOR and PLAINTIFF THE HUNTINGTON BEACH GABLES HOMEOWNERS ASSOCIATION:** Robert P Goe kmurphy@goeforlaw.com, rgoe@goeforlaw.com; goeforecf@gmail.com
   - **TRUSTEE JEFFREY I GOLDEN (TR):** Jeffrey I Golden (TR lwerner@wgllp.com, jig@trustesolutions.net; kadele@wgllp.com
   - **ATTORNEY FOR PLAINTIFF HOUSER BROS. CO.:** D Edward Hays ehays@marshackhays.com, ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com
   - **ATTORNEY FOR CREDITOR and PLAINTIFF THE HUNTINGTON BEACH GABLES HOMEOWNERS ASSOCIATION:** Brandon J Iskander biskander@goeforlaw.com, kmurphy@goeforlaw.com
   - **ATTORNEY FOR TRUSTEE JEFFREY I GOLDEN (TR):** Eric P Israel eisrael@DanningGill.com, danninggill@gmail.com; eisrael@ecf.inforuptcy.com
   - **ATTORNEY FOR PLAINTIFF HOUSER BROS. CO.:** Laila Masud lmasud@marshackhays.com, lmasud@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com
   - **ATTORNEY FOR DEFENDANT RANDALL L NICKEL:** Mark A Mellor mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com
   - **INTERESTED PARTY COURTESY NEF:** Valerie Smith claims@recoverycorp.com
   - **U.S. TRUSTEE:** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

727OBJ, NODISCH, APLDIST, APPEAL

**U.S. Bankruptcy Court**
**Central District of California (Santa Ana)**
**Bankruptcy Petition #: 8:21-bk-11710-ES**

|  |  |
|---|---|
| | *Date filed:* 07/09/2021 |
| | *341 meeting:* 04/29/2022 |
| | *Deadline for filing claims:* 10/25/2022 |
| | *Deadline for filing claims (govt.):* 01/05/2022 |
| | *Deadline for objecting to discharge:* 10/18/2021 |
| | *Deadline for financial mgmt. course:* 10/18/2021 |

*Assigned to:* Erithe A. Smith
Chapter 7
Voluntary
Asset

*Debtor*
**Jamie Lynn Gallian**
16222 Monterey Ln Unit 376
Huntington Beach, CA 92649
ORANGE-CA
714-321-3449
SSN / ITIN: xxx-xx-3936
*aka* **Jamie L Gallian**
*dba* **J-Sandcastle Co, LLC**
*dba* **J-PAD, LLC**

represented by **Bert Briones**
Red Hill Law Group
15615 Alton Parkway
Suite 210
Irvine, CA 92618
888-733-4455
Fax : 714-733-4450
Email: bb@redhilllawgroup.com

*Trustee*
**Jeffrey I Golden (TR)**
Weiland Golden Goodrich LLP
P.O. Box 2470
Costa Mesa, CA 92628-2470
(714) 966-1000

represented by **Aaron E DE Leest**
Danning, Gill, Israel & Krasnoff,
LLP
1901 Avenue of the Stars
Suite 450
Los Angeles, CA 90067-6006
310-277-0077
Fax : 310-277-5735
Email: adeleest@DanningGill.com

**Eric P Israel**
Danning Gill Israel & Krasnoff,
LLP
1901 Avenue of the Stars, Suite
450
Los Angeles, CA 90067-6006
310-277-0077
Fax : 310-277-5735
Email: eisrael@DanningGill.com

*U.S. Trustee*
**United States Trustee (SA)**
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4593

(714) 338-3400

| Filing Date | # | Docket Text |
|---|---|---|
| 07/09/2021 | 1<br>(60 pgs) | Chapter 7 Voluntary Petition for Individuals . Fee Amount $338 Filed by Jamie Lynn Gallian (Nguyen, Vi) (Entered: 07/09/2021) |
| 07/09/2021 | 2 | Statement About Your Social Security Number (Official Form 121) Filed by Debtor Jamie Lynn Gallian . (Nguyen, Vi) (Entered: 07/09/2021) |
| 07/09/2021 | 3<br>(1 pg) | Certificate of Credit Counseling Filed by Debtor Jamie Lynn Gallian . (Nguyen, Vi) (Entered: 07/09/2021) |
| 07/09/2021 | 4<br>(2 pgs) | Declaration by Debtor as to Whether Debtor(s) Received Income From an Employer Within 60 Days of Petition (LBR Form F1002-1) Filed by Debtor Jamie Lynn Gallian . (Nguyen, Vi) (Entered: 07/09/2021) |
| 07/09/2021 | 5<br>(3 pgs) | Meeting of Creditors with 341(a) meeting to be held on 8/18/2021 at 09:00 AM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. for Debtor and Joint Debtor (if joint case) Cert. of Financial Management due by 10/18/2021. Last day to oppose discharge or dischargeability is 10/18/2021. (Scheduled Automatic Assignment, shared account) (Entered: 07/09/2021) |
| 07/09/2021 | 6 | Debtor's Request to Activate Electronic Noticing (DeBN) Filed by Debtor Jamie Lynn Gallian . (Nguyen, Vi) (Entered: 07/09/2021) |
| 07/09/2021 | | Receipt of Chapter 7 Filing Fee - $338.00 by 16. Receipt Number 80075587. (admin) (Entered: 07/09/2021) |
| 07/11/2021 | 7<br>(5 pgs) | BNC Certificate of Notice (RE: related document(s)5 Meeting (AutoAssign Chapter 7)) No. of Notices: 36. Notice Date 07/11/2021. (Admin.) (Entered: 07/11/2021) |
| 07/12/2021 | 8<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Smith, Valerie. (Smith, Valerie) (Entered: 07/12/2021) |
| 07/13/2021 | 9<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Mellor, Mark. (Mellor, Mark) (Entered: 07/13/2021) |
| 07/26/2021 | 10<br>(1 pg) | Personal Financial Management Course Certificate for Debtor 1 (Official Form 423) (Lazar, Orsolya) (Entered: 07/26/2021) |
| 08/18/2021 | 11 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 9/22/2021 at 01:30 PM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Golden (TR), Jeffrey) (Entered: 08/18/2021) |
| 08/18/2021 | 12<br>(1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 08/18/2021) |
| 08/23/2021 | 13<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Masud, Laila. (Masud, Laila) (Entered: 08/23/2021) |

000439

| | | |
|---|---|---|
| 08/23/2021 | 14<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Hays, D. (Hays, D) (Entered: 08/23/2021) |
| 09/07/2021 | 15<br>(29 pgs) | Amended Schedule A/B Individual: Property (Official Form 106A/B or 206A/B) , Amended Schedule C: The Property You Claimed as Exempt (Official Form 106C) , Schedule G Individual: Executory Contracts and Unexpired Leases (Official Form 106G or 206G) , Schedule H Individual: Your Codebtors (Official Form 106H or 206H) , Amended Schedule I Individual: Your Income (Official Form 106I) , Statement of Financial Affairs for Individual Filing for Bankruptcy (Official Form 107 or 207) , Statement of Intention for Individuals Filing Under Chapter 7 (Official Form 108) , Chapter 7 Statement of Your Current Monthly Income (Official Form 122A-1) (BNC Option) Filed by Debtor Jamie Lynn Gallian . [EDB] (Law, Tamika) (Entered: 09/07/2021) |
| 09/22/2021 | 16<br>(29 pgs) | Amended Schedule A/B Individual: Property (Official Form 106A/B or 206A/B) , FIRST AMENDMENT Amended Schedule C: The Property You Claimed as Exempt (Official Form 106C) , Amended Schedule I Individual: Your Income (Official Form 106I) , Amended Schedule G Individual: Executory Contracts and Unexpired Leases (Official Form 106G or 206G) , Amended Statement of Financial Affairs for Individual Filing for Bankruptcy (Official Form 107 or 207) ,Amended Statement of Intention for Individuals Filing Under Chapter 7 (Official Form 108) , Amended Statement of Related Cases (LBR Form 1015-2.1) , Amended Chapter 7 Statement of Your Current Monthly Income (Official Form 122A-1) (BNC Option) , Proof of service Filed by Debtor Jamie Lynn Gallian . (Nguyen, Vi) (Entered: 09/22/2021) |
| 09/22/2021 | 17<br>(15 pgs) | Amending Schedules (D) and (E/F) ,Amended List of Creditors (Master Mailing List of Creditors) , Amended Verification of Master Mailing List of Creditors (LBR Form F1007-1), Proof of Service. Filed by Debtor Jamie Lynn Gallian . (Nguyen, Vi) (Entered: 09/22/2021) |
| 09/22/2021 | 18 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 10/6/2021 at 01:30 PM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Golden (TR), Jeffrey) (Entered: 09/22/2021) |
| 09/22/2021 | 19<br>(1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 09/22/2021) |
| 09/22/2021 | | Receipt of Amendment Filing Fee - $32.00 by 16. Receipt Number 80075677. (admin) (Entered: 09/22/2021) |
| 10/07/2021 | 20 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 10/14/2021 at 03:00 PM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Golden (TR), Jeffrey) (Entered: 10/07/2021) |
| 10/07/2021 | 21<br>(1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 10/07/2021) |
| 10/14/2021 | 22<br>(31 pgs) | Amended Schedule A/B Individual: Property (Official Form 106A/B or 206A/B) , Amended Schedule C: The Property You Claimed as Exempt (Official Form 106C) , Amending Schedules (D) (E/F) , Schedule G |

000440

| | | | |
|---|---|---|---|
| | | | Individual: Executory Contracts and Unexpired Leases (Official Form 106G or 206G) , Schedule H Individual: Your Codebtors (Official Form 106H or 206H) , Statement of Intention for Individuals Filing Under Chapter 7 (Official Form 108) [EDB] Filed by Debtor Jamie Lynn Gallian . (Law, Tamika) . (Entered: 10/14/2021) |
| 10/14/2021 | | 23 (1 pg) | Notice of Deficiency of Filing Fees Required to Add Additional Creditors (BNC) (RE: related document(s)22 Schedule A/B: Property (Official Form 106A/B or 206A/B) filed by Debtor Jamie Lynn Gallian, Schedule C: The Property You Claimed as Exempt (Official Form 106C), Amending Schedules D and/or E/F (Official Form 106D, 106E/F, 206D, or 206E/F) (Fee), Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G or 206G), Schedule H: Your Codebtors (Official Form 106H or 206H), Statement of Intention for Individuals Filing Under Chapter 7 (Official Form B8, or 108)) (Law, Tamika) (Entered: 10/14/2021) |
| 10/15/2021 | | 24 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 11/10/2021 at 03:00 PM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Golden (TR), Jeffrey) (Entered: 10/15/2021) |
| 10/15/2021 | | 25 (1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 10/15/2021) |
| 10/16/2021 | | 26 (3 pgs) | BNC Certificate of Notice (RE: related document(s)23 Notice of Deficiency of Filing Fees Required to Add Additional Creditors (BNC)) No. of Notices: 1. Notice Date 10/16/2021. (Admin.) (Entered: 10/16/2021) |
| 10/18/2021 | | 27 (74 pgs; 2 docs) | Adversary case 8:21-ap-01095. Complaint by The Huntington Beach Gables Homeowners Association against Jamie Lynn Gallian , Randall L Nickel . Fee Amount $350 (Attachments: # 1 Adv Cover Sheet) Nature of Suit: (41 (Objection / revocation of discharge - 727(c), (d),(e))) ,(21 (Validity, priority or extent of lien or other interest in property)) ,(62 (Dischargeability - 523(a)(2), false pretenses, false representation, actual fraud)) (Law, Tamika) (Entered: 10/18/2021) |
| 10/18/2021 | | 28 (93 pgs; 2 docs) | Adversary case 8:21-ap-01096. Complaint by Janine Jasso against Jamie Lynn Gallian . Fee Amount $350 (Attachments: # 1 Adv Cover Sheet) Nature of Suit: (41 (Objection / revocation of discharge - 727(c), (d),(e))) ,(65 (Dischargeability - other)) ,(13 (Recovery of money/property - 548 fraudulent transfer)) ,(62 (Dischargeability - 523(a)(2), false pretenses, false representation, actual fraud)) - Original not signed - (Law, Tamika) (Entered: 10/18/2021) |
| 10/18/2021 | | 29 (3 pgs) | Stipulation By Jeffrey I Golden (TR) and *Stipulation to Extend Time to File a Complaint Objecting to Debtors Discharge Pursuant to 11 U.S.C. § 727 and Federal Rule of Bankruptcy Procedure 4004 (with Proof of Service)* Filed by Trustee Jeffrey I Golden (TR) (Golden (TR), Jeffrey) (Entered: 10/18/2021) |
| 10/18/2021 | | 30 (25 pgs; 2 docs) | Adversary case 8:21-ap-01097. Complaint by Houser Bros. Co., a California general partnership against Jamie Lynn Gallian. Fee Amount $350 *Complaint to (1) Determine Dischargeability of Debt Pursuant to 11 U.S.C. Sections 523 (a)(2)(A) and (a)(6); (2) Deny Discharge Pursuant to 11 U.S.C. Sections 727 (a)(2)(A), (a)(4), and (a)(5)* (Attachments: # 1 Adversary Proceeding Cover Sheet) Nature of Suit: (62 (Dischargeability - 523(a)(2), false pretenses, false representation, |

| | | | |
|---|---|---|---|
| | | | actual fraud)),(68 (Dischargeability - 523(a)(6), willful and malicious injury)),(65 (Dischargeability - other)) (Masud, Laila) (Entered: 10/18/2021) |
| 10/19/2021 | | 31 (2 pgs) | Order Approving Stipulation to Extend Time to File a Complaint Objecting to Debtor's Discharge Pursuant to 11 U.S.C. Section 727 and Federal Rule of Bankruptcy Procedure 4004. The Deadline for the Trustee, or United States Trustee, to file a Complaint Objecting to the Debtor's Discharge under 11 U.S.C. Section 727 is Extended to and Including November 17, 2021 (BNC-PDF) (Related Doc # 29 ) Signed on 10/19/2021 (Duarte, Tina) (Entered: 10/19/2021) |
| 10/20/2021 | | 32 | Debtor's Request to Activate Electronic Noticing (DeBN) Filed by Debtor Jamie Lynn Gallian [EDB] (Law, Tamika) (Entered: 10/20/2021) |
| 10/21/2021 | | 33 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)31 Order on Motion to Extend Time (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 10/21/2021. (Admin.) (Entered: 10/21/2021) |
| 11/10/2021 | | 34 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 12/1/2021 at 11:00 AM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Golden (TR), Jeffrey) (Entered: 11/10/2021) |
| 11/10/2021 | | 35 (1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 11/10/2021) |
| 11/16/2021 | | 36 (2 pgs) | Declaration by Debtor as to Whether Debtor(s) Received Income From an Employer Within 60 Days of Petition (LBR Form F1002-1) [EDB] Filed by Debtor Jamie Lynn Gallian . (Law, Tamika) (Entered: 11/17/2021) |
| 11/16/2021 | | 37 (26 pgs) | Amended Schedule A/B Individual: Property (Official Form 106A/B or 206A/B) , Amended Schedule C: The Property You Claimed as Exempt (Official Form 106C) , Schedule G Individual: Executory Contracts and Unexpired Leases (Official Form 106G or 206G) , Schedule H Individual: Your Codebtors (Official Form 106H or 206H) , Amended Schedule I Individual: Your Income (Official Form 106I) , Statement of Financial Affairs for Individual Filing for Bankruptcy (Official Form 107 or 207) , Statement of Intention for Individuals Filing Under Chapter 7 (Official Form 108) [EDB] Filed by Debtor Jamie Lynn Gallian . (Law, Tamika) (Entered: 11/17/2021) |
| 11/22/2021 | | 38 (23 pgs) | Amended Schedule A/B Individual: Property (Official Form 106A/B or 206A/B) , Amended Schedule C: The Property You Claimed as Exempt (Official Form 106C) , Schedule G Individual: Executory Contracts and Unexpired Leases (Official Form 106G or 206G) , Statement of Financial Affairs for Individual Filing for Bankruptcy (Official Form 107 or 207) , Statement of Intention for Individuals Filing Under Chapter 7 (Official Form 108) [EDB] Filed by Debtor Jamie Lynn Gallian . (Law, Tamika) (Entered: 11/23/2021) |
| 11/23/2021 | | 39 (26 pgs) | Amended Schedule A/B Individual: Property (Official Form 106A/B or 206A/B) , Amended Schedule C: The Property You Claimed as Exempt (Official Form 106C) , Schedule G Individual: Executory Contracts and Unexpired Leases (Official Form 106G or 206G) , Statement of Financial Affairs for Individual Filing for Bankruptcy (Official Form |

000442

| | | | |
|---|---|---|---|
| | | | 107 or 207) , Statement of Intention for Individuals Filing Under Chapter 7 (Official Form 108) [EDB] Filed by Debtor Jamie Lynn Gallian . (Law, Tamika) (Entered: 11/23/2021) |
| 12/01/2021 | | 40 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 12/15/2021 at 10:00 AM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Golden (TR), Jeffrey) (Entered: 12/01/2021) |
| 12/01/2021 | | 41 (1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 12/01/2021) |
| 12/01/2021 | | 42 (15 pgs) | Amending Schedules (D) (E/F) Filed by Debtor Jamie Lynn Gallian . (Law, Tamika) (Entered: 12/01/2021) |
| 12/01/2021 | | | Receipt of Amendment Filing Fee - $32.00 by 08. Receipt Number 80075783. (admin) Paid in reference to dock #22 (Deficiency Ntc dock #23). Modified on 12/3/2021 (Law, Tamika). (Entered: 12/02/2021) |
| 12/01/2021 | | | Receipt of Amendment Filing Fee - $32.00 by 08. Receipt Number 80075784. (admin) (Entered: 12/02/2021) |
| 12/15/2021 | | 43 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 1/7/2022 at 03:00 PM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Golden (TR), Jeffrey) (Entered: 12/15/2021) |
| 12/15/2021 | | 44 (1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 12/15/2021) |
| 12/22/2021 | | 45 (16 pgs) | Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: Randall I. Nickel vs. The Huntington Beach Gables HOA et al., Superior Court of California, County of Orange, Central Justice Center Docket Number: 30-2020-01163055-CU-OR-CJC . Fee Amount $188, Filed by Creditor The Huntington Beach Gables Homeowners Association [NOTE: Attorney Michael Poole Notified via voice mail and e-mail to file supplemental notice of hearing to be held remotely using Zoomgov audio and video hearing] (Duarte, Tina) (Entered: 12/22/2021) |
| 12/22/2021 | | 46 (112 pgs) | Memorandum of Points and Authorities in Support of Creditor The Huntington Beach Gables Homeowners Association's Motion for Relief from the Automatic Stay; Filed by Creditor The Huntington Beach Gables Homeowners Association. [NOTE: Attorney Michael Poole Notified via voice mail and e-mail to file supplemental notice of hearing to be held remotely using Zoomgov audio and video hearing] (Duarte, Tina) (Entered: 12/22/2021) |
| 12/22/2021 | | | Receipt of Motion Filing Fee - $188.00 by 08. Receipt Number 80075831. (admin) (Entered: 12/22/2021) |
| 12/29/2021 | | 47 (3 pgs) | Supplemental Notice of Hearing to Be Held Remotely Using Zoomgov Audio and Video, Filed by Creditor The Huntington Beach Gables Homeowners Association [Filed by FAX] (RE: related document(s)45 Notice of motion and motion for relief from automatic stay with |

000443

| | | |
|---|---|---|
| | | supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: Randall I. Nickel vs. The Huntington Beach Gables HOA et al., Superior Court of California, County of Orange, Central Justice Center Docket Number: 30-2020-01163055-CU-OR-CJC . Fee Amount $188, Filed by Creditor The Huntington Beach Gables Homeowners Association [NOTE: Attorney Michael Poole Notified via voice mail and e-mail to file supplemental notice of hearing to be held remotely using Zoomgov audio and video hearing] filed by Creditor The Huntington Beach Gables Homeowners Association). The Hearing date is set for 1/20/2022 at 10:00 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith. NOTE: [NOTE: This document is to be docketed in the main bankruptcy case. Attorney Michael Poole Notified via voice mail and e-mail to file supplemental notice of hearing to be held remotely using Zoomgov audio and video hearing using the correct form for bankruptcy] (Duarte, Tina). (Entered: 12/29/2021) |
| 12/29/2021 | 48 | Hearing Set (RE: related document(s)45 Motion for Relief from Stay - ACTION IN NON-BANKRUPTCY FORUM filed by Creditor The Huntington Beach Gables Homeowners Association). The Hearing date is set for 1/20/2022 at 10:00 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith (Duarte, Tina) (Entered: 12/29/2021) |
| 01/04/2022 | 49 (3 pgs) | Supplemental Notice of Hearing to be Held Remotely Using Zoomgov Audio and Video; Filed by Creditor The Huntington Beach Gables Homeowners Association [By FAX] (RE: related document(s)45 Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: Randall I. Nickel vs. The Huntington Beach Gables HOA et al., Superior Court of California, County of Orange, Central Justice Center Docket Number: 30-2020-01163055-CU-OR-CJC . Fee Amount $188, Filed by Creditor The Huntington Beach Gables Homeowners Association [NOTE: Attorney Michael Poole Notified via voice mail and e-mail to file supplemental notice of hearing to be held remotely using Zoomgov audio and video hearing]). The Hearing date is set for 1/20/2022 at 10:00 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith (Duarte, Tina) (Entered: 01/04/2022) |
| 01/07/2022 | 50 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 1/24/2022 at 03:00 PM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Golden (TR), Jeffrey) (Entered: 01/07/2022) |
| 01/07/2022 | 51 (1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 01/07/2022) |
| 01/14/2022 | 52 (3 pgs) | Notice of Continuance of Hearing of Creditor The Huntington Beach Gables Homeowners Association's Motion for Relief from the Automatic Stay; Filed by Creditor The Huntington Beach Gables Homeowners Association [By FAX] (RE: related document(s)45 Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: Randall I. Nickel vs. The Huntington Beach Gables HOA et al., Superior Court of California, County of Orange, Central Justice Center Docket Number: 30-2020-01163055-CU-OR-CJC . Fee Amount $188, Filed by Creditor The Huntington Beach Gables Homeowners Association [NOTE: Attorney Michael Poole Notified via voice mail and e-mail to file supplemental notice of hearing to be held remotely using Zoomgov audio and video hearing]). The Hearing date is |

| | | |
|---|---|---|
| | | CONTINUED TO 2/17/2022 at 10:30 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith (Duarte, Tina) (Entered: 01/14/2022) |
| 01/14/2022 | 53<br>(3 pgs) | Supplemental Notice of Hearing to Be Held Remotely Using Zoomgov Audio and Video; Filed by Creditor The Huntington Beach Gables Homeowners Association [By FAX] (RE: related document(s)45 Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: Randall I. Nickel vs. The Huntington Beach Gables HOA et al., Superior Court of California, County of Orange, Central Justice Center Docket Number: 30-2020-01163055-CU-OR-CJC . Fee Amount $188, Filed by Creditor The Huntington Beach Gables Homeowners Association [NOTE: Attorney Michael Poole Notified via voice mail and e-mail to file supplemental notice of hearing to be held remotely using Zoomgov audio and video hearing]). The Hearing date is set for 2/17/2022 at 10:30 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith (Duarte, Tina) (Entered: 01/14/2022) |
| 01/20/2022 | 56 | Hearing Rescheduled/Continued (RE: related document(s)45 Motion for Relief from Stay - ACTION IN NON-BANKRUPTCY FORUM filed by Creditor The Huntington Beach Gables Homeowners Association). The Hearing is CONTINUED TO 2/17/2022 at 10:30 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. Per Hearing Held 1/13/2022. The case judge is Erithe A. Smith (Duarte, Tina) (Entered: 01/25/2022) |
| 01/24/2022 | 54 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 2/14/2022 at 09:00 AM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Golden (TR), Jeffrey) (Entered: 01/24/2022) |
| 01/24/2022 | 55<br>(1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 01/24/2022) |
| 02/04/2022 | 57<br>(8 pgs) | Notice of Proposed Abandonment of Property of the Estate *Trustee's Notice of Intent to Abandon Estate's Interest in an Unscheduled Check, With Proof of Service* Filed by Trustee Jeffrey I Golden (TR), (DE Leest, Aaron) (Entered: 02/04/2022) |
| 02/04/2022 | 58<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Israel, Eric. (Israel, Eric) (Entered: 02/04/2022) |
| 02/07/2022 | 59<br>(3 pgs) | Notice *-Notice of Withdrawal re: Trustee's Notice of Intent to Abandon Estate's Interest in an Unscheduled Check; proof of service* Filed by Trustee Jeffrey I Golden (TR) (RE: related document(s)57 Notice of Proposed Abandonment of Property of the Estate *Trustee's Notice of Intent to Abandon Estate's Interest in an Unscheduled Check, With Proof of Service* Filed by Trustee Jeffrey I Golden (TR), (DE Leest, Aaron)). (DE Leest, Aaron) (Entered: 02/07/2022) |
| 02/11/2022 | 60<br>(8 pgs) | Notice of Proposed Abandonment of Property of the Estate *-Trustee's Notice of Intent to Abandon Estate's Interest in Debtor's Covid 19 Rent Relief Check; proof of service* Filed by Trustee Jeffrey I Golden (TR). (DE Leest, Aaron) (Entered: 02/11/2022) |

