**F I L E D**
CLERK, U.S. DISTRICT COURT

5/24/23

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ pk _____ DEPUTY

# United States District Court

## CENTRAL DISTRICT OF CALIFORNIA

---

In re: JAMIE LYNN GALLIAN,

Debtor

———————————

HOUSER BROS. CO.,
A California Limited Partnership DBA
RANCHO DEL REY MOBILEHOME
ESTATES

Appellant

v.

JAMIE LYNN GALLIAN,

Appellee.

District Court Case Number
8:23-cv-00001-DSF

Bankruptcy Court Case Number
8:21-bk-11710-SC

Chapter 7

---

AMENDED

**APPELLEE'S  EXCERPTS
OF RECORD
(Volume 2 of  2)**

JAMIE LYNN GALLIAN

16222 Monterey Lane Unit 376

Huntington Beach, CA 92649 Telephone:
(714) 321-3449

Attorney for Appellee, IN PRO SE

000001

Case Name: Houser Bros. Co., et al., vs. Jamie Lynn Gallian
USDC Case No. 8:23-cv-00001-DSF
USBC Case No.  8:21-bk-11710-SC

| No. | Date | Docket Entry No. | Document | Pg. No. |
|-----|------|------------------|----------|---------|
| 1. | 07/26/22 | 157 | Debtor's Notice of And Motion For Reconsideration Of 7.21.22 Order Sustaining Houser Bros Co. Objection To Debtor's Claimed Homestead Exemptiom | ER 000007 -000339 |
| 2. | 08/04/22 | 170 | Response to Debtor's Notice of and Motion for Reconsideration of 7.21.22 Order Sustaining Houser Bros. Co. dba Rancho Del Rey Mobile Home Estate's Objection to Debtor's Claimed Homestead Exemption | ER 000340- 000398 |
| | | | | |
| | | | | |

2
APPELLEE'S EXCERPTS OF RECORD

| No. | Date | Docket Entry No. | Document | Pg. No. |
|---|---|---|---|---|
| | | | | |
| 3. | 08/05/22 | 177 | Order Granting Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates's Motion Objecting to Debtor's Claimed Homestead Exemption in 16222 Monterey Lane, Space #376, Huntington Beach, CA 92649 | ER 000399-000411 |
| 4 | 08/11/22 | 185 | Reply to Houser Bros Opposition to Debtor's Motion for Reconsideration of 7.21.2022 Order Sustaining Houser Bros Co Objection to Debtor's Claimed Homestead Exemption. | ER 000412-000656 |
| 5. | 09/07/22 | 224 | Order Continuing Hearing on Debtor's Motion For Reconsideration Of 7.21.22 Order Sustaining Houser Bros. Co. Objection to Debtor's Claimed Homestead Exemption. | ER 000657-000659 |
| 6. | 01/24/23 Certified Reporter's Transcript | 306 | CONT'D HEARING RE: DEBTOR'S MOTION FOR RECONSIDERATION OF 7.21.22 ORDER SUSTAINING HOUSER BROS. CO. DBA RANCHO DEL REY MOBILE HOME ESTATES OBJECTION TO DEBTOR'S CLAIMED HOMESTEAD EXEMPTION AND JOINDER PARTIES HUNTINGTON BEACH GABLES HOA; JANINE JASSO | ER 000660-000682 |

APPELLEE'S EXCERPTS OF RECORD

| No. | Date | Docket Entry No. | Document | Pg. No. |
|---|---|---|---|---|
| 7. | 09/30/22 | 242 | Notice of Recent Decision re: Debtor's Motion for Reconsideration of 07.21.22 Order Sustaining Objection To Debtor's Claimed Homestead Exemption | ER 000683-000708 |
| 8. | 12/16/22 | 273 | Memorandum of Decision regarding Debtor's Motion for Reconsideration of the Court's August 5, 2022 Order Sustaining Objection to Debtor's Homestead Exemption | ER 000709-000721 |
| 9. | 12/16/22 | 274 | Order Granting Debtor's Motion for Reconsideration of the Court's August 5, 2022 Order Sustaining Objection to Debtor's Homestead Exemption | ER 000722-000725 |

DATED: May  23, 2023

*Jamie Lynn Gallian*

JAMIE LYNN GALLIAN

Appellee, IN PRO SE

APPELLEE'S EXCERPTS OF RECORD

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this District Court proceeding. My business address is: 5801 Skylab Road Huntington Beach, CA 92647.

A true and correct copy of the foregoing document entitled:**APPELLEE'S AMENDED EX.RE** will be served or was served **(a)** on the judge in chambers in the form and manner required by L.R. 5-4 in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and L.R. 5-3.3, the foregoing document will be served by the court via NEF and hyperlink to the document. On **May 24, 2023**, I checked the CM/ECF docket for this case and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒    Service information continued on attached page

**2**. **SERVED BY UNITED STATES MAIL**: On                    I served the following persons and/or entities at the last known addresses in this case by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒    Service information continued on attached page

**3**. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to F.R.Civ.P. 5 (d)(3) and/or controlling L.R. 5-4, on **May 24, 2023**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| May 24, 2023 | Robert McLelland | *Robert McLelland* |
| *Date* | *Printed Name* | *Signature* |

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
   - Bradford Nathan Barnhardt bbarnhardt@marshackhays.com
   - D Edward Hays ehays@marshackhays.com, kfrederick@ecf.courtdrive.com, cmendoza@marshackhays.com, cmendoza@ecf.courtdrive.com, ehays@ecf.courtdrive.com
   - Laila Masud lmasud@marshackhays.com, kfrederick@ecf.courtdrive.com, lbuchanan@marshackhays.com, lmasud@ecf.courtdrive.com

2. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: CONTINUED:

   **VIA PERSONAL DELIVERY:**
   **MANDATORY CHAMBERS COPY**
   HONORABLE DALE S. FISCHER, DISTRICT JUDGE
   FIRST STREET COURTHOUSE
   350 WEST 1ST STREET, COURTROOM 7D
   LOS ANGELES, CA 90012

EXHIBIT 1 4 CONTINUED
FROM ER 1 OF 2

Case 8:23-cv-00001-DSF   Document 17   Filed 05/24/23   Page 8 of 50   Page ID #:2949
Case 8:21-bk-11710-ES   Doc 185   Filed 08/11/22   Entered 08/11/22 17:07:13   Desc
Main Document   Page 105 of 111

105

and Space in good and safe condition and repair and in an aesthetically pleasing condition at all times. This includes, without limitation, the following: the mobilehome, accessory equipment and structures, fences, driveways (except park installed driveways), trees (except trees which present a specific health and safety violation or hazard), banks, and landscaping. Regardless of whether you are the original homeowner/occupant of the Space or of your mobilehome or purchased your mobilehome from a former homeowner who previously lived at your Space, this paragraph applies to you and you are responsible even for those things which were installed by a former owner or resident of the mobilehome or Space, us, or any prior or future owner of the Park. You are financially responsible for insuring at all times that the mobilehome, Space, and their improvements complies with all local, state and federal laws and regulations. (The only exception is any of the Park's utility systems on your Space which are owned by us or a utility company so we or they are responsible for them and park installed driveways.) The preceding includes without limitation such things as: insuring that the drainage is sufficient to prevent water from accumulating on your Space or under your mobilehome or running off so it adversely affects other Spaces or our property; that all required setbacks and lot line requirements are met and there are no encroachments on other property; that all building code and other similar requirements are met; and that all building and other permits have been obtained.

37.     **CONDEMNATION:** If any portion of the Park is taken under the power of eminent domain, or is sold to any authority having the power of eminent domain, either under threat of condemnation or while condemnation proceedings are pending or the utility systems or other portions of the Park are or will be affected by the condemnation to the point where, in our sole opinion, it is not economically desirable to continue operations, we will have the right to terminate this Agreement as of the date the condemning authority takes possession. The entire amount of any award for taking of all or any part of a space or the Park or for any other reason under the power of eminent domain will be our property whether such award shall be made as compensation for diminution in value of the leasehold or for taking the fee or the taking of any interest you may have because of this Agreement or any other lease or rental agreement you have with us or your tenancy in the Park. Nothing contained in this paragraph, however, will preclude you from obtaining any award from the condemning authority to you for the loss of or damage to your mobilehome or other removable personal property.

38.     **TIME OF ESSENCE:** Time is of the essence in this Agreement and each and every provision thereof.

39.     **MODIFICATION FOR LENDER:** If, in connection with our obtaining financing where we use the Park as security, a lender requests reasonable changes in this Agreement as a condition to such financing, you agree to promptly consent to those changes if they do not increase your obligations under this Agreement or materially adversely affect you.

40.     **ESTOPPEL CERTIFICATE:** You shall, on our request, sign and deliver to us a written statement certifying that (a) this Agreement is unmodified and in full force and effect (or if there have been modifications that they are in full force and effect as modified; (b) the dates to which the rent and other charges have been paid; (c) the term of this Agreement; (d) the amount of any security deposit; (e) we are not in default nor have we been in the past under any provision of this Agreement or any laws or regulations affecting our obligations; and (f) any other matters as may be reasonably requested by us. Any such statement may be relied on by us or any person we give it to. You will be in default of this Agreement if you fail to do the above within 10 days of your receipt of a written request for such statement. We may, at our option, treat your failure to sign and deliver this document to us as your agreement to the information we've requested and that we are not in default nor have we been in the past under any provision of this Agreement or any laws, or regulations affecting our obligations to you.

41.     **LIMITATION OF OUR LIABILITY:** In consideration of this Agreement, you agree that, in the event of any actual or alleged failure, breach or default by us under this Agreement or otherwise, your sole and exclusive remedy shall be against the value of our mobilehome park which is identified in this Agreement as the Park (including any insurance policies of us or the Park), not other property or assets which we may own.

42.     **MEGAN'S LAW:** The California Department of Justice, sheriff's departments, other local law enforcement authorities maintain for public access a database of the locations of persons required to register as an identified sex offender. The database is updated on a quarterly basis and a source of information about the presence of these individuals is any neighborhood. The Department of Justice also maintains a Sex Offender Identification Line

J:\00161d\003\RENTAGR\Rental Agreement revised for 2008.doc     Rancho Del Rey
© 2005 Alston & Gisior, LLP   All rights reserved. Reproduction is illegal. (May be reproduced by Park named above.)

Page 14

Case 8:23-cv-00001-DSF   Document 17   Filed 05/24/23   Page 9 of 50   Page ID #:2950
Case 8:21-bk-11710-ES   Doc 185   Filed 08/11/22   Entered 08/11/22 17:07:13   Desc
Main Document   Page 106 of 111

106

through which inquires about individuals may be made. This is a "900" telephone service. Callers must have specific information about individuals they are checking. There is a charge for "900" calls information regarding neighborhoods is not available through the "900" telephone service.

The phone numbers to call for information:  (714) 960-8843

Pursuant to Section 290.46 of the Penal Code, information about specified registered sex offenders is made available to the public via an Internet Web site maintained by the Department of Justice at www.Meganslaw.ca.gov . Depending on an offender's criminal history, this information will include either the address at which the offender resides or the community of residence and ZIP Code in which he or she resides.

*Executed, Huntington Bch, 1:23pm, on 11-16-18*

43.    EXECUTION:  The Agreement is signed by you at _1:23_ o'clock _P_.m., on _1-16-_ 20_06_
This Agreement is signed by us on _____ *1-16* , 20 _06_

NOTE TO NEW RESIDENTS:   THIS AGREEMENT WILL NOT BE EFFECTIVE UNLESS YOU COMPLETE THE PURCHASE OF THE MOBILEHOME AND IF YOU DO NOT, YOU WILL HAVE NO RIGHTS OF TENANCY IN THE PARK.

PLEASE READ CAREFULLY BEFORE SIGNING THIS AGREEMENT AND ALL OF THE OTHER DOCUMENTS REFERRED TO IN THIS AGREEMENT.

I/WE AGREE THAT WE HAVE READ, UNDERSTOOD AND VOLUNTARILY AGREED TO ALL OF THE PROVISIONS OF THIS AGREEMENT WHICH CONSIST OF THIS MOBILEHOME RENTAL AGREE-MENT AND THE OTHER DOCUMENTS REFERRED TO IN IT.

