# United States District Court

## CENTRAL DISTRICT OF CALIFORNIA

**FILED**
CLERK, U.S. DISTRICT COURT

6/6/23

CENTRAL DISTRICT OF CALIFORNIA
BY: _____pk_____ DEPUTY

In re: JAMIE LYNN GALLIAN,

Debtor

_____

HOUSER BROS. CO.
a California Limited Partnership
DBA RANCHO DEL REY
MOBILEHOME ESTATES

Appellant

v.

JAMIE LYNN GALLIAN,

Appellee.

District Court Case Number
8:23-cv-00001-DSF

Bankruptcy Court Case Number
8:21-bk-11710-SC

Chapter 7

## APPELLEE'S  OPENING BRIEF

JAMIE LYNN GALLIAN

16222 Monterey Ln. Unit 376

Huntington Beach, CA 92649

Telephone: (714) 321-3449

Appellee, In Pro Se,

i

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure,

Appellee Jamie Lynn Gallian makes the following disclosers:

1. None.


DATED: May 25, 2023                    *Jamie Lynn Gallian*

JAMIE LYNN GALLIAN
Appellee, IN PRO SE

# TABLE OF CONTENTS

CORPORATE DISCLOSURE STATEMENT .......................................................... i

TABLE OF CONTENTS ........................................................................................... ii

TABLE OF AUTHORITIES ..................................................................................... iii

SUMMARY OF ARGUMENT ................................................................................. 1

JURISDICTIONAL STATEMENT .......................................................................... 5

STATEMENT OF ISSUES ON APPEAL ................................................................ 5

STANDARD OF REVIEW ....................................................................................... 6

STATEMENT OF THE CASE ................................................................................. 6

ARGUMENT ............................................................................................................ 9

   A.  California Exemptions Apply to the Estate Created on the Petition Date. ...... 9

   B.  Debtor purchased her current residence with exempt funds from the sale
      of her previous CA homestead pursuant to 11 U.S.C. (P)(2)(b) .................... 12

   C.  Because There Are No Material Facts in Dispute, This Case Does Not
Turn on the Burden of Proof. ............................................................................... 13

   D.  Houser's Bros Co New Assertion the Debtor's Interest in Space/Lot 376 is
"That of a Month to Month Tenant" is a Falsehood ...................................... 16

   E.  The Automatic Homestead Exemption Applicable Here Is Not Limited to
Protecting Specific Interests. ............................................................................... 17

   F.  California Cases Have Consistently Held That the Automatic Homestead
Exemption Protects Equitable Interests in the Homestead .................................. 19

CONCLUSION ......................................................................................................... 25

STATEMENT OF RELATED CASES ..................................................................... 27

CERTIFICATE OF COMPLIANCE ........................................................................ 28

CERTIFICATE OF SERVICE ................................................................................. 29

ii

# TABLE OF AUTHORITIES

## Cases

*Amin v Khazindar,* 112 Cal. App. 4th 582, 588 (Cal. App. 2d Dist. 2003) ................................ 21

*Breeden v Smith*, 120 Cal App. 2d 62 (1953) ............................................................................ 21

*Carmack v Reynolds*, 2 Cal. 5th 844, 851 (2017) ..................................................................... 20

*Cornhusker Cas. Ins. Co. v Kachman*, 553 F. 3d 1187, 1191 (9th Cir. 2009)) .......................... 17

*Daniel v Security Pacific National Bank (In re Daniel)*, 771 F. 2d 1352, 1360 (9th Cir. 1985).. 19

*Davis v Perry*, 120 Cal. App. 670, 676 (1932) ......................................................................... 19

*Diaz v Kosmala (In re Diaz)*, 547 B.R. 329, 334 (9th Cir. BAP 2016) ............................... 10, 17

*Diaz v Kosmala (In re Diaz)*, 547 B.R. 329, 336-37 (9th Cir. BAP 2016) ........................... 14, 15

*Elliott v Weil (In re Elliott),* 523 B.R. 188 (9th Cir. BAP 2014) ............................................... 23

*Fid. Nat'l Title Ins. Co. v Schroeder*, 179 Cal. App. 4th 834, 850 (Cal. App. 5th Dist. 2009) ...... 20

*Goncalves v Rady Children's Hospital, San Diego*, 865 F. 3d 1237, 1251-52 (9th Cir. 2017).... 13

*Goodrich v Fuentes (In re Fuentes)*, 687 Fed. Appx 542 (9th Cir. 2017) .................................. 24

*Hopson v McBeth (In re Hopson)*, 2019 WL 1002499, *2  (C.D. Cal. 2019) ............................. 23

*In re Bloom,* 839 F.2d 1376, 1378 (9th Cir. 1988) ...................................................................... 6

*In re Donaldson*, 156 B.R. 51 (Bankr. N.D. Cal. 1993) ........................................................... 22

*In re Fuentes,* 687 Fed. Appx. 542 (C.D. Cal.  2017) ................................................................ 23

*In re Tallerico*, 532 B.R. 774, 780-82 (Bankr. E.D. Ca. 2015) ................................................. 15

*In re Weilert*, 2016 WL 3771905 at *3 (9th Cir. BAP 2016) ..................................................... 19

*Kaass Law v Wells Fargo Bank, N.A.,* 799 F. 3d 1290, 1293 (9th Cir. 2015) ............................ 17

*Law v Siegel*, 134 S. Ct. 1188, 1196 (2014) ............................................................................. 24

*Markham v Cabell*, 66 S. Ct.193 (1945) .................................................................................. 12

*Marshall v Marshall*, 547 U.S. 293, 299 126 S. Ct. 1735, 1741 (2006) .................................. 12

*Phillips v Gilman,* 887 F. 3d 956, 964 (9th Cir. 2018) ............................................................. 10

*Phillips v Gilman*, 887 F. 3d 956 (9th Cir. 2018) ..................................................................... 19

*Powers v Powers,* 221 Cal App. 2d 746, 750 (Cal. App. 3d Dist. 1963) ................................... 23

*Putnam Sand and Gravel v Albers,* 14 Cal. App. 3d 722 (Cal. App. 5th Dist. 1971) ................. 22

*Schaefers v Blizzard Energy, Inc. (In re Schaefers),* 623 B.R. 777 (9th Cir. BAP 2020) ........... 24