| 02/11/2022 | <u>61</u><br>(115 pgs) | Response to Motion Regarding the Automatic Stay and Declarations In Support; Memorandum of Points and Authorities in Opposition of Creditor The Huntington Beach Gables Homeowners Associations' Motion for Relief from the Automatic Stay 'EDB' (related document(s): <u>45</u> Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: Randall I. Nickel vs. The Huntington Beach Gables HOA et al., Superior Court of California, County of Orange, Central Justice Cen filed by Creditor The Huntington Beach Gables Homeowners Association) Filed by Debtor Jamie Lynn Gallian (Le, James) Warning: Item subsequently amended by docket entry no:<u>62</u> Modified on 2/11/2022 (Le, James). (Entered: 02/11/2022) |
| --- | --- | --- |
| 02/11/2022 | <u>62</u><br>(241 pgs) | Amended Response to Motion Regarding the Automatic Stay and Declarations In Support; Memorandum of Points and Authorities in Opposition of Creditor The Huntington Beach Gables Homeowners Associations' Motion for Relief from the Automatic Stay 'EDB' (related document(s): <u>45</u> Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: Randall I. Nickel vs. The Huntington Beach Gables HOA et al., Superior Court of California, County of Orange, Central Justice Cen filed by Creditor The Huntington Beach Gables Homeowners Association) Filed by Debtor Jamie Lynn Gallian (Le, James) (Entered: 02/11/2022) |
| 02/15/2022 | 63 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 2/28/2022 at 03:00 PM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Golden (TR), Jeffrey) (Entered: 02/15/2022) |
| 02/15/2022 | <u>64</u><br>(1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 02/15/2022) |
| 02/17/2022 | 65 | Hearing Held (RE: related document(s)<u>45</u> Motion for Relief from Stay - ACTION IN NON-BANKRUPTCY FORUM filed by Creditor The Huntington Beach Gables Homeowners Association) - Deny motion without prejudice to re-filing the motion if the cause of action for voidable transfer is abandoned or deemed abandoned by the chapter 7 trustee pursuant to 11 U.S.C. 554. (Daniels, Sally) (Entered: 02/28/2022) |
| 02/28/2022 | 66 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 3/21/2022 at 03:00 PM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Golden (TR), Jeffrey) (Entered: 02/28/2022) |
| 02/28/2022 | <u>67</u><br>(1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 02/28/2022) |
| 03/03/2022 | <u>68</u><br>(12 pgs) | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) <u>60</u>; proof of service Filed by Trustee Jeffrey I Golden (TR). (DE Leest, Aaron) (Entered: 03/03/2022) |
| 03/03/2022 | <u>69</u><br>(6 pgs) | Notice of lodgment of Order in Bankruptcy Case; proof of service Filed by Trustee Jeffrey I Golden (TR) (RE: related document(s)<u>60</u> Notice of Proposed Abandonment of Property of the Estate -Trustee's Notice of Intent to Abandon Estate's Interest in Debtor's Covid 19 Rent Relief |

| Date | # | Description |
|---|---|---|
| 03/16/2022 | 77 (8 pgs) | Statement of Corporate Ownership- none listed Filed by Debtor Jamie Lynn Gallian - [EDB] (Law, Tamika) (Entered: 03/17/2022) |
| 03/16/2022 | 76 (105 pgs) | Proof of service of Amended Schedules Filed by Debtor Jamie Lynn Gallian - [EDB] (Law, Tamika) (Entered: 03/16/2022) |
| 03/15/2022 | | Receipt of Amendment Filing Fee - $32.00 by 16. Receipt Number 80075964. (admin) (Entered: 03/15/2022) |
| 03/15/2022 | 75 (22 pgs) | Amending Schedules (D) and (E/F) Filed by Debtor Jamie Lynn Gallian - (Nguyen, Vi) (Entered: 03/15/2022) |
| 03/11/2022 | 74 (4 pgs) | Document re Verification of Declaration of Homestead. Filed by Debtor Jamie Lynn Gallian (RE: related document(s)72 Addendum to Vol Pet filed by Debtor Jamie Lynn Gallian, Statement of Related Cases (LBR Form 1015-2.1), Schedule A/B: Property (Official Form 106A/B or 206A/B), Schedule C: The Property You Claimed as Exempt (Official Form 106C), Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G or 206G), Schedule H: Your Codebtors (Official Form 106H or 206H), Schedule I: Your Income (Official Form 106I), Declaration About an Individual Debtor's Schedules (Official Form 106Dec), Statement of Financial Affairs (Official Form 107 or 207), Filing Under Chapter 7 (Official Form B8, or 108), Chapter 7 Statement of Your Current Monthly Income (Official Form 122A-1) (BNC Option), Verification of Master Mailing List of Creditors (LBR Form F1007-1)) (Nguyen, Vi) (Entered: 03/14/2022) |
| 03/11/2022 | 73 (11 pgs) | Addendum to voluntary petition to amend Debtor's DBA, Item # 11 pg 3, Item #16b pg6. Filed by Debtor Jamie Lynn Gallian . (Nguyen, Vi) (Entered: 03/14/2022) |
| 03/11/2022 | 72 (64 pgs) | Addendum to voluntary petition , Statement of Related Cases (LBR Form 1015-2.1) , Amended Schedule A/B Individual: Property (Official Form 106A/B or 206A/B) , Amended Schedule C: The Property You Claimed as Exempt (Official Form 106C) , Schedule G Individual: Executory Contracts and Unexpired Leases (Official Form 106G or 206G) , Schedule H Individual: Your Codebtors (Official Form 106H or 206H) , Amended Schedule I Individual: Your Income (Official Form 106I) , Declaration About an Individual Debtor's Schedules (Official Form 106Dec) , Statement of Financial Affairs for Individual Filing for Bankruptcy (Official Form 107 or 207) , Statement of Intention for Individuals Filing Under Chapter 7 (Official Form 108) , Chapter 7 Statement of Your Current Monthly Income (Official Form 122A-1) (BNC Option) , Verification of Master Mailing List of Creditors (LBR Form F1007-1). Proof of service. Verification of Declaration of Homestead filed with Orange County Clerk Recorder. Filed by Debtor Jamie Lynn Gallian . (Nguyen, Vi) (Entered: 03/14/2022) |
| 03/06/2022 | 71 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)70 Order on Motion to Abandon (BNC-PDF)) No. of Notices: 0. Notice Date 03/06/2022. (Admin.) (Entered: 03/06/2022) |
| 03/04/2022 | 70 (2 pgs) | Order Authorizing Trustee's Abandonment of Estate's Interest in Debtor's Covid 19 Rent Relief Check (BNC-PDF) (Related Doc # 60 ) Signed on 3/4/2022 (Duarte, Tina) (Entered: 03/04/2022) |
| | | Check: proof of service Filed by Trustee Jeffrey I Golden (TR). (DE Leest, Aaron)). (DE Leest, Aaron) (Entered: 03/03/2022) |

| | | |
|---|---|---|
| 03/21/2022 | 78 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 4/4/2022 at 03:00 PM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Golden (TR), Jeffrey) (Entered: 03/21/2022) |
| 03/21/2022 | 79 (1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 03/21/2022) |
| 03/22/2022 | 80 (6 pgs) | Chapter 7 Statement of Your Current Monthly Income (Official Form 122A-1) (BNC Option) Filed by Debtor Jamie Lynn Gallian . [EDB] (Law, Tamika) (Entered: 03/23/2022) |
| 04/04/2022 | 81 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 4/11/2022 at 03:00 PM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Golden (TR), Jeffrey) (Entered: 04/04/2022) |
| 04/04/2022 | 82 (1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 04/04/2022) |
| 04/11/2022 | 83 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 4/22/2022 at 03:00 PM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Golden (TR), Jeffrey) (Entered: 04/11/2022) |
| 04/11/2022 | 84 (1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 04/11/2022) |
| 04/26/2022 | 85 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 4/29/2022 at 01:30 PM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Golden (TR), Jeffrey) (Entered: 04/26/2022) |
| 04/26/2022 | 86 (1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 04/26/2022) |
| 05/02/2022 | 87 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Iskander, Brandon. (Iskander, Brandon) (Entered: 05/02/2022) |
| 05/02/2022 | 88 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Goe, Robert. (Goe, Robert) (Entered: 05/02/2022) |
| 05/02/2022 | 89 (6 pgs) | Notice *Trustees Notice Of Intent To Abandon Estates Interest In Probate Claims (with Proof of Service)* Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 05/02/2022) |
| 05/03/2022 | 90 (2 pgs) | Notice of Assets (no bar date for claims is required) *with proof of service* Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 05/03/2022) |

| | | |
|---|---|---|
| 05/03/2022 | 91 | Meeting of Creditors Held and Concluded (Chapter 7 Asset) Filed by Trustee Jeffrey I Golden (TR) (RE: related document(s) 83 Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 4/22/2022 at 03:00 PM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Golden (TR), Jeffrey)). (Golden (TR), Jeffrey) (Entered: 05/03/2022) |
| 05/11/2022 | 92 (38 pgs) | Application to Employ Danning, Gill, Israel & Krasnoff, LLP as General Bankruptcy Counsel *Chapter 7 Trustees Notice Of Application And Application To Employ Danning, Gill, Israel & Krasnoff, LLP As General Bankruptcy Counsel Effective As Of January 27, 2022; Declaration Of Eric P. Israel; And Statement Of Disinterestedness, with Proof of Service* Filed by Trustee Jeffrey I Golden (TR) (Israel, Eric) (Entered: 05/11/2022) |
| 05/11/2022 | 93 (2 pgs) | Notification of Discrepancy of Conclusion of Whether or Not No Asset Case (Claims Bar Dar Date Should Be Required); Filed by Debtor Jamie Lynn Gallian [EDB] (RE: related document(s)90 Notice of Assets (no bar date for claims is required) filed by Trustee Jeffrey I Golden (TR)) (TD8) (Entered: 05/11/2022) |
| 05/12/2022 | 94 (10 pgs) | Amended Schedule I Individual: Your Income (Official Form 106I) , Amended Schedule J: Your Expenses (Official Form 106J) , Chapter 7 Statement of Your Current Monthly Income (Official Form 122A-1) (BNC Option) , Declaration About an Individual Debtor's Schedules (Official Form 106Dec) Filed by Debtor Jamie Lynn Gallian . [EDB] (TL) (Entered: 05/12/2022) |
| 05/12/2022 | 95 (259 pgs) | Objection to Homestead Exemption *Notice of Motion and Motion Objecting to Debtor's Claimed Homestead Exemption; Memorandum of Points and Authorities; Declaration of D. Edward Hays in Support; with Proof of Service [Hrg. 6/2/22 at 10:30 a.m.]* Filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates. (Hays, D) (Entered: 05/12/2022) |
| 05/12/2022 | 96 (4 pgs) | Notice *Supplemental Notice of Hearing to be Held Remotely Using Zoomgov Audio and Video; with Proof of Service* Filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates (RE: related document(s)95 Objection to Homestead Exemption *Notice of Motion and Motion Objecting to Debtor's Claimed Homestead Exemption; Memorandum of Points and Authorities; Declaration of D. Edward Hays in Support; with Proof of Service [Hrg. 6/2/22 at 10:30 a.m.]* Filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates.). (Hays, D) (Entered: 05/12/2022) |
| 05/12/2022 | 97 (31 pgs) | Declaration of Debtor RE Postpetition Income and Expenses as of the Following Date 05/11/2022 Filed by Debtor Jamie Lynn Gallian . [EDB] (TL) . (Entered: 05/13/2022) |
| 05/12/2022 | 99 | Hearing Set (related document # 95 Motion Objecting to Debtor's Claimed Homestead Exemption filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates). The Hearing date is set for 6/2/2022 at 10:30 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith (TD8) (Entered: 05/13/2022) |
| 05/13/2022 | 98 (3 pgs) | Statement *The Huntington Beach Gables Homeowners Associations Joinder To Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates Motion Objecting To Debtors Claimed Homestead Exemption* |

| | | |
|---|---|---|
| | | *with proof of service* Filed by Creditor The Huntington Beach Gables Homeowners Association. (Goe, Robert) (Entered: 05/13/2022) |
| 05/16/2022 | 100 (2 pgs) | Janine Jasso's Joinder to Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates' Motion Objecting to Debtor's Claimed Homestead Exemption Filed by Creditor Janine Jasso 'EDB' (RE: related document(s)95 Objection to Homestead Exemption filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates) (JL) (Entered: 05/16/2022) |
| 05/26/2022 | | Receipt of Motion Filing Fee - $188.00 by 16. Receipt Number 80076089. (admin) (Entered: 05/26/2022) |
| 05/26/2022 | 101 (317 pgs; 4 docs) | Motion Confirming That No Stay is in effect for Criminal Restitution Case, or, If an Automatic Stay Exists, then for Relief from Stay . Fee Amount $188, Filed by Creditor Janine Jasso (Attachments: # 1 2 of 4 Motion # 2 3 of 4 Motion # 3 4 of 4 Motion) (AM) (Entered: 05/27/2022) |
| 05/26/2022 | 103 (2 pgs) | Notice of motion/application Filed by Creditor Janine Jasso (RE: related document(s)101 Motion Confirming That No Stay is in effect for Criminal Restitution Case, or, If an Automatic Stay Exists, then for Relief from Stay . Fee Amount $188, Filed by Creditor Janine Jasso (Attachments: # 1 2 of 4 Motion # 2 3 of 4 Motion # 3 4 of 4 Motion) (AM)). (AM) (Entered: 05/27/2022) |
| 05/27/2022 | 102 | Hearing Set (RE: related document(s)101 Motion for Relief - Order Confirming Termination of Stay or That no Stay is in Effect filed by Creditor Janine Jasso) The Hearing date is set for 6/16/2022 at 10:00 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith (AM) (Entered: 05/27/2022) |
| 05/27/2022 | 104 (3 pgs) | Supplemental Notice of Hearing To Be Held Remotely Using Zoomgov Audio and Video Filed by Creditor Janine Jasso (RE: related document(s)101 Motion Confirming That No Stay is in effect for Criminal Restitution Case, or, If an Automatic Stay Exists, then for Relief from Stay . Fee Amount $188, Filed by Creditor Janine Jasso (Attachments: # 1 2 of 4 Motion # 2 3 of 4 Motion # 3 4 of 4 Motion) (AM)). The Hearing date is set for 6/16/2022 at 10:00 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith [EDB] (AM) (Entered: 05/27/2022) |
| 06/01/2022 | 105 (361 pgs; 2 docs) | Debtors Reply Opposition, Memorandum of Points and Authorities to Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates' Motion Objecting to Debtor's Claimed Homestead Exemption and Joinder Parties Huntington Beach Gables HOA; Janine Jasso (related document(s): 95 Objection to Homestead Exemption filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates), Filed by Debtor Jamie Lynn Gallian [EDB] (TD8) Additional attachment(s) added on 6/1/2022 (TD8). (Entered: 06/01/2022) |
| 06/01/2022 | 106 (43 pgs) | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) *with Proof of Service* Filed by Trustee Jeffrey I Golden (TR) (RE: related document(s)92 Application to Employ Danning, Gill, Israel & Krasnoff, LLP as General Bankruptcy Counsel *Chapter 7 Trustees Notice Of Application And Application To Employ Danning. Gill. Israel & Krasnoff. LLP As General Bankruptcy Counsel Effective As Of January 2).* (Israel, Eric) (Entered: 06/01/2022) |

| | | |
|---|---|---|
| 06/01/2022 | 107<br>(10 pgs) | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) *Declaration that No Party Requested a Hearing on Trustees Notice Of Intent To Abandon Estates Interest In Probate Claims (with Proof of Service)* Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 06/01/2022) |
| 06/01/2022 | 108<br>(2 pgs) | Order Granting Chapter 7 Trustee's Application to Employ Danning, Gill, Israel & Krasnoff, LLP as his General Bankruptcy Counsel [Doc. No. 92] (BNC-PDF) (Related Doc # 92) Signed on 6/1/2022. (TD8) (Entered: 06/01/2022) |
| 06/01/2022 | 109<br>(2 pgs) | Order Authorizing Trustee's Abandonment of Estate's Interest in Probate Claims (BNC-PDF) (Related Doc # 89 ) Signed on 6/1/2022 (TD8) (Entered: 06/01/2022) |
| 06/01/2022 | 111<br>(29 pgs) | Opposition to Chapter 7 Trustee's (related document(s): 92 Application to Employ Danning, Gill, Israel & Krasnoff, LLP as General Bankruptcy Counsel *Chapter 7 Trustees Notice Of Application And Application To Employ Danning, Gill, Israel & Krasnoff, LLP As General Bankruptcy Counsel Effective As Of January 2 filed by Trustee Jeffrey I Golden (TR)); Filed by Debtor Jamie Lynn Gallian [Request for Hearing] [EDB] (Filed at 9:33 pm)* (TD8). (Entered: 06/02/2022) |
| 06/02/2022 | 110<br>(8 pgs) | Opposition to (related document(s): 101 Notice of Motion and Motion in Individual Case for Order Confirming Termination of Stay under 11 U.S.C. 362(j) or That No Stay is in Effect under 11 U.S.C. 362(c) (4)(A)(ii). Fee Amount $188, filed by Creditor Janine Jasso) -*Trustee's Notice of Opposition and Opposition to Motion Confirming that No Stay is in Effect for Criminal Restitution Case, or, if an Automatic Stay Exists, then for Relief from Stay filed by Creditor Janine Jasso; Memorandum of Points and Authorities in Support Thereof; proof of service* Filed by Trustee Jeffrey I Golden (TR) (DE Leest, Aaron) (Entered: 06/02/2022) |
| 06/02/2022 | 112<br>(39 pgs) | Debtor's Notice of Opposition and Opposition to Motion Confirming that No Stay is in Effect for Criminal Restitution Case, or, if an Automatic Stay Exists, Then for Relief from Stay filed by Interested Party Janine Jasso (related document(s): 101 Notice of Motion and Motion in Individual Case for Order Confirming Termination of Stay under 11 U.S.C. 362(j) or That No Stay is in Effect under 11 U.S.C. 362(c)(4)(A)(ii). Fee Amount $188, filed by Creditor Janine Jasso) Filed by Debtor Jamie Lynn Gallian 'EDB' (JL) (Entered: 06/03/2022) |
| 06/02/2022 | 113 | Hearing Rescheduled/Continued (related document # 95 Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates Motion Objecting to Debtor's Claimed Homestead Exemption). The Hearing is CONTINUED TO 7/21/2022 at 10:30 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701 to allow Movant/Joining Parties to file a reply to Debtor's late opposition filed on June 1, 2022, which reply(ies) must be filed by July 7, 2022. No other pleadings may be filed. The case judge is Erithe A. Smith (TD8) (Entered: 06/03/2022) |
| 06/03/2022 | 114<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)108 Order on Application to Employ (BNC-PDF)) No. of Notices: 0. Notice Date 06/03/2022. (Admin.) (Entered: 06/03/2022) |
| 06/03/2022 | 116<br>(322 pgs) | Amended Motion Confirming That No Stay is in effect for Criminal Restitution Case, or, If an Automatic Stay Exists, then for Relief from Stay (Updated Proof of Service) 'EDB' (related document(s): 101 Notice of Motion and Motion in Individual Case for Order Confirming |

| | | Termination of Stay under 11 U.S.C. 362(j) or That No Stay is in Effect under 11 U.S.C. 362(c)(4)(A)(ii). Fee Amount $188, filed by Creditor Janine Jasso Filed by Creditor Janine Jasso (JL) (Entered: 06/06/2022) |
|---|---|---|
| 06/03/2022 | 117<br>(8 pgs) | Amended Supplemental Notice of Hearing To Be Held Remotely Using Zoomgov Audio and Video Filed by Creditor Janine Jasso (Updated Proof of Service) 'EDB' (RE: related document(s)104) (Filed by Creditor Janine Jasso . (JL) (Entered: 06/06/2022) |
| 06/04/2022 | 115<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)109 Order on Motion to Abandon (BNC-PDF)) No. of Notices: 0. Notice Date 06/04/2022. (Admin.) (Entered: 06/04/2022) |
| 06/09/2022 | 118<br>(23 pgs) | Reply to Trustee's and Debtor's Opposition to Motion Confirming that No Stay is in Effect for Criminal Restitution Case, or, if an Automatic Stay Exists, Then for Relief From Stay (related document(s): 110 Opposition filed by Trustee Jeffrey I Golden (TR), 112 Opposition filed by Debtor Jamie Lynn Gallian) Filed by Creditor Janine Jasso 'EDB' (JL) NOTE: Filed with incorrect caption and lists adversary number; this document belongs in the main bankruptcy case 8:21-bk-11710-ES. Modified on 6/10/2022 (TD8). (Entered: 06/09/2022) |
| 06/09/2022 | 119<br>(9 pgs) | Notice of lodgment Filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates (RE: related document(s)95 Objection to Homestead Exemption *Notice of Motion and Motion Objecting to Debtor's Claimed Homestead Exemption; Memorandum of Points and Authorities; Declaration of D. Edward Hays in Support; with Proof of Service [Hrg. 6/2/22 at 10:30 a.m.]* Filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates.). (Hays, D) (Entered: 06/09/2022) |
| 06/10/2022 | 120<br>(8 pgs) | Amended Notice of lodgment, Filed by Debtor Jamie Lynn Gallian [EDB] (RE: related document(s)95 Objection to Homestead Exemption). (TD8) (Entered: 06/10/2022) |
| 06/10/2022 | 121<br>(8 pgs) | Notice of Lodgment Filed by Debtor Jamie Lynn Gallian 'EDB' (RE: related document(s)95 Objection to Homestead Exemption). (JL) (Entered: 06/13/2022) |
| 06/16/2022 | 123 | Hearing Held (RE: related document(s)101 Motion for Relief - Order Confirming Termination of Stay or That no Stay is in Effect filed by Creditor Janine Jasso) Motion Denied Without Prejudice. (JL) (Entered: 06/22/2022) |
| 06/17/2022 | 122<br>(8 pgs) | Notice of lodgment, Filed by Creditor Janine Jasso [EDB] (RE: related document(s)101 Notice of Motion and Motion in Individual Case for Order Confirming Termination of Stay under 11 U.S.C. 362(j) or That No Stay is in Effect under 11 U.S.C. 362(c)(4)(A)(ii). Fee Amount $188,). (TD8) (Entered: 06/21/2022) |
| 06/23/2022 | 124<br>(5 pgs) | Order Continuing Hearing on Motion Objecting to Debtor's Claimed Homestead Exemption. IT IS ORDERED that: The Hearing on the Motion is CONTINUED TO July 21, 2022, at 10:30 a.m. to Allow Houser Bros and/or the Joining Parties to File a Reply/Replies to Debtor's Late Opposition filed on June 1, 2022 (See Order for Further Ruling) (BNC-PDF) (Related Doc # 95 ) Signed on 6/23/2022 (TD8) (Entered: 06/23/2022) |