I/WE HAVE BEEN ADVISED BY REPRESENTATIVES OF THE PARK THAT I/WE HAVE THE RIGHT TO CONSULT A LAWYER AND GET THE LAWYER'S ADVICE BEFORE SIGNING THIS AGREEMENT.

||    RESIDENT(S)' INITIALS:  _____  I/WE HAVE TAKEN THIS AGREEMENT TO A LAWYER BEFORE SIGNING IT.  THE LAWYER IS:

Name:    _____

Address:    _____

Telephone:    _____

||    RESIDENT(S)' INITIALS: _____  I/WE HAVE DECLINED TO SEEK LEGAL COUNSEL BEFORE SIGNING THIS AGREEMENT.

NOTICE:  BY SIGNING THIS AGREEMENT, YOU ARE AGREEING THAT THOSE DISPUTES WHICH ARE SPECIFIED IN PARAGRAPH 6 OF THIS AGREEMENT, WHICH IS ENTITLED "RESOLUTION OF DISPUTES" WILL BE DECIDED BY A NEUTRAL REFEREE AND YOU ARE GIVING UP YOUR RIGHT TO A JURY OR COURT TRIAL.  SEE PARAGRAPH 6 OF THIS AGREEMENT.

HOMEOWNER(s) SIGNATURE(s)              RANCHO DEL REY MOBILE HOME ESTATES

By: _____

1-0845-10-003\RENTAGR\Rental Agreement revised for 2006 doc          Rancho Del Rey
© 2006  Adam & Glesse, LLP   all rights reserved. Reproduction is illegal.  Mke be reproduced by Park named above .          Page 15

### RANCHO DEL REY OVER 55 MANUFACTURED HOME PARK
#### Qualifying and Occupancy Requirements
#### 16222 Monterey Lane
#### Huntington Beach

*General Information:*

* *Prospective residents must submit a park application with attached proof of income prior to opening escrow*

* *Person/s to occupy the home must verify income of $3786 per month, renting of property or sub-letting is not allowed*

* *Park may only use income of owner/occupant 55 or over*

* *Income verification must be in the form of copies of direct deposit, bank statements showing source, social security, retirement, pay stubs, etc. Funds/savings in an account is not income.*

* *May submit Income Tax Statement for alternate verification of income*

* *One owner 55 or over, others 18 or over*

* *Park allows two small indoor pets, dogs 22 lbs OR 15 in at shoulder*

* *Dogs must be on leash at all times, no solid fencing, privacy screens are allowed*

* *Monthly space rent is $1325 for 2018, plus utilities. Space rent increases each year between 2%-4%.*

* *Mandatory meeting with manager of all occupants for Rules and Regulations for final park approval, week day appointments only*

* *Obtaining a loan or paying cash for a home is separate from qualifying for park income requirement. If obtaining a loan the amount of the mortgage payment will be added to the park's income requirement * 5 Star Home Lending Richard Herr/714 891-6383*

12

| United Airlines Inc.<br>16th Floor - HSCPZ<br>609 Main Street<br>Houston, TX 77002<br>Ph: 877/825-3729 | Pay Group:<br>Attendants<br>Pay Begin Date:<br>Pay End Date: | SMF-Semimonthly Flt<br><br>08/31/2018<br>09/30/2018 | **UNITED** | Advice #:<br>Advice Date: | 000000013660933<br>10/17/2018 |
|---|---|---|---|---|---|

Thanks for all you do for United !

| Jamie Lynn Gallian | Employee ID:<br>Department:<br>Location:<br>Job Title: | 270556<br>7606-INFLT ASSIGNMENT-LAX<br>Los Angeles, California<br>Flight Attendant - Domestic |
|---|---|---|

| TAX DATA: | Federal | CA State |
|---|---|---|
| Marital Status: | Single | Married |
| Allowances: | 0 | 0 |
| Addl. Pct: | 0 | |
| Addl. Amt: | 0 | |

## HOURS AND EARNINGS

| Description | | Current | | | | YTD | | TAXES | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | Rate | Hours WKD | Oth Hours | Earnings | Hours | Earnings | Description | Current | YTD |
| Quarterly Operations Ince | | | | 25.00 | | 450.00 | Fed Withholding | 5.50 | 5,739.26 |
| Off-Set | | | | 0.00 | | 0.00 | Fed MED/EE | 0.36 | 579.57 |
| Flight Advance | | | | 0.00 | | 3,205.66 | Fed OASDI/EE | 1.55 | 2,478.17 |
| Flight Advance Recovery | | | | 0.00 | | 0.00 | CA Withholding | 2.56 | 1,090.33 |
| * Imputed Income - Life | | | | 0.00 | | 0.40 | CA OASDI/EE | 0.25 | 399.70 |
| Per Diem Pay Non Taxable | | | | 0.00 | | 1,939.76 | | | |
| Per Diem Pay Taxable | | | | 0.00 | | 134.83 | | | |
| Profit Sharing | | | | 0.00 | | 981.68 | | | |
| Regular Pay | | | | 0.00 | | 29,330.34 | | | |
| Sick Pay | | | | 0.00 | 32.00 | 2,039.60 | | | |
| Vacation | | | | 0.00 | 67.02 | 4,238.34 | | | |
| Future Vacation - FLT BID | | | | 0.00 | 13.00 | 822.12 | | | |
| TOTAL: | | 0.00 | 0.00 | 25.00 | 112.02 | 43,042.33 | TOTAL: | 10.22 | 10,297.03 |

* Denotes Excluded From Earnings Total

| BEFORE-TAX DEDUCTIONS | | | AFTER-TAX DEDUCTIONS | | | EMPLOYER PAID BENEFITS | | |
|---|---|---|---|---|---|---|---|---|
| Description | Current | YTD | Description | Current | YTD | Description | Current | YTD |
| Dental - Pre Tax | 0.00 | 106.52 | GUL - Dependent Post Tax | 0.00 | 77.61 | | | |
| Medical - Pre Tax | 0.00 | 920.35 | GUL - Employee Post Tax | 0.00 | 1,084.83 | | | |
| Vision Care Pre Tax | 0.00 | 110.97 | 401(k) Loan 1 | 0.00 | 6,996.38 | | | |
| 401(k) Deferral | 0.00 | 314.30 | 401(k) Loan 2 | 0.00 | 3,033.29 | | | |
| | | | AFA Dues | 0.00 | 400.00 | | | |
| | | | | 0.00 | 3,174.00 | | | |
| | | | | 0.00 | 18.00 | | | |
| | | | | 0.00 | -399.82 | | | |
| TOTAL: | 0.00 | 1,452.14 | TOTAL: | 0.00 | 14,384.29 | TOTAL: | | |

| | TOTAL GROSS | FED TAXABLE GROSS | TOTAL TAXES | TOTAL DEDUCTIONS | NET PAY |
|---|---|---|---|---|---|
| Current | 25.00 | 25.00 | 10.22 | 0.00 | 14.78 |
| YTD | 43,042.33 | 39,656.12 | 10,297.03 | 15,836.43 | 16,908.87 |

| NET PAY DISTRIBUTION | | | |
|---|---|---|---|
| Payment Type | Account Type | Account Number | Deposit Amount |
| Advice #000000013660933 | Checking | xxxx6018 | $14.78 |
| TOTAL: | | | $14.78 |

## NON-NEGOTIABLE

23

| United Airlines Inc.<br>16th Floor - HSCPZ<br>609 Main Street<br>Houston, TX 77002<br>Ph: 877/825-3729 | Pay Group:<br>Attendants<br>Pay Begin Date:<br>Pay End Date: | SMF-Semimonthly Flt<br><br>10/01/2018<br>10/15/2018 | **UNITED**<br><br>Thanks for all you do for United ! | | Advice #:<br>Advice Date: | 000000013858637<br>11/01/2018 |

| Junie Lynn Gallian | Employee ID:<br>Department:<br>Location:<br>Job Title: | 270556<br>7606-INFLT ASSIGNMENT-LAX<br>Los Angeles, California<br>Flight Attendant - Domestic |

| TAX DATA: | Federal | CA State |
|---|---|---|
| Marital Status: | Single | Married |
| Allowances: | 0 | 0 |
| Addl. Pct: | 0 | |
| Addl. Amt: | 0 | |

## HOURS AND EARNINGS

| | | | Current | | | YTD | | TAXES | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Description | Rate | Hours WKD | Oth Hours | Earnings | Hours | Earnings | Description | Current | YTD |
| Flight Advance | | | | 3,205.65 | | 3,205.66 | Fed Withholding | 491.17 | 6,255.52 |
| Quarterly Operations Ince | | | | 0.00 | | 450.00 | Fed MED/EE | 45.76 | 628.30 |
| Off-Set | | | | 0.00 | | 0.00 | Fed OASDI/EE | 195.66 | 2,686.34 |
| Flight Advance Recovery | | | | 0.00 | | 0.00 | CA Withholding | 96.94 | 1,177.27 |
| Imputed Income - Life | | | | 0.00 | | 0.40 | CA OASDI/EE | 31.56 | 433.31 |
| * Per Diem Pay Non Taxable | | | | 0.00 | | 2,279.47 | | | |
| Per Diem Pay Taxable | | | | 0.00 | | 134.83 | | | |
| Profit Sharing | | | | 0.00 | | 981.68 | | | |
| Regular Pay | | | | 0.00 | | 32,432.03 | | | |
| Sick Pay | | | | 0.00 | 36.00 | 2,297.60 | | | |
| Vacation | | | | 0.00 | 67.02 | 4,238.34 | | | |
| Future Vacation - FLT BID | | | | 0.00 | 13.00 | 822.12 | | | |
| **TOTAL:** | | 0.00 | 0.00 | 3,205.65 | 116.02 | 46,842.63 | **TOTAL:** | 861.09 | 11,180.94 |

* Denotes Excluded From Earnings Total

| BEFORE-TAX DEDUCTIONS | | | AFTER-TAX DEDUCTIONS | | | EMPLOYER PAID BENEFITS | | |
|---|---|---|---|---|---|---|---|---|
| Description | Current | YTD | Description | Current | YTD | Description | Current | YTD |
| Dental - Pre Tax | 4.64 | 115.80 | 401(k) Loan 1 | 489.42 | 7,853.36 | | | |
| Medical - Pre Tax | 40.29 | 1,000.93 | 401(k) Loan 2 | 199.14 | 3,232.43 | | | |
| Vision Care Pre Tax | 4.95 | 120.87 | AFA Dues | 0.00 | 450.00 | | | |
| 401(k) Deferral | 0.00 | 314.30 | GUL - Dependent Post Tax | 0.00 | 83.58 | | | |
| | | | GUL - Employee Post Tax | 0.00 | 1,183.25 | | | |
| | | | | 0.00 | 3,174.00 | | | |
| | | | | 0.00 | 18.00 | | | |
| | | | | 0.00 | -399.82 | | | |
| **TOTAL:** | 49.88 | 1,551.90 | **TOTAL:** | 688.56 | 15,594.80 | **TOTAL:** | | |

| | TOTAL GROSS | FED TAXABLE GROSS | TOTAL TAXES | TOTAL DEDUCTIONS | NET PAY |
|---|---|---|---|---|---|
| Current | 3,205.65 | 3,155.77 | 861.09 | 738.44 | 1,606.12 |
| YTD | 46,842.63 | 43,016.95 | 11,180.94 | 17,146.70 | 18,514.99 |

| | NET PAY DISTRIBUTION | | | |
|---|---|---|---|---|
| | Payment Type | Account Type | Account Number | Deposit Amount |
| | Advice #000000013858637 | Checking | xxxx6018 | $1,606.12 |
| | **TOTAL:** | | | $1,606.12 |

## NON-NEGOTIABLE

22

109

| United Airlines Inc.<br>16th Floor - HSCFZ<br>609 Main Street<br>Houston, TX 77002<br>Ph: 8777825-3729 | Pay Group:<br>Flt Attendents<br>Pay Begin Date:<br>Pay End Date: | SMF–Semimonthly<br><br>10/01/2018<br>10/30/2018 | **UNITED**<br><br>Thanks for all you do for United ! | Advice #:<br>Advice Date: | 000000030559123<br>11/16/2018 | |
|---|---|---|---|---|---|---|

| Jamie Lynn Gallian | Employee ID:<br>Department:<br>Location:<br>Job Title: | 270556<br>7606-INFLT ASSIGNMENT-LAX<br>Los Angeles, California<br>Flight Attendant - Domestic | | |
|---|---|---|---|---|

| TAX DATA: | Federal | CA State |
|---|---|---|
| Marital Status: | Single | Married |
| Allowances: | 0 | 0 |
| Addl. Pct: | | |
| Addl. Amt: | | |