*Tarlesson v Broadway Foreclosure Investments, LLC,* 184 Cal. App. 4th 931, 937
(Cal. App. 1st Dist. 2010) ......................................................................................................... 22

*White v Stump*, 266 U.S. 310, 313, 45 S. Ct. 103, 69 L. Ed. 301 (1924) ................................. 10

*Wilson v Rigby,* 909 F. 3d 306, 308 (9th Cir. 2018) ................................................................. 11

*Wolfe v Jacobson (In re Jacobson)*, 676 F. 3d 1193, 1199 (9th Cir. 2012)) ............................. 10

**Statutes**

11 U.S.C. § 522(P)(2)(b) ........................................................................................3,19,

11 U.S.C. § 541(a) ................................................................................................ 3, 19

28 U.S.C. § 157(b)(2)(B) ........................................................................................... 13

Cal Civ. Proc. Code § 704.710 - § 704.850 ............................................................ 17

Cal Civ. Proc. Code § 704.720 ................................................................................. 18

Cal Civ. Proc. Code § 704.730 ................................................................................... 5

Cal. Civ Proc. Code § 709.010(b) .............................................................................. 4

Cal. Civ Proc.  Code § 704.710(c) ........................................................................... 18

Cal. Civ. Proc. Code § 703.580 ............................................................................... 14

Cal. Civ. Proc. Code § 703.580(c) ........................................................................... 15

Cal. Civ. Proc. Code § 704.730 ............................................................................. 5, 9

Cal. Civ. Proc. Code § 704.730(a) ........................................................................... 10

Cal. Civ. Proc. Code § 704.820 ............................................................................... 24

Cal. Civ. Proc. Code § 704.910 - § 704.995 ............................................................ 17

Cal. Civ. Proc. Code § 704.910(c) ........................................................................... 18

Cal. Civ. Proc. Code § 709.010(b) ........................................................................... 20

Cal. Evid. Code § 115 ............................................................................................... 14

**Other Authorities**

Black's Law Dictionary (11th ed. 2019) ................................................................... 16

4 COLLIER ON Bankruptcy P. 522.13[1] (2023) .........................................................20

**Rules**

Rule 1009(e)
Rule 4003)c)

TO THE HONORABLE DALE S. FISCHER, UNITED STATES DISTRICT JUDGE, HOUSER BROS CO. A CALIFORNIA LIMTED PARTNERSHIP DBA RANCHO DEL REY MOBILEHOME ESTATES AND ALL INTERESTED PARTIES

Appellee, Jamie Lynn Gallian ("Debtor"), files Appellee's Opening Brief, and respectfully submits as follows:

## 1.    FACTUAL BACKROUND

### A.    Debtor's Bankruptcy Case

On July 9, 2021, ("Petition Date"), Jamie Lynn Gallian ("Debtor") filed a voluntary petition under Chapter 7 of Title 11 of the United States Code, commencing Bankruptcy Case No. 8:21-bk-11710 ("Bankruptcy Case").

Debtor answered "Yes" on Schedule A/B, [Doc 1, page 12 of 60] to indicate and disclose that debtor owned a legal or equitable interest in the Space 376 home, LBM 1081, secured by an 11/16/2018, Security Agreement and Promissory Note perfected by UCC Filing No 19-769190527.  Debtor disclosed a second UCC filing 1/14/2019 by J-Pad, LLC File No 19-7691905279. ER-00089.  Debtor always intended the home to be her personal residence.  ER-000892-001252

1.    **SUMMARY OF ARGUMENT**

California law is instructive regarding property interests that debtors may possess

at filing which are included in the bankruptcy estate as defined in §541 of the Bankruptcy

Code.  Cited California law and cases affirm that a homestead right in an interest in real

property.  See California Const., Art. 12. §§ 1 & 2.  As the U.S. Supreme Court defines it,

property of the estate consists of "all the interests in property, legal and equitable,

possessed by the debtor at the time of filing…" *Owen v. Owen,* 500 U.S. 305, 308

(1991).  This definition is extremely broad.

This is an appeal from the United States Bankruptcy Court (the Honorable Erithe

A. Smith, United States Bankruptcy Judge).  Appellant Houser Bros. Co. A California

Limited Partnership, DBA Rancho Del Rey Mobilehome Estates,  appeals from the

Bankruptcy Court's December 16, 2022, Order  Granting Debtor's Motion For

Reconsideration of the Court's August 5, 2022 Order Sustaining Objection To Debtor's

Claimed Homestead Exemption under FRCP 59(e) on the basis of manifest error of law

and under FRCP 60(b)(6); and The Bankruptcy Court's Homestead Order entered on

August 5, 2022,  is vacated: and  Houser Bros Co. DBA Rancho Del Rey Mobilehome

Estates Motion is deemed denied; and  Debtor is entitled to a homestead exemption in the

amount of $600,000 pursuant to Cal. Civ. Proc. Code. §§ 704.720(a) and 704.730(a)

(Docket No. 274.)

**TO THE HONORABLE DALE S. FISCHER, UNITED STATES DISTRICT JUDGE, AND ALL INTERESTED PARTIES**

Appellee, Jamie Lynn Gallian ("Debtor"), files her Opening Brief, and respectfully submits as follows:

**1.      Summary of Argument**

Under United States Supreme Court authority, a debtor may not exempt property unless it is property of her bankruptcy estate. In this case, Debtor owns the home at issue. The home was registered temporarily, to limited liability company in which she was the 100% member two weeks after debtor purchased the home with sale proceeds from her previous homestead. The property became property of her estate upon the commencement of bankruptcy petition.  The property which became property of the estate was Debtor's equitable interest in the 11/16/2018 Security Agreement and Promissory Note, Perfected by U.C.C.-1 filing 1/14/2019, secured by the Personal Property Manufactured Home debtor resides.

The Debtor filed this Motion For Reconsideration Docket 157, the bankruptcy court granted reconsideration making its findings as to the continuous residency interest Debtor had in the property. California law does not require continuous ownership at all time as a condition of a the automatic homestead exemption.