| | | |
|---|---|---|
| 06/25/2022 | 125 (7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)124 Order on Generic Motion (BNC-PDF)) No. of Notices: 0. Notice Date 06/25/2022. (Admin.) (Entered: 06/25/2022) |
| 06/27/2022 | 126 (2 pgs) | Order Denying Motion for Relief from the Automatic Stay Under 11 U.S.C. Section 362 (BNC-PDF) Signed on 6/27/2022 (RE: related document(s)101 Motion for Relief - Order Confirming Termination of Stay or That no Stay is in Effect filed by Creditor Janine Jasso). (TD8) (Entered: 06/27/2022) |
| 06/29/2022 | 127 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)126 Order (Generic) (BNC-PDF)) No. of Notices: 0. Notice Date 06/29/2022. (Admin.) (Entered: 06/29/2022) |
| 06/30/2022 | 128 (4 pgs) | Statement -Trustee's Joinder in Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates' Motion Objecting to Debtor's Claimed Homestead Exemption; proof of service 95 Filed by Trustee Jeffrey I Golden (TR). (DE Leest, Aaron) (Entered: 06/30/2022) |
| 07/07/2022 | 129 (5 pgs) | Reply to (related document(s): 105 Reply filed by Debtor Jamie Lynn Gallian) The Huntington Beach Gables Homeowners Association's Reply to Debtor's Opposition to Motion Objecting to Debtor's Claimed Homestead Exemption with Proof of Service Filed by Creditor The Huntington Beach Gables Homeowners Association (Goe, Robert) (Entered: 07/07/2022) |
| 07/07/2022 | 130 (96 pgs) | Reply to (related document(s): 105 Reply filed by Debtor Jamie Lynn Gallian) Reply to Debtor's Opposition to Motion Objecting to Claimed Homestead Exemption; Declaration of D. Edward Hays in Support; with Proof of Service Filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates (Hays, D) (Entered: 07/07/2022) |
| 07/07/2022 | 131 (4 pgs) | Declaration re: Declaration of Vivienne J. Alston re: Motion Objecting to Debtor's Claimed Homestead Exemption; with Proof of Service Filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates (RE: related document(s)130 Reply). (Hays, D) (Entered: 07/07/2022) |
| 07/07/2022 | 132 (62 pgs) | Declaration re: Declaration of Greg Buysman re: Motion Objecting to Debtor's Claimed Homestead Exemption; with Proof of Service Filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates (RE: related document(s)130 Reply). (Hays, D) (Entered: 07/07/2022) |
| 07/07/2022 | 133 (4 pgs) | Declaration re: Declaration of Chris Houser re: Motion Objecting to Debtor's Claimed Homestead Exemption; with Proof of Service Filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates (RE: related document(s)130 Reply). (Hays, D) (Entered: 07/07/2022) |
| 07/08/2022 | 134 (13 pgs) | Reply to Greg Buysman, CA Notary Public Commission Number 2341449; Owner & Operator the UPS Store, Edinger/Springdage (related document(s): 95 Objection to Homestead Exemption filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates) Filed by Debtor Jamie Lynn Gallian [EDB] (AM) (Entered: 07/08/2022) |
| 07/08/2022 | 135 (224 pgs; 6 docs) | Motion to Avoid Lien (Real Property) with The Huntington Beach Gables Homeowners Association Filed by Debtor Jamie Lynn Gallian [EDB] (Attachments: # 1 Part 2 # 2 Part 3 # 3 Part 4) (AM) Modified |

| | | |
|---|---|---|
| | | on 7/8/2022 (AM). Additional attachment(s) added on 7/8/2022 (TL). (Entered: 07/08/2022) |
| 07/08/2022 | 136 (228 pgs; 7 docs) | Notice of Opportunity to Request a Hearing On Motion Filed by Debtor Jamie Lynn Gallian . [EDB] (AM) Modified on 7/8/2022 (AM) (RE: related document(s)135 Motion to Avoid Lien Property Lien with The Huntington Beach Gables Homeowners Association). Additional attachment(s) added on 7/11/2022 (TL). Modified on 7/11/2022 (TL). (Entered: 07/08/2022) |
| 07/08/2022 | 137 | Motion to Avoid Lien Real Property with The Huntington Beach Gables Homeowners Association Filed by Debtor Jamie Lynn Gallian (Attachments: # 1 Part 2 # 2 Part 3 # 3 Part 4 # 4 Part 5 # 5 Part 6) [EDB] (AM) Modified on 7/8/2022 (AM). Docketed in error. Motion terminated. See docket entry 135 for correct Motion. Modified on 7/11/2022 (TL). (Entered: 07/08/2022) |
| 07/20/2022 | 138 (20 pgs) | Notice *of Lodgment of Excerpts of Certified Transcript in Support of Reply to Debtor's Opposition to Motion Objecting to Claimed Homestead Exemption; with Proof of Service* Filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates (RE: related document(s)130 Reply to (related document(s): 105 Reply filed by Debtor Jamie Lynn Gallian) *Reply to Debtor's Opposition to Motion Objecting to Claimed Homestead Exemption; Declaration of D. Edward Hays in Support; with Proof of Service* Filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates). (Hays, D) (Entered: 07/20/2022) |
| 07/21/2022 | 139 (6 pgs) | Notice of Lodgment of Orange County Tax Assessors Proof of Debtors Homestead Exemption Effective 2/25/2021 in Support of Opposition to Motion Objecting to Claimed Homestead Exemption, Filed by Debtor Jamie Lynn Gallian [EDB] (RE: related document(s)95 Objection to Homestead Exemption). (TD8) (Entered: 07/21/2022) |
| 07/21/2022 | 140 (33 pgs) | Amended Notice of Lodgment of Orange County Tax Assessors Proof of Debtors Homestead Exemption Effective 2/25/2021 in Support of Opposition to Motion Objecting to Claimed Homestead Exemption Filed by Debtor Jamie Lynn Gallian 'EDB' (RE: related document(s)130 Reply to (related document(s): 105 Reply filed by Debtor Jamie Lynn Gallian) *Reply to Debtor's Opposition to Motion Objecting to Claimed Homestead Exemption; Declaration of D. Edward Hays in Support; with Proof of Service* Filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates, 139 Notice of Lodgment of Orange County Tax Assessors Proof of Debtors Homestead Exemption Effective 2/25/2021 in Support of Opposition to Motion Objecting to Claimed Homestead Exemption, Filed by Debtor Jamie Lynn Gallian [EDB] (RE: related document(s)95 Objection to Homestead Exemption). (TD8)). (JL) (Entered: 07/21/2022) |
| 07/21/2022 | 143 (6 pgs) | Notice of Appeal and Statement of Election to Bankruptcy Appellate Panel.(Official Form 417A) . Fee Amount $298 NOT PAID Filed by Debtor Jamie Lynn Gallian . Appellant Designation due by 8/4/2022. (NB8) (Entered: 07/22/2022) |
| 07/21/2022 | 153 | Hearing Held (related document # 95 Creditor Houser Bros. Co, dba Rancho Del Rey Mobile Home Estates Motion Objecting to Debtor's Claimed Homestead Exemption) - Motion Granted objecting to Debtor's homestead exemption claim. (TD8) (Entered: 07/25/2022) |

| | | |
|---|---|---|
| 07/22/2022 | 141<br>(63 pgs) | Opposition to (related document(s): 135 Motion to Avoid Lien Property Lien with The Huntington Beach Gables Homeowners Association filed by Debtor Jamie Lynn Gallian, 136 Notice of motion/application filed by Debtor Jamie Lynn Gallian, 137 Motion to Avoid Lien Real Property with The Huntington Beach Gables Homeowners Association filed by Debtor Jamie Lynn Gallian) *Omnibus Opposition to Debtor's Notice of Motion and Motion to Avoid Lien Under 11 U.S.C. § 522(f) and Request for Hearing; Declaration of Robert P. Goe in Support Thereof; Notice of Opposition and Request for a Hearing with Proof of Service* Filed by Creditor The Huntington Beach Gables Homeowners Association (Goe, Robert) (Entered: 07/22/2022) |
| 07/22/2022 | 142<br>(3 pgs; 2 docs) | Notice of Assets filed by trustee and court's notice of possible dividend (BNC) *with proof of service* Filed by Trustee Jeffrey I Golden (TR). Proofs of Claims due by 10/25/2022. Government Proof of Claim due by 1/5/2022. (Golden (TR), Jeffrey) (Entered: 07/22/2022) |
| 07/22/2022 | 144<br>(1 pg) | Deficiency letter to Appellant: Appeal Is Deficient For the Following Reasons: $298.00 Filing Fee For Appeal Was Not Paid; Does Not Include The Entered Date Of Order, Judgment, Or Decree; Does Not Include Entered Stamped Copy Of Order, Judgment, Or Decree; Does Not Include the Telephone Number(s) Of The Opposing Parties (RE: related document(s)143 Notice of Appeal and Statement of Election (Official Form 417A) filed by Debtor Jamie Lynn Gallian) (NB8) (Entered: 07/22/2022) |
| 07/22/2022 | 145 | Request for a Certified Copy Fee Amount $11. The document will be sent via email to :gestrada@wgllp.com: Filed by Trustee Jeffrey I Golden (TR) (RE: related document(s)1 Voluntary Petition (Chapter 7)). (Golden (TR), Jeffrey) (Entered: 07/22/2022) |
| 07/22/2022 | | Receipt of Request for a Certified Copy( 8:21-bk-11710-ES) [misc,paycert] ( 11.00) Filing Fee. Receipt number A54475197. Fee amount 11.00. (re: Doc# 145 ) (U.S. Treasury) (Entered: 07/22/2022) |
| 07/22/2022 | 146<br>(1 pg) | Transcript Order Form related to an Appeal, regarding Hearing Date 07/21/2022 at 10:30 a.m. Filed by Debtor Jamie Lynn Gallian [EDB] (RE: related document(s)95 Objection to Homestead Exemption). (TD8) (Entered: 07/22/2022) |
| 07/22/2022 | 147<br>(269 pgs; 2 docs) | Amended Motion (related document(s): 135 Motion to Avoid Lien Property Lien with The Huntington Beach Gables Homeowners Association filed by Debtor Jamie Lynn Gallian) Filed by Debtor Jamie Lynn Gallian [EDB] (Attachments: # 1 Part 2) (TD8) (Entered: 07/22/2022) |
| 07/22/2022 | 148<br>(273 pgs; 3 docs) | Notice of Opportunity To Request a Hearing On Motion (LBR 9013-1(o)) Filed by Debtor Jamie Lynn Gallian [EDB] (RE: related document(s)135 Motion to Avoid Lien (Real Property) with The Huntington Beach Gables Homeowners Association Filed by Debtor Jamie Lynn Gallian [EDB] (Attachments: # 1 Part 2 # 2 Part 3 # 3 Part 4) (AM) Modified on 7/8/2022 (AM). Additional attachment(s) added on 7/8/2022 (TL)., 147 Amended Motion (related document(s): 135 Motion to Avoid Lien Property Lien with The Huntington Beach Gables Homeowners Association filed by Debtor Jamie Lynn Gallian) Filed by Debtor Jamie Lynn Gallian [EDB] (Attachments: # 1 Part 2) (TD8)). (Attachments: # 1 Part 2 - Amended Motion # 2 Part 3 - Declaration) (TD8) (Entered: 07/22/2022) |

000455

| 07/22/2022 | 149 | Certified Copy Emailed to gestrada@wgllp.com (Entered: 07/22/2022) |
|---|---|---|
| 07/22/2022 | 150 (16 pgs) | Notice of lodgment Filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates (RE: related document(s)95 Objection to Homestead Exemption *Notice of Motion and Motion Objecting to Debtor's Claimed Homestead Exemption; Memorandum of Points and Authorities; Declaration of D. Edward Hays in Support; with Proof of Service [Hrg. 6/2/22 at 10:30 a.m.]* Filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates.). (Hays, D) (Entered: 07/22/2022) |
| 07/24/2022 | 151 (5 pgs) | BNC Certificate of Notice (RE: related document(s)142 Notice of Assets filed by trustee and court's notice of possible dividend (BNC) filed by Trustee Jeffrey I Golden (TR)) No. of Notices: 75. Notice Date 07/24/2022. (Admin.) (Entered: 07/24/2022) |
| 07/25/2022 | 152 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 22-ES-22. RE Hearing Date: 07/21/22, [TRANSCRIPTION SERVICE PROVIDER: ECHO REPORTING, INC., Telephone number Ph: (858) 453-7590.] (RE: related document(s)146 Transcript Order Form (Public Request) filed by Debtor Jamie Lynn Gallian) (JL) (Entered: 07/25/2022) |
| 07/25/2022 | 154 (61 pgs) | Opposition to (related document(s): 135 Motion to Avoid Lien Property Lien with The Huntington Beach Gables Homeowners Association filed by Debtor Jamie Lynn Gallian, 136 Notice of motion/application filed by Debtor Jamie Lynn Gallian, 137 Motion to Avoid Lien Real Property with The Huntington Beach Gables Homeowners Association filed by Debtor Jamie Lynn Gallian) *141 Amended Omnibus Opposition to Debtor's Notice of Motion and Motion to Avoid Lien Under 11 U.S.C. § 522(f) and Request for Hearing; Declaration of Robert P. Goe in Support Thereof with Proof of Service* Filed by Creditor The Huntington Beach Gables Homeowners Association (Iskander, Brandon) (Entered: 07/25/2022) |
| 07/25/2022 | 155 (63 pgs) | Opposition to (related document(s): 135 Motion to Avoid Lien Property Lien with The Huntington Beach Gables Homeowners Association filed by Debtor Jamie Lynn Gallian, 136 Notice of motion/application filed by Debtor Jamie Lynn Gallian, 137 Motion to Avoid Lien Real Property with The Huntington Beach Gables Homeowners Association filed by Debtor Jamie Lynn Gallian) *141[154 filer error] Amended Omnibus Opposition to Debtor's Notice of Motion and Motion to Avoid Lien Under 11 U.S.C. § 522(f) and Request for Hearing; Declaration of Robert P. Goe in Support Thereof; Notice of Opposition and Request for a Hearing with Proof of Service* Filed by Creditor The Huntington Beach Gables Homeowners Association (Goe, Robert) (Entered: 07/25/2022) |
| 07/26/2022 | 156 (16 pgs) | Notice of lodgment *(Amended) Notice of Lodgment* Filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates (RE: related document(s)150 Notice of lodgment Filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates (RE: related document(s)95 Objection to Homestead Exemption *Notice of Motion and Motion Objecting to Debtor's Claimed Homestead Exemption; Memorandum of Points and Authorities; Declaration of D. Edward Hays in Support; with Proof of Service [Hrg. 6/2/22 at 10:30 a.m.]* Filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates.).). (Hays, D) (Entered: 07/26/2022) |

000456

| 07/26/2022 | 157 (332 pgs; 2 docs) | Debtor's Notice of and Motion for Reconsideration of 7.21.22 Order Sustaining Houser Bros. Co. DBA Rancho Del Rey Mobile Home Estates Objection to Debtor's Claimed Homestead Exemption and Joinder Parties Huntington Beach Gables HOA; Janine Jasso. Filed by Debtor Jamie Lynn Gallian (Attachments: # 1 Part 2) 'EDB' (RE: related document(s)95) (JL) (Entered: 07/26/2022) |
|---|---|---|
| 07/26/2022 | 158 (4 pgs) | Supplemental Notice of Hearing to be Held Remotely Using ZOOMGOV Audio and Video Filed by Debtor Jamie Lynn Gallian 'EDB' (RE: related document(s)157 Debtor's Notice of and Motion for Reconsideration of 7.21.22 Order Sustaining Houser Bros. Co. DBA Rancho Del Rey Mobile Home Estates Objection to Debtor's Claimed Homestead Exemption and Joinder Parties Huntington Beach Gables HOA; Janine Jasso. Filed by Debtor Jamie Lynn Gallian (Attachments: # 1 Part 2) 'EDB' (RE: related document(s)95) (JL)). (JL) (Entered: 07/26/2022) |
| 07/26/2022 | 159 | Hearing Set (RE: related document(s)157 Motion to Reconsider filed by Debtor Jamie Lynn Gallian) The Hearing date is set for 8/18/2022 at 10:30 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith (JL) (Entered: 07/26/2022) |
| 07/28/2022 | 160 | Trustee Certification of Services Rendered Under 11 U.S.C. Section 330(e). I rendered the following service in the case and am eligible for payment under 11 U.S.C. Section 330(e): Filed a Notice of Assets. I declare under penalty of perjury that the foregoing is true and correct. (Executed on 7/28/2022). Filed by Trustee Jeffrey I Golden (TR) (RE: related document(s)90 Notice of Assets (no bar date for claims is required) *with proof of service* Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) filed by Trustee Jeffrey I Golden (TR)). (Golden (TR), Jeffrey) (Entered: 07/28/2022) |
| 07/28/2022 | 161 (12 pgs) | Notice Of Appeal And Statement of Election To Bankruptcy Appellate Panel.(Official Form 417A) . Fee Amount $298 NOT PAID Filed by Debtor Jamie Lynn Gallian. Appellant Designation due by 8/11/2022. - [EDB] - APPEAL FEE OF $298 PAID 7/29/2022 - RECEIPT NO. 80076183 (NB8) Modified on 7/29/2022 (NB8). (Entered: 07/28/2022) |
| 07/28/2022 | 162 (25 pgs) | Application to Employ Coldwell Banker Realty as Real Estate Broker *Application Of The Chapter 7 Trustee To Employ Real Estate Broker Coldwell Banker Realty And Agents William Friedman And Greg Bingham Pursuant To 11 U.S.C. §§ 327 And 328; Memorandum Of Points And Authorities; And Declarations Of William Friedman And Greg Bingham In Support (with Proof of Service)* Filed by Trustee Jeffrey I Golden (TR) (Golden (TR), Jeffrey) - WARNING: See docket entry no. 166 for corrections - Modified on 7/29/2022 (TD8). (Entered: 07/28/2022) |
| 07/28/2022 | 163 (5 pgs) | Notice of Hearing *Application Of The Chapter 7 Trustee To Employ Real Estate Broker Coldwell Banker Realty And Agents William Friedman And Greg Bingham Pursuant To 11 U.S.C. §§ 327 And 328; Memorandum Of Points And Authorities; And Declarations Of William Friedman And Greg Bingham In Support (with Proof of Service)* Filed by Trustee Jeffrey I Golden (TR) (RE: related document(s)162 Application to Employ Coldwell Banker Realty as Real Estate Broker *Application Of The Chapter 7 Trustee To Employ Real Estate Broker Coldwell Banker Realty And Agents William Friedman And Greg Bingham Pursuant To 11 U.S.C. §§ 327 And 328; Memorandum Of Points And Authorities; And Declarations Of William Friedman And Greg Bingham In Support (with Proof of* |

| | | |
|---|---|---|
| | | *Service*) Filed by Trustee Jeffrey I Golden (TR) (Golden (TR), Jeffrey)). (Golden (TR), Jeffrey) – WARNING: See docket entry no. 166 for corrections - Modified on 7/29/2022 (TD8). (Entered: 07/28/2022) |
| 07/28/2022 | 164 (4 pgs) | Supplemental *Supplemental Notice Of Hearing To Be Held Remotely Using Zoomgov Audio And Video (with Proof of Service)* Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) – WARNING: See docket entry no. 166 for corrections - Modified on 7/29/2022 (TD8). (Entered: 07/28/2022) |
| 07/28/2022 | 165 (1 pg) | Deficiency letter to Appellant: Appeal Is Deficient For the Following Reasons: $298.00 Filing Fee For Appeal Was Not Paid And Does Not Include Entered Stamped Copy Of Order, Judgment, Or Decree (RE: related document(s)161 Notice of Appeal and Statement of Election (Official Form 417A) filed by Debtor Jamie Lynn Gallian) (NB8) (Entered: 07/28/2022) |
| 07/28/2022 | | Receipt of Appeal Late Filing Fee - $0.00 by 12. Receipt Number 80076180. (admin) (Entered: 07/28/2022) |
| 07/28/2022 | | Receipt of Appeal Late Noticing Filing Fee - $0.00 by 12. Receipt Number 80076180. (admin) (Entered: 07/28/2022) |
| 07/29/2022 | 166 | Notice to Filer of Error and/or Deficient Document **Hearing date/time selected is no longer available. THE FILER IS INSTRUCTED TO CONTACT JUDGE SMITH'S COURTROOM DEPUTY FOR AN AVAILABLE HEARING DATE/TIME AND SUBSEQUENTLY FILE AN AMENDED NOTICE OF MOTION/HEARING WITH THE CORRECT HEARING INFORMATION.** (RE: related document(s)162 Application to Employ filed by Trustee Jeffrey I Golden (TR), 163 Notice of Hearing (BK Case) filed by Trustee Jeffrey I Golden (TR), 164 Supplemental filed by Trustee Jeffrey I Golden (TR)) (TD8) (Entered: 07/29/2022) |
| 07/29/2022 | | Receipt of Appeal Late Noticing Filing Fee - $5.00 by 16. Receipt Number 80076183. (admin) (Entered: 07/29/2022) |
| 07/29/2022 | | Receipt of Appeal Late Filing Fee - $293.00 by 16. Receipt Number 80076183. (admin) (Entered: 07/29/2022) |
| 08/01/2022 | 167 (160 pgs; 2 docs) | Notice of Motion Motion For Leave From The Bankruptcy Appeal Panel To Permit The Bankruptcy Court To Consider Debtor's Motion For Re-Consideration [Doc 157] On August 18, 2022 Filed by Debtor Jamie Lynn Gallian (Attachments: # 1 Motion For Reconsideration) (GD) [EDB] Modified on 8/1/2022 (GD). (Entered: 08/01/2022) |
| 08/02/2022 | 168 (4 pgs) | Optional Appellee Statement of Election to Proceed in U.S. District Court (Official Form 417B) Filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates (RE: related document(s)143 Notice of Appeal and Statement of Election (Official Form 417A), 161 Notice of Appeal and Statement of Election (Official Form 417A)). (Masud, Laila) (Entered: 08/02/2022) |
| 08/04/2022 | 169 (4 pgs) | Notice Of Appeal And Statement Of Election To Bankruptcy Appellate Panel (Official Form 417A) . Fee Amount $298 NOT PAID Filed by Debtor Jamie Lynn Gallian . Appellant Designation due by 8/18/2022. [EDB] (NB8) (Entered: 08/04/2022) |

| | | |
|---|---|---|
| 08/04/2022 | 170<br>(58 pgs) | Response to (related document(s): 157 Motion to Reconsider filed by Debtor Jamie Lynn Gallian) *Response to Debtor's Notice of and Motion for Reconsideration of 7-21-22 Order Sustaining Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates Objection to Debtor's Claimed Homestead Exemption; Declaration of D. Edward Hays in Support; with Proof of Service* Filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates (Hays, D) (Entered: 08/04/2022) |
| 08/04/2022 | 171<br>(4 pgs) | Statement - *Trustee's Joinder in Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates' Response to Debtor's Notice of and Motion for Reconsideration of 7.21.22 Order Sustaining Houser Bros. Co. dba Rancho Del Rey Mobile Home Estate's Objection to Debtor's Claimed Homestead Exemption; proof of service* Filed by Trustee Jeffrey I Golden (TR). (DE Leest, Aaron) (Entered: 08/04/2022) |
| 08/04/2022 | 172<br>(4 pgs) | Substitution of attorney , Proof of service Filed by Debtor Jamie Lynn Gallian. (Briones, Bert) (Entered: 08/04/2022) |
| 08/04/2022 | 173<br>(4 pgs) | Statement *The Huntington Beach Gables Homeowners Association's Joinder to House Bros. Co. dba Rancho del Rey Mobile Home Estates' Response to Debtor's Motion for Reconsideration with Proof of Service* Filed by Creditor The Huntington Beach Gables Homeowners Association. (Goe, Robert). Related document(s) 157 Motion to Reconsider filed by Debtor Jamie Lynn Gallian. Modified on 8/5/2022 (JL). (Entered: 08/04/2022) |
| 08/04/2022 | 174<br>(1 pg) | Deficiency letter to Appellant: Appeal Is Deficient For the Following Reasons: $298.00 Filing Fee For Appeal Was Not Paid; The Notice Of Appeal Does Not Conform Substantially With The Notice Of Appeal And Statement Of Election (Official Form 417A: Does Not Include The Title Of Order, Judgment, Or Decree; Does Not Include The Entered Date Of Order, Judgment, Or Decree; Does Not Include Entered Stamped Copy Of Order, Judgment, Or Decree; related document(s)169 Notice of Appeal and Statement of Election; (RE: al Form 417A) filed by Debtor Jamie Lynn Gallian) (NB8) (Entered: 08/04/2022) |
| 08/04/2022 | 175<br>(185 pgs; 6 docs) | Notice Of Referral Of Appeal To United States Bankruptcy Appellate Panel Of The Ninth Circuit (BAP) with certificate of mailing (RE: related document(s)161 Notice of Appeal and Statement of Election (Official Form 417A) filed by Debtor Jamie Lynn Gallian) (Attachments: # 1 Notice of Appeal and Statement of Election # 2 Notice of Motion and Motion for Leave From the Bankruptcy Appellate Panel to Permit the Bankruptcy Court to Consider Debtor's Motion for Re-consideration (Doc 157) on August 18, 2022 # 3 Notice of Transcript(s) Designated for an Appeal # 4 Transcript Order Form # 5 Amended Order Continuing The Bankruptcy Appellant Panel Of The Ninth Circuit) (NB8) (Entered: 08/04/2022) |
| 08/04/2022 | 176<br>(17 pgs; 5 docs) | Notice Of Referral Of Appeal To United States Bankruptcy Appellate Panel Of The Ninth Circuit (BAP) with certificate of mailing (RE: related document(s)169 Notice of Appeal and Statement of Election (Official Form 417A) filed by Debtor Jamie Lynn Gallian) (Attachments: # 1 Notice of Appeal and Statement of Election # 2 Notice of Transcripts Designated for An Appeal # 3 Transcript Order Form # 4 Amended Order Continuing the Bankruptcy Appellant Panel of the Ninth Circuit) (NB8) (Entered: 08/04/2022) |