## HOURS AND EARNINGS

| Description | Rate | Hours WKD | Oth Hours | Earnings | Hours | Earnings |
|---|---|---|---|---|---|---|
| Flight Advance | | | | -3,205.65 | | 0.01 |
| Regular Pay | | | | 791.70 | | 791.70 |
| Per Diem Pay Taxable | | | | 47.48 | | 182.31 |
| Flight Advance Recovery | | | | 2,366.47 | | 2,366.47 |
| Quarterly Operations Ince | | | | 0.00 | | 450.00 |
| Off-Set | | | | 0.00 | | 0.00 |
| * Imputed Income - Life | | | | 0.00 | | 0.40 |
| Per Diem Pay Non Taxable | | | | 0.00 | | 2,379.47 |
| Profit Sharing | | | | 0.00 | | 981.68 |
| Regular Pay | | | | 0.00 | | 32,432.93 |
| Sick Pay | | | | 0.00 | 36.00 | 2,297.60 |
| Vacation | | | | 0.00 | 67.02 | 4,299.34 |
| Future Vacation - FLT BID | | | | 0.00 | 13.00 | 822.12 |
| **TOTAL:** | | 0.00 | 0.00 | 0.00 | 116.02 | 46,842.63 |

*Denotes Excluded From Earnings Total

### TAXES

| Description | Current | YTD |
|---|---|---|
| Fed Withholding | 0.00 | 6,255.52 |
| Fed MED/EE | 0.00 | 628.30 |
| Fed OASDI/EE | 0.00 | 2,686.54 |
| CA Withholding | 0.00 | 1,177.27 |
| CA OASDI/EE | 0.00 | 433.31 |
| **TOTAL:** | 0.00 | 11,180.94 |

## BEFORE-TAX DEDUCTIONS

| Description | Current | YTD |
|---|---|---|
| Dental - Pre Tax | 0.00 | 115.80 |
| Medical - Pre Tax | 0.00 | 1,000.93 |
| Vision Care Pre Tax | 0.00 | 120.87 |
| 401(k) Deferral | 0.00 | 314.30 |
| **TOTAL:** | 0.00 | 1,551.90 |

## AFTER-TAX DEDUCTIONS

| Description | Current | YTD |
|---|---|---|
| AFA Dues | 0.00 | 450.00 |
| GUL - Dependant Post Tax | 0.00 | 83.58 |
| GUL - Employee Post Tax | 0.00 | 1,183.25 |
| 401(k) Loan 1 | 0.00 | 7,853.36 |
| 401(k) Loan 2 | 0.00 | 3,232.43 |
| | 0.00 | 3,174.00 |
| | 0.00 | 18.00 |
| | 0.00 | -390.82 |
| **TOTAL:** | 0.00 | 15,594.80 |

## EMPLOYER PAID BENEFITS

| Description | Current | YTD |
|---|---|---|
| | | |
| **TOTAL:** | | |

| | TOTAL GROSS | FED TAXABLE GROSS | TOTAL TAXES | TOTAL DEDUCTIONS | NET PAY |
|---|---|---|---|---|---|
| Current | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| YTD | 46,842.63 | 43,016.95 | 11,180.94 | 17,146.70 | 18,514.99 |

### NET PAY DISTRIBUTION

| Payment Type | Account Type | Account Number | Amount |
|---|---|---|---|
| | | | |
| **TOTAL:** | | | 0.00 |

## NON-NEGOTIABLE

21

111

**Cruz, Sylvia@HCD**
Title Search - LBM1081
January 18, 2019 at 8:17 AM
Jamie Gallian



Hello Ms. Gallian,

Here is the transfer information you can use to show the unit has been transferred
until the original Title goes out from our Sacramento District Office.

Sylvia

STATE OF CALIFORNIA - BUSINESS, CONSUMER SERVICES, AND HOUSING                      **GAVIN NEWSOM, Governor**
**DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT**
DIVISION OF CODES AND STANDARDS



### Title Search

Date Printed:  Jan 18, 2019

| | | | |
|---|---|---|---|
| Decal #: | LBM1081 | Use Code: | SFD |
| Manufacturer: | SKYLINE HOMES INC | Original Price Code: | BVH |
| Tradename: | CUSTOM VILLA | Rating Year: | |
| Model: | | Tax Type: | LPT |
| Manufactured Date: | 05/29/2014 | Last ILT Amount: | |
| Registration Exp: | | Date ILT Fees Paid: | |
| First Sold On: | 07/28/2014 | ILT Exemption: | NONE |

| Serial Number | HUD Label / Insignia | Length | Width |
|---|---|---|---|
| AC7V710394GA | PFS1130282 | 60' | 15' 2" |
| AC7V710394GB | PFS1130281 | 56' | 15' 2" |

Registered Owner:

J-SANDCASTLE CO LLC
16222 MONTEREY LANE ROOM 376
HUNTINGTON BEACH, CA 92649

**Last Title Date:**          09/10/2014

**Last Reg Card:**          Pending Reg Card

**Sale/Transfer Info:**          Price $175,000.00 Transferred on 11/01/2018

Situs Address:

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA  92649
Situs County:  ORANGE

***END OF TITLE SEARCH***

STATE OF CALIFORNIA - BUSINESS, CONSUMER SERVICES, AND HOUSING                      GAVIN NEWSOM, Governor

**DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT**
DIVISION OF CODES AND STANDARDS



## Title Search

Date Printed: Jan 18, 2019

| | | | |
|---|---|---|---|
| Decal #: | LBM1081 | Use Code: | SFD |
| Manufacturer: | SKYLINE HOMES INC | Original Price Code: | BVH |
| Tradename: | CUSTOM VILLA | Rating Year: | |
| Model: | | Tax Type: | LPT |
| Manufactured Date: | 05/29/2014 | Last ILT Amount: | |
| Registration Exp: | | Date ILT Fees Paid: | |
| First Sold On: | 07/28/2014 | ILT Exemption: | NONE |

| Serial Number | HUD Label / Insignia | Length | Width |
|---|---|---|---|
| AC7V710394GA | PFS1130282 | 60' | 15' 2" |
| AC7V710394GB | PFS1130281 | 56' | 15' 2" |

Registered Owner:

J-SANDCASTLE CO LLC
16222 MONTEREY LANE ROOM 376
HUNTINGTON BEACH, CA 92649

**Last Title Date:**       09/10/2014

**Last Reg Card:**       Pending Reg Card

**Sale/Transfer Info:**       Price $175,000.00 Transferred on 11/01/2018

Situs Address:

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA  92649
Situs County:  ORANGE

***END OF TITLE SEARCH***

Gmail - Urgent Please.call Proof of Ownership request Re: Decal L...    https://mail.google.com/mail/u/0/?ik=ad14722b1e&view=pt&search=...

Case 8:23-cv-00001-DSF   Document 17   Filed 05/24/23   Page 17 of 50   Page ID #:2958
Case 8:21-bk-11710-ES   Doc 185-1   Filed 08/11/22   Entered 08/11/22 17:07:13   Desc
Part 2   Page 3 of 40

address.

Thank you,

Sylvia

**From:** Jamie Gallian [mailto:jamiegallian@gmail.com]
**Sent:** Friday, January 18, 2019 7:45 AM
**To:** Cruz, Sylvia@HCD <Sylvia.Cruz@hcd.ca.gov>
**Subject:** Re: Proof of ownership request Re: Decal LBM1081
**Importance:** High

Thank you so much, if I can get the document prior to 8:30a, I have an exparte
hearing with the Judge to try and stop the WRIT OF POSSESSION.  I AM
VERY GRATEFUL..
When it is ready, will or can it be emailed to my email address with a call to
my cell number.  Please advise.

JAMIE GALLIAN
714-321-3449

> On Jan 18, 2019, at 7:41 AM, Cruz, Sylvia@HCD
> <Sylvia.Cruz@hcd.ca.gov> wrote:
>
> Good morning Ms. Gallian,
>
> The application will be done first thing this morning.  I can
> email you a Title Search showing the unit has been
> transferred to J-Sandcastle CO LLC.
>
> Thank you,
>
> Sylvia
>
> **From:** Jamie Gallian [mailto:jamiegallian@gmail.com]
> **Sent:** Thursday, January 17, 2019 4:04 PM
> **To:** Cruz, Sylvia@HCD <Sylvia.Cruz@hcd.ca.gov>
> **Subject:** Fwd: Proof of ownership request Re: Decal LBM1081

Begin forwarded message:

**From:** Jamie Gallian <jamiegallian@gmail.com>

Gmail - Urgent Please call Proof of ownership request Re: Decal L...    https://mail.google.com/mail/u/1?ik=...&search=...

Case 8:23-cv-00001-DSF   Document 17   Filed 05/24/23   Page 18 of 50   Page ID #:2959
Case 8:21-bk-11710-ES   Doc 185-1   Filed 08/11/22   Entered 08/11/22 17:07:13   Desc
Part 2   Page 4 of 40

**Jamie Gallian <jamiegallian@gmail.com>**

---

## Urgent Please call Proof of ownership request Re: Decal LBM1081
4 messages

---

**Jamie Gallian** <jamiegallian@gmail.com>                                      Fri, Jan 18, 2019 at 8:26 AM
To: "Cruz, Sylvia@HCD" <Sylvia.Cruz@hcd.ca.gov>

Can you call me, it is very important.  I just noticed possibly an error on the title.

Jamie 714-321-3449

> On Jan 18, 2019, at 8:24 AM, Cruz, Sylvia@HCD <Sylvia.Cruz@hcd.ca.gov> wrote:
>
> Your welcomed!
>
> **From:** Jamie Gallian [mailto:jamiegallian@gmail.com]
> **Sent:** Friday, January 18, 2019 8:19 AM
> **To:** Cruz, Sylvia@HCD <Sylvia.Cruz@hcd.ca.gov>
> **Subject:** Re: Thank you Re: Proof of ownership request Re: Decal LBM1081
> **Importance:** High
>
> I see it thank you so much.
>
> Jamie
>
>> On Jan 18, 2019, at 8:17 AM, Cruz, Sylvia@HCD <Sylvia.Cruz@hcd.ca.gov> wrote:
>>
>> Hi Ms. Gallian,
>>
>> I just emailed the title search – let me know if you did not get it.
>>
>> **From:** Jamie Gallian [mailto:jamiegallian@gmail.com]
>> **Sent:** Friday, January 18, 2019 8:04 AM
>> **To:** Cruz, Sylvia@HCD <Sylvia.Cruz@hcd.ca.gov>
>> **Subject:** Thank you Re: Proof of ownership request Re: Decal LBM1081
>> **Importance:** High
>>
>> Thank you kindly.
>>
>> Jamie Gallian
>>
>>> On Jan 18, 2019, at 7:53 AM, Cruz, Sylvia@HCD
>>> <Sylvia.Cruz@hcd.ca.gov> wrote:
>>>
>>> Hello Ms. Gallian,
>>>
>>> We are working on it right now.  I will email the proof to your above

116

| TO (Name and Address): | LEVYING OFFICER (Name and Address): |
|---|---|
| Lisa Ryan<br><br>16222 Monterey Lane Space 376<br>Huntington Beach, CA 92649 | Orange County Sheriff's Office<br>Sheriff's Civil Division<br>Suite 2<br>909 N. Main Street<br>Santa Ana, CA 92701 |
| NAME OF COURT, JUDICIAL DISTRICT or BRANCH COURT, IF ANY:<br>Orange County Superior Court<br>700 Civic Center Drive West<br>Santa Ana, CA 92701<br>Central Justice Center | (714) 569-3700<br>Fax: (714) 569-2368<br><br>California Relay Service Number<br>(800) 735-2929 TDD or 711 |
| PLAINTIFF:<br>Houser Bros Co<br>DEFENDANT:<br>Lisa Ryan | COURT CASE NO.:<br>30 2018 01013582 CLUDCJC |
| **Eviction Restoration Notice** | LEVYING OFFICER FILE NO.:<br>2018517508 |

To: Evicted Tenants, Property Owners, Their Agents and The Local Police:

By virtue of a Writ of Execution for Possession of Real Property, the following property was restored to the landlord on:

| **Eviction Date:** | 3/64/19    12:30 PM |
|---|---|
| **Eviction Address:** | 16222 Monterey Lane Space 376<br>Huntington Beach, CA 92649 |

Pursuant to Penal Code Sections 419 and 602, and judgment debtor, any persons removed by the Sheriff or Marshal, or any person not authorized by the landlord, who enters the real property after eviction, may be subject to arrest.