The following case recited by the Appellant, is not consistent with the facts of the case at bar.  Additionally Appellant, Houser attorney, D. Edward Hays, submitted a NRD, with argument, *Kane v. Zions Bancorporation, N.A.*, 2022 U.S.Dist.LEXIS 177905 filed with the Court on 9/29/2022 [after] the Court took the matter under submission in violation of the Court's Order. Doc. 224, entered on September 9, 2022.  The most obvious reason why the court did not address the case in its MOD, the facts are not consistent with the case at bar.  Most importantly, Debtor established she purchased the subject property on November 1, 2018, from Lisa Ryan with exempt funds from her previous homestead, and has continuously lived in, possessed and controlled her current residence for several years, not J-Sandcastle Co.  Houser Bros does not dispute this fact through pleadings or oral argument presented at the 9.22.22, continued hearing after which the court took the matter under submission.

Debtor provided testimony at the 8/22/22 continued hearing on Debtor's Motion For Reconsideration explaining that California has two homestead exemptions available and the differences between the two citing to case law.

APPELLEE'S OPENING BRIEF

the Security Agreement and Promissory Note perfected by U.C.C. filing on

1/14/2019 with the Secretary of State to a separate entity was not fraudulent the

funds were not available. All of debtors equitable interest in the perfected U.C.C.

filing to the property whether to avoid unknown creditors was disclosed on

debtors petition.

On July 9, 2021 ("Petition Date"), Jamie Lynn Gallian ("Debtor") filed a

voluntary petition under Chapter 7 of Title 11 of the United States Code, commencing

Bankruptcy Case No. 8:21-bk-11710 ("Bankruptcy Case") with all Schedules filed at

the same time. Debtor did not claim a homestead exemption in her initial petition

submitted In Pro Se. Appellees Excerpt of Record ("ER") ER_____ Doc 105.

On September 7, 2021, Debtor filed a First Amendment and Amended her

Schedule C, Debtor claimed a $600,000 homestead exemption in a 2014

Manufactured Home located at 16222 Monterey Lane, Space 376, Huntington Beach,

CA 92649 ("Property") pursuant to § 704.730 of the California Code of Civil

Procedure ("CCP"). *See* Docket 15, (Debtor's Schedule C).

On May 12, 2022, as Docket No. 95, Houser Bros. filed a "Motion Objecting to

Debtor's Claimed Homestead Exemption" ("Homestead Motion"). ER 000001. The

Motion was set for hearing on June 2, 2022, at 10:30 a.m. Docket No. 99. In the

Homestead Motion, Houser Bros. attorney provided unverified, not first hand

knowledge showing Debtor's single-member LLC, J-Sandcastle Co., LLC ("J-

Sandcastle"), was the Registered owner of record on a non-certified "title search"

subject to any pending change to Housing and Community Titling  records.

Debtor's right to claim an exemption is determined as of the petition date, the Property was debtor's equitable  interest in the property of the bankruptcy estate (and therefore subject to an automatic homestead) *see Owen v. Owen*, 500 U.S. 305 (1991) ("Property that is properly exempted under § 522 is (with some exceptions) immunized against liability for pre-bankruptcy debts. § 522(c). No property can be exempted (and thereby immunized), however, unless it first falls within the bankruptcy estate.") (emphasis in original); *see also Harrington v. Ainsworth (In re Harrington)*, 2005 Bankr.LEXIS 3379, at *8 (B.A.P. 9th Cir. Aug. 22, 2005) (noting that the homestead exemptions set forth in CCP § 704.730(a) depend on whether the debtor is eligible for an exemption as of the petition date); *Goswami v. MTC Distrib. (In re Goswami)*, 304 B.R. 386, 391-92 (B.A.P. 9th Cir. 2003) (setting forth the "well-established rule" that the "Snapshot date" for determining exemption rights is the petition date).  Debtor's occupancy and control of her property for several years with intent established her permanent residence on the petition date, coupled with her equitable interest in the perfected U.C.C. filing 1/14/19, is sufficient to claim the automatic homestead. Appellant presented pictures of checks, cash, tendered to Houser, but returned to J-Sandcaslte and Debtor, do not support an objection to exemption. See *Law vs. Siegal*,  It is not error for the bankruptcy court to have permitted Debtor the full value of her automatic exemption. Debtors submitted with her Opposition, 6/1/22, Doc 105, the 11/16/18 Note and 1/14/19 U.C.C. filings proving Debtors equitable interest in the property Doc 1.

Appellant's misguided interpretation of  California Evidence Code § 662, is intended for marital disputes over recorded  real property legal title in the Land Records of the Clerk Recorder.  While true the Legal Owner is presumed to be the owner of real property, [**unless** ] rebutted by clear and convincing proof. In this case, Debtor's Opposition, Motion For Reconsideration, and Reply, all provided the court with clear and convincing proof in support of MOD and Grant of Reconsideration as supported in the Courtd MOD.  Houser Bros. alternative argument completely mistates and misleads this Court altogether, § § 522(p)(1), .  Accurate reading cities the following:

§ (1) **Except** as provided in **paragraph (2)** of [this subsection] and sections 544 and 548, as a result of electing under subsection (b)(3)(A) to exempt property under State or local law, a debtor may not exempt any amount of interest that was acquired by the debtor during the 1215-day period preceding the date of the filing of the petition that exceeds in the aggregate $170,350 in value in—

§ (A) real or personal property that the debtor or a dependent of the debtor uses as a residence;

§ (B) a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence;

§ (D) real or personal property that the debtor or dependent of the debtor claims as a homestead.

§ (2)

§ (B) For purposes of paragraph (1), any amount of such interest does not include any interest transferred from a debtor's previous principal residence (which was acquired prior to the beginning of such 1215-day period) into the debtor's current principal residence, if the debtor's previous and current residence in the same State.

.

11 U.S.C. § 522(p)(2)(b). Debtor's evidence is supported by the fact that Debtor Purchased the subject Property with her exempt sale proceeds, from the Space 376 MH seller, Lisa T. Ryan, in exchange for receiving the executed and released 11/1/2018, Original Certificate of Title and Original Registration Card to the Space 376 MH, from Seller.  Appellant does not explain their fabricated version describing what documents are to be received from the seller, and in the buyers possession prior to an Application For Registration with CA Department of Housing and Community Development. Because they truly don't know and fabricated this tale.