CM/ECF - U.S. Bankruptcy Court (ND v.6.3 - LIVE) Case 8:21-bk-11710-ES   Doc 185   Filed 08/11/22   Entered 08/11/22 17:07:13   Desc
Main Document   Page 48 of 111
https://ecf.cacb.uscourts.gov/cgi-bin/DktRpt.pl?583374086235192-L...

| 08/04/2022 | | Receipt of Appeal Late Filing Fee - $0.00 by 12. Receipt Number 80076190. (admin) (Entered: 08/04/2022) |
|---|---|---|
| 08/04/2022 | | Receipt of Appeal Late Noticing Filing Fee - $0.00 by 12. Receipt Number 80076190. (admin) (Entered: 08/04/2022) |
| 08/05/2022 | 177 (12 pgs) | Order Granting Houser Bros. Co. dba Rancho Del Rey Mobile Home Estate's Motion Objecting to Debtor's Claimed Homestead Exemption in 16222 Monterey Lane, Space #376, Huntington Beach, CA 92649, Docket No. 95 (BNC-PDF) (Related Doc # 95 ) Signed on 8/5/2022 (JL) (Entered: 08/05/2022) |
| 08/05/2022 | 178 (63 pgs) | Opposition to (related document(s): 147 Amended Motion (related document(s): 135 Motion to Avoid Lien Property Lien with The Huntington Beach Gables Homeowners Association filed by Debtor Jamie Lynn Gallian) filed by Debtor Jamie Lynn Gallian) *Opposition to Debtor's Amended Notice of Motion and Motion to Avoid Lien Under 11 U.S.C. § 522(f) and Request for Hearing; Declaration of Robert P. Goe in Support Thereof; Notice of Opposition and Request for a Hearing with Proof of Service* Filed by Creditor The Huntington Beach Gables Homeowners Association (Goe, Robert) (Entered: 08/05/2022) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 08/07/2022 14:56:13 | | | |
| **PACER Login:** | Slurpyjam | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 8:21-bk-11710-ES Fil or Ent: filed From: 5/9/2021 To: 8/8/2022 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 19 | **Cost:** | 1.90 |

000460

/22, 2:56 PM

**EXHIBIT 1**

1  JAMIE LYNN GALLIAN
   16222 MONTEREY LANE UNIT 376
2  HUNTINGTON BEACH, CA 92649
   (714) 321-3449
3
   JAMIEGALLIAN@GMAIL.COM
4

5

6

7

8

9

10              UNITED STATES BANKRUPTCY COURT

11       CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

12  In re                          | Case No. 8:21-bk-11710-ES

13  JAMIE LYNN GALLIAN,            | Chapter 7  AMENDED

14         Debtor.                 | NOTICE OF LODGMENT OF ORANGE
                                    | COUNTY TAX ASSESSORS PROOF OF
15                                  | DEBTORS HOMESTEAD EXEMPTION
                                    | EFFECTIVE 2/25/2021 IN SUPPORT OF
16                                  | OPPOSITION TO MOTION OBJECTING TO
                                    | CLAIMED HOMESTEAD EXEMPTION
17
                                    | [Dk. No. 130]
18
                                    | Date:   July 21, 2022
19                                  | Time:   10:30 a.m.
                                    | Ctrm:   5A[1]
20                                  | Location: 411 W. Fourth Street, Santa Ana, CA
                                    | 92701
21  TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE, THE

22  DEBTOR, AND ALL INTERESTED PARTIES:

23        JAMIE LYNN GALLIAN  ("Debtor.") files this Notice

2   of Lodgment in support of her opposition ("Opposition") filed on July 1, 2022, as Dk. No. 135. At

25  the time the Opposition was filed, Debtor's Proof of Exemption had not been received from the

26  Assessors Office.  The information needed to prove date of exemption is not made public.

27  _____
    [1] To continue to aid in the mitigation of the spread of the COVID-19 virus and in light of the response of the Bar to
    continue virtual appearances, Judge Smith will continue to hold the majority of her hearings remotely using ZoomGov
28  audio and video. However, beginning September 1, 2021, Judge Smith will allow the option for in-person hearings
    and/or hybrid proceedings for trial and evidentiary hearings only.
                                         2

As such, the Opposition cited to and attached as Exhibit "1" . Attached is a true and correct

1 Real time Screen Capture from Orange County Tax Assessors Office in Real Time July 21,

2 2022. The responsible person providing this information to Jamie Gallian "JASON"

3 Assessors Office Employee in the Exemption Department provided this information. A hard

4 copy is currently being obtained by Jamie Gallian.

5 I declare under the penalty of perjury the foregoing statement is True and Correct.

6 Signed this 21st day of July, 2022, at Huntington Beach, CA County of Orange.

7 DATED: July 21, 2022                    JAMIE LYNN GALLIAN

8

9                                         By:  *Jamie Lynn Gallian*

10                                        JAMIE LYNN GALLIAN, DEBTOR

3

IMG_0407.jpeg

https://mail.google.com/mail/u/0/

BOE-266 (P1) REV. 13 (05-20)

**CLAIM FOR HOMEOWNERS' PROPERTY TAX EXEMPTION**

If eligible, sign and file this form with the Assessor on or before February 15 or on or before the 30th day following the date of notice of supplemental assessment, whichever comes first.

SEE INSTRUCTIONS BEFORE COMPLETING

NAME AND MAILING ADDRESS
(Make necessary corrections to the printed name and mailing address)

891-569-62
GALLIAN, JAMIE LYNN
16222 MONTEREY LN, SPC 376
HUNTINGTON BEACH, CA 92649

**CLAUDE PARRISH**
**ORANGE COUNTY ASSESSOR**
500 S. MAIN ST, FIRST FLOOR, SUITE 103
ORANGE, CA 92868-4512  or
P.O. BOX 628
SANTA ANA, CA 92702-0628
PHONE: (714) 834-3821
FAX: (714) 834-2565
www.ocgov.com/assessor

| FOR ASSESSOR'S USE ONLY | |
|---|---|
| Received | |
| Approved | |
| Denied | |
| Reason for denial | |
| M-2085154 | NO |

PROPERTY DESCRIPTION

Parcel No. 891-569-62

Address of dwelling
16222 MONTEREY LN, UNIT 376
HUNTINGTON BEACH
TR  RANDRE    BLK 376
LOT              UN

Print your social security number and name here → SSN: XXX-XX-3986
NAME: JAMIE L GALLIAN

Print co-owner's or spouse's social security number and name when this property is also his/her principal residence → SSN: _____-___-_____
NAME: _____

**STATEMENTS**

This claim may be used to file for the Homeowners' Exemption for the Assessment Roll and the Supplemental Assessment Roll. A new owner must file a claim even if the property is already receiving the homeowners' exemption. Please carefully read the information and instructions before answering the questions listed below.

1. When did you acquire this property? _11-1-2018_

2. Date you occupied this property as your principal residence (see instructions): _11-1-2018_

3. Do you own another property that is, or was, your principal place of residence in California? ☑ YES ☐ NO
   If YES, please provide the address below, and the date you MOVED OUT, if no longer your principal place of residence:
   Address: _4476 Aldervore Drive HB  92649_   _10/31/2018_

Only the owners or their spouses who occupy the above-described property (including a purchaser under contract of sale) or his or her legal representative may sign this claim. (If the property comprises more than one dwelling unit, other co-owner occupants may wish to file separate claims; however, only one exemption will be allowed per dwelling unit.)

If you are buying this property under an unrecorded contract of sale and the Assessor does not have a copy of the contract, you must attach a copy to this claim.

**CERTIFICATION**

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing and all information hereon, including any accompanying statements or documents, is true, correct, and complete to the best of my knowledge and belief.

| SIGNATURE OF OWNER-OCCUPANT | DATE |
|---|---|
| ► | |
| SIGNATURE OF OCCUPANT'S SPOUSE OR CO-OWNER-OCCUPANT | DATE |
| ► | |
| EMAIL ADDRESS  JAMIEgallian@gmail.com | DAYTIME TELEPHONE NUMBER  (714) 321-3447 |

**IF YOU DO NOT OCCUPY THIS PARCEL AS YOUR PRINCIPAL RESIDENCE, PLEASE DISCARD THIS FORM.**
If you occupy this parcel at a later date, contact the Assessor at that time.

**THIS DOCUMENT IS NOT SUBJECT TO PUBLIC INSPECTION**

A002-985 (P1) (R 01/21)



0001120- 1

500 S. Main Street, First Floor, Suite 103
Orange, CA 92868-4512
or
P. O. Box 628
Santa Ana, CA 92702-0628



ESTABLISHED 1889

**CLAUDE PARRISH**
COUNTY ASSESSOR
Telephone: (714) 834-3821
FAX: (714) 834-2565
www.ocassessor.gov

**OFFICE OF THE ASSESSOR**

July 21, 2022

891-569-62   HX

GALLIAN, JAMIE LYNN
16222 MONTEREY LN, SPC 376
HUNTINGTON BEACH, CA 92649

SUBJECT: **Assessor Parcel Number: 891-569-62**

**Property Address: 16222 MONTEREY LN, UNIT 376, HUNTINGTON BEACH**

The Homeowners' Exemption on the above property has been active in Orange County as of **02-25-2021**

**Claimant Name:** GALLIAN, JAMIE LYNN

If you have any questions, please call our office at (714) 834-3821.

Sincerely,

CLAUDE PARRISH
County Assessor

By

Exemptions Division

I HEREBY CERTIFY THAT THIS IS A TRUE
AND CORRECT COPY OF A PERMANENT
RECORD OF THE ASSESSOR'S OFFICE.
ORANGE COUNTY, CALIFORNIA

CLAUDE PARRISH
COUNTY ASSESSOR
BY

2022 JUL 21 PH 2:22
CLAUDE PARRISH
ORANGE COUNTY ASSESSOR

A002-994 (R 09/19)

| **2022-23  Secured Assessment Roll** | **CLAUDE PARRISH, ORANGE COUNTY ASSESSOR** |
|---|---|

Full Parcel Report: Page 1 of 1                                              As of January 1st,  2022

| **Parcel No:** 891-569-62 | **Tax Rate Area:** 04-902 | **Property Type:** MOBILE HOME |
|---|---|---|

### Owner / Mailing Address

**Assessee:** GALLIAN, JAMIE LYNN
**Address:** 16222 MONTEREY LN, SPC, 376
**City, State:** HUNTINGTON BEACH, CA
**Zip:** 92649

### Description

| Assessed Value | | Exemptions | Dates | |
|---|---|---|---|---|
| **Land:** | 0 | **Exe Type:** HOMEOWNER | **Land BaseYear:** | 2021 |
| **Improvement:** | 0 | | **Improvement Base Year:** | 2021 |
| **Personal Property:** | 86,339 | | **Tax Lien Status:** | |
| **Other:** | 0 | | | |
| **Gross:** | 86,339 | | | |
| **Less Exemption:** | 7,000 | | | |
| **Net:** | 79,339 | | | |

### Sale History

**Reference Number:** M2085154

### Additional Information

**Legal Description:** T MHP RANDRE MSP 376

I HEREBY CERTIFY THAT THIS IS A TRUE
AND CORRECT COPY OF A PERMANENT
RECORD OF THE ASSESSOR'S OFFICE.
ORANGE COUNTY, CALIFORNIA

CLAUDE PARRISH
COUNTY ASSESSOR
BY

2022 JUL 21 PH 2: 18

CLAUDE PARRISH
ORANGE COUNTY ASSESSOR

EXHIBIT

10/31/2018- A.P.N.
937-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 ALDERPORT DR.

HUNTINGTON BEACH, CA 92649

TAX ASSESSOR'S
DEBTOR'S HOMESTEAD
EXEMPTION IN
RESIDENCE SOLD ON
10/31/2018.

98



## my FirstAm® Property Profile

, , CA

### Property Information

| | | | |
|---|---|---|---|
| Owner(s): | Hold , Parcel | Mailing Address: | , , |
| Owner Phone: | Unknown | Property Address: | , , CA |
| Vesting Type: | N/A | Alt. APN: | |
| County: | Orange | APN: | 178-771-03 |
| Map Coord: | | Census Tract: | |
| Lot#: | | Block: | |
| Subdivision: | | Tract: | 10542 |
| Legal: | N Tr 10542 Blk Lot 2 Un Hold | | |

### Property Characteristics

| | | | | | |
|---|---|---|---|---|---|
| Use: | | Year Built / Eff. : | / | Sq. Ft. : | |
| Zoning: | | Lot Size Ac / Sq Ft: | / | # of Units: | |
| Stories: | | Improvements: | | Parking / #: | / |
| Gross Area: | | Garage Area : | | Basement Area: | |

### Sale and Loan Information

| | | | | | |
|---|---|---|---|---|---|
| Sale / Rec Date: | | *$/Sq. Ft.: | | 2nd Mtg.: | |
| Sale Price: | | 1st Loan: | | Prior Sale Amt: | |
| Doc No.: | | Loan Type: | | Prior Sale Date: | |
| Doc Type: | | Transfer Date: | | Prior Doc No.: | |
| Seller: | | Lender: | | Prior Doc Type: | |

*$/Sq. Ft. is a calculation of Sale Price divided by Sq. Feet.

### Tax Information

| | | | |
|---|---|---|---|
| Imp Value: | | Exemption Type: | |
| Land Value: | | Tax Year / Area: | 2019 / 04-007 |
| Total Value: | | Tax Value: | |
| Total Tax Amt: | | Improved: | |

**Property Profile**          , , CA                                                    **11/15/2019**

All information contained herein is subject to the Limitation of Liability for Informational Report set forth on the last page hereof.

This report is only for the myFirstAm user who applied for it. No one else can rely on it. As a myFirstAm user, you already agreed to our disclaimer regarding third party property information accuracy. You can view it here: www.myfirstam.com/Security/ShowEULA. ©2005-2019 First American Financial Corporation and/or its affiliates. All rights reserved.

Shari L. Freidenrich, CPA
Orange County Treasurer - Tax Collector
P.O. BOX 1438 • Santa Ana, CA 92702-1438
625 N. Ross Street, Building 11, Room G58, Santa Ana
Office Hours: 8:00 AM-5:00 PM Monday - Friday
Phone Hours: 9:00 AM-5:00 PM (714) 834-3411
ocgov.com/octaxbill

## 2018-19 SECURED PROPERTY TAX BILL

For Fiscal Year Beginning July 1, 2018 and Ending June 30, 2019

0000442-0000442 STMT———  742701 OCT026
BWNLBHV ********AUTO*ALL FOR AADC 926
#9376 3053 0020 183#

HOUSER BROS CO
GALLIAN JAMIE L
4476 ALDERPORT DR UNIT 53
HUNTINGTON BEACH CA 92649-2288



**OWNER OF RECORD AS OF 12:01 AM, JANUARY 1, 2018**

HOUSER BROS CO

## CORRECTED SECURED TAX BILL

### DID YOU KNOW?

Sign up to receive a text/email due date reminder at ocgov.com/taxreminder

Pay online at ocgov.com/octaxbill to receive same day credit, no service fee by eCheck and an emailed receipt.

Mailed payments must have a USPS postmark on or before the last timely payment date. If you wait until the last day to mail your payment, get your envelope hand-stamped with a postmark to ensure it is timely.

Major construction has eliminated close parking to our office - please pay online!

**PROPERTY LOCATION**

4476 ALDERPORT 53 HUNTINGTON BEACH

| ASSESSED VALUES & EXEMPTIONS OF JAN 1, 2018 | FULL VALUE | COMPUTED TAX |
|---|---|---|
| DESCRIPTION | | |
| LAND | 197,735 | |
| IMPROVEMENTS - BUILDING | 121,658 | |
| TOTAL VALUES: | 319,393 | 3,853.78 |
| HOMEOWNER EXEMPTION | -7,000 | -76.78 |
| TOTAL NET TAXABLE VALUE: | 312,393 | 3,777 |

| PARCEL NO. (APN) | TAX RATE AREA | 1st Installment DUE 11/1/18 | 2nd Installment DUE 2/1/19 | TOTAL DUE IF NOT DELINQUENT BY 4/10/19 |
|---|---|---|---|---|
| 937-630-53 | 04-007 | $1,888.50 | + $1,888.50 | = $3,777.00 |

### IMPORTANT INFORMATION

If you sold this property or no longer own it, you can disregard this bill. Property taxes are the responsibility of the new owner. Contact the Office of the Assessor at (714) 834-2727 regarding ownership changes.

Enrollment date 10/04/18.

ORDER # REVISION 01 DATE 08/30/18 2018 CORRECTION OF ASSESSOR ASMNT INFO

    Corrected Billing

| VOTER APPROVED TAXES AND SPECIAL ASSESSMENTS | | |
|---|---|---|
| SERVICE AGENCY | RATE | VALUE | TAXES |
| BASIC LEVY RATE | 1.00000 | 312,393 | 3,123.93 |
| COAST COMM COLLEGE DIST | .03052 | 312,393 | 95.34 |
| OCEAN VIEW SD 2016, SR 2017A | .02404 | 312,393 | 75.10 |
| HUNTINGTON BCH UNION HS | .02388 | 312,393 | 74.60 |
| HUNTINGTON BEACH EMPLOYEE RETIREME | .01500 | 312,393 | 46.86 |
| METRO WATER D-MWDOC | .00350 | 312,393 | 10.93 |

| SPECIAL ASSESSMENT CHARGES | PHONE NO. | |
|---|---|---|
| MOSQ.FIRE ANT ASSMT | (800)273-5167 | 4.49 |
| VECTOR CONTROL CHG | (800)273-5167 | 0.67 |
| MWD WATER STDBY CHG | (866)807-6864 | 10.08 |
| OCSD SEWER USER FEE | (714)593-7281 | 335.00 |

| TOTAL CHARGED | 1.09694 | | 3,777.00 |

FOR DETAILS OF TAX TYPES, VISIT OUR WEBSITE AT OCGOV.COM/OCTAXBILL

THERE WILL BE A $26.00 FEE FOR EACH PAYMENT RETURNED UNPAID BY YOUR BANK FOR ANY REASON
RETAIN TOP PORTION FOR YOUR RECORDS – IF PAYING BY CHECK, YOUR CANCELLED CHECK IS YOUR RECEIPT OR PAY ONLINE AND RECEIVE AN EMAILED RECEIPT

99

**RECORDING REQUESTED BY:**

**Mr. Randy Nickel**
**4476 Alderport Drive**
**Huntington Beach, CA 92649**

**MAIL TAX STATEMENTS TO:**

**Mr. Randy Nickel**
**4476 Alderport Drive.**
**Huntington Beach, CA 92649**

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

96.00

* $ R 0 0 1 0 4 4 6 0 2 6 $ *

2018000395579 2:35 pm 10/31/18

227 415 A34  5

0.00 0.00 0.00 0.00 12.00 0.00 0.000.0075.00 3.00

Lease from Present to 2059

**TITLE OF DOCUMENT:**     **ASSIGNMENT OF CONDOMINIUM SUBLEASE**

**WHEN RECORDED MAIL TO:**
(Assignee's Name & Address)
**MR. RANDALL L. NICKEL**
**4476 ALDERPORT DRIVE**
**HUNTINGTON BEACH, CA 92649**

**Mail tax statements to:**
**MR. RANDALL L NICKEL**
**4476 ALDERPORT DRIVE**
**HUNTINGTON BEACH, CA 92649**

(Space Above this Line for Recorder's Use)

## ASSIGNMENT OF GROUND LEASE & CONDOMINIUM SUBLEASE
No Consideration. Term of Lease Less Than 99 years.

**WHEREAS**
HOUSER BROS. CO., a limited partnership, as Landlord and ROBERT P. WARMINGTON, as
Tenant, entered into that certain **GROUND LEASE** also known as the **MASTER LEASE dated October 19, 1979**, a Short Form Memorandum recorded in the Office of the Orange County, California Clerk
Recorder in Book 13424, Page 499 inclusive.

**WHEREAS**
HOUSER BROS. CO., a limited partnership, as Landlord and ROBERT P. WARMINGTON, as
Tenant, entered into a **PARTIAL CANCELLATION OF MASTER LEASE dated November 7, 1980**
for that certain **MASTER LEASE dated October 19, 1979**; recorded in the Office of the Orange County,
California Clerk Recorder in Book 13424, Pg(s) 1253-1255, **Instrument No. 8691.

**WHEREAS**
HOUSER BROS. CO., a limited partnership, as Landlord and ROBERT P. WARMINGTON, as
Tenant, entered into that certain **SUBLEASE dated October 19, 1979**, a Short Form Memorandum
recorded in the Office of the Orange County, California Clerk Recorder in Book 13424, Page 504,
inclusive, with respect to those portions of Lots 1 and 2 of Tract No. 10542 in the City of Huntington
Beach, California as shown on Miscellaneous Map(s) recorded in Book 456, Page(s) 49 and 50, in the
Office of the Orange County, California Clerk Recorder.