Pursuant to California Civil Procedure sections 715.010(b)(3) and 715.030, all personal property left on the premises has been turned over to the landlord. The landlord is responsible for the safe keeping of tenant's property for fifteen (15) days from the date of eviction. The landlord may charge a reasonable fee for removal and storage of the property. However, upon demand of the tenant, the landlord must return the tenant's property if the tenant pays all costs incurred by the property owner for storage and maintenance. If the costs are not paid by the tenant and the tenant does not take possession of the property left behind before the end of the fifteen (15) day period, the landlord may either sell the property at public sale and keep from the proceeds of the sale the costs of storage and of the sale (1988 CCC), if the property is valued at less than $700.00, the landlord may dispose of the property or retain it for his own use. (1174 CCP)



Date: 3/14/19

Don Barnes
Sheriff-Coroner

By: _____ 6252 _____
Sheriff's Authorized Agent

CFM Form 8.33
12/19/2012 (Revised)

543455

118

119

### SUPERIOR COURT OF CALIFORNIA,
### COUNTY OF ORANGE
### CENTRAL JUSTICE CENTER

### MINUTE ORDER

DATE: 03/06/2019                TIME: 08:30:00 AM        DEPT: C61

COMMISSIONER: Carmen Luege
CLERK: Ryan Castillo
REPORTER/ERM:
BAILIFF/COURT ATTENDANT: C. Gonzalez

CASE NO: **30-2018-01013582-CL-UD-CJC**  CASE INIT.DATE: 08/21/2018
CASE TITLE: **Houser Bros. Co. vs. Ryan**
CASE CATEGORY: Civil - Limited          CASE TYPE: Unlawful Detainer - Residential

---

EVENT ID/DOCUMENT ID: 72999194
**EVENT TYPE:** Ex Parte
MOVING PARTY: Jamie L Gallan
CAUSAL DOCUMENT/DATE FILED: Ex Parte Application - Other, 03/05/2019

EVENT ID/DOCUMENT ID: 72999195
**EVENT TYPE:** Ex Parte
MOVING PARTY: Jamie L Gallan
CAUSAL DOCUMENT/DATE FILED: Ex Parte Application - Other, 03/05/2019

---

**APPEARANCES**
Vivienne J. Alston, from Alston, Alston & Diebold Attorneys at Law, present for Plaintiff(s).
Jamie L Gallan, self represented Interested Party, present.

Proceedings recorded electronically.

Ex-Parte application for reconsideration to intervene and TRO to stay writ of possession is requested by Jaime Gallion.

Ex-parte Application is read and considered.

The Court having fully considered the arguments of all parties, both written and oral, as well as the evidence presented, now rules as follows:

The motion for reconsideration to intervene and TRO to stay writ of possession is GRANTED .

The Court allows Gallian to intervene as to the writ of possession execution in this case. The Court finds there was improper execution as the judgment was against Lisa Ryan and all unknown occupants. On 1/2/2019, Plaintiff filed an unlawful detainer for the premises address in this matter against Jamie Gallian. The Court finds on these facts, Jamie Gallian is NOT an unknown occupant.

The Court orders Plaintiff to place Jamie Gallian back in possession by 5:00 PM today.

---

DATE: 03/06/2019                    MINUTE ORDER                          Page 1
DEPT: C61                                                            Calendar No.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE

DEPARTMENT C61

HOUSER BROS COMPANY                )
            PLAINTIFF,             )
        V.                         )      NO. 30-2018-01013582
LISA RYAN, AN INDIVIDUAL,          )
            DEFENDANT.             )
_____)

HONORABLE CARMEN R. LUEGE, JUDGE PRESIDING

REPORTER'S TRANSCRIPT

MARCH 6, 2019

APPEARANCES OF COUNSEL:

    FOR PLAINTIFF:           ALSTON, ALSTON & DIEBOLD
                             BY: VIVIENNE J. ALSTON, ESQ.

    FOR DEFENDANT:           *(NO APPEARANCE.)

    FOR INTERESTED PARTY:    JAMIE LYNN GALLIAN,
                             IN PROPRIA PERSONA

PATRICK R. BREZNA, CSR #5288
CERTIFIED REALTIME REPORTER,
REGISTERED PROFESSIONAL REPORTER

Case 8:23-cv-00001-DSF  Document 17  Filed 05/24/23  Page 24 of 50  Page ID #:2965
Case 8:21-bk-11710-ES  Doc 185-1  Filed 08/11/22  Entered 08/11/22 17:07:13  Desc
Part 2  Page 10 of 40

2

1          SANTA ANA, CALIFORNIA - WEDNESDAY, MARCH 6, 2019

2                      (MORNING SESSION)

3                (THE FOLLOWING PROCEEDINGS WERE HAD IN

4      OPEN COURT AND ARE BASED ON AN AUDIO

5      RECORDING:)

6      **THE COURT:**  JAMIE GALLIAN.

7      **MS. ALSTON:**  GOOD MORNING.

8                VIVIENNE ALSTON APPEARING ON BEHALF OF THE

9      PLAINTIFFS, HOUSER BROTHERS.  I HAVE WITH ME KATHERINE

10     CURTISS, A MEMBER OF HOUSER BROTHERS.

11     **THE COURT:**  ALL RIGHT.  THIS CASE IS ELECTRONICALLY

12     RECORDED AND CREATES AN OFFICIAL RECORD OF THE

13     PROCEEDINGS.

14                WHO'S HERE FOR THE PLAINTIFFS?

15     **MS. ALSTON:**  VIVIENNE ALSTON APPEARING ON BEHALF OF

16     THE PLAINTIFFS, HOUSER BROTHERS.

17     **THE COURT:**  GO AHEAD AND STATE YOUR APPEARANCE.

18     **JAMIE LYNN GALLIAN:**  GOOD MORNING, YOUR HONOR.

19                JAMIE GALLIAN.

20     **THE COURT:**  ALL RIGHT.  SO DO WE HAVE A TRIAL DATE ON

21     THIS CASE, THE UNLAWFUL DETAINER THAT IS PENDING AGAINST

22     MS. GALLIAN?

23     **MS. ALSTON:**  NO, YOUR HONOR, WE DON'T HAVE A TRIAL

24     DATE.

25     **JAMIE LYNN GALLIAN:**  NO.

26     **THE COURT:**  EXCUSE ME.

3

1    **MS. ALSTON:**  NO, YOUR HONOR, WE DO NOT HAVE A TRIAL

2    DATE.

3        **THE COURT:**  WHY NOT?