On June 1, 2022, the day prior to the scheduled hearingon objection, Debtor filed In Pro Per her first real  opposition however untimely, "Reply Opposition, Memorandum of Points and Authorities to Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates' Motion Objecting to Debtor's Claimed Homestead Exemption and Joinder Parties Huntington Beach Gables HOA; Janine Jasso" ("Homestead Opposition"). **Docket No. 105**. In the Homestead Opposition, Debtor asserted that she became the Certificate of Tile HCD Registered Owner of record of the Property on February 25, 2021 (*i.e.*, over five months prior to bankruptcy). Docket No. 105 at 25.

On June 2, 2022, the Court conducted a hearing on the Homestead Motion. Before the hearing, the Court published a tentative ruling to continue the hearing on the Homestead Motion to July 21, 2022, to allow Houser Bros. and the parties who joined in the Homestead Motion to file a reply to Debtor's late opposition.

On July 7, 2022, Houser Bros. filed its "Reply to Debtor's Opposition to Motion Objecting to Claimed Homestead Exemption" ("Homestead Reply") and related documents. *See* ER 6-9, ER 000274-000493. In the Homestead Reply, Houser Bros. presented a new argument, not in the moving papers, that "Debtor's only interest in the Property was that of a month-to-month tenant of an LLC" which was the owner of the Property. ER 6 at 000291.

On July 20, 2022, as Docket No. 138, Houser Bros. filed only "Excerpts of Certified Transcript, Debtor filed the entire Certified Transcript in her ER with this court,    The Excerpts of Record attached out of context excerpts from the certified transcript of Debtor's deposition, during which she stated that she "was J Sandcastle's Tenant" and "was paying rent to J Sandcastle . . . just as if a stranger off the street . . . rent[ed] this place .   Debtor further drsceibed her intent of making sure all the uncashed checks Houser Bros were holding uncashed that J-Sandcastle and Debtor tendered, remained funder.  On the petition date debtor disclosed approximately $9,000 in J-Sandcastle Co. account subsequently mobed to J-Pad LLC Account and continuously tendered to Houser and returned. Before the July 21, 2022, morning hearing, the Court the same morning, published a tentative ruling to grant the Homestead Motion ("July 21 TR"). ER 15. In the July 21 TR, the Court found that Debtor had failed to meet her burden that the Property was subject to any exemption. ER 15 at 000866-000869.   The Courts MOD has admitted that a fair and accurate evaluation was not given to the Debtors untimely Opposition

APPELLEE'S OPENING BRIEF

On July 21, 2022, the Court held a continued hearing on the Homestead Motion. During the hearing, the Court orally granted the Homestead Motion for the reasons stated in the July 21 TR.  However the Order was not entered until 8/5/22.

On July 26, 2022, Debtor filed a "Motion for Reconsideration of 7.21.22 Order Sustaining Houser Bros. Co. DBA Rancho Del Rey Mobile Home Estates Objection to Debtor's Claimed Homestead Exemption and Joinder Parties Huntington Beach Gables HOA; Janine Jasso" ("Reconsideration Motion"). ER 11.

On August 4, 2022, as Docket No. 170, Houser Bros. filed a "Response to Debtor's Notice of and Motion for Reconsideration of 7.21.22 Order Sustaining Houser Bros. Co. DBA Rancho Del Rey Mobile Home Estate's Objection to Debtor's Claimed Homestead Exemption" ("Reconsideration Opposition"). ER 12. In the Reconsideration Opposition, Houser Bros. again asserted the new argument not originally advanced in the moving papers, that Debtor's interest in the Property was that of a tenant, and she could accordingly not claim any exemption herself. ER 12 at 000810.

On August 5, 2022, as Docket No. 177, the Court entered its formal "Order Granting Houser Bros. Co. DBA Rancho Del Rey Mobile Home Estates's Motion Objecting to Debtor's Claimed Homestead Exemption in 16222 Monterey Lane,

APPELLEE'S OPENING BRIEF

Space #376, Huntington Beach, CA 92649, Docket No. 95" ("Order Granting Homestead Motion"). ER 15.

On August 11, 2022, Debtor filed a "Reply to Houser Bros Co DBA Rancho Del Rey Mobilehome Estates Opposition to Debtors [sic] Motion for Consideration [sic] . . . ." Docket No. 185. On 9/7/22, the court entered its order continuing debtors Motion for further argument, specifically ordering no new pleadings can be filed.

On September 22, 2022, the Court held a hearing on the Reconsideration Motion. At the end of the hearing, the Court took the Reconsideration Motion under advisement. Notwithstanding the Courts 9/7/22 Order, Houser Bros. filed a "Notice of Recent Decision with Argument, Re: Debtor's Motion for Reconsideration of 7.21.22 Order Sustaining Objection to Debtor's Claimed Homestead Exemption." The Court appropriately did not consider the NRD, most likely because the pleadings were closed. On December 19, 2022, the Court entered:

1) "Memorandum of Decision Regarding Debtor's Motion for Reconsideration of the Court's August 5, 2022 Order Sustaining Objection to Debtor's Homestead Exemption" ("MOD"), ER 20; and

2) "Order Granting Debtor's Motion for Reconsideration of the Court's August 5, 2022 Order Sustaining Objection to Debtor's Homestead Exemption," ER 21.

In the MOD, the Court held, among other things, that Debtor's homestead exemption in the amount of $600,000 was not subject to § 522(p)(1), because Debtor had "sufficiently demonstrated both continuous occupancy of the Property

as well as her intent to reside there." ER 20, at 000983-000984.

§ 522(p) applies in California).

### B.   Debtor's First Amendment, Amended Schedule C Doc. 15 9/7/2021

On August 18 2021, §341 Meeting of Creditors was held Jeffrey I Golden Trustee,  Debtor under penalty of perjury declared her Schedules were not accurate and Debtor would be filing a First Amendment.  Debtor explained to the Trustee and all creditors why the First Amendment was necessary.. On September 7, 2021, Debtor filed her First Amendment, Amended Schedule C.  No objections to Debtors First Amendment were timely filed. There were at least 13 other §341 Meetings of Creditors held by the Trustee Jeffrey Golden, Debtor was present at every single §341 Meeting and continued to be interrogated, as an unrepresented party, with only a high school diploma.  *See 6/22/22* Deposition.