**WHEREAS**
HOUSER BROS. CO., a limited partnership, as Landlord and ROBERT P. WARMINGTON, as
Tenant, entered into a **PARTIAL CANCELLATION OF SUBLEASE dated October 19, 1979**; for that
certain SUBLEASE dated November 7, 1980, a Short Form Memorandum recorded in the Office of the
Orange County, California Clerk Recorder in Book 13824, Pg(s) 1256-1258, with respect to those portions
of Lots 1 and 2 of Tract No. 10542 in the City of Huntington Beach, California recorded in Book 456,
Page(s) 49 and 50 of Miscellaneous Maps, in the Office of the Orange County, California Clerk Recorder,
**Instrument No. 8692;

**WHEREAS**
    For valuable consideration, receipt of which is hereby acknowledged, the undersigned
**JAMIEL GALLIAN,** hereby transfers and assigns to **RANDALL L NICKEL, a married man, as his
sole and separate property** all right, title and interest of the undersigned, as Tenant, in and under that
certain **MASTER LEASE/ Ground Lease, dated November 7, 1980**, recorded in the Office of the
Orange County, California Clerk Recorder in Book 13824, Pg(s) 1259-1273, **Instrument No. 8693;

1

60

Case 8:23-cv-00001-DSF   Document 16-2   Filed 05/24/23   Page 134 of 177   Page ID #:2898
Case 8:21-bk-11710-ES   Doc 185   Filed 08/11/22   Entered 08/11/22 17:07:13   Desc
Case 8:21-bk-11710-ES   Main Document   Filed 07/26/22   Page 61 of 150   07/26/22 16:39:25   Desc
Main Document   Page 123 of 150

**JAMIE L GALLIAN**, hereby transfers and assigns to **RANDALL L NICKEL, a married man, as his sole and separate property,** all right, title and interest of the undersigned, as Tenant, in and under that certain **CONDOMINIUM SUBLEASE, dated August 1, 1980**, by and between ROBERT P. WARMINGTON, as Landlord, and JOHN F. TURNER AND VIRGINIA H. TURNER, HUSBAND AND WIFE AS JOINT TENANT, recorded on November 7, 1980, Office of the Orange County, California Clerk Recorder in Book 13824, Pg(s) 1274-1290, **\*\*Instrument No. 8694;**

As amended by the **FIRST AMENDMENT TO CONDOMINIUM SUBLEASE** effective January 1, 2003, recorded in the Office of the Orange County, California Clerk Recorder as Document No. 2003-001044770 on August 28, 2003.

**JAMIE L GALLIAN**, hereby transfers and assigns to **RANDALL L NICKEL, a married man, as his sole and separate property** all right, title and interest of the undersigned, as Tenant, in and under that certain **CONVEYANCE OF REMAINDER INTEREST, dated November 7, 1980**, recorded in the Office of the Orange County, California Clerk Recorder in Book 13824, Pg(s) 1291-1293, **\*\*Instrument No. 8695;**

**JAMIE L GALLIAN**, hereby transfers and assigns to **RANDALL L NICKEL, a married man, as his sole and separate property,** all right, title and interest of the undersigned, as Tenant, in and under that certain **CONDOMINIUM SUBLEASE (SHORT FORM – MEMORANDUM AND GRANT DEED, dated November 7, 1980**, recorded in the Office of the Orange County, California Clerk Recorder in Book 13824, Pg(s) 1294-1298, **\*\*Instrument No. 8696.**

DATED: ___10/31/18___

_____
**ASSIGNOR JAMIE L GALLIAN**

**STATE OF CALIFORNIA**    )
                          ) ss.
**COUNTY OF ORANGE**

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

On __10/31/2018__, before me, __Paul Dyer, Notary Public__,

Personally appeared __Jamie L Gallian__

Who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

**WITNESS my hand and official seal.**

PAUL DYER
Notary Public - California
Riverside County
Commission # 2211938
My Comm. Expires Aug 28, 2021

(This space for Notary Seal)

_____
**Signature of Notary Public**

2

61

Case 8:23-cv-00001-DSF   Document 16-2   Filed 05/24/23   Page 135 of 177   Page ID #:2899
Case 8:21-bk-11710-ES   Doc 185   Filed 08/11/22   Entered 08/11/22 17:07:13   Desc
Case 8:21-bk-11710-ES   Main Document   Filed 07/26/22   Page 62 of 110   07/26/22 16:39:25   Desc
Main Document   Page 124 of 150

## ASSIGNMENT OF CONDOMINIUM SUBLEASE
### ACCEPTANCE AND AGREEMENT

The undersigned Assignee named in the foregoing Assignment hereby Accepts said Assignment and hereby agrees with for the benefit of the Master Lessor, Sublessor/Landlord, Tenant and under the Original Condominium Sublease commonly referred to throughout this document as "Condominium Sublease", described in said Assignment, to keep, perform and be bound by all the terms, covenants and conditions contained in said Condominium Sublease and as amended by the First Amendment to Condominium Sublease on the part of the Master Lessor, Sublessor/Landlord and Condominium Sublease Tenant therein to be kept and performed, to all intents and purposes as though the undersigned Assignee was the Original Condominium Sublease Tenant there under.

Assignee agrees to pay Sublessor/Landlord a late fee equal to 6% of any rent or other payment due under the Condominium Sublease, which is not received by Sublessor/Landlord within ten (10) days of its due date. Said late fee is in addition to the interest due on unpaid installment indebtedness of 10% as provided in Article 17(A) of the Condominium Sublease. The undersigned Assignee agrees to pay attorneys fees and costs incurred by Landlord to collect rent or other payment under the Condominium Sublease or to otherwise enforce Sublessor/Landlord rights under the Condominium Sublease.

DATED: _10·31·18_ _____

ASSIGNEE RANDALL L NICKEL

STATE OF CALIFORNIA       )
                          ) ss.
COUNTY OF ORANGE

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

On _10/31/2018_ before me, _Paul Dyer, Notary Public_

Personally appeared _Randall L. Nickel_

Who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____   (This space for Notary Seal)

**Signature of Notary Public**

PAUL DYER
Notary Public – California
Riverside County
Commission # 2211938
My Comm. Expires Aug 28, 2021

3

Case 8:23-cv-00001-DSF   Document 16-2   Filed 05/24/23   Page 136 of 177   Page ID #:2900
Case 8:21-bk-11710-ES   Doc 185   Filed 08/11/22   Entered 08/11/22 17:07:13   Desc
Case 8:21-bk-11710-ES   Main Document   Filed 07/26/22   Page 63 of 111   07/26/22 16:39:25   Desc
Main Document   Page 125 of 150

# EXHIBIT A (LEGAL)

The estate or interest in the land described:

A Ground leasehold and Condominium Sublease hold estate as to Parcels 1 and 2, said estate being more particularly described as the Lessees' interest under that certain Ground Lease set forth in subparagraph (A) herein below:

(A) That certain Ground Lease dated August 1, 1980, executed by Houser Bros. Co, A Limited Partnership organized under the Laws of the State of California, in which Clifford C. Houser and Vernon F. Houser constitute the sole General Partners, as Landlord, and by Robert P. Warmington, as Tenant, for the term ending December 31, 2059. Upon the Terms, Covenants and Conditions therein contained, recorded as follows in Official Records of said Orange County: **Book 13824 Page 1259-1273 APN: 937-63-053, Unit 53.**

(B) That certain Condominium Sublease dated August 1, 1980, executed by Robert P. Warmington, as Sub-lessor and John F. Turner and Virginia H. Turner (Original Sublessee) for the term ending December 31, 2059. Upon the Terms, Covenants and Conditions therein contained, recorded as follows in Official Records of said Orange County: **Book 13824 Page 1274-1290 APN: 937-63-053, Unit 53.**

All that certain land interest situated in the State of California, County of Orange and is described as follows:

Parcel   1:
Unit 53 as shown and defined on a Condominium Plan (the **"Condominium Plan"**) recorded in Book 13358 Page(s) 1193, et seq., Official Records of Orange County, California, excepting that portion consisting of buildings and other improvements;

Parcel   2:
An undivided one-eightieth (1/80th) interest as Tenants in Common in the Common Area of Lots 1 and 2 Tract No. 10542, in the City of Huntington Beach, County of Orange, State of California as shown on a map recorded in Book 456, Page(s) 49 and 50 of Miscellaneous Map, records of Orange County, California, as shown on the Condominium Plan, excepting that portion consisting of buildings and other improvements.

Except there from all minerals, oil, gas and other hydrocarbon substances lying below a depth of 500 feet below the surface of said Land without the right of surface entry above the depth of 500 feet from the surface, as reserved in deeds of record.

Parcel   3:
Those portions of Unit 53, building 14, inclusive, as shown and defined on the Condominium Plan, Consisting of buildings and other improvements.

Parcel   4:
An undivided one-eightieth (1/80th) interest as Tenants in Common, in and to those portions of the Common Area as shown and defined on the Condominium Plan, consisting of buildings or other improvements.

Parcel   5:
An easement for the exclusive use and occupancy of those portions of the restricted Common Area, as defined on said Condominium Plan for ground level entry, courtyard entry, staircases, garages, and attic space relating to said units.

Parcel   6:
A non-exclusive easement and right to use the Common Area as defined on said Condominium Plan, except the restricted Common Area(s).

4



**CHASE PRIVATE CLIENT**
JPMorgan Chase Bank, N.A.
P O Box 182051
Columbus, OH 43218 - 2051

October 31, 2018 through November 30, 2018

Account Number:   **000003727597891**

## CUSTOMER SERVICE INFORMATION

| | |
|---|---|
| Web site: | Chase.com |
| Service Center: | **1-888-994-5626** |
| Deaf and Hard of Hearing: | 1-800-242-7383 |
| International Calls: | 1-713-262-1679 |

00160024 DRE 703 142 33518 NNNNNNNNNNN T  1 000000000 61 0000

JAMIE L GALLIAN
5782 PINON DR
HUNTINGTON BEACH CA 92649-4926



## We updated our Deposit Account and Wire Transfer Agreements

The following changes were made November 11, 2018:

- We published an updated version of our Deposit Account Agreement. You can get the latest agreement at chase.com/disclosures, at a branch or by request when you call us. Here's what you should know
  - We added a section to describe our new Autosave feature, which allows you to make automatic transfers from your checking account to your savings account. (New section in General Account Terms, Section B, Autosave feature)
  - We no longer charge an Extended Overdraft Fee. (General Account Terms, Section C, Insufficient Funds and Returned Item fees)
  - We added an address for reporting a dispute if you believe we provided incomplete or inaccurate information about your account to a consumer reporting agency. (New section in General Account Terms, Section I, Disputing information reported to a consumer reporting agency)

- We updated our Wire Transfer Agreement, here's what you should know.
  - You will still receive email notifications on the status of your wire transfer. However, we added that if we're unable to send an email due to system failures or outages, it's your responsibility to monitor your account for the status of your wire transfer
  - We clarified that you should expect your foreign exchange rate to be less favorable than rates quoted online or in publications

Please call us at the number at the top of this statement if you have any questions.

Page 1 of 2



CHASE PRIVATE CLIENT

October 31, 2018 through November 30, 2018

Account Number:   **000003727597891**

| SAVINGS SUMMARY | Chase Private Client Savings | |
|---|---|---|
| | | AMOUNT |
| Beginning Balance | | $0.00 |
| Deposits and Additions | | 366,601.12 |
| Electronic Withdrawals | | -355,000.00 |
| Other Withdrawals | | -11,500.26 |
| Ending Balance | | $100.86 |
| Annual Percentage Yield Earned This Period | | 0.08% |
| Interest Paid This Period | | $1.12 |
| Interest Paid Year-to-Date | | $1.12 |

The monthly service fee for this account was waived as an added feature of Chase Private Client Checking account.

## TRANSACTION DETAIL

| DATE | DESCRIPTION | AMOUNT | BALANCE |
|---|---|---|---|
| | Beginning Balance | | $0.00 |
| 10/31 | Deposit      997720804 | 366,600.00 | 366,600.00 |



**State of California**
BUSINESS, TRANSPORTATION AND HOUSING AGENCY
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
DIVISION OF CODES AND STANDARDS
REGISTRATION AND TITLING PROGRAM
PO Box 2111 Sacramento CA 95812-2111
1 800 952-8356
www.hcd.ca.gov



## NOTICE OF SALE OR TRANSFER

**ATTENTION: THIS FORM IS TO BE USED UNDER WHEN YOU SELL OR TRANSFER YOUR MOBILEHOME OR COMMERCIAL COACH. AT THAT TIME COMPLETE, SIGN, AND RETURN TO THE ADDRESS STATED ABOVE TO REPORT THE CHANGE OF OWNERSHIP.**

**SECTION I:** Enter the following information that describes your unit: Decal/License plate number(s), Serial(s) number, and Trade name of Unit.

**SECTION II:** Enter the sale price and the date of sale/transfer including the month, day, and year.

**SECTION III:** Enter the full name and mailing address of the new owner/buyer(s).

**SECTION IV:** Enter date, city, and state indicating where and when this form is being executed. SELLER(S) MUST SIGN and print their names(s).

**SECTION I.        DESCRIPTION OF UNIT**

| Decal Number(s) | Serial Number(s) | Trade Name |
|---|---|---|
| LBM1081 | ATV71D3946B AC7471039 46A | Custom Villa |

**SECTION II.        SALE OR TRANSFER INFORMATION**

For the sum of $ 225,000 the receipt of which is hereby acknowledged, I/we did sell, transfer and deliver to the purchaser/owner named below, on 11-1-18 , my/our right title and interest in the unit described above.
_Date of Transfer_

**SECTION III.        NAME OF PURCHASER/NEW OWNER:**

Name: J-Sandcastle Co. LLC
Its Manager JAMIE L. GALLIAN
Address: 5782 PINON Dr.
City: Huntington Bch   State: CA   Zip Code: 92649

**SECTION IV.   CERTIFICATION AND RELEASE**

I/we certify under penalty of perjury under the laws of the State of California that: 1) I/We are the lawful owner(s) of the unit, and 2) I/We have the right to sell it, and 3) I/We guarantee and will defend the title to the unit against the claims and demands of any and all persons arising prior to this date, and 4) the unit is free of all liens and encumbrances.

I/we certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed On 11/1 2018  at Huntington Beach  CA
_Date_   _City_   _State_

Signature of Sellers: _____   _____  11/15/2018

Printed Name: LISA T RYAN

Case 8:23-cv-00001-DSF   Document 16-2   Filed 05/24/23   Page 141 of 177   Page ID #:2905
Case 8:21-bk-11710-ES   Doc 185   Filed 08/11/22   Entered 08/11/22 17:07:13   Desc
Main Document   Page 68 of 111

89

## SECTION A - SMOKE DETECTOR AND WATER HEATER SEISMIC BRACING CERTIFICATION

California Health and Safety Code (HSC) Sections 18029.6 and 18031.7 require that on the date of transfer of title all used manufactured homes, used mobilehomes, and used multifamily manufactured homes: 1) be equipped with an operable smoke detector in each room designed for sleeping, and 2) all fuel-gas-burning water heater appliances be seismically braced, anchored, or strapped pursuant to existing codes. A declaration may be signed within 45 days prior to the date of transfer of title stating that these requirements have been met.

I/We further agree to indemnify and save harmless the Director of the State of California, Department of Housing and Community Development, and subsequent purchasers of said unit, for any loss they may suffer resulting from registration of the unit in California or from issuance of a California Certificate of Title covering the same. I/We certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on __11/1/2018__ at __Huntington Beach__, __CA__
Date          City          State

Signature          Printed Name __LISA T RYAN__

## SECTION B - RELEASING SIGNATURES

1a. _____          Date of Release __11/1/2018__
Releasing Signature of Registered Owner

1b. _____          Date of Release _____
Releasing Signature of Registered Owner

2. _____     ☒ Release   ☐ Retain   ☐ Assign Interest
Legal Owner of Record and check appropriate box          If A-4ea Interest is checked - Complete New Legal Owner Below

## SECTION C - NEW OWNER INFORMATION

NEW REGISTERED OWNER - Please Print or Type Clearly

3a. __J. Sandcastle Co, LLC__          3c. _____
New Registered Owners Name                    New Registered Owners Name

3b. _____          3d. _____
New Registered Owners Name                    New Registered Owners Name
If more than one New Owner going onto title, please check the appropriate Co-owner term box.

☐ Joint Tenants with Right of Survivorship   ☐ Tenants In Common OR   ☐ Trust/Trustee(s)
                                                                    If checked - Complete HCD 476-6Hr
☐ Tenants In Common AND   ☐ Community Property   ☐ Community Property with Right of Survivorship

4. __16222 Monterey Ln #376__          __Huntington Beach CA 92649__
Mailing Address of New Registered Owner          City/State          Zip Code

5. __Same as Above__          _____
Actual Location Address of Unit          City/State          Zip Code

6. __$175,000__  __11-1-18__
Purchase Price or check box if Gift-☐   Purchase Date or Transfer Date

7a. __J. Sandcastle Co. LLC__          _____
Signature of New Registered Owners          Signature of New Registered Owners

7b. _____          _____
Signature of New Registered Owners          Signature of New Registered Owners

NEW LEGAL OWNER - Please Print or Type Clearly

8a. _____          8b. _____
New Legal Owners Name                    New Legal Owners Name
If more than one New Lender going onto title, please check the appropriate Co-owner term box below.

☐ Joint Tenants with Right of Survivorship   ☐ Tenants In Common OR   ☐ Trust/Trustee(s)
                                                                    If checked - Complete HCD 476-6Hr
☐ Tenants In Common AND   ☐ Community Property   ☐ Community Property with Right of Survivorship

9. _____          _____
Mailing Address of New Legal Owner          City/State          Zip Code

NEW JUNIOR LIENHOLDER - Please Print or Type Clearly

10a. _____          10b. _____
New Junior Lienholder Name                    New Junior Lienholder Name

11. _____          _____
Mailing Address of New Junior Lienholder          City/State          Zip Code

## SECTION D - RELEASE OF DEALERS

12. _____          _____
Signature of Selling Dealer          Print Dealers Name and Dealer Number

OSP 00 112818



**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER**

**MINUTE ORDER**

DATE: 11/09/2018                    TIME: 08:30:00 AM        DEPT: C33

JUDICIAL OFFICER PRESIDING: James Crandall
CLERK:  Eric Yu
REPORTER/ERM: Janet (ACRPT) Taylor CSR# 9463
BAILIFF/COURT ATTENDANT:  Julie Carney

CASE NO: **30-2017-00913985-CU-CO-CJC** CASE INIT.DATE: 04/11/2017
CASE TITLE: **The Huntington Beach Gables Homeowners Association vs. Bradley**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: Contract - Other

EVENT ID/DOCUMENT ID: 72926149

**EVENT TYPE**: Ex Parte
MOVING PARTY: The Huntington Beach Gables Homeowners Association
CAUSAL DOCUMENT/DATE FILED: Ex Parte Application - Other, 11/07/2018

**APPEARANCES**
BRENDA K. RADMACHER, specially appearing for Gordon & Rees LLP, present for Cross -
Defendant,Plaintiff(s).
PEJMAN D. KHARRAZIAN, specially appearing for Epsten Grinnell & Howell, APC, present for Cross -
Defendant,Plaintiff(s).
Jamie L. Gallian, self represented Cross - Defendant, present.

Ex-Parte application for TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE FOR
PRELIMINARY INUNCTION TO ENJOIN DISBURSEMENTS FROM PROCEEDS OF SALE OF REAL
PROPERTY, OR ALTERNATIVELY, FOR AN ORDER REQUIRING GALLIAN TO DEPOSIT AT LEAST
$52,145.27 WITH THE COURT is requested by the Huntington Beach Gables Homeowners Association
and Board members'.

Ex parte application is read and considered.

The Court having fully considered the arguments of all parties, both written and oral, as well as the
evidence presented, now rules as follows:

Ex Parte application for Temporary restraining order and order to show cause for preliminary inunction to
enjoin disbursements from proceeds of sale of real property, or alternatively, for an order requiring
gallian to deposit at least $52,145.27 with the court is denied without prejudice.

Ex-Parte application TO CONTINUE TRIAL is requested by Plaintiff.

Ex parte application is read and considered.

The Court having fully considered the arguments of all parties, both written and oral, as well as the
evidence presented, now rules as follows:

DATE: 11/09/2018                    MINUTE ORDER                    Page 1
DEPT: C33                                                    Calendar No.

DEPT: C33                                    MINUTE ORDER                          Calendar No.
DATE: 11/09/2018                                                                    Page 2

CASE TITLE: The Huntington Beach Gables
Homeowners Association vs. Bradley
CASE NO: 30-2017-00913985-CU-CO-CJC

EX PARTE APPLICATION TO CONTINUE TRIAL is denied.



82

EJ-130

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NO. 170746 | FOR COURT USE ONLY |
|---|---|---|

NAME: VIVIENNE J ALSTON
FIRM NAME ALSTON ALSTON & DIEBOLD
STREET ADDRESS 27201 PUERTA REAL, STE 300
CITY MISSION VIEJO      STATE CA   ZIP CODE 92691
TELEPHONE NO. 714 556 9400      FAX NO. 714 556 9500
E-MAIL ADDRESS valston@aadlawyers.com
ATTORNEY FOR (name) HOUSER BROS. CO.

[X] ORIGINAL JUDGMENT CREDITOR    [ ] ASSIGNEE OF RECORD

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS 700 CIVIC CENTER DRIVE WEST
MAILING ADDRESS
CITY AND ZIP CODE SANTA ANA  CA  92701
BRANCH NAME CENTRAL JUSTICE CENTER

Pursuant to California Government Code § 68150(d), the Clerk of the Court certifies this document accurately reflects the official court record. The electronic signature and seal on this document have the same validity and legal force and effect as an original clerk's signature and court seal. California Government Code § 68150(h)

Plaintiff: HOUSER BROS. CO.
Defendant: LISA RYAN

CASE NUMBER
30 2018 01013582 CLUDCJC

|  | EXECUTION (Money Judgment) | [X] | Limited Civil Case (including Small Claims) |
|---|---|---|---|
| WRIT OF | [X] POSSESSION OF | [ ] Personal Property | [ ] Unlimited Civil Case (including Family and Probate) |
|  | [ ] SALE | [X] Real Property | |

1. To the Sheriff or Marshal of the County of: ORANGE COUNTY
   You are directed to enforce the judgment described below with daily interest and your costs as provided by law.

2. To any registered process server: You are authorized to serve this writ only in accordance with CCP 699.080 or CCP 715.040.

3. (Name): HOUSER BROS. CO., a California general partnership dba RANCHO DEL REY MOBILE HOME ESTATES
   is the [X] original judgment creditor [ ] assignee of record whose address is shown on this form above the court's name

4. Judgment debtor (name, type of legal entity if not a natural person, and last known address):

   | LISA RYAN |
   | 16222 Monterey Lane, Space 376 |
   | Huntington Beach, California 92649 |

   [ ] Additional judgment debtors on next page

5. Judgment entered on (date): 10- 18 -2018

6. [ ] Judgment renewed on (dates):

7. Notice of sale under this writ
   a. [X] has not been requested.
   b. [ ] has been requested (see next page).

8. [ ] Joint debtor information on next page.

[SEAL]

9. [X] See next page for information on real or personal property to be delivered under a writ of possession or sold under a writ of sale.

10. [ ] This writ is issued on a sister-state judgment.

For items 11–17, see form MC-012 and form MC-013-INFO
11. Total judgment (as entered or renewed) $
12. Costs after judgment (CCP 685.090) $
13. Subtotal (add 11 and 12) $
14. Credits to principal (after credit to interest) $
15. Principal remaining due (subtract 14 from 13) $
16. Accrued interest remaining due per CCP 685.050(b) (not on GC 6103.5 fees) $
17. Fee for issuance of writ $25.00
18. Total (add 15, 16, and 17) $25.00
19. Levying officer:
    a. Add daily interest from date of writ (at the legal rate on 15) (not on GC 6103.5 fees) . . . . . . . . . . . . . . . . . $
    b. Pay directly to court costs included in 11 and 17 (GC 6103.5, 68637; CCP 699.520(i)) . . . . . . . . . . . . . . . . $
20. [ ] The amounts called for in items 11–19 are different for each debtor. These amounts are stated for each debtor in Attachment 20.