4        **MS. ALSTON:**  BECAUSE SHE ANSWERED WITHIN THE LAST, I

5    THINK, NINE DAYS.  WE STILL HAVE DISCOVERY TO GO THROUGH

6    BEFORE A TRIAL DATE IS SET.

7        **THE COURT:**  SO HERE'S MY PROBLEM.  I HAVE A TENTATIVE

8    ALREADY IN MIND.  AND MY TENTATIVE IS THAT I'M GOING TO

9    STAY EXECUTION OF ANY WRIT IN THIS CASE, IN THIS CASE

10   WHICH IS AGAINST MS. RYAN, NOT AGAINST MS. GALLIAN, THIS

11   DEFENDANT.  AND I'M GOING TO ALLOW YOU, BECAUSE I KNOW

12   YOU HAVE A PENDING CASE AGAINST MS. GALLIAN FOR UNLAWFUL

13   DETAINER, TO LITIGATE THAT IN C66.

14           AND THE REASON I SAY THAT, THE WRIT IN THIS

15   CASE WAS AGAINST LISA RYAN.  THE WAY THAT -- THAT SHE --

16   THAT MS. GALLIAN GETS INVOLVED IN THIS SITUATION IS THAT,

17   BETWEEN THE PERIOD THAT THE COURT ISSUES JUDGMENT AGAINST

18   RYAN, RYAN SELLS THE PROPERTY TO GALLIAN, OKAY.

19           NOW, ONE OF THE THINGS THAT I THINK IS

20   ENCOURAGED IN CASES INVOLVING MOBILE HOMES IS THAT WHEN

21   THE PERSON WHO OWNS THE MOBILE HOME IS OUSTED FROM THERE,

22   OF THE PARK, IS USUALLY BECAUSE THEY'RE BEHIND IN RENT

23   PAYMENTS ON THE SPACE, OR SOMETIMES FOR OTHER CAUSES

24   BECAUSE YOU HAVE TO HAVE CAUSE FOR A MOBILE HOME REMOVAL.

25   IT'S THE SPACE THAT IS AT ISSUE, NOT THE MOBILE HOME

26   ITSELF.  BUT THE MOBILE HOME OFTENTIMES CANNOT BE MOVED,

122

4

1   EITHER BECAUSE OF THE EXPENSE PROHIBITS IT, OR BECAUSE

2   MAYBE THE MOBILE HOME PARK DO NOT ACCEPT OLDER MOBILE

3   HOMES.  I HAVE HAD EXPERTS IN HERE TESTIFY COST CAN BE IN

4   EXCESS OF $10,000.

5        AND SO, UH, THE REALITY BECOMES THAT WHAT

6   HAPPENS WHEN YOU SAY, OKAY, THE PLAINTIFF IS ENTITLED TO

7   THE SPACE IN THERE, THE MOBILE HOME CANNOT BE MOVED.  AND

8   USUALLY WHAT HAPPENS, OFTEN HAPPENS, IS THAT THE MOBILE

9   HOME PARK, THEY MOVE THE PERSON OUT AND THEY SELL THE

10  PROPERTY THEMSELVES.  THAT'S ONE OPTION.  THE OTHER

11  OPTION IS GIVING ENOUGH TIME FOR THE OWNER OF THE MOBILE

12  HOME TO SELL.

13       NOW, IN THIS PARTICULAR INSTANCE, WE HAVE AN

14  INTERESTING SITUATION WHICH, BY THE WAY, I HAVEN'T SEEN

15  IT IN THE EIGHT YEARS I'VE BEEN SITTING HERE, WHERE THE

16  ACTUAL MOBILE HOME IS SOLD, PRESUMABLY, IN THE TIME

17  PERIOD THAT IS BETWEEN THE JUDGMENT AND THE EXECUTION OF

18  THE WRIT, WHICH REALLY IS WHAT THE WHOLE FRAMEWORK OF

19  THIS ENCOURAGES; THAT THE HOMEOWNER, THE PRIOR, MS. RYAN,

20  WILL FIND A BUYER AND SELL IT.  AND THAT'S EXACTLY WHAT

21  HAPPENED.  THAT'S HOW GALLIAN CAME INTO POSSESSION.

22       NOW, I KNOW THAT SHE MADE A MOTION TO INTERVENE

23  BEFORE IT CAME TO THIS DIRE SITUATION WE HAVE NOW.  AND

24  AT THE TIME, I DIDN'T WANT HER TO BE INTERVENING BECAUSE

25  THIS CASE HAS REALLY NOTHING TO DO WITH HER, AS FAR AS I

26  CAN TELL.  MY THOUGHT WAS THAT ONCE SHE BOUGHT THE

123

5

1    PROPERTY, THAT THERE WILL BE A PROCESS.  BECAUSE I KNOW

2    THAT PEOPLE ARE ENTITLED TO DUE PROCESS IN THE MOBILE

3    HOME CONTEXT; OTHERWISE, THERE WOULD BE AN ASSESSMENT

4    MADE WHETHER OR NOT SHE'S A GOOD CANDIDATE TO BECOME A

5    MEMBER OF THE PARK.

6           AND THAT'S WHERE MY WHOLE THOUGHT IS AT; THAT

7    AT THE TIME OF THE SITUATION, I DIDN'T THINK -- AND I

8    THINK I MAY HAVE TOLD HER -- I DIDN'T EXPECT THAT THE

9    WRIT THAT I HAD ISSUED IN THIS CASE WOULD BE USED AGAINST

10   ANY OWNER OF THE MOBILE HOME BECAUSE I THOUGHT THAT THERE

11   WOULD BE A PROCESS BY WHICH THE MOBILE HOME PARK WOULD

12   MAKE A DETERMINATION OF WHETHER OR NOT SHE SATISFIES THE

13   REQUIREMENTS THEY HAVE TO BECOME A PARK MEMBER.

14          I GATHERED THAT NOW, FOR WHATEVER REASONS, THE

15   PARK HAS DECIDED THAT SHE'S NOT A GOOD TENANT THERE.

16   THEY DON'T WANT HER AS A TENANT, SO THEY'RE NOT WILLING

17   TO APPROVE.  SO NOW WE HAVE A SITUATION WHERE MS. GALLIAN

18   OWNS THE MOBILE HOME, BUT THE PARK IS NOT GIVING HER

19   AUTHORIZATION TO STAY IN THIS SPACE BECAUSE SHE'S NOT A

20   TENANT THAT THEY WANT TO HAVE THERE.  THAT'S WHAT I THINK

21   IS HAPPENING HERE.

22          AND I'M OKAY WITH THAT, BUT I'M NOT GOING TO

23   LITIGATE THAT ISSUE HERE.  SO I'M STILL ALLOWING HER TO

24   INTERVENE BECAUSE I DON'T THINK IT SHOULD BE LITIGATED

25   HERE.  THE ISSUE OF WHETHER OR NOT GALLIAN HAS THE RIGHT

26   TO POSSESSION NEEDS TO BE DETERMINED IN THE CASE THAT IS

124

6

1    PENDING IN C66.

2            AND PERHAPS ONE OF THE ISSUES THAT WILL BE

3    LITIGATED THERE IS THE QUESTION OF, ONE, DID SHE ACTUALLY

4    BUY THE PROPERTY; DID SHE BECOME THE OWNER OF THE MOBILE

5    HOME.  AND THE SECOND ISSUE IS, MY THOUGHT IS, UNDER THE

6    MOBILE HOME LAW, YOU KNOW, YOU HAVE TO HAVE GOOD CAUSE TO

7    REJECT A TENANT.  YOU CANNOT JUST WILLY-NILLY START

8    REJECTING PEOPLE.  SO I THINK THAT THERE ARE REGULATIONS

9    AND RULES THAT COME INTO PLAY.  AND IT COULD BE LITIGATED

10   IN THE OTHER CASE AGAINST MS. GALLIAN WHETHER THE PARK

11   FOLLOWED CORRECT PROCEDURE, WHETHER, YOU KNOW -- I DON'T

12   KNOW.  IT'S OPEN TO LITIGATION, I THINK.

13           SO FOR ALL THOSE REASONS, I THINK IT WOULD BE

14   PREMATURE AT THIS MOMENT TO SAY MS. GALLIAN NEEDS TO BE

15   EVICTED ON THE WRIT ISSUED IN THIS CASE BECAUSE WE

16   ALREADY KNOW THAT, IN SHORT NOTICE, YOU'RE GOING TO HAVE

17   A TRIAL IN HER CASE.  AND I THINK THAT JUDGE HONER WAS

18   RIGHT WHEN SHE SAID THAT SHE COULD STOP EXECUTION OF THE

19   WRIT I ISSUED, BECAUSE I ISSUED IT IN THIS MATTER.

20           BUT I HAVE THE DISCRETION, ON THESE FACTS, I

21   THINK, TO STAY EXECUTION OF THIS WRIT AGAINST MS. GALLIAN

22   AS AN UNKNOWN OCCUPANT, WHICH IS THE ONLY WAY YOU GUYS

23   CAN GET HER OUT BECAUSE SHE IS NOT A NAMED DEFENDANT.

24   BUT EVEN AS AN UNKNOWN OCCUPANT, I HAVE THE DISCRETION TO

25   STOP THAT AND GIVE HER THE OPPORTUNITY TO GIVE HER THE

26   TRIAL THAT SHE'S ENTITLED TO HAVE.

125

7

1        THOSE ARE MY THOUGHTS.  THAT'S MY TENTATIVE.

2    MS. ALSTON:  YOUR HONOR, FIRST OF ALL, I WANT TO MAKE

3  SURE THE COURT IS AWARE THAT THE WRIT HAS BEEN EXECUTED.

4    THE COURT:  NO.  I KNOW.

5    MS. ALSTON:  OKAY.

6    THE COURT:  I'M AWARE.  BUT I'M GOING TO PUT IT BACK,

7  WHICH IS RARE, BUT...

8    MS. ALSTON:  AND I DON'T THINK --

9    THE COURT:  IT'S A RARE CASE IN MANY WAYS, BECAUSE I

10  DON'T UNDERSTAND --

11    MS. ALSTON:  BUT --

12    THE COURT:  CAN I SAY WHAT I DON'T UNDERSTAND?

13       IF YOU HAVE A CASE AGAINST MS. RYAN, AND YOU

14  KNOW THAT RYAN SOLD THE PROPERTY TO GALLIAN, I DON'T

15  UNDERSTAND WHY YOU'RE TRYING TO EXECUTE THIS WRIT THAT'S

16  ISSUED IN THIS CASE.  AND THE PROBLEM IS THAT YOU DON'T

17  THINK THAT GALLIAN QUALIFIES, THEN I THINK IT'S --

18    MS. ALSTON:  WE DON'T BELIEVE THAT SHE QUALIFIES,

19  YOUR HONOR --

20    THE COURT:  I UNDERSTAND.  BUT --

21    MS. ALSTON:  -- AND WE WILL FIGHT THAT OUT AS TO

22  POSSESSION OF THE PROPERTY BY THE OCCUPATION OF

23  THE MOBILE HOME.  HOWEVER, WE EXECUTED THE WRIT AGAINST

24  MS. GALLIAN AS AN UNKNOWN OCCUPANT.  THIS COURT ALLOWED

25  IT.

26    THE COURT:  NO, NO.  THIS COURT -- NO, NO, I DID NOT

126

Case 8:23-cv-00001-DSF  Document 17  Filed 05/24/23  Page 30 of 50  Page ID #:2971
Case 8:21-bk-11710-ES  Doc 185-1  Filed 08/11/22  Entered 08/11/22 17:07:13  Desc
Part 2  Page 16 of 40

8

1   I ALLOW IT.  WHAT IT WAS IS, SHE COULDN'T INTERVENE WHEN

2   I THOUGHT THERE WOULD BE A PROCESS.  I -- I -- I DID NOT

3   EXPECT -- PART OF THE PROBLEM IS THAT EVEN AT THE TIME

4   THAT YOU EXECUTED IT, BECAUSE IT WAS AFTER THE HEARING,

5   SHE'S NOT EVEN AN UNKNOWN OCCUPANT AT THE TIME.  SHE IS A

6   KNOWN OCCUPANT.  IN FACT, YOU WENT AND FILED THE OTHER

7   CASE.

8           SO THAT'S WHY I DON'T THINK THAT THE SHERIFF

9   CAN EXECUTE AN UNKNOWN OCCUPANT WRIT IN THIS CASE AGAINST

10  WHAT NOW IS A KNOWN OCCUPANT.  AND AT THE TIME OF THE

11  EXECUTION OF THE WRIT, SHE IS A KNOWN OCCUPANT, NOT AN

12  UNKNOWN ONE.  AND YOU ALREADY HAVE ACKNOWLEDGED THAT

13  BECAUSE YOU HAVE FILED THE CASE AGAINST HER AS A KNOWN

14  OCCUPANT IN THE U.D. YOU FILED AGAINST MS. GALLIAN.

15      MS. ALSTON:  I BELIEVE THAT SHE IS AN OWNER OCCUPANT,

16  YOUR HONOR.  I MEAN, WE HAD -- BUT SHE HAS OBTAINED

17  POSSESSION OF THE PROPERTY THROUGH MS. RYAN, PLACED HER

18  IN POSSESSION OF THE HOME, AND --

19      THE COURT:  WHO SOLD THE HOME TO HER?

20      MS. ALSTON:  BUT THE SALE OF THE HOME DOES NOT GIVE

21  HER ANY POSSESSORY RIGHTS OF THE LAND.

22      THE COURT:  NO, NOT OF THE LAND.  BUT THAT'S WHY I

23  MADE THE PREMISE I MADE, BECAUSE IN THE CONTEXT OF MOBILE

24  HOME LAW, ONCE THE PERSON'S GOING TO BUY THE PROPERTY,

25  THERE'S A PROCESS THAT SHE HAS TO BE AN ACCEPTABLE

26  TENANT.  I UNDERSTAND THAT.  AND I SAID TO THE TENANT, "I

Case 8:23-cv-00001-DSF   Document 17   Filed 05/24/23   Page 31 of 50   Page ID #:2972
Case 8:21-bk-11710-ES   Doc 185-1   Filed 08/11/22   Entered 08/11/22 17:07:13   Desc
Part 2   Page 17 of 40

9

1   UNDERSTAND THAT."  THAT HAS TO BE LITIGATED IN THIS

2   PARTICULAR CASE.

3          BECAUSE, THINK ABOUT IT.  I DON'T KNOW HOW MANY

4   TIMES I DO MOBILE HOME UNLAWFUL DETAINER CASES WHERE WHAT

5   I'M ENCOURAGING THE DEFENDANT TO DO IS TO ACTUALLY DO

6   WHAT THE DEFENDANT DID HERE.  BECAUSE THAT'S THE WHOLE

7   GOAL.  I THINK YOU SELL IT, AND PART OF THE MONEY IS USED

8   TO COVER WHATEVER IS OWED, AND THEN THE OTHER NEW PERSON

9   BECOMES THE NEW TENANT IN THE PARK.  I MEAN, THAT'S THE

10   IDEAL SITUATION.  I DON'T KNOW WHY YOU'RE DOING THAT

11   HERE, BUT I DON'T WANT TO LITIGATE THAT HERE.

12       MS. ALSTON:  WELL, IT DIDN'T WORK HERE BECAUSE --

13   WELL, IT DIDN'T WORK HERE, YOUR HONOR, BECAUSE THEY

14   DIDN'T FOLLOW THE STIPULATED JUDGMENT.  THE STIPULATED

15   JUDGMENT HAD A LIST OF THINGS -- OF TERMS THAT THEY WERE

16   PROVISIONS THEY WERE SUPPOSED TO FOLLOW IN THE SALE, AND

17   THEY COMPLETELY BREACHED THOSE.

18       THE COURT:  "THEY" WHO; MS. RYAN?

19       MS. ALSTON:  MS. RYAN AND MS. GALLIAN.

20       THE COURT:  WELL, MS. GALLIAN IS NOT A PARTY TO THAT

21   AGREEMENT.

22       MS. ALSTON:  BUT SHE WAS BUYING IT FROM MS. RYAN.

23       THE COURT:  I KNOW.  BUT --

24       MS. ALSTON:  AND GOES FOR --

25       THE COURT:  BUT SHE -- NO.  BUT SHE'S NOT AN OWNER

26   OCCUPANT.

10

1    **MS. ALSTON:**  I THINK THAT SHE IS, YOUR HONOR.  AND I

2    THINK PRACTICALLY -- I MEAN, I'VE NOT BRIEFED IT, AND I

3    DON'T HAVE CASES AND STATUTES THAT I CAN POINT TO IN THIS

4    ISSUE BEFORE THE COURT --

5        **THE COURT:**  WHAT ISSUES?

6        **MS. ALSTON:**  THE ISSUE OF OWNER OCCUPANCY.

7        **THE COURT:**  WELL, IF THE ISSUE OF UNKNOWN OCCUPANT IS

8    NOT BEFORE THE COURT, I DON'T UNDERSTAND, BECAUSE THE

9    ONLY WAY THAT THE PLAINTIFF IN YOUR CASE GETS TO EXECUTE

10   THIS WRIT AGAINST MS. GALLIAN IS BECAUSE OF THE

11   NONOCCUPANT.

12       **MS. ALSTON:**  YES.

13       **THE COURT:**  THE ISSUE WAS AGAINST RYAN.

14       **MS. ALSTON:**  YES, AND ALL UNKNOWN OCCUPANTS.