On December 29, 2022, Houser Bros. filed a "Notice of Appeal and Statement of Election," ER 22, which commenced this appeal ("Appeal").

APPELLEE'S OPENING BRIEF

### 3.    Legal Argument

### A.    Standard of Review

A bankruptcy court's conclusions of law are reviewed *de novo*. *Whatley v. Stijakovich-Santilli (In re Stijakovich-Santilli)*, 542 B.R. 245, 253-54 (B.A.P. 9th Cir. 2015). An appellate court reviews exemption determinations *de novo*. *Id.* at 254. *De novo* review requires that the court consider a matter "anew, as if it had not been heard before, and as if no decision had been rendered below." *Id.*

The bankruptcy court's factual findings, for purposes of determining the validity of a homestead exemption claim, are reviewed under the clearly erroneous standard. *Id.* A factual finding is clearly erroneous only if the appellate court has a "definite and firm conviction that a mistake has been committed." Id.

 If there is no support in the record .

APPELLEE'S OPENING BRIEF

**B.     It is not Debtors burden of proof to show her entitlement to the**

**claimed homestead exemption when a pre-petition Declared**

**Homestead is filed in the Official Records Clerk Recorder.  Doc.74**


Records of the county tax assessor. CCP § 704.780(a). *See also In re*

*Tallerico,* 532  B.R. 774, 780 (Bankr. E.D. Cal. 2015); *Diaz v. Kosmala (In re*

*Diaz)*, 547 B.R.

329, 336-37 (B.A.P. 9th Cir. 2016) (holding that where a state law exemption statute specifically allocates the burden of proof to the debtor, Rule 4003(c) does not change that allocation) (citing *Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15 (2000)).

Here, as the Bankruptcy Court incorrectly noted, Debtor had the burden of establishing her entitlement to claim a homestead exemption pursuant to § 704.730 of the CCP because the Houser Bros attorney's Marshack & Hays, also Trustees, filed as exhibits, unverified internet records of the Orange County Treasurer-Tax Collector did not indicate that there was a "current homeowner's exemption or disabled veteran's exemption" for the Property as of the Petition Date, because the Orange County Tax Assessor's Office only updated the [internet] once per year. Can the Court imagine the chaos if the Orange County Tax Assessor had to keep the actual True and Correct Paper Copy kept in the Orange County Tax Assessors Office in Santa Ana, Ca.  I am quite sure Trustees are very familiar with this policy, but attempted this slight of hand.with a In Pro Per debtor.

### C.    Debtor is entitled to claim a the Automatic homestead exemption in the Property

California provides two alternative homestead exemptions: the declared homestead exemption set forth in CCP §§ 704.910-704.995, and the automatic homestead exemption set forth in CCP §§ 704.710-704.850. *In re Sain*, 584 B.R.

325, 328 (Bankr. S.D. Cal. 2018). Because declared homesteads apply to voluntary sales, they generally do not arise in bankruptcy cases. *Id.*

Section 704.730(a) of the CCP provides:

(a) The amount of the homestead exemption is the greater of the following:

> (1) The countywide median sale price for a single-family home in the calendar year prior to the calendar year in which the judgment debtor claims the exemption, not to exceed six hundred thousand dollars ($600,000).

> (2) Three hundred thousand dollars ($300,000).

The automatic homestead exemption protects a debtor from a forced sale. Cal. Code Civ. P. § 704.720(a) ("A homestead is exempt from sale under this division" (Division 2 - Enforcement of Money Judgments)); *id.* § 704.740(a) ("a dwelling may not be sold under this division to enforce a money judgment except pursuant to a court order for sale obtained under this article" (Article 4 - Homestead Exemption)); *id.* § 704.740(b) ("If the dwelling is personal property… an exemption claim shall be made and determined as provided in Article 2 (Article 2 - Procedure for Claiming Exemptions)). The filing of a bankruptcy petition constitutes a forced sale. *Diaz v. Kosmala (In re Diaz)*, 547 B.R. 329, 334 (B.A.P. 9th Cir. 2016); *Kelley v. Locke (In re Kelley)*, 300 B.R. 11, 17, 20 (B.A.P. 9th Cir. 2003).

APPELLEE'S OPENING BRIEF

A debtor's right to claim an exemption is determined as of the petition date. *In re Reade*, 2014 Bankr.LEXIS 1391, at *10 (Bankr. C.D. Cal. Mar. 28, 2014); *see also Harrington v. Ainsworth (In re Harrington)*, 2005 Bankr.LEXIS 3379, at *8 (B.A.P. 9th Cir. Aug. 22, 2005) (noting that the homestead exemptions set forth in CCP § 704.730(a) depend on whether the debtor is eligible for an exemption as of the petition date).

> California law defines a "homestead" as:  the principal dwelling (1) in which the judgment debtor or the judgment debtor's spouse resided on the date the judgment creditor's lien attached to the dwelling, and (2) in which the judgment debtor or the judgment debtor's spouse resided continuously thereafter until the date of the court determination that the dwelling is a homestead.

Cal. Code Civ. P. § 704.710(c).

A "manufactured home together with the outbuildings and land upon which they are situated" is eligible for a homestead exemption. Cal. Code Civ. Proc. § 704.710(a)(2) (defining "dwelling").

APPELLEE'S OPENING BRIEF

Because a Chapter 7 a debtor's continuous residency in the property and right to claim a homestead exemption is determined as of the petition date, the homestead exemptions set forth in CCP § 704.730(a) depend on whether the debtor is eligible for an exemption as of the petition date) (sustaining a chapter 7 trustee's objection to a debtor's claimed homestead exemption under CCP § 704.730 where title to the property was held by an LLC in which one of the debtors was the sole member); see also Owen v. Owen, 500 U.S. 305 (1991)

"Property that is properly exempted under § 522 is (with some exceptions immunized against liability for pre-bankruptcy debts. § 522(c).

No property can be exempted (and thereby immunized), however, unless it first falls within the bankruptcy estate.") (emphasis in original);

The MOD vacated it 8.5.2022 previous Order entered 8/5/2022,

The MOD instead shifted the focus from title to a Debtor's intent to establish

continuous residency, relying on *In re Gilman*, 887 F.3d 956, 964-65 (9th Cir.