David H. Yamasaki, Clerk of the Court

Issued on (date): 11/14/2018   Clerk, by _____, Deputy

NOTICE TO PERSON SERVED: SEE PAGE 3 FOR IMPORTANT INFORMATION.

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
EJ-130 [Rev. January 1, 2018]

WRIT OF EXECUTION

Code of Civil Procedure, §§ 699.520, 712.010, 715.010
Government Code, § 6103.5
www.courts.ca.gov



Case 8:21-bk-11710-ES   Doc 185   Filed 08/11/22   Entered 08/11/22 17:07:13   Desc
Main Document   Page 74 of 111

EJ-130

| Plaintiff: HOUSER BROS. CO. | CASE NUMBER: |
|---|---|
| Defendant: LISA RYAN | 30 2016 01013582 CLUDCJC |

**NOTICE TO PERSON SERVED**

WRIT OF EXECUTION OR SALE. Your rights and duties are indicated on the accompanying *Notice of Levy* (form EJ-150).

WRIT OF POSSESSION OF PERSONAL PROPERTY. If the levying officer is not able to take custody of the property, the levying officer will demand that you turn over the property. If custody is not obtained following demand, the judgment may be enforced as a money judgment for the value of the property specified in the judgment or in a supplemental order.

WRIT OF POSSESSION OF REAL PROPERTY. If the premises are not vacated within five days after the date of service on the occupant or, if service is by posting, within five days after service on you, the levying officer will remove the occupants from the real property and place the judgment creditor in possession of the property. Except for a mobile home, personal property remaining on the premises will be sold or otherwise disposed of in accordance with CCP 1174 unless you or the owner of the property pays the judgment creditor the reasonable cost of storage and takes possession of the personal property not later than 15 days after the time the judgment creditor takes possession of the premises.

EXCEPTION IF RENTAL HOUSING UNIT WAS FORECLOSED. If the residential property that you are renting was sold in a foreclosure, you have additional time before you must vacate the premises. If you have a lease for a fixed term, such as for a year, you may remain in the property until the term is up. If you have a periodic lease or tenancy, such as from month-to-month, you may remain in the property for 90 days after receiving a notice to quit. A blank form *Claim of Right to Possession and Notice of Hearing* (form CP10) accompanies this writ. You may claim your right to remain on the property by filling it out and giving it to the sheriff or levying officer.

EXCEPTION IF YOU WERE NOT SERVED WITH A FORM CALLED PREJUDGMENT CLAIM OF RIGHT TO POSSESSION. If you were not named in the judgment for possession and you occupied the premises on the date on which the unlawful detainer case was filed, you may object to the enforcement of the judgment against you. You must complete the form *Claim of Right to Possession and Notice of Hearing* (form CP10) and give it to the sheriff or levying officer. A blank form accompanies this writ. You have this right whether or not the property you are renting was sold in a foreclosure.

EJ-130 [Rev. January 1, 2018]    **WRIT OF EXECUTION**    Page 2 of 2

76

000487



**State of California**
BUSINESS, TRANSPORTATION AND HOUSING AGENCY
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
DIVISION OF CODES AND STANDARDS
REGISTRATION AND TITLING PROGRAM
PO Box 2111 Sacramento CA 95812-2111
1 800 952-8356
www.hcd.ca.gov



## NOTICE OF SALE OR TRANSFER

**ATTENTION: THIS FORM IS TO BE USED _ONLY_ WHEN YOU SELL OR TRANSFER YOUR MOBILEHOME OR COMMERCIAL COACH. AT THAT TIME COMPLETE, SIGN, AND RETURN TO THE ADDRESS STATED ABOVE TO REPORT THE CHANGE OF OWNERSHIP.**

**SECTION I:** Enter the following information that describes your unit: Decal/License plate number(s), Serial(s) number, and Trade name of Unit.

**SECTION II:** Enter the sale price and the date of sale/transfer including the month, day, and year.

**SECTION III:** Enter the full name and mailing address of the new owner/buyer(s).

**SECTION IV:** Enter date, city, and state indicating where and when this form is being executed. SELLER(S) MUST SIGN and print their names(s).

**SECTION I.   DESCRIPTION OF UNIT**

| Decal Number(s) | Serial Number(s) | Trade Name |
|---|---|---|
| LBM1081 | ACTV1D3946B AC747103946A | Custom Villa |

**SECTION II.   SALE OR TRANSFER INFORMATION**

For the sum of $ 225,000 the receipt of which is hereby acknowledged, I/we did sell, transfer and deliver to the purchaser/owner named below, on 11-1-18 _Date of Transfer_, my/our right title and interest in the unit described above.

**SECTION III.   NAME OF PURCHASER/NEW OWNER:**

Name: J-Sandcastle Co. LLC
Its Manager Jamie L. Gallian

Address: 5782 Pinon Dr.

City: Huntington Bch   State: CA   Zip Code: 92649

**SECTION IV.   CERTIFICATION AND RELEASE**

I/we certify under penalty of perjury under the laws of the State of California that: 1) I/We are the lawful owner(s) of the unit, and 2) I/We have the right to sell it, and 3) I/We guarantee and will defend the title to the unit against the claims and demands of any and all persons arising prior to this date, and 4) the unit is free of all liens and encumbrances.

I/we certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed On 11/1/2018 _Date_ at Huntington Beach _City_ CA _State_

Signature of Sellers:   11/15/2018

Printed Name: Lisa T Ryan

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California )
County of Orange )

On _November 15, 2018_ before me, Brandon Vargas, Notary Public
Date                                    Here Insert Name and Title of the Officer

personally appeared _Lisa Theresa Ryan_
Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

BRANDON VARGAS
Commission # 2203957
Notary Public - California
Orange County
My Comm Expires JULY 3, 2021

Signature _Brandon V._
Signature of Notary Public

Place Notary Seal Above

———————————— OPTIONAL ————————————
*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document: _Declaration of Housing and community development Certificate of Title_
Document Date: _____   Number of Pages: _3_
Signer(s) Other Than Named Above: _____



79

STATE OF CALIFORNIA
BUSINESS, TRANSPORTATION AND HOUSING AGENCY
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
DIVISION OF CODES AND STANDARDS
REGISTRATION AND TITLING PROGRAM

NOV 6 2018

**NOTICE OF APPLICATION RECEIVED**
Additional information regarding this notice appears
on the reverse side of this form.

DECAL
*LBM1081*

SERIAL NUMBER(S)
*AC7V710394GB/GB*

TRADE NAME
*CUSTOM VILLA*

STICKER NUMBER

J- Sandcastle Co. LLC
16222 Monterey Ln #376
Huntington Beach CA
92649

HCD 484.8 (REV 11/82)

Your transaction for this unit is being processed at this time.  The decal enclosed must be affixed to the
unit according to the instructions which appear on the reverse side of the decal.

The Certificate of Title and/or Registration Card will be mailed to you under a separate cover.

80

18



STATE OF CALIFORNIA - DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
CERTIFICATE OF TITLE
Manufactured Home
Decal No: LBM1081

| Manufacturer ID/Name | Trade Name | Model | DOM | DFS | RY | Exp. Date |
|---|---|---|---|---|---|---|
| 90002  SKYLINE HOMES INC | CUSTOM VILLA | | 05/29/2014 | 07/28/2014 | | |

| Serial Number | Label/Insignia Number | Weight | Length | Width | SPC | SCC | Exempt | Use | Type |
|---|---|---|---|---|---|---|---|---|---|
| AC7V710394GB | PFS1130281 | 22,383 | 58' | 15' 2" | | 30 | | SFD | LPT |
| AC7V710394GA | PFS1130282 | 25,068 | 60' | 15' 2" | | | | | |

Issued
Sep 10, 2014

Total Fees Paid
$91.00

**Addressee**
LISA T RYAN
16222 MONTEREY LN 376
HUNTINGTON BEACH, CA 92649

**Registered Owner(s)**
LISA T RYAN
16222 MONTEREY LN 376
HUNTINGTON BEACH, CA 92649

**Situs Address**
16222 MONTEREY LN 376
HUNTINGTON BEACH, CA 92649

**IMPORTANT**
THE OWNER INFORMATION SHOWN ABOVE MAY NOT REFLECT ALL LIENS RECORDED WITH THE
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT AGAINST THE DESCRIBED UNIT.
THE CURRENT TITLE STATUS OF THE UNIT MAY BE CONFIRMED THROUGH THE DEPARTMENT.

DTN: 8160431

NOV 1 6 2018

9

State of California
Department of Housing and Community Development
Division of Codes and Standards
Registration and Titling Program
P.O. Box 2111, Sacramento, CA 95812-2111
(916) 323-9224 / (800) 952-8356
www.hcd.ca.gov



## MULTI-PURPOSE TRANSFER FORM

### PLEASE COMPLETE ONLY THE SECTIONS THAT APPLY AND SIGN BOTTOM OF FORM

---

### UNIT DESCRIPTION

Decal (License) No.(s): __LBM 1081__          Serial No.(s): __AC7V710394GB/AC7V710394GA__

#### SMOKE DETECTOR AND CARBON MONOXIDE CERTIFICATION

I/We, the undersigned, hereby state that the manufactured home, mobilehome, or multifamily manufactured home described above is equipped with a properly working, operable smoke detector in accordance with California Health and Safety Code Section 18029.6 and a carbon monoxide detector in accordance to California Residential Code Section R315.

☒ YES   ☐ NO

#### PARK PURCHASE FEE EXEMPTION

The registered owner of the above-described manufactured home/mobilehome that is located on private property owned by the registered owner is exempt from payment of the $5 Park Purchase Fund (PPF) fee (Health and Safety Code Section 18114.1). If you feel you qualify for the exemption, complete the following questions:

- Do you (the registered owner) own your manufactured home/mobilehome?   ☒ YES  ☐ NO
- Do you (the registered owner) own the land your manufactured home/mobilehome is located on?   ☐ YES  ☒ NO

#### DESIGNATION OF CO-OWNER TERM

We request the Department of Housing and Community Development to register our ownership interest in the unit described above with the following co-owner term:   (READ CAREFULLY AND CHECK ONE BOX.)

☐   JTRS (Joint Tenants with Right of Survivorship): Upon the death of a joint tenant, the interest of the deceased party passes to the surviving joint tenant. The signature of each joint tenant is required to transfer or encumber the title.

☐   TENCOM AND (Tenants in Common with the names joined by the word AND): Each tenant in common may transfer his or her individual interest without the signature of the other tenant(s) in common. The signature of each tenant in common is required to transfer full interest in the unit to a new registered owner or to encumber the title.

☐   TENCOM OR (Tenants in Common with the names joined by the word OR): Any one of the tenants in common may transfer full ownership interest in the unit to a new registered owner without the signature of the other tenant(s) in common. The signature of each tenant in common is required to encumber the title.

☐   COMPRO (Community Property): A unit may be registered as community property in the names of a husband and wife. The signature of each spouse is required to transfer full interest in the unit or encumber the title.

☐   COMPROS (Community Property with Right of Survivorship): A unit may be registered as community property in the names of a husband and wife. At the death of one spouse, the decedent's community property interest passes to the surviving spouse without administration. The signature of each spouse is required to transfer full interest in the unit or encumber the title.

I/We further agree to indemnify and save harmless the Director of the State of California, Department of Housing and Community Development, and subsequent purchasers of said unit, for any loss they may suffer resulting from registration of the above described unit in California, or from, issuance of a California Certificate of Title covering the same.

I/We certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on __November 16, 2018__          __Riverside, CA__
                         *Date*                              *City*                              *State*

_Signature_ _____          Signature _____

Signature _____          Signature _____

PHONE #: __714-321-3449__          E-MAIL ADDRESS: __jamiegallian@gmail.com__

HCD RT 476.8G Side 1 (Rev. 07/18)

Decal (License) No.(s): LBM 1081                    Serial No.(s): AC7V710394GB/AC7V710394GA

## DECLARATION OF INSTALLATION OF WATER HEATER SEISMIC BRACING

I/We the undersigned hereby state that all fuel gas-burning water heater appliances in the manufactured home, mobilehome, or multifamily manufactured housing described above are seismically braced, anchored, or strapped in accordance with Health and Safety Code Section 18031.7 and Part 5 of Title 24 of the California Code of Regulations.

☒ YES   ☐ NO   ☑ Electric water heater is installed per manufacturer's instructions.

SIGNATURE ON FRONT SIDE IS CERTIFICATION FOR THIS SECTION

## REASON FOR USE TAX AND/OR MOBILEHOME RECOVERY FUND FEE EXEMPTION

Check appropriate box(es):

☐ The above-described unit was a gift. All rights and interest of ownership were transferred without exchange or money or other valuable consideration.

☐ The above-described unit has been acquired from: _____
   *parents, spouse, grandparent(s), grandchild, child, brother(s)*, sister(s)*

☐ The name of a _____ is being ☐ ADDED   ☐ DELETED to the record.
              *show relationship*

☐ The above-described unit was received as the result of an inheritance.

☐ Transfer of the above-described unit is being made pursuant to a court order.

☐ The transfer of the unit is being made to a revocable trust which (1) the seller has an unrestricted power to revoke the trust, (2) the transfer does not result in any change in the beneficial ownership of the property, (3) the trust provides that upon revocation of the trust the property will revert wholly to the seller, and (4) the only consideration for the transfer is the assumption by the trust of an existing loan for which the tangible personal property being transferred is the sole collateral for the assumed loan.

*NOTE: A sale between brother(s) or sister(s) is subject to use tax unless both are minors. If minors, check here: ☐

SIGNATURE ON FRONT SIDE IS CERTIFICATION FOR THIS SECTION

## DESIGNATION OF TRUST

I/We, the undersigned trustee(s), hereby state that the unit described above has been placed into a trust. This Declaration of Trust is dated _____

In compliance with Section 18080.1(b) of the California Health and Safety Code, I/we as trustee(s) hereby request the unit described above be registered as shown below. I/We acknowledge that the Department's permanent title record and the titling documents for the unit will reflect the information as shown below.

_____
*Print Name of the Trust. This is how the name of the Trust will appear on title.*

I/We as trustee(s) agree(s) to notify and make application with the Department of Housing and Community Development to appropriately amend the permanent registration and titling record immediately upon any change to the original trust agreement described herein by submitting this form along with all appropriate documents, fees or any other needed items to the Department.

I/We as trustee(s) further agree(s) to indemnify and save harmless the Director of the Department of Housing and Community Development, and subsequent purchasers of said unit, for any loss they may suffer resulting from registration of the above described unit in California and from issuance of a California Certificate of Title covering the same.

I/We certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on _____ at _____
            *Date*                        *City*                              *State*

Trustee Signature(s): _____   _____

Street Address or P.O. Box _____   City _____   State _____

HCD RT 476.6G Side 2 (Rev. 07/16)



## TAX CLEARANCE CERTIFICATE

☒ Mobile Home                    ☐ Floating Home

### COUNTY OF ORANGE

| SERIAL NUMBER/HULL NUMBER | DECAL NUMBER/CF NUMBER |
|---|---|
| AC7V710394GB/ AC7V710394GA | LBM1081 |
| LOCATION OF HOME | ASSESSOR'S PARCEL NUMBER |
| 16222 MONTEREY LN 376 HUNTINGTON BEACH | 891-569-62 |
| CURRENT REGISTERED OWNER | APPLICANT |
| RYAN, LISA T<br>16222 MONTEREY LN<br>SPC 376<br>HUNTINGTON BEACH<br>CA 92649 | J-SANDCASTLE CO, LLC<br>16222 MONTEREY LN #376<br>HUNTINGTON BEACH<br>CA 92649 |

I hereby certify that the following has been paid:

☐ Delinquent license fees

☒ Property taxes applicable to the home identified above through the fiscal year 2018-2019

☒ A security deposit for payment of the property taxes for the fiscal year 2019-2020

☒ No taxes due or payable at this time.

There may be a supplemental assessment not covered by this "Tax Clearance Certificate" which may create an additional bill.

### THIS CERTIFICATE IS VOID ON AND AFTER JANUARY 15, 2019.

Executed on November 16, 2018 at Santa Ana.
Treasurer-Tax Collector for Orange County, State of California.

Issued on November 16, 2018 _____
                                              (Signature)

§§2189.8, 5832 R & T Code                                    TDL 10-01 (7-87)

98
ASSESSEE NAME AND ADDRESS ARE NOT AVAILABLE
ONLINE PER CA GOV CODE §6254.21

PROPERTY LOCATION
16222 MONTEREY LN 376 HUNTINGTON BEACH

### ASSESSED VALUES & EXEMPTIONS AS OF JANUARY 1, 2018

| DESCRIPTION | FULL VALUE | COMPUTED TAX |
|---|---|---|
| PERSONAL PROPERTY - OTHER | 109,685 | |
| TOTAL VALUES: | 109,685 | 1,199.32 |
| TOTAL NET TAXABLE VALUE: | 109,685 | 1,199.32 |

#### OWNER OF RECORD AS OF 12:01 AM, JANUARY 1, 2018
ASSESSEE NAME AND ADDRESS ARE NOT AVAILABLE ONLINE PER CA GOV CODE §6254.21

| PARCEL NO. (APN) | TAX RATE AREA | 1st Installment DUE 11/1/18 | | 2nd Installment DUE 2/1/19 | | TO PAY BOTH INSTALLMENTS BY 12/10/18 |
|---|---|---|---|---|---|---|
| 891-569-62 | 04-902 | $599.66 | + | $599.66 | = | $1,199.32 |

#### IMPORTANT INFORMATION
If you sold this property or no longer own it, you can disregard this bill. Property taxes are the responsibility of the new owner. Contact the Office of the Assessor at (714) 834-2727 regarding ownership changes.

#### VOTER APPROVED TAXES AND SPECIAL ASSESSMENTS

| SERVICE AGENCY | RATE | VALUE | TAXES |
|---|---|---|---|
| BASIC LEVY RATE | 1.00000 | 109,685 | 1,096.84 |
| COAST COMM COLLEGE DIST | .03052 | 109,685 | 33.47 |
| OCEAN VIEW SD 2016, SR 2017A | .02404 | 109,685 | 26.37 |
| HUNTINGTON BCH UNION HS | .02388 | 109,685 | 26.19 |
| HUNTINGTON BEACH EMPLOYEE RETIREME | .01500 | 109,685 | 16.45 |
| TOTAL CHARGED | 1.09344 | | 1,199.32 |

MH LOCATED IN SPACE 376 ON AP 178-011-16

F074-453 (2018)

FOR DETAILS OF TAX TYPES, VISIT OUR WEBSITE AT OCGOV.COM/OCTAXBILL

THERE WILL BE A $26.00 FEE FOR EACH PAYMENT RETURNED UNPAID BY YOUR BANK FOR ANY REASON
RETAIN TOP PORTION FOR YOUR RECORDS – IF PAYING BY CHECK, YOUR CANCELLED CHECK IS YOUR RECEIPT OR PAY ONLINE AND RECEIVE AN EMAILED RECEIPT

DETACH AND MAIL STUB WITH 2ND INSTALLMENT IN ENVELOPE PROVIDED
WRITE YOUR PARCEL NO. ON YOUR CHECK

| PARCEL NUMBER (APN) | DELINQUENT AFTER |
|---|---|
| 891-569-62 | APRIL 10, 2019 |

ASSESSEE:

ASSESSEE NAME AND ADDRESS ARE NOT AVAILABLE ONLINE PER CA GOV CODE §6254.21
Make checks payable to: County of Orange

COUNTY OF ORANGE
ATTN: TREASURER-TAX COLLECTOR
P.O. Box 1438
Santa Ana, CA 92702-1438

INTERNET COPY

AMOUNT DUE AFTER 4/10/19 (INCLUDES 10% PENALTY + $23 COST)

**ORANGE COUNTY 2018-19 PROPERTY TAX**
Pay taxes online by eCheck or by credit card
eCheck   No Cost
VISA - 2.3% Fee Min. $3.9
ocgov.com/octaxbill

Scan the code to view and pay your specific parcel online

Second Installment
**DUE FEB 1, 2019** 2

$599.66

$682.62

01891569620000620180204101900000599660701190000068262000000000000000003

DETACH AND MAIL STUB WITH 1ST INSTALLMENT IN ENVELOPE PROVIDED
WRITE YOUR PARCEL NO. ON YOUR CHECK

| PARCEL NUMBER (APN) | DELINQUENT AFTER | TO PAY BOTH INSTALLMENTS BY DEC. 10 |
|---|---|---|
| 891-569-62 | DECEMBER 10, 2018 | $1,199.32 |

ASSESSEE:

ASSESSEE NAME AND ADDRESS ARE NOT AVAILABLE ONLINE

**ORANGE COUNTY 2018-19 PROPERTY TAX**
Pay taxes online by eCheck or by credit card
eCheck   No Cost
VISA - 2.3% Fee Min. $3.9
ocgov.com/octaxbill

Scan the code to view and pay your specific parcel online

STATE OF CALIFORNIA
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
DIVISION OF CODES AND STANDARDS



CASH RECEIPT

| Customer: J- Sandcastle Co, LLC | Date Received | 11/16/2018 |
|---|---|---|
| JAMIE L GALLIAN , It's MaNager | Media # | |
| 16222 MONTEREY LN , SPACE # 376 HUNTINGTON BEACH, CA 92649 | Amount | $101.00 |

| DATE | DTN | REFERENCE | AMOUNT DUE |
|---|---|---|---|
| 11/16/2018 | 10670236 - R/O Transfer - Private Sale | LBM1081 | $101.00 |
| | | Previously Paid: | $0.00 |
| | | Paid Today: | $101.00 |

OTHER DTNS

Will rec in Mail lemonths
About 6 mos
from. Sacramento
to address at above

STATE OF CALIFORNIA - BUSINESS, CONSUMER SERVICES, AND HOUSING                                    GAVIN NEWSOM, Governor

**DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT**
DIVISION OF CODES AND STANDARDS



## Title Search

Date Printed:  Jan 18, 2019

| | | | |
|---|---|---|---|
| Decal #: | LBM1081 | Use Code: | SFD |
| Manufacturer: | SKYLINE HOMES INC | Original Price Code: | BVH |
| Tradename: | CUSTOM VILLA | Rating Year: | |
| Model: | | Tax Type: | LPT |
| Manufactured Date: | 05/29/2014 | Last ILT  Amount: | |
| Registration Exp: | | Date ILT Fees Paid: | |
| First Sold On: | 07/28/2014 | ILT Exemption: | NONE |

| Serial Number | HUD Label / Insignia | Length | Width |
|---|---|---|---|
| AC7V710394GA | PFS1130282 | 60' | 15' 2" |
| AC7V710394GB | PFS1130281 | 56' | 15' 2" |

Registered Owner:

J-SANDCASTLE CO LLC
16222 MONTEREY LANE ROOM 376
HUNTINGTON BEACH, CA 92649

| | |
|---|---|
| **Last Title Date:** | 09/10/2014 |
| **Last Reg Card:** | Pending Reg Card |
| **Sale/Transfer Info:** | Price $175,000.00 Transferred on 11/01/2018 |

Situs Address:

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA  92649
Situs County:  ORANGE

### ***END OF TITLE SEARCH***

# STATE OF CALIFORNIA - DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT

## REGISTRATION CARD

Manufactured Home

**Decal: LBM1081**

| Manufacturer ID/Name | Trade Name | Model | DOM | DFS | RV | Exp. Date |
|---|---|---|---|---|---|---|
| 90002   SKYLINE HOMES INC | CUSTOM VILLA | | 05/29/2014 | 07/28/2014 | | |

| Serial Number | Label/Insignia Number | Weight | Length | Width | Issued |
|---|---|---|---|---|---|
| AC7V710394GB | PFS1130281 | 22,383 | 56' | 15' 2" | Jan 19, 2019 |
| AC7V710394GA | PFS1130282 | 25,068 | 60' | 15' 2" | |

**Addressee**

J-SANDCASTLE CO LLC
16222 MONTEREY LANE ROOM 376
HUNTINGTON BEACH, CA 92649



**Registered Owner(s)**

J-SANDCASTLE CO LLC
16222 MONTEREY LANE ROOM 376
HUNTINGTON BEACH, CA 92649

**Situs Address**

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

************************************************
**ATTENTION OWNER:**

THIS IS THE REGISTRATION CARD FOR THE
UNIT DESCRIBED ABOVE.  PLEASE KEEP THIS
CARD IN A SAFE PLACE WITHIN THE UNIT.