15       **THE COURT:**  THEN YOU'RE SAYING SHE IS AN UNKNOWN

16   OCCUPANT?

17       **MS. ALSTON:**  WHAT I'M SAYING IS THAT I DON'T HAVE A

18   BRIEF TO PRESENT TO THIS COURT BECAUSE I WASN'T AWARE

19   THAT THIS WAS GOING TO BE THE WAY THE COURT WAS GOING TO

20   MOVE.  AND IT WASN'T IN THE DOCUMENTS, SO IT'S TAKEN ME A

21   LITTLE BIT UNAWARE.

22            HOWEVER, WHAT THE COURT IS CONTEMPLATING IS

23   THAT ANYTIME THIS PERSON WHO IS GIVEN A JUDGMENT -- GETS

24   A JUDGMENT, THAT THEY CAN SIMPLY TRANSFER THE UNIT OVER

25   TO -- WHETHER IT'S AN APARTMENT, MOBILE HOME OR R.V., OR

26   WHATEVER IT IS THAT THEY HAVE THAT IS LOCATED ON THE

11

1   PROPERTY, AND THEN TAKE THE -- THE PERSON TAKES

2   POSSESSION OF THE UNIT, AND THEN THE WRIT CAN'T BE

3   EXECUTED.

4        **THE COURT:**  YOU MEAN, AS TO THAT PERSON.  NO.  THAT'S

5   MY WHOLE POINT.

6        **MS. ALSTON:**  I DON'T BELIEVE THE LAW WORKS THAT WAY,

7   YOUR HONOR, BECAUSE THIS IS NEVER-ENDING POSSESSION OR

8   OCCUPATION THAT PREVENTS THE PLAINTIFF FROM OBTAINING

9   POSSESSION OF THE PROPERTY.

10       **THE COURT:**  I AM CONCERNED ABOUT IT -- AND I

11  UNDERSTAND YOUR POINT -- BUT I'VE DONE THIS FOR YEARS.

12  SO IT'S UNCOMMON, FIRST, SO I'M TRYING TO ADDRESS ALL

13  FUTURE OCCUPATION PROBLEMS.  I'M ONLY TRYING TO ADDRESS

14  THE PROBLEMS IN THIS PARTICULAR CASE ON THESE PARTICULAR

15  FACTS.

16            WHAT I UNDERSTAND IS THAT GALLIAN BOUGHT THE

17  PROPERTY FROM RYAN.  AND I WANT TO EMPHASIS THAT.  IT'S

18  NOT RYAN BROUGHT SOME OTHER PERSON TO LIVE WITH HER.  MY

19  UNDERSTANDING IS, RYAN MOVED OUT, AND SORT OF ANTICIPATED

20  BY THE STIPULATION, RYAN SOLD THE PROPERTY, ALL RIGHT,

21  THE MOBILE HOME TO GALLIAN.  AND NOW KNOWING THAT, WHAT

22  I'M BEING ASKED TO SAY IS, IT'S OKAY TO USE THE WRIT IN

23  THIS CASE AGAINST GALLIAN AS AN UNKNOWN OCCUPANT.  THAT'S

24  THE PROBLEM I HAD.

25            MY ANALYSIS SIMPLY SAYS TO ME, I AM NOT GOING

26  TO DO THAT BECAUSE GALLIAN DOES -- IF I DID THAT, GALLIAN

12

1  DOES NOT GET TO LITIGATE THE QUESTION OF WHETHER THE

2  HOME -- MOBILE HOME PARK IS CORRECT IN SAYING THAT SHE

3  DOESN'T QUALIFY.  I DON'T KNOW WHETHER SHE -- I DON'T

4  KNOW WHETHER SHE QUALIFIES.

5       BUT I DO KNOW THIS IN MY HEAD:  I WANT TO BE

6  SURE THAT GALLIAN'S RIGHT TO LITIGATE WHETHER OR NOT,

7  WHETHER OR NOT SHE QUALIFIES TO BE A TENANT AT THE PARK,

8  BECAUSE THERE ARE PROVISIONS IN THE MOBILE HOME PARK THAT

9  HAVE TO BE FOLLOWED TO DENY THAT.  I WANT TO BE SURE

10 THAT'S -- THAT SHE HAS A PLACE TO ARGUE THAT.  NOW, I

11 DON'T KNOW WHETHER MS. GALLIAN'S GOING TO WIN OR NOT, BUT

12 WHAT I WANT IS TO CREATE A PROCESS THAT DOES NOT

13 IMPEDE -- THAT DOES NOT INTERFERE WITH HER ABILITY TO

14 LITIGATE THAT ISSUE.

15       AND IF YOU'RE RIGHT THAT MS. GALLIAN DOESN'T

16 QUALIFY, THEN I'M ASSUMING YOU'RE GOING TO WIN THE CASE

17 ACROSS THE HALL.  AND IF YOU'RE WRONG AND THE JUDGE FINDS

18 THAT SHE DOES QUALIFY, THEN MAYBE SHE GETS TO CONTINUE TO

19 BE IN POSSESSION.

20       AND THIS IS PARTICULARLY IMPORTANT IN MOBILE

21 HOME PARK SITUATIONS BECAUSE OF THE SPECIAL CIRCUMSTANCES

22 THAT I JUST FINISHED EXPLAINING THAT APPLIES TO MOBILE

23 HOMES, WHICH IS THE REASON WHY THE LEGISLATURE IMPOSES SO

24 MANY REGULATIONS ON THE WAY YOU CAN EVICT, ON THE WAY

25 THAT -- YOU KNOW, IT'S SORT OF LIKE A WHOLE DIFFERENT

26 SYSTEM PARALLEL TO THE REGULAR EVICTION STATUTES THAT ARE

13

1   MUCH MORE ONEROUS AND COMPLICATED.  I THINK THAT THAT'S

2   MOTIVATED BY WANTING TO PROTECT OWNERS IN MOBILE HOME

3   PARKS.

4          SO THAT'S ALL I WANT, TO BE SURE -- I WANT TO

5   BE SURE SHE GETS A SHOT.  AND I DON'T THINK THERE'S ANY

6   HUGE DETRIMENT TO THE PLAINTIFF BECAUSE SHE'S IN THE

7   PARK, YOU ALREADY HAVE FILED THE CASE, SO THAT'S PENDING.

8   I NOTICE THAT THERE IS AN ANSWER.  AND I NOTICE --

9   BRIEFLY I WAS LOOKING TO SEE IF THERE WAS A TRIAL IN THE

10  OTHER CASE.  I THINK THERE'S NO TRIAL, BUT WE KNOW THAT

11  WITHIN 21 DAYS OF YOU'RE MAKING YOUR REQUEST, YOU'RE

12  GOING TO HAVE A TRIAL DATE.  SO I THINK THIS IS ALL GOING

13  TO GET RESOLVED VERY PROMPTLY IN THE OTHER CASE.

14          NOW, I'M LIMITING MY RULING ACCORDING TO THIS.

15  I'M NOT TRYING TO GO ACROSS THE BOARD BECAUSE I COULD

16  IMAGINE THAT SOMEONE COULD DO WHAT YOU JUST DESCRIBED,

17  WHICH IS ABUSE THE PROCESS, RIGHT.  SOMEBODY WHO IS AN

18  ILL-INTENDED TENANT COULD BE GOING FOR POSSESSION, AND

19  THEN YOU SAY THEY'RE NOT OWNER OCCUPANTS.  I GET THAT.

20  SO I AM NOT TRYING TO COME UP HERE WITH A RULING THAT'S

21  GOING TO BE APPLYING ACROSS THE BOARD BECAUSE THAT IS NOT

22  MY INTENT AT ALL.  THIS IS VERY FACT-SPECIFIC IN WHAT I

23  THINK IS A HIGHLY UNUSUAL CASE BECAUSE I HAVEN'T SEEN IT

24  HAPPEN BEFORE.

25     MS. ALSTON:  THIS HAS BEEN LITIGATED, YOUR HONOR.

26  MS. GALLIAN BROUGHT A T.R.O., AND IT WAS GRANTED.  THEY

Case 8:23-cv-00001-DSF  Document 17  Filed 05/24/23  Page 36 of 50  Page ID #:2977
Case 8:21-bk-11710-ES  Doc 185-1  Filed 08/11/22  Entered 08/11/22 17:07:13  Desc
Part 2  Page 22 of 40

14

1  WENT THROUGH A PRELIMINARY INJUNCTION.  AND AT THE

2  PRELIMINARY INJUNCTION, THE COURT MADE A RULING AS TO HER

3  RIGHT TO POSSESSION, AND IT DETERMINED THAT SHE DIDN'T

4  HAVE ANY.

5      **THE COURT:**  I JUST SAID -- I READ THE RULINGS, BY THE

6  WAY.  THE PROBLEM THAT I WASN'T SATISFIED WITH IS WHETHER

7  OR NOT SHE GOT TO LITIGATE THE QUESTION OF WHETHER THERE

8  HAD BEEN COMPLIANCE WITH THE REGULATIONS OF MOBILE HOME

9  PARKS, AND WHETHER SHE WAS A TENANT THAT MET THE

10  REQUIREMENTS OF THE PARK SO THAT THEY COULD NOT --

11      **MS. ALSTON:**  SHE DID.

12      **THE COURT:**  THAT'S NOT APPARENT FROM THE

13  MOVING PAPERS.  THAT'S WHAT I HAVE.  AND IF I DID HAVE

14  THAT, THEN THE CASE NEXT DOOR IS GOING TO BE EVEN FASTER

15  BECAUSE IN THE CASE NEXT DOOR, YOU'RE GOING TO HAVE

16  COLLATERAL ESTOPPEL, AND YOU'RE GOING TO BE ABLE TO SAY,

17  "OH, THIS AS ALREADY LITIGATED, SO WE DON'T HAVE TO

18  LITIGATE IT."

19      **MS. ALSTON:**  I THINK THE COURT DID ADDRESS IT.  IT'S

20  THERE, YOUR HONOR.  BUT I DO BELIEVE IT IS THERE WHEN IT

21  SAYS THAT MS. GALLIAN'S POSSESSION OF THE SUBJECT MOBILE

22  HOME WAS NEVER AUTHORIZED BY THE DEFENDANT, AND SHE IS,

23  IN ESSENCE, A SQUATTER.

24      **THE COURT:**  EXCUSE ME.  I'M GOING TO TAKE ISSUE WITH

25  THAT.  I DON'T KNOW WHETHER THAT MEANS THAT SHE BECAME

26  THE OWNER WITHOUT THE PERMISSION.  AND I UNDERSTAND

Case 8:23-cv-00001-DSF   Document 17   Filed 05/24/23   Page 37 of 50   Page ID #:2978
Case 8:21-bk-11710-ES   Doc 185-1   Filed 08/11/22   Entered 08/11/22 17:07:13   Desc
Part 2   Page 23 of 40

15

1  THAT -- HOWEVER, I DON'T KNOW IF SHE GOT TO LITIGATE

2  WHETHER THE PERMISSION WAS RIGHTFULLY OR WRONGFULLY

3  DENIED.  AND IT SEEMS TO ME THAT, IN THE CONTEXT OF

4  ISSUING A TEMPORARY RESTRAINING ORDER OR NOT, THAT

5  PROBABLY WOULDN'T BE THE BEST FORUM TO DO THAT.  SHE

6  PROBABLY NEEDS TO GO TO TRIAL.

7            BUT YOU DON'T HAVE TO CONVINCE ME OF THAT

8  BECAUSE, AGAIN, THIS IS A SHORT DELAY.  IF YOU'RE RIGHT,

9  YOU'RE GOING TO GET A WRIT RIGHT ACROSS THE DOOR FROM

10  HERE IN THAT COURTROOM WHEN YOU LITIGATE IT.  AND IF YOU

11  BELIEVE IT WAS LITIGATED, AND YOU BELIEVE YOU ALREADY

12  HAVE A RULING ON THAT ISSUE, THEN YOU CAN ARGUE THAT WITH

13  JUDGE HONER.  BUT ALL I WANT TO DO IS STOP THIS

14  PROCESS -- IN MY CASE, THAT'S ALL I CARE, IS TO GIVE

15  MS. GALLIAN THE FULL OPPORTUNITY TO ARGUE WHETHER SHE HAS

16  THE RIGHT TO POSSESSION IN THE CASE THAT YOU ALREADY

17  FILED.

18      MS. ALSTON:  I WOULD LIKE TO REQUEST THAT THE COURT

19  TAKE JUDICIAL NOTICE OF THE RULINGS MADE IN FRONT OF

20  JUDGE BAUER.  AND THE CASE NUMBER IS -- I THINK I HAVE

21  THE CASE NUMBER ON THE MINUTE ORDER.

22      THE COURT:  I TAKE JUDICIAL NOTICE OF THE CASES IN

23  THE ORANGE COUNTY SUPERIOR COURT.

24      MS. ALSTON:  BUT SHE DID HAVE --

25      THE COURT:  WHAT IS IT THAT YOU'RE LOOKING AT?

26      MS. ALSTON:  I'M LOOKING AT MY DOCUMENTS, YOUR HONOR,

Case 8:23-cv-00001-DSF   Document 17   Filed 05/24/23   Page 38 of 50   Page ID #:2979
Case 8:21-bk-11710-ES   Doc 185-1   Filed 08/11/22   Entered 08/11/22 17:07:13   Desc
Part 2   Page 24 of 40