2018). In *Gilman*, the Ninth Circuit found that a debtor could claim a homestead

exemption in property that was in escrow to be sold on the petition date, if he

intended to continue residing there. Kevin Gilman ("Mr. Gilman") filed a

voluntary Chapter 7 petition and scheduled an interest in a home in which he

claimed a homestead exemption pursuant to CCP § 704.730. Id. at 960.   Mr.

Gilman later admitted that escrow was open on this property on the day he filed

bankruptcy. Id. Two creditors objected to Mr. Gilman's homestead exemption and,

after the bankruptcy court initially sustained the objection due to lack of

opposition, it later granted Mr. Gilman's motion for relief from the order. *Id.*

APPELLEE'S OPENING BRIEF

The bankruptcy court reasoned that escrow did not eliminate Mr. Gilman's right to a homestead exemption. *Id.* at 960-61.

The creditors appealed to the district court, which affirmed, and they then appealed to the Ninth Circuit. *Id.* at 961. On appeal, the creditors contended that Mr. Gilman lacked a sufficient equitable ownership interest to support an exemption because, at the time of filing bankruptcy, he only held the property in trust for the buyer. *Id.* at 965.   Bare  title.

The Ninth Circuit noted that the definition of homestead under CCP § 704.710(c) "requires only that the judgment debtor *reside* in the property as his or her principal dwelling at the time the judgment creditor's lien attaches and continuously thereafter until the court determines the dwelling is a homestead." *Id.* at 964-65 (emphasis in original) (citation omitted). The court noted that the definition does not require that the debtor "continuously own the property." *Id.* at 965.

Therefore, to determine whether a debtor resides in a property for homestead purposes, courts consider the debtor's intent with physical occupancy of the property and the intent to reside there. *Id.*

The Court of Appeals highlighted that Mr. Gilman's occupancy of the premises was undisputed. *Id.* Debtor's intent and continuous occupancy has never been in dispute.

APPELLEE'S OPENING BRIEF

The Ninth Circuit indicated that California law rejects the creditors' argument, that title to the property is necessary to claim a homestead exemption. *Id.* at 965-66 (citing *Broadway Foreclosure Investments, LLC v. Tarlesson*, 184 Cal.App.4th 931, 937 (2010)).   Instead, "continuous residency, rather than continuous ownership, controls the analysis." *Id.* at 966 (internal quotation marks omitted). Because the bankruptcy court made no findings regarding Mr. Gilman's intent to continue to reside in the property, the Ninth Circuit vacated the decision and remanded so that the bankruptcy court could apply the correct law to the facts. *Id.*

The Bankruptcy Court relied on  *In re Gilman* here and the Ninth Circuit in *Gilman* also relied on *Broadway Foreclosure Investments, LLC v. Tarlesson*, 184 Cal.App.4th 931 (2010), where the California Court of Appeal held that a debtor who had conveyed title to her home to a relative but remained living there could claim a homestead exemption.  The facts presented below are opposite to the facts here.  Larnise Tarlesson ("Ms. Tarlesson") failed to pay a secured judgment creditor, which then sought to levy upon her real property home to satisfy the judgment. *Id.* at 934. In December 2008, the creditor filed an application for a court order permitting the sale of the home. *Id.* It argued that even though the real property home was Ms. Tarlesson's principal residence when its judgment lien attached filed in the real property land records in 2006, Ms. Tarlesson lost her right to claim a homestead exemption by conveying the property by grant deed to her cousin on June 10, 2008. *Id.* In opposition to the application, Ms. Tarlesson

APPELLEE'S OPENING BRIEF

contended that the real property had continuously been her principal residence since 1984, and she only conveyed the real property title recorded in the land records to arrange mortgage financing. *Id.* at 935. Ms. Tarlesson further highlighted that in February 2009, her cousin reconveyed the property to her by grant deed dated June 10, 2008 (the same date as the original conveyance). *Id.* The trial court found that the property was Ms. Tarlesson's homestead because it was her principal dwelling where she resided when the judgment creditor's real property lien attached and continuously thereafter. *Id.* The trial court granted the secured creditor's application for an order directing the sheriff to sell the real property, subject to the homestead exemption. *Id.* The debtors MH Unit is Personal Property [which is irrelevant], the value to debtor is shelter, no creditor can reach debtors personal property after the automatic homestead is applied.

The creditor appealed, arguing that Ms. Tarlesson could not claim a homestead exemption because she did not own the home between June 2008 and February 2009, and it therefore became subject to the secured judgment liens free of the homestead. *Id.* at 936. According to the Court of Appeal, however, because the property was Ms. Tarlesson's principal residence [i.e. her shelter] when it acquired its judgment lien, she had continuously resided in the home since 1984, and there was no evidence to rebut her claim that she retained the beneficial or equitable interest in her home, the home qualified as her homestead under CCP § 704.710(c). *Id.* As such, the Court of Appeal affirmed the trial court's order. *Id.* at 940. Both *Gilman* and *Tarlesson* are distinguishable because neither case involved a debtor who, as here, did not own the beneficial interest in property which had been acquired by an LLC.

027

Debtor disclosed on her petition Doc 1. she had an equitable interest in the property on the date of petition and disclosed the 11/16/2018 Security Agreement and Promissory Note perfected filing a U.C.C.-1 1/14/2019 CA Secretary of State.

The next analysis is off topic,  Mr. Sain, debtor, leased property from his father, in which he claimed a homestead exemption, the exemption is in the documented leasehold interest, as shown by *In re Sain*, 584 B.R. 325 (2018). In *Sain*, Douglas Sain ("Douglas") filed a voluntary Chapter 7 petition on December 13, 2014, and scheduled a 36% interest in a home in San Diego where he resided with his children. *Id.* at 327. Douglas claimed a $75,000 automatic homestead exemption in the home pursuant to CCP § 704.720. *Id.* The Chapter 7 trustee sold both Douglas's and his ex-wife's leasehold interests in the home to Douglas father who secured the financing for $755,000 after he was the highest bidder at an auction conducted in May 2016. *Id.* Douglas's father, Robert Sain ("Robert") funded a loan for the purchase and took title himself, and the Debtor entered into a month-to-month lease with his father a few days before escrow closed on July 10, 2016. *Id.* at 327-28. After litigation, the trustee paid $75,000 to Douglas for the homestead exemption. *Id.* at 728. Several months later, the trustee filed a motion for turnover of the $ 75,000 in proceeds. *Id.* The trustee argued that the Debtor was not entitled to the proceeds

because he did not acquire fee title in the home and did not reinvest the proceeds in a new homestead after receipt. *Id.* Douglas opposed the trustee's motion, primarily on the basis that he had recorded a homestead declaration, paid attorney fees to defend his homestead exemption, insurance premiums, ect.   Debtor further provided unrefuted evidence of investments in the property totaling $90,635.43. *Id.*

The bankruptcy court found that Debtor's's leasehold interest was a sufficient interest upon which a homestead could be based under California law. *Id.* at 329.