**INSTRUCTIONS FOR RENEWAL:**

REGISTRATION FOR THIS UNIT EXPIRES ON THE
DATE INDICATED ABOVE IN THE BOX LABELED
"Exp. Date".  THERE ARE SUBSTANTIAL
PENALTIES FOR DELINQUENCY.  IF YOU DO NOT
RECEIVE A RENEWAL NOTICE WITHIN 10 DAYS
PRIOR TO THE EXPIRATION DATE, CONTACT
H.C.D. FOR RENEWAL INSTRUCTIONS.
************************************************

**IMPORTANT**
THE OWNER INFORMATION SHOWN ABOVE MAY NOT REFLECT ALL LIENS RECORDED WITH THE
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT AGAINST THE DESCRIBED UNIT.  THE
CURRENT TITLE STATUS OF THE UNIT MAY BE CONFIRMED THROUGH THE DEPARTMENT.

DTN: 10670236

01192019 - 1

# STATE OF CALIFORNIA - DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
## CERTIFICATE OF TITLE

Manufactured Home                     **Decal:   LBM1081**

| Manufacturer ID/Name | Trade Name | Model | | DOM 05/29/2014 | DFS 07/28/2014 | RY |
|---|---|---|---|---|---|---|
| 90002   SKYLINE HOMES INC | CUSTOM VILLA | | | | | |
| **Serial Number** | **Label/Insignia Number** | **Weight** | **Length** | **Width** | **Issued** | |
| AC7V710394GB | PFS1130281 | 22,383 | 56' | 15' 2" | Jan 19, 2019 | |
| AC7V710394GA | PFS1130282 | 25,068 | 60' | 15' 2" | | |

**Addressee**

J-SANDCASTLE CO LLC
16222 MONTEREY LANE ROOM 376
HUNTINGTON BEACH, CA  92649

**Registered Owner(s)**

J-SANDCASTLE CO LLC
16222 MONTEREY LANE ROOM 376
HUNTINGTON BEACH, CA 92649

**Situs Address**

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**IMPORTANT**
THE OWNER INFORMATION SHOWN ABOVE MAY NOT REFLECT ALL LIENS RECORDED WITH THE
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT AGAINST THE DESCRIBED UNIT.  THE
CURRENT TITLE STATUS OF THE UNIT MAY BE CONFIRMED THROUGH THE DEPARTMENT.

DTN: 10670236                                               01192019 - 2

*1/1/2006*

# RANCHO DEL REY MOBILE HOME ESTATES
# 16222 MONTEREY LANE
# HUNTINGTON BEACH, CALIFORNIA

## MOBILEHOME RENTAL AGREEMENT

## EQUAL HOUSING OPPORTUNITY

## WE DO BUSINESS IN ACCORDANCE WITH
## THE FEDERAL FAIR HOUSING LAW

## IT IS ILLEGAL TO DISCRIMINATE AGAINST ANY
## PERSON BECAUSE OF RACE, COLOR, RELIGION,
## SEX, HANDICAP, FAMILIAL STATUS, OR NATIONAL
## ORIGIN

RANCHO DEL REY MOBILE HOME ESTATES
16222 MONTEREY LANE
HUNTINGTON BEACH, CALIFORNIA

MOBILEHOME RENTAL AGREEMENT

TABLE OF CONTENTS

| | | Page |
|---|---|---|
| INFORMATION SUMMARY | | -1- |
| DISCLOSURES AND IMPORTANT ACKNOWLEDGMENTS | | -2- |
| 1. | TERM | -3- |
| 2. | RENT | -3- |
| 3. | UTILITIES | -3- |
| 4. | RENT AND OTHER CHARGES | -3- |
| 5. | SECURITY DEPOSIT | -5- |
| 6. | RESOLUTION OF DISPUTES | -4- |
| 7. | SALE OF MOBILEHOME | -7- |
| 8. | REMOVAL OF MOBILEHOME UPON SALE TO THIRD PARTY | -7- |
| 9. | APPROVAL OF PURCHASER AND SUBSEQUENT RESIDENTS | -7- |
| 10. | ASSIGNMENT AND SUBLEASING | -8- |
| 11. | CONFLICTS | -8- |
| 12. | SERVICES AND IMPROVEMENTS | -9- |
| | 12.1  SERVICES AND IMPROVEMENTS PROVIDED | -9- |
| | 12.2  CHANGES IN RULES AND REGULATIONS, STANDARDS OF MAINTENANCE, SERVICES, EQUIPMENT, OR PHYSICAL IMPROVEMENTS | -10- |
| 13. | TERMINATION OF THIS AGREEMENT BY YOU | -10- |
| 14. | TERMINATION OF THIS AGREEMENT BY THE PARK | -10- |

Document#10 Rancho Del Rey                                         i

© 2006  Atsum  All rights reserved.  Reproduction is illegal.  (May be reproduced by Park named above.)

| | | |
|---|---|---|
| 15. | INDEMNIFICATION | -11- |
| 16. | INCORPORATED DOCUMENTS | -11- |
| 17. | COMPLIANCE WITH LAW AND RULES AND REGULATIONS | -11- |
| 18. | ZONING, USE PERMIT AND OWNER INFORMATION | -11- |
| 19. | TRANSFER OF PARK'S INTEREST | -11- |
| 20. | NOTICES | -11- |
| 21. | WAIVER | -11- |
| 22. | ENTIRE AGREEMENT | -12- |
| 23. | ATTORNEY'S FEES | -12- |
| 24. | HEADINGS AND FORMATTING | -12- |
| 25. | PARTIAL INVALIDITY | -12- |
| 26. | ALTERATION OF THIS AGREEMENT | -12- |
| 27. | DEFINITIONS OF OWNER OF THE PARK, HOMEOWNERS, RESIDENTS, SALE OF MOBILEHOME AND BUYER | -12- |
| 28. | HOLDOVER TENANCY | -12- |
| 29. | COUNTERPARTS | -12- |
| 30. | EXHIBITS | -13- |
| 31. | OWNER'S APPROVAL AND OPTIONS | -13- |
| 32. | STATUTE OF LIMITATION | -13- |
| 33. | USE AND OCCUPANCY | -13- |
| 34. | INSPECTION | -13- |
| 35. | ENFORCEMENT OF CONDITIONS OF TENANCY | -13- |
| 36. | MAINTENANCE OF IMPROVEMENTS | -13- |

Document10 Rancho Del Rey                                   ii

© 2006  Alston  All rights reserved.  Reproduction is illegal.  (May be reproduced by Park named above.)

37. CONDEMNATION............................................................................................ -14-

38. TIME OF ESSENCE ......................................................................................... -14-

39. MODIFICATION FOR LENDER..................................................................... -14-

40. ESTOPPEL CERTIFICATE ............................................................................. -14-

41. LIMITATION OF OUR LIABILITY ................................................................ -14-

42. MEGAN'S LAW............................................................................................... -14-

43. EXECUTION .................................................................................................... -15-

Document10 Rancho Del Rey                                    iii

© 2006  Alston  All rights reserved.  Reproduction is illegal.  (May be reproduced by Park named above.)

RANCHO DEL REY MOBILE HOME ESTATES
16222 MONTEREY LANE
HUNTINGTON BEACH, CALIFORNIA

MOBILEHOME RENTAL AGREEMENT

INFORMATION SUMMARY

The following information from the Agreement is summarized for the convenience of both of us. Please see the applicable paragraphs in this Agreement for the complete information which controls if there is a difference between it and the following:

A.   Space Number: _376_

B.   Resident(s): _Laura Ryan_, Lisa T. Ryan, Patricia C. Ryan

C.   Date this Agreement Begins and Length/Term of this Agreement:

   (1)   On a month-to-month basis beginning _____, 20___.

                                                                                    _(Resident's Initials)_

   (2)   For a period of _12_ months beginning _1-1-_, 20_06_   _XJR_
          (not to exceed 12 months).                                     _(Resident's Initials)_

D.   Monthly Rent: Your beginning monthly rent will be $ _696. 00_ . The amount of your rent may be increased at any time on ninety (90) days' notice. The increase in rent may be made because of such things as new or increased operating expenses we may incur, increases in what we believe to be a fair market rent for your mobilehome space or any other reason we believe, in our sole discretion, to be appropriate so long as the rent increase is not otherwise specifically prohibited by law.   _XJR_
                                                                                    _(Resident's Initials)_

E.   Utilities:

   (1)   Utilities You Pay to Park:

          Electricity, Water and Natural Gas on submetered basis.

          Sewer and Trash at an initial charge of $ _10.27_ /month for Sewer and $ _12.33_ /month for Trash.

   (2)   Utilities Included in Your Rent: None.

   (3)   Utilities you purchase from Others: Telephone and cable TV.

   Utilities may be increased or changed as allowed by this Agreement.

J:\091519\053\RENTAGR\Rental Agreement revised for 2000.doc      Rancho Del Rey                          Page 1
© 2006 Ahten & Glover, LLP   All rights reserved. Reproduction is illegal. (May be reproduced by Park named above.)

F.   Other Charges:

   (1)   Late Payment:   $20.00

   (2)   Returned Checks: $20.00

   (3)   Security Deposit: $ -0-

   (4)   RV/Extra Vehicles:   $ 60 00   per month per vehicle

   (5)   Government Fees:   As charged to Park

   (6)   Extra Persons Charge:   $ 0   per day per person

   (7)   Guest Cottage Charge:   $ 50 00   per day.

   (8)   Other: _____

These above charges may be increased or changed as allowed by this Agreement.

G.   Facilities to be provided by the Park for Residents during the term of this Agreement, unless changed: The streets, R.V. storage area (subject to separate agreement and charge), 2 clubhouses, 2 swimming pools and spas, 4 saunas, 3 laundry rooms and 2 guest cottages which are available for residents to rent to house their short-term guests.

H.   Services to be provided by the Park for Residents during the term of this Agreement, unless changed: Park Manager, electricity, natural gas, water, sewer, and trash.

Facilities and services may be decreased or changed as allowed by this Agreement.  The cost of providing and maintaining facilities and services may increase your rent per the provisions of this Agreement.

## DISCLOSURES AND IMPORTANT ACKNOWLEDGMENTS

OUR MOBILEHOME PARK IS AN OLDER PARK; THEREFORE, THE UTILITY SYSTEMS (ELECTRIC, NATURAL GAS, SEWER AND WATER) DO NOT WORK AS WELL AS NEWER SYSTEMS AND DO PERIODICALLY BREAK DOWN OR PROVIDE LESS-THAN-ADEQUATE SERVICE.

YOU ACKNOWLEDGE THAT WE HAVE OFFERED YOU THE OPTION OF HAVING THIS AGREEMENT HAVE A TERM OF 12 MONTHS OR LESS, INCLUDING A MONTH-TO-MONTH TENANCY.  YOU ALSO ACKNOWLEDGE THAT YOU HAVE VOLUNTARILY SELECTED THE TERM LISTED AT PARAGRAPH C ON PAGE 1 OF THIS AGREEMENT.

RESOLUTION OF DISPUTES:  YOU AGREE THAT THOSE DISPUTES WHICH ARE SPECIFIED IN PARAGRAPH 6 OF THIS AGREEMENT, WHICH IS ENTITLED "RESOLUTION OF DISPUTES," WILL BE DETERMINED BY SUBMISSION TO WHAT IS KNOWN AS A REFERENCE AND NOT BY WHAT MOST PEOPLE CONSIDER THE NORMAL LAWSUIT OR BY RESORTING TO NORMAL COURT PROCESSES.  BY SIGNING THIS AGREEMENT, BOTH YOU AND WE ARE GIVING UP OUR CONSTITUTIONAL RIGHT TO HAVE THOSE DISPUTES DECIDED IN A COURT OF LAW BEFORE A JURY AND, INSTEAD, ARE ACCEPTING THE USE OF THE REFERENCE PROCEDURES.

J:\001310\003\RENTAGR\Rental Agreement revised for 2006.doc         Rancho Del Rey                                        Page 2
© 2006  Alston & Cinter, LLP   All rights reserved   Reproduction is illegal.  (May be reproduced by Park named above.)

I AGREE I HAVE READ AND UNDERSTOOD THE ABOVE DISCLOSURES AND ACKNOWL-
EDGMENTS.

SIGNATURE: _____   DATE: 1/10/2006

SIGNATURE: _____   DATE: 1/20/2006

SIGNATURE: _____   DATE: _____

1.     TERM:   You are renting the Space listed at paragraph A on page 1 of this Agreement in Rancho Del Rey
Mobile Home Estates located in Huntington Beach, California (the Park). This Agreement is for the term and begins on
the date listed at paragraph C on page 1 of this Agreement unless it terminates earlier per the termination paragraphs of
this Agreement.

2.     RENT:   Your rent will be the amount listed at paragraph D on page 1 of this Agreement and it may be
increased as permitted by that paragraph.

3.     UTILITIES:

       3.1     You are responsible for making sure that your mobilehome and all appliances and equipment in your
mobilehome are compatible with the electric service and capacity now available, and we shall have no liability or
responsibility to you if the available electrical supply is incompatible. You agree not to install electrical appliances
which will use energy in excess of the electrical service and capacity available to your Space. You also agree that you
will not attempt to increase the electrical service and capacity of your Space by installing any device or doing anything
else unless you have received our prior written permission. If your electrical demands exceed the capability of the Park,
or are otherwise inconsistent with the capabilities of the Park, you will be deemed to be in default under your rental or
lease agreement and you will, in addition to all of the remedies available to us, reimburse us within ten (10) working
days for any costs and expense we incur in remedying the situation created by your use of excessive or inconsistent
electrical demands. You also agree to indemnify and hold us harmless against any loss, cost, damage, expense
(including attorneys' fees and costs) or other liability incurred or imposed by reason of any injury to persons or property
which occurs as a result of your electrical demands. As the amount of such electrical service and capacity will affect
your ability to have electrical appliances, you must determine in advance from us in writing the amount of electrical
service and capacity available to your Space and insure that your mobilehome and all appliances and equipment in it are
compatible with that service and capacity.

       3.2     We will provide, submeter and separately charge you monthly for gas, water, and electricity. Any
increases in the cost of utilities submetered will be immediately passed-through and paid by you. We will initially
charge you monthly the amount indicated in paragraph E(1) on page 1 of this Agreement for trash and sewer. Any
increase in the cost of utilities separately charged will be immediately passed-through and paid by you, at such
prevailing rates regulated and authorized by the utility companies. You will contract with and pay directly for all other
utilities you require.

4.     RENT AND OTHER CHARGES:

       4.1     If you do not maintain your mobilehome or Space as required by this Agreement and the Rules and
Regulations, we may give you a notice requiring you to comply in fourteen (14) days. If you do not, we may charge you
a reasonable fee for having this work done. In accordance with Civil Code §798.36 Management may after providing
you with 14 days notice charge you with the reasonable costs for removal personal property and storage thereof for a
period of sixty-day period prior to the ultimate disposal of unclaimed property.

       4.2     If you store or park a vehicle, trailer or something else in the recreational vehicle storage lot or other
extra vehicle parking area, you will be charged the amount indicated in paragraph F(4) on page 2 of this Agreement.
This charge may be increased at any time on sixty (60) days' written notice. This storage or parking will be per the terms

J:\0845\0\002\RENTAGR\Rental Agreement revised for 2006.doc      Rancho Del Rey
© 2006 Aitran & Gieser, LLP   All rights reserved. Reproduction is illegal. (May be reproduced by Park named above.)      Page 3

of a separate agreement which you will be required to sign, not by this Agreement. We are not obligated to provide parking for all vehicles, access to this area is on a first-come, first-served basis and it may be eliminated on ninety (90) days' written notice and the area used for another purpose.

    4.3    Rent and all other charges except utilities are due in advance on the first day of each month. Utility charges are also due by the first day of each month. Also please refer to our Rules and Regulations for additional requirements regarding your payment of taxes, assessments, license fees, and other charges that are applicable to your personal property and improvements. Rent and all other charges must be paid without any deduction or offset whatsoever and will be late if not paid in full by 5:00 p.m. on the 6th day of each month. You must pay a late charge whenever rent or other charges are paid more than six (6) days after they are due and a handling charge whenever a check is returned for any reason in the amounts indicated in paragraphs F(1) and (2) on page 2 of this Agreement. Outstanding balances over thirty (30) days are subject to compound interest at the rate of 1% per month. Total interest in any calendar year shall not exceed the maximum interest allowed by law. Payment will be made at the Park Office or at such other location we designate. All rents and other charges shall be paid by check or money order. We may, upon ten (10) days' notice, require payment in cash, or its equivalent. All of the charges and other amounts noted in this Agreement may be increased at any time on sixty (60) days' notice without reducing the rent or changing any other term or provision of this Agreement.

    4.4    Unless otherwise prohibited by law, all government charges and fees charged the Park may be billed by us to you.

5.    SECURITY DEPOSIT: When you sign this Agreement, you will give us the amount indicated as paragraph F(3) on page 2 of this Agreement as a security deposit for your performance of this Agreement. (If you are already a resident, the amount of any security deposit you previously gave us will be this deposit.) If you default, we can use the security deposit to cure the default or compensate us for any damage because of your default. You will immediately pay us a sum equal to the portion of the security deposit we use to maintain it the sum initially deposited. We can commingle the deposit with our other funds and are not required to pay you interest on it.

6.    RESOLUTION OF DISPUTES:

    6.1    EXCEPT AS NOTED IN PARAGRAPH 6.5, YOU AGREE THAT ANY AND ALL DISPUTES YOU HAVE WITH US WILL BE SUBMITTED FIRST TO NON-BINDING MEDIATION AND, IF THE DISPUTE CANNOT BE RESOLVED BY THAT METHOD, SUBMITTED TO WHAT IS CALLED A "GENERAL REFERENCE" WHICH WILL BE CONDUCTED PER THE PROVISIONS OF CODE OF CIVIL PROCEDURE SECTION 638. ALL ISSUES RELATING TO THE DISPUTE WILL BE SUBJECT TO THE REFERENCE AND THE REFEREE WHO IS APPOINTED SHALL HAVE ALL THE NECESSARY POWERS TO DECIDE ALL QUESTIONS OF LAW AND FACT RELATING TO THE DISPUTE.

    6.2    THE REFERENCE SHALL BE CONDUCTED AND DECIDED BY A RETIRED JUDGE AND NO JURY WILL BE USED.

    6.3    YOU ALSO AGREE THAT, AS IS TRUE OF THE OTHER PROVISIONS OF THIS AGREEMENT, THAT THIS PARAGRAPH 6 IS APPLICABLE TO ALL MEM-BERS OF YOUR HOUSEHOLD, INCLUDING ANY PERSON(S) WHO HAS NOT SIGNED THIS AGREEMENT OR WHO MAY BECOME A MEMBER OF YOUR HOUSEHOLD AFTER THE DATE YOU SIGNED THIS AGREEMENT.

    6.4    ALTHOUGH THE WORD "MEDIATION" IS OFTEN NOT USED BE-LOW, UNLESS UNREASONABLE TO DO SO, EVERYTHING IN PARAGRAPH 6

REGARDING A REFERENCE ALSO APPLIES TO MEDIATION.

6.5    WE MAY, AT OUR OPTION, ELECT TO HAVE ANY OF THE
FOLLOWING DISPUTES SUBMITTED TO A REFERENCE OR TO BE TRIED IN THE
COURTS UNDER NORMAL PROCEDURES TO A JUDGE SITTING ALONE
WITHOUT A JURY: (a) TERMINATION OF TENANCY DUE TO A FAILURE TO PAY
RENT OR OTHER CHARGES OR FOR ANY OF THE OTHER REASONS TENANCY
MAY BE TERMINATED PER CIVIL CODE §798.56(a) THROUGH (e), INCLUSIVE; (b)
FORCIBLE DETAINER; (c) INJUNCTIVE RELIEF PER [i] CODE OF CIVIL
PROCEDURE §527.6, [ii] CIVIL CODE §798.87(b), OR [iii] CIVIL CODE §798.88; (d)
PAYMENT OF THE MAINTENANCE FEE PROVIDED FOR IN CIVIL CODE §798.36;
(e) CONDEMNATION OR A CHANGE OF THE USE OF THE PARK AS PROVIDED IN
CIVIL CODE §798.56(f) AND (g); AND (f) TO PRESERVE ANY EQUITABLE RIGHTS
RELATING TO ANY DISPUTE.  MEDIATION WILL NOT OCCUR FOR THE
DISPUTES IN THIS PARAGRAPH 6.5.

6.6    "DISPUTE" INCLUDES NOT ONLY DISPUTES YOU MAY HAVE WITH
US BUT ALSO DISPUTES AGAINST ANY OF OUR EMPLOYEES, CONTRACTORS,
AGENTS OR ANY OTHER PERSON WHO YOU CONTEND HAS INJURED YOU
WHEN YOU ALSO CONTEND THAT WE ARE RESPONSIBLE FOR THAT OTHER
PERSON'S ACTS OR FAILURE TO ACT.

6.7    BEFORE THE LAWSUIT REQUIRED TO BEGIN A REFERENCE MAY
BE FILED, MEDIATION MUST BE ATTEMPTED.  THIS IS DONE BY YOU SERVING
US AND THE JUDICIAL ARBITRATION AND MEDIATION SERVICE, INC. ("JAMS")
WITH A WRITTEN DEMAND OR NOTICE OF INTENTION TO REQUIRE A
REFERENCE.

6.8    YOU MUST GIVE US THIS NOTICE NOT LATER THAN ONE (1) YEAR
FROM THE DATE YOU OR ANY MEMBER OF YOUR HOUSEHOLD FIRST BECAME
AWARE OF (OR REASONABLY SHOULD HAVE BEEN AWARE OF) THE DISPUTE.
IF YOU DO NOT GIVE US NOTICE WITHIN THE ONE (1) YEAR TIME PERIOD, YOU
AGREE WE WILL NOT BE LIABLE TO YOU FOR ANY INJURY OR DAMAGE YOU
OR OTHERS IN YOUR HOUSEHOLD MAY EXPERIENCE AND, THEREFORE, THAT
DISPUTE WILL NOT BE SUBJECT TO A REFERENCE OR ANY PROCEEDING IN
THE COURTS.   THIS ONE (1) YEAR TIME LIMITATION APPLIES TO BEING
ENTITLED TO BOTH MEDIATION AND A REFERENCE.  FOR EXAMPLE, IF THE
DATE WHEN YOU FIRST BECAME AWARE OF THE DISPUTE WAS JANUARY 1,
1995, NOTICE OF THE DISPUTE MUST BE GIVEN BY YOU TO US BY DECEMBER
31, 1995 IN ORDER TO HAVE THE DISPUTE MEDIATED AND HAVE A REFERENCE,
AND IF NOTICE WAS GIVEN AFTER DECEMBER 31, 1995, NEITHER MEDIATION
OR A REFERENCE WOULD OCCUR.

6.9    THE NOTICE REFERRED TO IN PARAGRAPH 6.8 MUST PROVIDE: (i)
A DESCRIPTION OF THE DISPUTE, AND (ii) FACTS FROM WHICH THE DISPUTE
ARISES INCLUDING WITNESSES, DATES, TIMES AND CIRCUMSTANCES.  IF THE
DISPUTE IS NOT RESOLVED IN NINETY (90) DAYS BY MEDIATION, THE DISPUTE

MUST EITHER BE ABANDONED OR RESOLVED BY A REFERENCE.