16

1   WHICH IS WHAT I QUOTED.

2       **THE COURT:** I HAVE SEEN IT.  I JUST WANT TO BE SURE I

3   KNOW WHAT I'M LOOKING AT, OKAY.

4       **MS. ALSTON:** BUT, YOUR HONOR --

5       **THE COURT:** WAIT A MINUTE.  I THINK YOU DID HAVE AN

6   ORDER.  SO THE MINUTE ORDER BY JUDGE BAUER ISSUED

7   1/4/2019 -- WHICH, BY THE WAY, THE OTHER WAY I HAVE OF

8   LOOKING AT THIS --

9       **JAMIE LYNN GALLIAN:** I HAVE A COPY OF IT, YOUR HONOR,

10  IF YOU WANT TO SEE IT.

11      **THE COURT:** -- WHICH, YOU KNOW, AGAIN, PRIOR TO

12  EXECUTION OF THE WRIT, WHICH MEANS, IF ANYTHING, THAT BY

13  THE EXECUTION OF THE WRIT, IT JUST MEANS, BECAUSE OF HER

14  EFFORTS, SHE IS AN UNKNOWN OCCUPANT.  I'M STILL CONCERNED

15  ABOUT THAT.

16           BUT I DON'T EVEN HAVE TO GO ON THAT POINT.  I'M

17  NOT TRYING TO GO ON THAT POINT, EITHER.  I JUST WANT YOU

18  TO UNDERSTAND, ALL I'M GOING TO DO IS STAY PROCEEDINGS

19  BASED ON MY WRIT TO SEE WHAT HAPPENS IN THE CASE IN FRONT

20  OF JUDGE HONER, AND THEN WE'LL SEE WHERE WE'RE AT.

21      **MS. ALSTON:** THE POINT I WANTED TO MAKE, SHE DID HAVE

22  AN ATTORNEY PRESENT, AND IT WAS LITIGATED.  THE COURT DID

23  HAVE A NUMBER OF DECLARATIONS REGARDING EXPRESSLY

24  EXPLAINING ALL OF THE REASONS THAT HER APPLICATION WAS

25  DENIED.  SO THAT HAD TO COME BEFORE A JUDGE, THAT HAS

26  BEEN RULED UPON BY A JUDGE.

17

1      THE COURT:  I DON'T UNDERSTAND.

2              WHAT IS THE DETRIMENT OF JUST, LIKE -- THIS IS

3  GOING TO GET RESOLVED WITHIN THE NEXT 30 DAYS.  IF YOU

4  RIGHT NOW GO DOWNSTAIRS AND YOU ASK FOR THAT TRIAL, YOU

5  GET A TRIAL IS WITHIN 30 DAYS.  I DON'T UNDERSTAND.

6              WHAT IS THE DETRIMENT?

7              I'M TRYING TO UNDERSTAND.

8              IF I SAY THAT SHE'S IN POSSESSION OF THIS

9  MOBILE HOME WHILE THE OTHER CASE IS BEING LITIGATED, WHAT

10  IS THE DETRIMENT?

11      MS. ALSTON:  THERE ARE A NUMBER OF DETRIMENTS.  FIRST

12  OF ALL, SHE'S HARASSING THE NEXT-DOOR NEIGHBORS, SHE'S

13  ATTACHING FENCING TO THAT PROPERTY, AND THEY'RE HAVING

14  FIGHTS OVER THAT AND SCREAMING MATCHES OVER THAT.  THERE

15  IS A T.R.O. IN PLACE AGAINST MS. GALLIAN WHERE SHE IS NOT

16  SUPPOSED TO COME WITHIN --

17      THE COURT:  THERE'S A T.R.O. OF HOW FAR?

18      MS. ALSTON:  THREE HUNDRED FEET.

19      JAMIE LYNN GALLIAN:  TEN YARDS, MA'AM.  AND IT WAS

20  FROM A PREVIOUS, UH -- THE MOBILE HOME PARK SHARES THE

21  SAME SECURITY GATE WITH ANOTHER COMMUNITY THAT I SOLD MY

22  PROPERTY.  I LIVED THERE FOR OVER TEN YEARS, AND IT WAS

23  TEN YARDS T.R.O. OF A BOARD MEMBER.  TEN YARDS IS 30

24  FEET, SO IT HAS NOTHING TO DO WITH THIS CASE.  IT'S NO

25  VIOLENCE, NO NOTHING, RIGHT?

26      MS. ALSTON:  WELL, THE T.R.O. HAS BEEN GRANTED.  THE

18

1   INJUNCTION, IT'S A FIVE-YEAR INJUNCTION TO STAY AWAY OVER

2   THAT ISSUE.

3        JAMIE LYNN GALLIAN:  SHE FILED IT ON --

4        THE COURT:  WHAT'S THE ISSUE?

5        MS. ALSTON:  IT WAS APPROXIMATELY SIX, EIGHT WEEKS

6   AGO, YOUR HONOR.

7        THE COURT:  WHAT TYPE OF CASE IS THAT?

8        JAMIE LYNN GALLIAN:  IT'S RIGHT ACROSS AT JUDGE

9   HONER'S.

10       MS. ALSTON:  IT WAS SHERRI HONER'S COURT, YOUR HONOR.

11       THE COURT:  WAS THAT A CIVIL HARASSMENT CASE?

12       MS. ALSTON:  YES, IT WAS A CIVIL HARASSMENT CASE.

13   THERE WERE TWO -- EVERY TIME THAT SHE'S IN -- GOES

14   THROUGH THE GATE, SHE VIOLATES THAT T.R.O.

15       JAMIE LYNN GALLIAN:  NO, THAT IS NOT TRUE, MA'AM.

16       MS. ALSTON:  AND SHE HAS A CRIMINAL CASE PENDING

17   AGAINST HER AS WELL FOR VIOLATIONS OF ANOTHER T.R.O.

18   AGAINST A YOUNG CHILD.

19            SO THESE ARE CONTINUING HARASSMENTS THAT ARE

20   ONGOING.  SO THE DETRIMENT IS THAT SHE'S VIOLATING A

21   T.R.O., SHE'S HARASSING HER NEIGHBORS.  I UNDERSTAND THAT

22   THIS WILL BE HAPPENING QUICKLY, BUT SHE HAS THE COURT'S

23   CONCERN THAT SHE HASN'T HAD AN OPPORTUNITY TO PRESENT HER

24   CASE TO THE COURT AND DETERMINE WHETHER OR NOT HER

25   OCCUPATION IS PROPER BECAUSE SHE WAS NOT APPROVED HAS

26   BEEN LITIGATED AND HAS BEEN ADJUDGED BY THE COURT.

137

19

1            THE COURT HAS HAD --

2      **THE COURT:**  WHEN DID YOU FILE THE OTHER CASE?

3      **MS. ALSTON:**  THE OTHER CASE WAS FILED --

4      **THE COURT:**  THE CASE, MA'AM?

5      **JAMIE LYNN GALLIAN:**  JANUARY 2ND.

6      **MS. ALSTON:**  YOUR HONOR, IT WAS JANUARY.

7      **THE COURT:**  JANUARY 2ND?

8      **MS. ALSTON:**  I DON'T KNOW THE DATE.

9      **JAMIE LYNN GALLIAN:**  JANUARY 2ND, YOUR HONOR.  IT WAS

10  SERVED FEBRUARY 5TH ON ME.  I HAVE IT RIGHT HERE, YOUR

11  HONOR, IF YOU'D LIKE TO SEE IT.

12        (PAUSE IN PROCEEDINGS.)

13      **THE COURT:**  THAT'S WHAT I MEAN.  THAT'S MY WHOLE

14  PROBLEM WITH THIS CASE.  SHE'S NOT AN UNKNOWN OCCUPANT.

15  THAT'S THE PROBLEM.  SO I'M STILL BACK TO THIS PROBLEM.

16  ON JANUARY 2ND, YOU FILED THE CASE.  YOU KNOW SHE'S IN

17  POSSESSION.  AND SHE TOOK POSSESSION UNDER COLOR OF SOME

18  RIGHTS BECAUSE SHE BOUGHT THE PROPERTY.  AND YOU KNEW IN

19  ORDER -- IN ORDER -- THE ONLY WAY THE WRIT IN THIS CASE

20  AGAINST RYAN GETS TO BE EXECUTED AGAINST GALLIAN IS IF

21  SHE IS AN UNKNOWN OCCUPANT.

22        AND WHEN THAT WRIT IS EXECUTED, SHE IS NOT AN

23  UNKNOWN OCCUPANT.  YOU HAVE FILED AN UNLAWFUL DETAINER ON

24  JANUARY 2ND, WHICH MEANS TO ME SHE'S NOT AN UNKNOWN

25  OCCUPANT.  I AM NOT -- I -- THE BEST I CAN DO HERE IS,

26  I'M PRETTY SURE I CAN RULE HERE THAT THE WRIT HERE IS NOT

138

20

1    EFFECTIVE, WHICH I THINK I'M ABOUT TO DO, OR I CAN JUST

2    SAY IT'S WAITING FOR PROCEEDINGS NEXT DOOR.

3            BUT I WILL NOT HAVE THIS PERSON EVICTED UNDER

4    THE UMBRELLA OF AN UNKNOWN OCCUPANT WHEN YOU FILED AN

5    UNLAWFUL DETAINER ON JANUARY 2ND.  AND BY THEN, SHE'S NO

6    LONGER AN UNKNOWN OCCUPANT.  SO BY THE TIME THIS GETS

7    EXECUTED, SHE'S NOT AN UNKNOWN OCCUPANT.  I THINK THAT'S

8    A LOGICAL ISSUE OF WHAT AN UNKNOWN OCCUPANT IS.  A

9    NONOCCUPANT IS, THEY OPEN THE DOOR AND FIND FIVE PEOPLE

10   LIVING THERE; THEY ONLY HAVE THE NAME OF RYAN.  THEY

11   DON'T HAVE THE FIVE PEOPLE TO GET OUT.  THAT'S NOT WHAT

12   HAPPENED IN THIS CASE.  THAT'S NOT HERE BEFORE ME.

13      MS. ALSTON:  YOUR HONOR, I DO BELIEVE THAT SHE

14   QUALIFIES AS AN OWNER OCCUPANT.  I DO BELIEVE THAT MY

15   CONCERNS -- AND I KNOW THE COURT DOESN'T WANT TO RULE ON

16   THIS MATTER, BUT AGAIN, IT'S A CONCERN IF ONE PERSON

17   SAYS, "I'M GOING TO BE LOCKED OUT.  I'M GOING TO PUT

18   ANOTHER PERSON IN."  AND --

19      THE COURT:  IF YOU WANT TO LITIGATE -- IF YOU'RE

20   ASKING ME TO LITIGATE WHETHER OR NOT SHE'S AN UNKNOWN

21   OCCUPANT, SURE, WE CAN HAVE A BRIEFING SCHEDULE.  I JUST

22   THINK THE SOONER YOU GET OVER THERE, THE SOONER THIS CASE

23   GETS DONE.  I DON'T WANT TO HAVE AN ISSUE THAT STAYS --

24   WHICH SAYS THAT THE STAY IS GOING TO BE BEYOND THE COURT

25   RULES IN THIS UNLAWFUL DETAINER, OR IF YOU WANT TO

26   LITIGATE WHETHER OR NOT YOU CAN EXECUTE A WRIT AGAINST

139

21

1   THIS PARTICULAR INDIVIDUAL AS AN UNKNOWN OCCUPANT, YOU

2   CAN GIVE ME -- COME UP WITH A BRIEFING SCHEDULE.  BUT YOU

3   GET TIME, SHE GETS TIME, BECAUSE THIS GOES TO THAT.

4       **JAMIE LYNN GALLIAN:**  YOUR HONOR, I HAVE ONE MORE

5   THING.

6       **MS. ALSTON:**  YOUR HONOR, I AM CONCERNED.  I DON'T

7   WANT TO MAKE PEOPLE -- YOU KNOW, I DON'T WANT TO

8   UNNECESSARILY EXPEND ATTORNEYS' FEES FOR MY CLIENT.  IF

9   THE COURT IS NOT GOING TO EXECUTE THE WRIT AT THIS TIME,

10  I THINK IT WOULD BE BEST FOR US TO PROCEED.  I DO,

11  HOWEVER, HAVE GRAVE CONCERNS THAT THIS COURT IS

12  OVERRULING JUDGE BAUER'S DECISION THAT'S BEEN LITIGATED.

13      **THE COURT:**  IT'S NOT MY INTENT TO OVERRULE ANYBODY.