The court highlighted that in *In re Gilman*, *supra*, the Ninth Circuit rejected an argument that title to property is necessary to claim a homestead exemption. *Id.* As such, the court found that just because Debtor did not acquire full fee title from the trustee but only a leasehold interest, he could still have homestead rights. *Id.* The court instead concluded that the focus of the California homestead statute is on "any equitable ownership, possession, control or continuous residency which allows the debtor to reside in the property.. Because Debtor had at all pertinent times had an interest and resided in the property, and the court found that the property was Douglas's "dwelling," the court concluded that the money he had reinvested in the property was money he reinvested in an exempt homestead. *Id.* at 331.

Houser Bros. attached to the Homestead Motion copies of the returned rent payments from J-Sandcastle to Houser Bros. regarding the Property, which money Debtor acknowledged came from trying to keep the retained checks funded ER 1 at 000228-000248 (Homestead Motion Exhibit 23); ER 10 at 000454-000456 (Excerpts of Records, in which Debtor indicated that on a monthly basis, she would take $1,086 from one of her accounts and transfer it to a J-Sandcastle account to cover the ground lease payment).

In the briefing before the Bankruptcy Court, Houser Bros.'s evidence appears to also establish Debtor's Leasehold rights in the real property under the Space 376 MH-Unit, the unexpired portion of the recorded Ground Leasehold under HEATH & SAFETY CODE § 18551. Trustee has waived any potential claims to recover the Property from the Debtor due to the perfected U.C.C. 1/14/2019 filing also appearing on the face of the Certificate of Title issued by CA Department of Housing and Community Development, the titling agency for MH Units. (Houser's Reconsideration Opposition, asserting the new argument that Debtor's interest in the Property was that of a tenant, and she could accordingly not claim any exemption herself).

Despite Houser Bros.'s evidence and argument, the Bankruptcy Court's MOD did not even acknowledge the rent payments or Debtor's admission that she held only a leasehold interest in the Real Property. But, based on *Sain* (and *Gilman*), to the extent Debtor could claim a homestead exemption in the Real Property,

APPELLEE'S OPENING BRIEF

it would be as a renter (because she held a leasehold interest as of the 11/1/2018, the Date Debtor Purchased the MH Unit "in Place"), and her homestead exemption would attach to the proceeds of any hypothetical sale by the Trustee which the Trustee has expressed to Debtor claims he is not interested in doing.

**D.    Debtor is entitled to a full homestead exemption, pursuant to  11 U.S.C. § 522(p)(2)(b) should not be limited**

11 U.S.C. § 522(p) imposes a monetary limit of $170,350 on the amount of a debtor's interest in homestead property that may be exempted to the extent that Debtor acquired an interest within a period of 1,215 days before the commencement of the case. 4 COLLIER ON BANKRUPTCY P 522.13[1] (2023). It provides, in relevant part:

> [A]s a result of electing under subsection (b)(3)(A) to exempt property
>
> under State or local law, a debtor may not exempt any amount of
>
> interest that was acquired by the debtor during the 1215-day
>
> period preceding the date of the filing of the petition that exceeds
>
> in the aggregate $170,350 in value in—
>
> > (A) real or personal property that the debtor or a dependent of
> >
> > the debtor uses as a residence; . . . or
> >
> > (D) real or personal property that the debtor or dependent of the
> >
> > debtor claims as a homestead.

11 U.S.C. § 522(p)(1).[6]

Section 522(p) applies when a debtor seeks to exempt an interest in homestead property under § 522(b)(3)(A) by claiming exemptions under state law or local law. 4 COLLIER ON BANKRUPTCY P 522.13[1] (2023). "Section 522(p) applies in all cases regardless of whether a state has opted out of federal bankruptcy exemptions." *In re Narita*, 2008 Bankr.LEXIS 5174, at *11 (Bankr. D. Nev. Jan. 10, 2008) (citation omitted); *see also Kane v. Zions Bancorporation, N.A.*, 2022 U.S.Dist.LEXIS 177905, at *5-6 (N.D. Cal. Sept. 29, 2022) (noting that the "majority approach" holds that § 522(p) applies in states like California that have opted out of the federal exemption scheme).[7]

J-Sandcastle did not purchase or acquire the Property from third-party Lisa Ryan on November 1, 2018. ER 1 at 000131-000136 (Homestead Motion Exhibits 13-14, the documents reflecting release of title from Lisa Ryan to Jamie Gallian, whited out  and J-Sandcastle listed on November 15, 2018). It is further undisputed Debtor's sold her primary residence at 4476 Alderport Drive #53, Huntington Beach, CA 92649, to a third party on or around October 31, 2018; and used the sale proceeds to purchase the Space 37 MH Unit.   ER 11 at 000456-000466 (Reconsideration Motion). But, even though the MOD acknowledged that J-Sandcastle's acquisition of the Property occurred in November 2018, ER 20 at 000978, {because Debtor registered the home in her LLC, because of Houser Bros filing a WRIT 2 weeks after Jamie Gallian purchased the home for value,) the Court

nevertheless found that the § 522(p) limitation did not apply (presumably because

Debtor was always had an equitable interest in the Property notwithstanding that it

was registered witj HCD to debtors  LLC. a

Debtor has further disclosed that on 2/25/21, as the Member of J-Sandcastle

released Certificate of Title, and Debtor then obtained Certificate of Title in her

name effective February 25, 2021. *See, e.g.*, ER 11 at 000463.  As a reminder, the

pandemic was in its heightened state.  Many Offices and Government Buildings

were closed indefinitely. Delays in processing changes to any Original Certificate

of Title for [any] personal property (only processed in Sacramento), California

was delayed months prior to the pandemic the delay was at least 6 months.