6.10  EVEN THOUGH YOU MAY HAVE A REASONABLE CLAIM, THE REFEREE SHALL REFUSE TO GRANT ANY RELIEF TO YOU IF YOU DO NOT COMPLY WITH THE ABOVE ONE (1) YEAR TIME PERIOD.  IF MEDIATION FAILS AND YOU CHOOSE TO FILE THE LAWSUIT REQUIRED TO START A REFERENCE, THE LAWSUIT MUST BE FILED BY YOU WITHIN TEN (10) DAYS OF THE DATE THE MEDIATOR DECLARES AN IMPASSE OR THE MEDIATOR ISSUES HIS OR HER RECOMMENDATIONS OR DECISION.

6.11  IF MEDIATION FAILS AND YOU AND WE CANNOT AGREE IN TEN (10) DAYS FROM THE DATE THE LAWSUIT IS FILED WHO THE REFEREE WILL BE, A COURT OF COMPETENT JURISDICTION WILL PROVIDE BOTH OF US WITH A LIST OF AT LEAST FIVE (5) NEUTRAL REFEREES, FROM WHICH YOU AND WE WILL ATTEMPT TO SELECT A REFEREE FROM.  IF WE CANNOT AGREE, THE COURT WILL MAKE THE SELECTION FROM THAT LIST FOR US.  BOTH YOU AND WE WILL BE GIVEN THE RIGHT OF ONE PEREMPTORY CHALLENGE TO DISQUALIFY A PERSON FROM BEING THE REFEREE.  THE REFERENCE SHALL COMMENCE WITHIN ONE HUNDRED TWENTY (120) DAYS FROM THE DATE THE REFEREE IS APPOINTED, UNLESS CONTINUED ON REQUEST TO THE REFEREE, OR BOTH OF US AGREE.  THE REFEREE WILL BE A DIFFERENT PERSON THAN THE MEDIATOR.

6.12  UNLESS BOTH OF US AGREE, NO DISPUTE WILL BE CONSOLIDATED OR JOINED TOGETHER WITH A DISPUTE OF ANY OTHER PERSON.

6.13  UNLESS OTHERWISE DETERMINED BY THE MEDIATOR OR REFEREE THE FEES AND COSTS FOR THE MEDIATION AND REFERENCE SHALL BE PAID IN ADVANCED AND DIVIDED EQUALLY BETWEEN YOU AND US.  THE FEES ARE DUE AND PAYABLE ON REQUEST OF THE MEDIATOR OR REFEREE. IT IS EXPECTED THAT THE MEDIATOR OR REFEREE WILL MAKE A REASONABLE ESTIMATE OF ANTICIPATED FEES AND COSTS OF THE MEDIATION OR REFERENCE AND SEND A STATEMENT TO EACH OF US, AND EACH OF US WILL DEPOSIT OUR ONE-HALF SHARE WITH THE MEDIATOR OR REFEREE WITHIN TEN (10) DAYS.  IF PAYMENT IS NOT MADE AS REQUIRED THE MEDIATOR OR REFEREE SHALL HAVE THE AUTHORITY TO:  (1) DETERMINE THAT THE PERSON WHO FAILED TO PAY HAS FORFEIT AND GIVEN UP ALL RIGHTS TO PROSECUTE OR DEFEND THE CLAIM; (2) PROCEED WITHOUT PAYMENT AND SHALL INCLUDE IN THE AWARD AS TO WHICH PARTY MUST PAY THE OUTSTANDING AMOUNTS; (3) REQUIRE THAT A PARTY THAT HAS PAID HIS/HER SHARE PAY ADDITIONAL AMOUNTS.  HOWEVER, UNLESS THE MEDIATOR OR REFEREE MAKES A DETERMINATION TO THE CONTRARY THE PARTY WHO PAID ADDITIONAL SUMS IS ENTITLED TO REIMBURSEMNT OF THOSE SUMS AND MAY SUBTRACT SUCH PAYMENTS FROM AN AWARD AGAINST SUCH PARTY OR MAY HAVE SUCH SUMS INCLUDED IN A JUDGMENT ENTERED AS A RESULT OF AN AWARD IN HIS/HER FAVOR.  IF EITHER OF US FAILS TO MAKE A DEPOSIT, INCLUDING ANY ADDITIONAL DEPOSIT LATER

J:\0015\0-003\RENTAGR\Rental Agreement revised for 2006.doc       Rancho Del Rey                                              Page 6
© 2006  Alston & Gieser, LLP   All rights reserved.  Reproduction is illegal.  (May be reproduced by Park named above.)

DETERMINED TO BE NECESSARY BY THE MEDIATOR OR REFEREE, THE FAILURE OF ONE OF US TO PAY WILL NOT, HOWEVER, ABATE, STAY, OR SUSPEND THE MEDIATION OR REFERENCE AND THE MEDIATOR OR REFERENCE.

6.14   YOU ACKNOWLEDGE HAVING READ THIS PARAGRAPH 6. YOU ALSO AGREE THAT THESE PROVISIONS WILL APPLY TO YOU AT ALL TIMES IN THE FUTURE (EVEN THOUGH THAT MAY BE BEYOND THE TERM OF THIS AGREEMENT OR AFTER YOUR TENANCY OR THIS AGREEMENT HAS BEEN TERMINATED OR YOU MOVE FROM THE PARK) UNLESS THESE PROVISIONS ARE ELIMINATED AFTER THE TERM OF THIS AGREEMENT ENDS BY A WRITTEN 60-DAY NOTICE FROM US TO YOU.

6.15   NOTICE: BY INITIALING IN THE SPACE BELOW, YOU ARE AGREEING TO HAVE YOUR DISPUTES WITH US DECIDED BY A NEUTRAL REFEREE AS PROVIDED BY CALIFORNIA LAW, AND YOU ARE GIVING UP ALL RIGHTS YOU HAVE TO HAVE THE DISPUTES LITIGATED IN A COURT OR BY A JURY TRIAL. IF YOU REFUSE TO SUBMIT TO A REFERENCE AFTER AGREEING TO THESE PROVISIONS, YOU MAY BE COMPELLED TO A REFERENCE UNDER CALIFORNIA LAW. YOUR AGREEMENT TO THESE PROVISIONS IS VOLUNTARY. YOU HAVE READ AND UNDERSTAND THIS PARAGRAPH 6 AND AGREE TO SUBMIT YOUR DISPUTES TO A "REFERENCE" AS PROVIDED IN THIS PARAGRAPH 6.

BY INITIALING BELOW, YOU ACKNOWLEDGE THE PROVISIONS AND AGREEMENTS IN PARAGRAPH 6 ABOVE.

Initials of Homeowner(s): _____   _____   _____

7.      SALE OF MOBILEHOME: You may sell/transfer your mobilehome per your and our rights and obligations under this Agreement. You must, however, give us sixty (60) days' written notice of your intent to sell/transfer your mobilehome. You must also give us written notice at least ten (10) days prior to your execution of any escrow, sale, exchange, transfer or other agreement. The requirements of this Agreement and this paragraph will apply even if you sell or transfer only a portion of your interest in your mobilehome.

8.      REMOVAL OF MOBILEHOMES UPON SALE TO THIRD PARTIES:

        We may, in order to upgrade the quality of the Park, require the removal of mobilehomes from the Spaces upon their sale or transfer to a third party, in accordance with the provisions of the Mobilehome Residency Law and other applicable law. Any such rights granted us due to amendments, deletions, or modifications of the Mobilehome Residency Law and other applicable law may be enforced by us at our option.

9.      APPROVAL OF PURCHASER AND SUBSEQUENT RESIDENTS:

        9.1      If your prospective buyer/transferee intends for the mobilehome to remain in the Park, or the buyer/transferee intends to reside in the Park, the buyer/transferee must do the following before occupying the mobilehome or Space: complete an application for residency, sign the Park's current rental or lease agreement which may be different than this Agreement and be accepted by us. The rent we are then charging may be increased to any amount we believe appropriate. We may request a financial statement, credit report, references and other reasonable information we need from any prospective buyer/ transferee. If the buyer/transferee is not approved by us or does not

J:\0013.10\005\RENTAL01\Rental Agreement revised for 2008.doc        Rancho Del Rey        Page 7
© 2006 Allton & Gitzer, LLP  All rights reserved. Reproduction is illegal. (May be reproduced by Park named above.)

Case 8:23-cv-00001-DSF   Document 16-2   Filed 05/24/23   Page 174 of 177   Page ID #:2938
Case 8:21-bk-11710-ES    Doc 185    Filed 08/11/22   Entered 08/11/22 17:07:13    Desc
Main Document    Page 101 of 111

101

sign the Park's current rental or lease agreement, they will have no rights of tenancy in the Park and they may not leave the mobilehome here or occupy the Space. In such event, you will remain fully responsible to us for the full performance of this Agreement. We may also, at our option, pursue such remedies as we may have against the buyer/ transferee/assignee alone, against both you and them or against you alone.

9.2    The requirements of this Agreement will apply before any person other than the ones listed on the signature page of this Agreement, will be permitted to become a resident of the Park. Unless otherwise prohibited by law all persons residing at your space must be approved for residency. If the person is not going to be a signatory to this lease no financial information will be required. Any person that we determine from prior tenancies will not abide by the rules and regulations will not be approved. A guest or other person who has not previously signed this Agreement who remains in the Park after his host has died, moved, or for any other reason does not physically reside in the Park on a regular basis, will be considered to be the equivalent of a buyer/transferee/assignee and will be subject to the requirements of this Agreement. This means that the guest or other person will have to apply for residency and if approved will be offered a rental agreement and that rental agreement may be higher that what you have been paying under this Agreement. This will be true regardless of whether the guest is listed as a "legal" or "registered" owner of the mobilehome. The requirements of this Agreement will also apply if you only sell/transfer a portion of your interest in your mobilehome or assign only a portion of your right to occupy your Space.

9.3    You agree to do such other things and to execute and deliver to us such additional documents as we may reasonably require to protect our interest in conjunction with the sale/ transfer/assignment of this Agreement.

10.    ASSIGNMENT AND SUBLEASING:

10.1    You may not assign this Agreement and any purported assignment will be void. You may not assign the right to occupy your mobilehome or Space and any such assignment will be void. (If the mobilehome is to be removed from the Space and not replaced with another mobilehome, we must also be given at least 60 days' advance written notice and the right to possession and control of the Space will, at our option, revert to us. The only exception is if you replace it with another mobilehome you personally occupy as your residence.) Unless required by law, including, as is presently the case, an ordinance of the City of Huntington Beach, subleasing is prohibited and any attempted subleasing will be void.

10.2.    Subletting, except as permitted under Civil Code Section 798.23.5 and/or The City of Huntington Beach Municipal Ordinance 3277 is prohibited, and all other subletting will be void. "Subletting" means any renting, regardless of the time period or how it is characterized, of the mobilehome or Space. If you have lived in the Park for one or more years, you may sublease your mobile home and space for no less than six months and no more than twelve (12) months pursuant to the provisions of Civil Code Section 798.23.5. You must provide the Park with written notice of your intent to sublease your mobile home along with proof of the medical emergency or treatment requiring your absence from your mobile home. Your prospective sublessee shall be required to complete a residency application and be approved for residency by the Park. The Park may at its sole option elect to charge your prospective sublessee for any appropriate credit screening and personal reference checks the Park elects to make. The Park shall require your prospective sublessee to sign the Rules and Regulations. You shall continue to remain responsible for all rent and other charges pursuant to your Rental Agreement. The Park may, at its sole election, require that you pay an additional security deposit of not more than two (2) month's rent which shall be refunded at the end of the subleasing period. You must keep on file with the Park the current address and telephone number at which you may be contacted during the subleasing period.

10.3    This Agreement may be terminated, at our option, if you assign or sublet in violation of this Agreement. The Park or anyone it designates may rent, lease or sublet any Space or any mobilehome.

10.4    If you sublet in accordance with 798.23.5 and our Rules and Regulations and you or the sublessee fail, in advance of the sublessee taking possession of the mobilehome or Space, to comply with our requirements, execute the documents, or obtain the Park's approval of the sublessee, the sublessee will have no right to live in the Park and may not reside on any basis in the mobilehome or at the Space. Subletting means any renting, regardless of the time period or how it is characterized, of the mobilehome or Space.

J:\001810\003\REDTWGR\Rental Agreement,revised for 2006.doc          Rancho Del Rey          Page 8
© 2006  Hitson & Glaser, LLP   All rights reserved.  Reproduction is illegal.  (May be reproduced by Park named above.)

in effect after your breach and abandonment and recover rent as it becomes due, if you have the right to sublet or assign, subject only to reasonable limitations).

14.3   You agree that the amount of our damages against you per the terms of this paragraph 13 may, at our sole option, be determined by paragraph 6 of this Agreement and that the mediation portions of such provisions shall not be applicable.

15.   **INDEMNIFICATION:** To the fullest extent the law allows, we have no liability to you or anyone else for anything which is not caused by our active negligence or willful acts and you agree to completely release, discharge, indemnify, and hold us free and harmless from all claims for which we are not liable, including providing a defense and the payment of attorneys' fees and costs of an attorney we choose. You agree to indemnify and hold us harmless from all claims, including providing a defense and the payment of attorneys' fees, and costs of an attorney we choose, which occur because of the negligent or willful conduct of you or others who you invite to be in the Park. You also agree to indemnify and hold us harmless from all claims you may have of economic loss, diminution in market value, or depreciation of your mobilehome, and other improvements.

16.   **INCORPORATED DOCUMENTS:** You agree you have received, read and understood a copy of: This Agreement; the Mobilehome Residency Law which is effective as of January 1st of the year in which you signed this Agreement or signed a document accepting an assignment of this Agreement (which you agree was attached to this Agreement at the time you received it); the Rules and Regulations (including signs posted in the common areas) which you agree are effective immediately; R.V. Storage Agreement; and other: _____
You understand that by signing this Agreement, you are bound by all of the terms and conditions of these documents and signs as they may be revised per this Agreement.

17.   **COMPLIANCE WITH LAW AND RULES AND REGULATIONS:** You agree to comply with all applicable laws, ordinances, regulations and all terms of this Agreement, the Rules and Regulations, and all terms contained in any document referred to in this Agreement, as they may be changed.

18.   **ZONING, USE PERMIT AND OWNER INFORMATION:** The zoning under which the Park operates is MHP - Mobilehome Park. The permits under which the Park operates are not subject to expiration or renewal. The Park is not located on land which we lease from someone else, but we do have the option to enter into such a lease at any time in the future. If we exercise this option, we will notify you of the expiration date of the lease.

19.   **TRANSFER OF PARK'S INTEREST:** If we sell or transfer our interest in the Park to anyone else, we will be automatically relieved of our obligations under this Agreement which occur after the date of the sale/transfer.

20.   **NOTICES:** All notices required or allowed by this Agreement must be in writing. Except for notices terminating your tenancy, the service of any other notice on you will be valid if it is personally served on you or mailed to you at your address in the Park by First Class United States Mail, postage prepaid.

21.   **WAIVER:**

21.1   If you fail to meet any of your obligations under this Agreement, a delay or omission by us in exercising any right or remedy we have because of your default will not impair any of our rights or remedies against you, nor will it be considered a waiver by us of any right or remedy. No waiver by us of our right to enforce any provision of this Agreement after any default on your part will be effective unless it is made in writing and signed by us, nor will it be considered a waiver of our rights to enforce each and every provision of this Agreement upon any further or other default on your part. Our acceptance of rent will also not be a waiver of any breach by you of any term or provision of this Agreement, including any rule, regulation or other term or provision contained in any document referred to in this Agreement.

21.2   Any delay, omission, or mistake by us in exercising any right to make any of the increases allowed by paragraph 2 of this Agreement or other provisions of this Agreement will not impair any of our rights or be considered to be a waiver by us. Instead, we may, at any time, correct our delay, omission, or mistake and collect from you the full

J:\001510\003\RENTAGR\Rental Agreement revised for 2006.doc.   Rancho Del Rey   Page 11
© 2006 Altman & Giezne, LLP   All rights reserved. Reproduction is illegal. (May be reproduced by Park named above.)

103

increase retroactive to the date we could have first collected it from you. This will be true even though we may have accepted payment from you of a lesser amount. Examples include: We make an error and do not send a rent increase notice ninety (90) days in advance of your normal rent increase anniversary date. Although you will still be entitled to a 90-day notice, we may send that notice at a later date and retroactively collect the full amount of the increase to your normal rent increase anniversary date. Or, because of a miscalculation or clerical error, we did not charge you the full amount of an increase we are permitted to make. When we discover that error, we may send you a notice and retroactively collect from you the full amount of the increase.

22.   **ENTIRE AGREEMENT:** Please understand that our Park Manager, other personnel, mobilehome dealers, the selling homeowner or sales person who sold you your mobilehome and other persons are not authorized to make any representations or agreements with you about the Park unless those agreements and representations are contained in this Agreement and the other documents and posted signs referred to in it. Therefore, you agree that this Agreement and the other documents and posted signs referred to in it are the entire agreement between you and us regarding the subjects covered by this Agreement, other documents and signs. This Agreement completely supersedes and replaces any and all prior and contemporaneous agreements, representations and understandings of you, any other person, or us.

23.   **ATTORNEY'S FEES:** Attorney's fees and costs may be awarded to you or us per the provisions of the Mobilehome Residency Law, or other laws, including changes to these laws which may occur in the future. The same is true of any other litigation, disputes covered by the "RESOLUTION OF DISPUTES" provisions of this Agreement, between the two of us that is not covered by the Mobilehome Residency Law or other laws.

24.   **HEADINGS AND FORMATTING:** The titles of the paragraphs and subparagraphs in this Agreement or in other documents or posted signs are only for convenience and under no circumstances are they to be considered as any part of this Agreement. You agree that this Agreement is to be considered a typed, not printed document, so that any legal requirements regarding printed documents are not applicable.

25.   **PARTIAL INVALIDITY:** If any part of this Agreement or any document referred to in it is, in any way, invalid or unenforceable, the remainder of this Agreement or the other document shall not be affected, and will be valid and enforceable to the fullest extent permitted by law. The same is true if the application of any part of this Agreement, or any document referred to in this Agreement, is, in any way, invalid or unenforceable to any person or circumstance. The preceding shall not, however, at our sole option, be applicable if our ability to charge for or increase the amount of rent, utilities, or make other charges provided for by this Agreement is held in any way, in whole or in part, to be invalid or unenforceable. In such circumstances, we may, at our sole option, either keep this Agreement in full force and effect or terminate this Agreement or convert your tenancy under this Agreement to a 12-month or less tenancy.

26.   **ALTERATION OF THIS AGREEMENT:** This Agreement may be changed only as provided for by this Agreement or by a written agreement signed by you and us or by operation of law. This Agreement will be construed and interpreted as though both of us had written it together, not as if it had been written by us alone.

27.   **DEFINITIONS OF OWNER OF THE PARK, HOMEOWNERS, RESIDENTS, SALE OF MOBILE-HOME AND BUYER:** The terms "we," "us," and other similar terms used in this Agreement which refer to the owners and the operators of the Park include all owners of the Park and their partners, shareholders, directors, representatives, officers, employees and agents, and their successors and assigns. The term "Park" means the mobilehome park identified in this Agreement. The term "you," "Homeowners," "residents" or any other similar term used in this Agreement which refer to the person(s) who has signed this Agreement or signed another document accepting an assignment of this Agreement includes not only those persons but all members of their household who resided with them at the time this Agreement, or another document accepting an assignment of this Agreement, was signed who had been approved by us for residency in the Park or who were subsequently approved by us for residency in the Park. Note: To shorten this Agreement, the term "sale" is used to refer to any sale or other transfer of the mobilehome and/or any assignment or other transfer of the right to occupy the Space. The term "buyer" is used to refer to anyone buying or otherwise acquiring the mobilehome and/or acquiring the right to occupy the Space by an assignment or other method permitted by this Agreement. Other similar terms consistent with the preceding have also been used.

J:\0015100\005\RENTAGR\Rental Agreement revised for 2006.doc    Rancho Del Rey
© 2006 Absou & Giever, LLP   All rights reserved. Reproduction is illegal. (May be reproduced by Park named above.)

Page 17

28.    **HOLDOVER TENANCY:** If you continue to live in the Park after the term of this Agreement has expired or it has been terminated (including any extension of the initial term we agree to), and you have not signed a new rental or lease agreement with us, you shall be on a month-to-month tenancy. During that month-to-month tenancy, you will pay all rent and other charges required by this Agreement and all the terms and provisions of this Agreement, including the "Resolution of Disputes" provisions will continue to apply to you. We may, however, increase the rent or charges you pay or change any other terms of this Agreement upon ninety (90) days' written notice to you.

29.    **COUNTERPARTS:** This Agreement may be signed in duplicate copies, each of which shall be considered an original, but all of which taken together will be one and the same document.

30.    **EXHIBITS:** Each exhibit or other document referred to in this Agreement is attached or enclosed and incorporated in this Agreement by this reference.

31.    **OWNER'S APPROVAL AND OPTIONS:** All references in this Agreement and documents it refers to that our approval is required or other similar terms indicating our approval must be obtained by you means you must obtain our prior written approval by submitting a written request to us which describes what you want to do. References in this Agreement that we may, at our option, adjust or increase rents up to or by a certain amount or do anything else at our option, means we have the right, if we wish, to do so.

32.    **STATUTE OF LIMITATION:** ANY LAWSUIT OR OTHER ACTION AGAINST US MUST BE FILED BY YOU WITH THE COURT NOT LATER THAN ONE (1) YEAR FROM THE DATE YOU OR ANY MEMBER OF YOUR HOUSEHOLD FIRST BECAME AWARE OF (OR REASONABLY SHOULD HAVE BEEN AWARE OF) THE DISPUTE OR CLAIM. IF YOU DO NOT FILE THE LAWSUIT OR OTHER ACTION AGAINST US WITH THE COURTS WITHIN THIS ONE (1) YEAR TIME PERIOD, YOU WILL HAVE NO RIGHT TO PROSECUTE OR PURSUE THE LAWSUIT OR OTHER ACTION AND YOU AGREE WE WILL NOT BE LIABLE TO YOU FOR ANY OF THE CLAIMS, DAMAGES, OR OTHER ALLEGATIONS AND RELIEF ASSERTED IN THE LAWSUIT OR OTHER ACTION. IF THE RESOLUTION OF DISPUTES PROVISIONS OF THIS AGREEMENT ARE APPLICABLE TO YOUR DISPUTE OR CLAIM, THEY, TOO, WILL BE SUBJECT TO THE LIMITATIONS OF THIS PARAGRAPH.

33.    **USE AND OCCUPANCY:** Unless otherwise specifically allowed by this Agreement or other documents it incorporates, at all times one of the persons listed on the last page of this Agreement, or on the document assigning this Agreement, must be the "registered" owner of the mobilehome, and that person must regularly occupy the mobilehome, and it must also be their primary residence. When title to the Mobilehome is held in a trust which has been established for the purpose of estate planning one of the person(s) who established the trust must reside in the home on full time basis. You agree that the information you have provided us regarding you, other members of your household and your mobilehome is true and correct. You also agree to promptly notify us, in writing, of any change in this information. Please refer to the Rules and Regulations for further clarification of your use and occupancy of the mobilehome and Space. We, or someone we designate, may conduct a mobilehome sales or rental business in the Park.

34.    **INSPECTION:** By signing this Agreement, or accepting an assignment of it, you agree you have carefully inspected the Space you are renting and all of our services, improvements and facilities and you have found them to be safe and as represented by us to you, either orally or in writing, and you accept them as they are. To the extent that you have found such services, improvements and facilities not to be safe or not to be as represented by us to you, either orally or in writing, you nonetheless agree to accept them as they are.

35.    **ENFORCEMENT OF CONDITIONS OF TENANCY:** You agree that the enforcement of this Agreement, the Rules and Regulations and the provisions of other documents and conditions of tenancy are a private matter between us and each resident on an individual basis and the enforcement or the lack thereof by us with regard to any resident shall not result in any damage or injury to, or claim by you. You also agree that you are not a third party beneficiary of any agreement between us and any other residents or person(s).

36.    **MAINTENANCE OF IMPROVEMENTS:** You are financially responsible to maintain, repair and replace as reasonably necessary your mobilehome and all equipment, structures and other improvements to your mobilehome