14  IN FACT, I DON'T HAVE THE POWER TO OVERRULE ANYBODY.  I

15  ONLY HAVE THE POWER TO MAKE AN ASSESSMENT ABOUT THIS

16  PARTICULAR CASE.

17      **MS. ALSTON:**  THAT'S WHAT'S HAPPENING.  AND I JUST

18  WANT TO PRESENT THAT TO THE COURT.

19      **THE COURT:**  I'M NOT OVERRULING JUDGE BAUER.  I THINK

20  HE FOUND THAT THE INJUNCTIVE RELIEF WAS NOT AVAILABLE IN

21  THAT OTHER CASE.  I'M NOT RULING ON THAT HERE.  I DON'T

22  EVEN KNOW THE IN'S AND OUT'S OF THAT.

23          MY RULING IS SIMPLY THAT, IN THIS -- AND I AM

24  GOING TO RULE ON IT.  IN THIS PARTICULAR CASE WHEN THE

25  CASE WAS FILED, JAMIE GALLIAN WAS NOT A DEFENDANT.  ONLY

26  LISA RYAN WAS A DEFENDANT.  LISA RYAN EXECUTED THE

140

Case 8:23-cv-00001-DSF   Document 17   Filed 05/24/23   Page 44 of 50   Page ID #:2985
Case 8:21-bk-11710-ES   Doc 185-1   Filed 08/11/22   Entered 08/11/22 17:07:13   Desc
Part 2   Page 30 of 40

22

1   STIPULATION.  THE STIPULATION CONTEMPLATED HER TO STAY IN

2   THE MOBILE HOME.  THE MOBILE HOME -- LISA RYAN VACATED

3   THE PROPERTY PURSUANT TO THE STIPULATION; THE MOBILE HOME

4   WAS SOLD TO JAMIE GALLIAN.

5       MS. ALSTON:  SHE DID NOT VACATE ON A TIMELY BASIS.

6       THE COURT:  I DON'T WANT TO ARGUE THAT, AND THAT'S

7   NOT BEFORE ME.  SO PER THE STIPULATION, JAMIE GALLIAN

8   PURCHASED THE PROPERTY FROM MS. RYAN AND MOVED INTO THE

9   MOBILE HOME THAT MS. RYAN USED TO OCCUPY.  AND ON JANUARY

10  2ND, 2019, THE PLAINTIFF IN THIS CASE, HOUSER BROTHERS,

11  FILED AN UNLAWFUL DETAINER AGAINST MS. GALLIAN,

12  PRESUMABLY BECAUSE THEY BELIEVE THAT SHE DOESN'T QUALIFY

13  TO BE A PARK TENANT.  AND THEY MAY HAVE OTHER REASONS FOR

14  THAT.  THAT'S NOT BEFORE THIS COURT.

15       WHAT IS BEFORE THIS COURT IS THAT AFTER FILING

16  THAT UNLAWFUL DETAINER IN CASE NUMBER 2019-01041423,

17  AFTER FILING THAT UNLAWFUL DETAINER, THE PLAINTIFFS HAVE

18  SOUGHT TO EXECUTE IN THIS CASE A WRIT THAT WAS ISSUED IN

19  THIS CASE -- IN THE CASE THAT I'M PRESIDING OVER -- WHICH

20  IS 3582.

21       AND THE COURT FINDS THAT THAT'S NOT A PROPER

22  EXECUTION OF THE WRIT.  AND IT'S GOING TO ALLOW

23  MS. GALLIAN TO INTERVENE FOR THE PURPOSE OF CHALLENGING

24  THE EXECUTION OF THE WRIT AGAINST HER, WHICH HAD NOT

25  OCCURRED, BACK IN JANUARY WHEN SHE TRIED TO INTERVENE.

26  AT THAT POINT, SHE DIDN'T HAVE ANY INTEREST IN THE CASE.

23

1    AT THIS POINT, BECAUSE PLAINTIFF CHOSE TO EXECUTE THE

2    WRIT AGAINST MS. GALLIAN, SHE NOW HAS THE RIGHT TO

3    INTERVENE.

4           SO THE COURT HAS CONSIDERED THE MOTION THAT SHE

5    WAS NOT PROPERLY EVICTED IN THIS CASE, BASED ON THIS

6    CASE.  AND THE COURT IS GOING TO RULE THAT THAT WAS

7    IMPROPER EXECUTION OF THE WRIT, THE WRIT THAT WAS ISSUED

8    BY MY COURT.  THE WRIT ISSUED WAS CASE NUMBER 01013852 --

9    THE CASE IN FRONT OF ME -- AGAINST LISA RYAN.

10          AND THE ONLY WAY THAT JAMIE GALLIAN WOULD BE

11   EVICTED WITH THAT WRIT, YOU KNOW, THE COURT FINDS THAT

12   SHE'S NOT AN UNKNOWN OCCUPANT WHEN THE WRIT WAS EXECUTED,

13   BECAUSE PLAINTIFF ALREADY KNEW THAT SHE WAS TRYING TO

14   INTERVENE TO STOP EVICTION ON THIS WRIT.  AND, IN FACT,

15   THEY -- THERE HAD BEEN A PRIOR RULING ON THE INJUNCTIVE

16   RELIEF IN A SEPARATE CASE IN WHICH PLAINTIFFS WERE

17   WELL-AWARE SHE'S NOT A NONOWNER OCCUPANT AND PURCHASED

18   THE PROPERTY -- THE MOBILE HOME -- FROM MS. RYAN.

19          AND THEY FILED THEIR OWN UNLAWFUL DETAINER

20   AGAINST MS. GALLIAN JANUARY 2ND.  AND WHEN THEY EXECUTED

21   THAT WRIT A FEW DAYS AGO -- YESTERDAY, I THINK -- WHEN

22   THEY EXECUTED THE WRIT, MS. GALLIAN WAS NOT AN UNKNOWN

23   OCCUPANT.  AND THAT WRIT DID NOT EXTEND TO HER.  FOR THAT

24   REASON, THE COURT IS GOING TO HOLD THAT THE PARK HAS

25   MS. GALLIAN BACK IN POSSESSION OF THE MOBILE HOME.

26          THE ISSUE OF WHETHER OR NOT SHE'S A TENANT THAT

1   QUALIFIES UNDER PARK RULES TO BECOME A PERMANENT TENANT

2   OF THE PARK, THAT IS GOING TO BE LITIGATED IN THE CASE

3   PENDING UNDER CASE NUMBER 2019-01041423.  SO THE

4   LITIGATION WILL CONTINUE.

5         AND THIS RESULT, TO THE COURT, IS NOT ONLY TO

6   THE EXTENT BECAUSE OF THE RULINGS I MAKE, BUT IT ALSO

7   PROTECTS MS. GALLIAN'S DUE PROCESS RIGHTS TO LITIGATE THE

8   QUESTION OF WHETHER OR NOT THE PARK PROPERLY EXERCISED

9   ITS DISCRETION IN DECIDING THAT SHE WAS NOT A PROPER

10   TENANT.  SHE GETS TO LITIGATE THAT.

11         SO FOR ALL THOSE REASONS, THE COURT ORDERS THE

12   PARK TO RETURN POSSESSION BY --

13         CAN YOU DO IT BY 5:00 P.M. TODAY?

14   **MS. ALSTON:**  YES, YOUR HONOR.

15   **THE COURT:**  SO THE ORDER IS THAT POSSESSION IS

16   RETURNED TO MS. GALLIAN BY 5:00 P.M. TODAY.

17         ALL RIGHT.  THIS IS GOING BACK TO COUNSEL, AND

18   THIS IS GOING BACK TO THE DEFENDANT.  AND I'M DONE WITH

19   THIS CASE.  THANK YOU VERY MUCH.

20         (PROCEEDINGS CONCLUDED.)

21

22

23

24

25

26

## REPORTER'S CERTIFICATE

STATE OF CALIFORNIA  }
                     }  SS.
COUNTY OF ORANGE     }


       I, PATRICK R. BREZNA, CSR NO. 5288, CERTIFIED
REALTIME REPORTER, REGISTERED PROFESSIONAL REPORTER, DO
HEREBY CERTIFY THAT THE FOREGOING REPORTER'S TRANSCRIPT IS
A FULL, TRUE AND CORRECT TRANSCRIPTION OF MY SHORTHAND
NOTES THEREOF, AND A FULL, TRUE AND CORRECT STATEMENT OF
THE PROCEEDINGS HAD IN SAID CAUSE BASED ON AN ELECTRONIC
RECORDING SUBMITTED TO ME BY JAMIE LYNN GALLIAN.

       DATED AT ORANGE, CALIFORNIA, THIS 7TH DAY OF
SEPTEMBER, 2020.



      PATRICK R. BREZNA, CSR NO. 5288,
      CERTIFIED REALTIME REPORTER,
      REGISTERED PROFESSIONAL REPORTER

144

145

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 W. Civic Center DRIVE
MAILING ADDRESS: 700 W. Civic Center DRIVE
CITY AND ZIP CODE: Santa Ana 92701
BRANCH NAME: Central Justice Center

PLAINTIFF: Houser Bros. Co.

DEFENDANT: Jamie Gallian

SHORT TITLE: HOUSER BROS. CO. VS. GALLIAN

**NOTICE OF DISMISSAL**

FOR COURT USE ONLY

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

**Aug 05, 2019**
Clerk of the Superior Court
By: Debra Lamm, Deputy

CASE NUMBER:
30-2019-01041423-CL-UD-CJC

Date: 08/05/2019

Judicial Officer: Sherri Honer

On the Court's own motion, case dismissed pursuant to the Superior Court of California, County of Orange local rules.

Clerk of the Court

Dated:  08/05/2019

By  _Debra Lamm_    Deputy Clerk

NOTICE OF DISMISSAL

Page: 1

18.516407. 2 of 3

94

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Central Justice Center
700 W. Civic Center DRIVE
Santa Ana 92701

SHORT TITLE: HOUSER BROS. CO. VS. GALLIAN

| CLERK'S CERTIFICATE OF SERVICE BY MAIL | CASE NUMBER: 30-2019-01041423-CL-UD-CJC |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above NOTICE OF DISMISSAL has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practice and addressed as indicated below. The certification occurred at Santa Ana, California on 08/05/2019. Following standard court practice the mailing will occur at Sacramento, California on 08/06/2019.

Clerk of the Court, by: _Debra Lamm_ , Deputy

JAMIE GALLIAN
16222 MONTEREY LANE # 376
HUNTINGTON BEACH, CA 92647

ALSTON, ALSTON & DIEBOLD ATTORNEYS AT LAW
27201 PUERTA REAL # 300
MISSION VIEJO, CA 92691

LAW OFFICE OF CASELLO & LINCOLN
525 N CABRILLO PARK DRIVE # 104
SANTA ANA, CA 92701

CLERK'S CERTIFICATE OF SERVICE BY MAIL                   Page: 2

18.516407. 3 of 3