See for example the Applicattion submitted to HCD on 11/16/18, not received by

J-Sandcastle Co from Sacramento until 1/19/2019.

(Reconsideration Motion, asserting that J-Sandcastle Member executed a "Release

of Title, signed and notarized by Jamie Lynn Gallian, its Member, on February 25,

2021"). There is no basis for Houser Bros. challenging this date for the release of

title from J-Sandcastle to Debtor on 2/25/21.  The document is executed under

penalty of perjury, Section B on the Certificate of Title does not need to be

notarized on;y signed unde perjury.  Additional HCD provides the change to the

Local Tax Assessors so their records can be updated internally, not updated on the

internet, but once per year in January,

## CONCLUSION

For the reasons stated above, Debtor, Jamie Lynn Gallian, respectfully requests that the Court:

1) Sustain the Bankruptcy Court's findings that Debtor's continuous possession and occupation of the Space 376 Home and Property as her principal residence (irrespective of ownership) constitutes an equitable interest that is sufficient to establish her entitlement to the automatic homestead exemption provided by Cal. Civ. Proc. Code §§ 704.720(a) and 704.730(a),

2) Sustain the Bankruptcy findings that Debtor's Motion granted under FRCP 59(e) on the basis of manifest error of law and under FRCP 60(b)(6);

3) Sustain the Bankruptcy Court's findings that the Homestead Order entered on August 5, 2022, vacated and the underlying Homestead Motion related thereto denied; and

4) Sustain the Bankruptcy Court's findings that Debtor is entitled to a homestead exemption in the amount of $600,000, provided by Cal. Civ. Proc. Code §§ 704.720(a) and 704.730(a); and

25

5)  Sustain the Bankruptcy Court's findings that the Homestead Exemption is

not capped at $170,350, pursuant to 11 U.S.C. § 522(p)(2)(b): and

6)  Award such other relief as the Court deems just and proper.

DATED: June 6, 2023                    Respectfully submitted,

*Jamie Lynn Gallian*

JAMIE LYNN GALLIAN

## STATEMENT OF RELATED CASES

The undersigned for Appellee certifies that the following are known related cases to this appeal:

1. *In re Jamie Lynn Gallian*, Central District of California Bankruptcy Case No. 8:21-bk-11710-SC

2. *In re Jamie Lynn Gallian*, Central District of California Bankruptcy Case No. 8:21-ap-01095-SC

3. *In re Jamie Lynn Gallian*, Central District of California Bankruptcy Case No. 8:21-ap-01096-SC

4. *In re Jamie Lynn Gallian*, Central District of California Bankruptcy Case No. 8:21-ap-01097-SC

5. *Houser Brothers Corporation. A General Partnership v Lisa T. Ryan*, Superior Court for the State of California, County of Orange Case No.  30-2018-01013582-CL-UD.CJC

5. *Houser Bros Co. A CA limited Partnership v Jamie L. Gallian*, Superior Court for the State of California, County of Orange Case No.  30-2019-01041423-CL-UD.CJC

6. *Houser Bros Co. A CA limited Partnership v Jamie L. Gallian*, Superior Court for the State of California, County of Orange Case No.  30-2023-01316057-CL-UD.CJC

7. *In re Jamie Lynn Gallian*, Central District of California District Court Case No. 8;23-cv-    Pending (Filed May 29, 2023)

8. *Estate of Charles J. Bradley, Jr.*  Superior Court for the State of California, County of Orange Case No.  30-2017-00915711-Probate-CJC

DATED: June 1, 2023

*Jamie Lynn Gallian*

27   JAMIE LYNN GALLIAN, Appellee

036

## Certificate of Compliance With Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

### (Federal Rules of Appellate Procedure Form 6)

This brief complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this brief contains less than 13,000 number of words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word and 14-pt or larger Times New Roman font style.

DATED: June 6, 2023                    Respectfully submitted,

*Jamie Lynn Gallian*
JAMIE LYNN GALLIAN
Appellee, IN PRO SE

Case Name: Houser Bros. Co. A California limited liabiity partnership
dba Rancho Del Rey Mobilehome Estates  vs. Jamie Lynn Gallian

USDC Case No. 8:23-cv-00001-DSF
USBC Case No.: 8:21-bk-11710-SC

Form 6.    Certificate of Compliance with Type-Volume
Limitation, Typeface Requirements, and Type Style Requirements

1.    This brief complies with the type-volume limitation of Fed. R. App. P.

32(a)(7)(B) because:

this brief contains less than 13,000 words, excluding the parts of the brief

exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed. R. App.

P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

this brief has been prepared in a proportionally spaced typeface using

Microsoft Word in 14-pt or larger Times New Roman.

DATED: June 6, 2023

*Jamie Lynn Gallian*
_____
JAMIE LYNN GALLIAN
APPELLEE, IN PRO SE

038

CERTIFICATE OF COMPLIANCE

## Certificate of Service

I am over the age of 18 and not a party to this case.  My business address is:

**5801 Skylab Road**
**Huntington Beach, CA 92647**

I hereby certify that on May 23, 2023, I electronically filed the **APPELLEE'S BRIEF FILED BY JAMIE LYNN GALLIAN, DEBTOR/APPELLEE** with the Clerk of the Court for the United States District Court, Central District Of California by using the CM/ECF system.

I further certify that all parties of record to this appeal either are registered CM/ECF users, or have registered for electronic notice, or have consented in writing to electronic service, and that service will be accomplished through the CM/ECF system.

**ATTORNEY FOR HOUSER BROS. CO (APPELLANT)**
D. EDWARD HAYS, ehays@marshackhays.com

**ATTORNEY FOR CHAPTER 7 TRUSTEE JEFFREY I. GOLDEN (TRUSTEE)**
AARON E. DE LEEST  adeleest@DanningGill.com

**U.S. TRUSTEE:**
UNITED STATES TRUSTEE (SA) ustpregion16.sa.ecf@usdoj.gov

06/5/2023  Robert McLelland                                    *Robert McLelland*

*Date*          *Printed Name*                                        *Signature*

039