# United States District Court

## CENTRAL DISTRICT OF CALIFORNIA

---

In re: JAMIE LYNN GALLIAN,

Debtor

_____

HOUSER BROS. CO; HUNTINGTON
BEACH GABLES HOMEOWNERS
ASSOCIATION,

Appellants

v.

JAMIE LYNN GALLIAN,

Appellee.

District Court Case Number
8:23-cv-00001-DSF

Bankruptcy Court Case Number
8:21-bk-11710-SC

Chapter 7

---

### APPELLANT'S REPLY BRIEF

D. EDWARD HAYS, #162507
ehays@marshackhays.com
LAILA MASUD, #311731
lmasud@marshackhays.com
BRADFORD N. BARNHARDT, #328705
bbarnhardt@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt, Irvine, California 92620
Telephone: (949) 333-7777; Facsimile: (949) 333-7778

Attorneys for Appellants,
HOUSER BROS. CO;
HUNTINGTON BEACH GABLES
HOMEOWNERS ASSOCIATION

i

4882-8842-9674, v. 1/1572-001

TABLE OF CONTENTS

1.   Summary of Argument ........................................................................1

2.   Legal Argument ................................................................................3

     A.   Standard of Review ...............................................................3

     B.   The Bankruptcy Court properly placed the burden of proof on
          Debtor to establish entitlement to a homestead exemption...................5

     C.   Debtor raises no compelling arguments to rebut Houser Bros.'s
          contention, that she can, at most, claim a homestead exemption
          in the Property as a renter.....................................................6

     D.   Alternatively, to the extent Debtor is entitled to a homestead
          exemption, 11 U.S.C. § 522(p) should limit the amount. ...................9

     E.   This Court need not consider Debtor's untimely Response
          Brief.................................................................................11

Statement of Related Cases.....................................................................iv

Form 6.   Certificate of Compliance with Type-Volume Limitation,
          Typeface Requirements, and Type Style Requirements ...........................v

APPELLANT'S REPLY BRIEF

# TABLE OF AUTHORITIES

**Cases**

*Abrahim & Sons Enters. v. Equilon Enters.*,

292 F.3d 958, 963 (9th Cir. 2002) .......................................................................2

*Broadway Foreclosure Investments, LLC v. Tarlesson*,

184 Cal.App.4th 931 (2010) .................................................................................8

*In re Gilman*,

887 F.3d 956 (9th Cir. 2018) ...............................................................................8

*In re Nevett*,

2021 Bankr.LEXIS 1781, at *17 (B.A.P. 9th Cir. July 1, 2021) ..........................4

*In re Sain*,

584 B.R. 325, 328 (Bankr. S.D. Cal. 2018)......................................................2, 6

*Kane v. Zions Bancorporation, N.A.*,

2022 U.S.Dist.LEXIS 177905 (N.D. Cal. Sept. 29, 2022)............................. 3, 10

*Owen v. Owen*,

500 U.S. 305, 308-09, 111 S. Ct. 1833, 1835-36 (1991) ......................................1

*U.S. Bank N.A. v. Vill. at Lakeridge, LLC*,

138 S.Ct. 960, 967 (2018) ....................................................................................4

APPELLANT'S REPLY BRIEF

*U.S. v. Lewis*,

    621 F.2d 1382, 1386 (5th Cir. 1980) .................................................................11

*U.S. v. Myers*,

    772 F.3d 213, 217 (5th Cir. 2014) .......................................................................11

*Whatley v. Stijakovich-Santilli (In re Stijakovich-Santilli)*, 542 B.R. 245, 253-54

    (B.A.P. 9th Cir. 2015)..............................................................................................3

**Statutes**

11 U.S.C. § 522(p) ..........................................................................................................3, 9

CCP §§ 704.730 and 704.780(a)(1) ...........................................................................5

**Rules**

Fed. R. Bankr. P. 8018(a)(4)......................................................................................11

APPELLANT'S REPLY BRIEF

TO THE HONORABLE DALE S. FISCHER, UNITED STATES DISTRICT

JUDGE, JAMIE LYNN GALLIAN, AND ALL INTERESTED PARTIES

Appellant, Houser Bros. Co., dba Rancho Del Rey Mobile Home Estates

("Houser Bros."), files this Reply Brief, and respectfully submits as follows:

## 1.    Summary of Argument

As held by the United States Supreme Court, to exempt property from a

bankruptcy estate, it must first become property of the bankruptcy estate:

> An estate in bankruptcy consists of all the interests in property, legal and equitable, possessed by the debtor at the time of filing, as well as those interests recovered or recoverable through transfer and lien avoidance provisions. An exemption is an interest withdrawn from the estate (and hence from the creditors) for the benefit of the debtor…Property that is properly exempted under § 522 is (with some exceptions) immunized against liability for prebankruptcy debts. § 522(c). No property can be exempted (and thereby immunized), however, unless it first falls within the bankruptcy estate. Section 522(b) provides that the debtor may exempt certain property "from property of the estate"; obviously, then, an interest that is not possessed by the estate cannot be exempted. Thus, if a debtor holds only bare legal title to his house -- if, for example, the house is subject to a purchase-money mortgage for its full value -- then only that legal interest passes to the estate; the equitable interest remains with the mortgage holder, § 541(d). And since the equitable interest does not pass to the estate, neither can it pass to the debtor as an exempt interest in property. Legal title will pass, and can be the subject of an exemption; but the property will remain subject to the lien interest of the mortgage holder.

*Owen v. Owen*, 500 U.S. 305, 308-09, 111 S. Ct. 1833, 1835-36 (1991).

In this case, Debtor was the sole member of a limited liability company that

owned title to her mobilehome residence. Debtor admitted to paying rent to the

LLC for her use of the property. As such, on the petition date, what constituted

property of the estate was the membership interest in the LLC and rights as a

APPELLANT'S OPENING BRIEF

month-to-month tenant. Debtor, however, claimed an exemption in the Property itself. After denying the claimed exemption, the bankruptcy court reversed itself and permitted the claimed exemption in the property itself. This was error.

Ninth Circuit case law makes clear that property owned by an LLC is not property of its member.[1] As such, the most that Debtor should have been able to exempt was her tenancy interest. *See, e.g., In re Sain*, 584 B.R. 325, 328 (Bankr. S.D. Cal. 2018) [exemption granted in leasehold interest where debtor was a lessee and not the owner of real property]. While ownership of property is not a necessary element of a claimed exemption (*see Sain, supra*), a debtor may only exempt property in which she has an interest and which became property of the estate upon filing.

Nothing in Debtor's opening brief shows that title had been released to her before her bankruptcy filing, and Debtor even acknowledges that she paid rent to her single-member LLC through the petition date. As such, the response brief only reinforces the conclusion, that as of the petition date, Debtor could claim a homestead exemption in, at most, a leasehold interest in the property. And, because the Bankruptcy Court did not make any conclusion of law regarding the extent of Debtor's interest in the property and because it failed to address Debtor's rent

---

[1] *See Abrahim & Sons Enters. v. Equilon Enters.*, 292 F.3d 958, 963 (9th Cir. 2002) (noting that once members contribute assets to an LLC, those assets become capital of the LLC and the members lose any interest they had in the assets).

APPELLANT'S REPLY BRIEF

payments constituting an admission that her rights were only that of a tenant, Houser Bros. requests that this Court reverse the Bankruptcy Court's ruling.

Alternatively, to the extent Debtor's LLC transferred title to her prepetition like Debtor claims, the 11 U.S.C. § 522(p) cap applies, as illustrated by the Northern District of California's recent decision in *Kane v. Zions Bancorporation, N.A.*, 2022 U.S.Dist.LEXIS 177905 (N.D. Cal. Sept. 29, 2022). There, the court found that the § 522(p) cap applied to a debtor who received title to his home from his single-member LLC the day before he filed bankruptcy. Although Debtor summarily claims that *Kane* is "not consistent with the facts of the case at bar," it is in fact directly on point (to the extent that the court finds that Debtor acquired ownership prior to bankruptcy) and caps any exemption at $170,350. And, while Debtor argues that she held title to the property before transferring it to her single-member LLC, that is not relevant. Instead, what is relevant is what Debtor held as of the petition date. Moreover, Section 522(g) would prevent Debtor's claim of exemption in property recovered by a trustee after it had been voluntarily transferred.

## 2.    Legal Argument

### A.    Standard of Review

A bankruptcy court's conclusions of law are reviewed *de novo*. *Whatley v. Stijakovich-Santilli (In re Stijakovich-Santilli)*, 542 B.R. 245, 253-54 (B.A.P. 9th Cir. 2015). An appellate court reviews exemption determinations *de novo*. *Id.* at

APPELLANT'S REPLY BRIEF

254. *De novo* review requires that the court consider a matter "anew, as if it had not been heard before, and as if no decision had been rendered below." *Id.*

The bankruptcy court's factual findings, for purposes of determining the validity of a homestead exemption claim, are reviewed under the clearly erroneous standard. *Id.* A factual finding is clearly erroneous only if the appellate court has a "definite and firm conviction that a mistake has been committed." *Id.*

Further, there are two distinct categories of mixed question cases: those where the legal issues predominate and those where factual issues predominate. *In re Nevett*, 2021 Bankr.LEXIS 1781, at *17 (B.A.P. 9th Cir. July 1, 2021). When the mixed question principally requires the court to "expound on the law, particularly by amplifying or elaborating on a broad legal standard," the legal issue predominates and the appellate court applies *de novo* review. *Id.* But, when the mixed question primarily requires the court to make a "case-specific inquiry based on a group of facts already established," or to make an additional factual inference from those facts, the resolution of the question is "inherently factual in nature" and the appellate court applies the clearly erroneous standard of review. *Id.*; *accord U.S. Bank N.A. v. Vill. at Lakeridge, LLC*, 138 S.Ct. 960, 967 (2018) (discussing the standard of review applied in mixed question cases). In this case, the legal issues predominate: specifically, what was the extent of Debtor's interest in the Property and whether the law permits her to exempt more than what became property of the estate upon filing.

4

APPELLANT'S REPLY BRIEF

**B.** **The Bankruptcy Court properly placed the burden of proof on Debtor to establish entitlement to a homestead exemption.**

Here, as discussed in the Opening Brief, Debtor had the burden of establishing her entitlement to claim a homestead exemption pursuant to § 704.730 of the CCP because the records of the Orange County Treasurer-Tax Collector ("OCTTC") did not indicate that there was a "current homeowner's exemption or disabled veteran's exemption" for the Property as of the Petition Date. Opening Brief at 21 (citing ER 20 at 000984 and ER 1 at 000249-000252).

In the Response Brief, Debtor denies that she had the burden of establishing entitlement to the claimed homestead exemption, contending that Houser Bros.'s counsel is attempting a "slight [sic] of hand" by presenting "unverified internet records of the [OCTTC]." Response Brief at 20. In fact, Houser Bros.'s evidence presented before the Bankruptcy Court establishes that it obtained the OCTTC's records from the OCTTC's own website, and Houser Bros. even included the link to access the tax bills. ER 1 at 000023 (¶¶ 31-32 of the Declaration of D. Edward Hays in support of the Homestead Motion, authenticating the tax records). And, because the OCTTC records did not reflect a current homeowner's exemption or disabled veteran's exemption for the Property, the Bankruptcy Court properly placed the burden on Debtor pursuant to CCP §§ 704.730 and 704.780(a)(1). Because Debtor did not file a cross-appeal, this issue is not properly before the court in any event.

APPELLANT'S REPLY BRIEF

**C.     Debtor raises no compelling arguments to rebut Houser Bros.'s contention, that she can, at most, claim a homestead exemption in the Property as a renter.**

As discussed in the Opening Brief, Debtor held, at most, a tenancy interest in the Property as of the Petition Date and could therefore only claim an exemption in the Property as a renter. In the Response Brief, Debtor tries to shift the focus from her tenancy interest to her "occupancy and control of her property[.]" Response Brief at 11. But, the debtor in *In re Sain*, 584 B.R. 325, 328 (Bankr. S.D. Cal. 2018), likewise occupied the property in which he resided, and as the Bankruptcy Court found, J-Sandcastle did not release title to Debtor until after the Petition Date. ER 000867-69.

While Debtor claims that *Sain* is "off topic," Response Brief at 28, she does not clearly explain why. In fact, Debtor acknowledges paying rent to J-Sandcastle for the Property. Response Brief at 30 (indicating that on a monthly basis, Debtor would take $1,086 from one of her accounts and transfer it to a J-Sandcastle account to cover the ground lease payment).[2] And, Debtor seems to recognize that

---

[2] Debtor elsewhere claims that the excerpts from her deposition transcript where she admitted to paying rent to J-Sandcastle were taken "out of context," Response Brief at 14, but Debtor clearly testified that she was "J Sandcastle's tenant," and that she "was paying rent to J Sandcastle . . . just as if [she were] a stranger off the street[.]" ER 11 at 000453.

APPELLANT'S REPLY BRIEF

4854-7883-0429,v.2

the MOD "did not even acknowledge the rent payments or [her] admission that she held only a leasehold interest in the Real Property." [3] Response Brief at 30.

Although Debtor claims that Houser Bros. raised the tenancy argument for the first time in the Homestead Reply, the argument arose from deposition testimony Debtor gave on June 28, 2022, ER 10 at 000443, 000453-56 which was after the Homestead Motion was filed on May 12, 2022. (Debtor did not disclose her tenancy interest in her bankruptcy schedules, which she signed under penalty of perjury. *See* ER 1 at 000026-128 (table attached to the Homestead Motion summarizing the information contained in Debtor's multiple sets of schedules, followed by copies of Debtor's original and amended schedules).) Further, after Houser Bros. filed the Homestead Reply, Debtor filed the Reconsideration Motion, ER 11, and she had an opportunity to reply to the tenancy argument raised in the Reconsideration Opposition. ER 12 at 000810.

Debtor separately seems to argue that because the mobilehome unit is personal property and the "value to [her] is shelter, no creditor can reach [her]

---

[3] Debtor claims to have "Leasehold rights in the real property under Space 376 MH-Unit, the unexpired portion of the recorded Ground Leasehold . . . ." Response Brief at 30. Debtor is correct that Houser Bros. owns the space on which the mobilehome sits, but the issue of whether Debtor has a valid lease agreement with Houser Bros. for the space is irrelevant to this Appeal. Houser Bros. instead argues that Debtor leased the mobilehome itself (but not the underlying land) from J-Sandcastle. Further, the issue of Debtor's right to occupy the underlying land (*i.e.*, Space #376) is currently being adjudicated in Houser Bros.'s pending forcible entry/detainer action against Debtor, Orange County Superior Court, Case No. 30-2023-01316057-CL-UD-CJC.

APPELLANT'S REPLY BRIEF

personal property after the automatic homestead is applied." Response Brief at 27.

Debtor, however, provides no authority to support this argument, which does not

clearly follow from her discussion of *In re Gilman*, 887 F.3d 956 (9th Cir. 2018),

and *Broadway Foreclosure Investments, LLC v. Tarlesson*, 184 Cal.App.4th 931

(2010). Further, her conclusion seems to assume that her claimed homestead

exemption applies, which would not be the case if Houser Bros. prevailed on its

exemption objection.

Contrary to Debtor's implication, the Bankruptcy Court did not clearly err

by finding that J-Sandcastle released title to the Property to her after the Petition

Date, rather than prior to bankruptcy on February 25, 2021. Response Brief at 33;

*see also* ER 15 at 000867-69 (Order Granting Homestead Motion and July 21 TR,

finding that J-Sandcastle, rather than Debtor, was the Property's owner of record

on the Petition Date). The Bankruptcy Court set forth extensive factual findings to

support its conclusion that J-Sandcastle held title to the Property on the Petition

Date. ER 15 at 000867-69. Debtor provides no evidence of a delay of "at least 6

months" with the HCD in processing her title release documents due to the

pandemic. Response Brief at 33. And, although Debtor claims there is "no basis for

Houser Bros. challenging [February 25, 2021] for the release of title from J-

Sandcastle to Debtor," Response Brief at 33, Houser Bros.'s evidence shows that

Debtor fraudulently submitted a forged notarization in a failed effort to give

credence to the February 25, 2021, date of release. ER 8 at 000375 (Declaration of

APPELLANT'S REPLY BRIEF

4854-7883-0429,v.2

Greg Buysman, with a representation under penalty of perjury that he did not

notarize the HCD submission regarding a February 25, 2021, release of title); *see*

*also* ER 15 at 000868 (July 21 TR, finding that Greg Buysman did not actually

notarize the February 25, 2021, release documents).

Debtor argues that she signed the February 25, 2021, release of title under

penalty of perjury, Response Brief at 33, but as the Bankruptcy Court found, the

evidence supports a conclusion that the release did not actually occur on that date.

ER 15 at 000867-69. Debtor has not rebutted Houser Bros.'s argument, that she

can claim, at most, a homestead exemption in any money generated by the

bankruptcy trustee's sale of her tenancy rights.

> **D.**    **Alternatively, to the extent Debtor is entitled to a homestead**
>
> **exemption, 11 U.S.C. § 522(p) should limit the amount.**

To the extent this Court finds that J-Sandcastle released title to the Property

to Debtor prepetition and that Debtor was not a tenant, the 11 U.S.C. § 522(p)

limitation should apply. As noted in the Opening Brief, J-Sandcastle acquired the

Property from third-party Lisa Ryan on November 1, 2018. Opening Brief at 33

(citing ER 1 at 000131-36). Although Debtor, in her Response Brief, now claims

that Lisa Ryan released title to her personally on November 1, 2018, and title was

placed in J-Sandcastle's name on November 15, 2018, Debtor's evidence is that on

a "Notice of Sale or Transfer" document, her name was whited out and replaced

with J-Sandcastle's name. Response Brief at 32; *see also* ER 1 at 000135 ("Notice

of Sale or Transfer"). The problem for Debtor, however, is that the date of release

to J-Sandcastle on this document was still given as November 1, 2018. ER 1 at

000135. Further, the release form, which bears Debtor's signature as "Managing

Member" of J-Sandcastle, purports to release title from Lisa Ryan to J-Sandcastle

as of November 1, 2018. ER 1 at 000133. And, HCD records reflected that J-

Sandcastle became the registered owner based on a November 1, 2018,

"Sale/Transfer." ER 1 at 000130 (January 18, 2019, HCD title search for the

Property). In short, the documentation belies Debtor's assertion, that Lisa Ryan

released title to her (rather than J-Sandcastle) on November 1, 2018. Even if

Debtor had briefly obtained title to the Property in November 2018, she provides

no authority to show that this fact is relevant to the § 522(p) issue.

Debtor only summarily argues that *Kane v. Zions Bancorporation, N.A.*,

2022 U.S.Dist.LEXIS 177905 (N.D. Cal. Sept. 29, 2022), is "not consistent with

the facts of the case at bar." Response Brief at 9. As noted in the Opening Brief, to

the extent J-Sandcastle released title to Debtor on February 25, 2021, *Kane* is

directly on-point because the Northern District of California found that the

§ 522(p) cap applied to a debtor who had received title to his home from his single-

member LLC the day before he filed bankruptcy. *Kane*, 2022 U.S.Dist.LEXIS

177905. And, although Debtor takes issue with Houser Bros.'s filing of a Notice of

Recent Decision ("NRD") regarding *Kane*, Response Brief at 9, Houser Bros. filed

the NRD on September 30, 2022, just one day after issuance of the *Kane* decision.

APPELLANT'S REPLY BRIEF

ER 19.

**E. This Court need not consider Debtor's untimely Response Brief.**

Generally, untimely appellate briefs need not be considered. *See U.S. v. Myers*, 772 F.3d 213, 217 (5th Cir. 2014) (noting that generally, the court does not consider arguments made in an untimely reply brief); *see also U.S. v. Lewis*, 621 F.2d 1382, 1386 (5th Cir. 1980) (declining to consider an appellant's untimely reply brief). Further, an "appellee who fails to file a brief will not be heard at oral argument unless the district court or BAP grants permission." Fed. R. Bankr. P. 8018(a)(4).

Here, pursuant to the Court's March 13 scheduling order, Debtor's response brief was due by May 22, 2023, following Houser Bros.'s timely filing of its opening brief. Docket No. 10. After Debtor blew that deadline by 10 days, the Court entered an order extending her briefing deadline to June 5, 2023, which she again missed. Debtor's Response Brief is untimely under two Court orders, and the Court need not consider her argument nor even allow her to be heard at oral argument. *See* Fed. R. Bankr. P. 8018(a)(4) (providing that an appellee who fails to file a brief will not be heard at oral argument unless the district court or Bankruptcy Appellate Panel grants permission).

**3. Conclusion**

For the reasons stated above and in the Opening Brief, Houser Bros. respectfully requests that the Court:

1) Reverse the decision of the Bankruptcy Court set forth in the MOD;

2) Find that, as a matter of law, Debtor was not entitled to claim a homestead exemption in the Property itself or, alternatively, that Debtor's homestead exemption should be capped at $170,350 pursuant to 11 U.S.C. § 522(p); and

3) Award such other and further relief as the Court deems just and proper.

DATED: June 20, 2023                    MARSHACK HAYS LLP


                                        */s/ D. Edward Hays*
                                  By: _____
                                        D. EDWARD HAYS
                                        LAILA MASUD
                                        BRADFORD N. BARNHARDT
                                        Attorneys for Appellant,
                                        HOUSER BROS. CO. dba RANCHO DEL
                                        REY MOBILE HOME ESTATES

APPELLANT'S REPLY BRIEF

4854-7883-0429,v.2

Case Name: Houser Bros. Co., et al., vs. Jamie Lynn Gallian
USDC Case No. 8:23-cv-00001-DSF
USBC Case No.: 8:21-bk-11710-SC

# Statement of Related Cases

The undersigned counsel of record for Appellant certifies that the following

are known related cases and appeals:

1.  *Houser Bros. v. Jamie Lynn Gallian*, Orange County Superior Court,

    Case No. 30-2019-01041423-CL-UD-CJC

2.  *Houser Bros. v. Jamie Lynn Gallian, Orange County Superior Court,*

    *Case No. 30-2023-013160578-UD-CJC*

3.  *Houser Bros. v. Jamie Lynn Gallian,* Bankruptcy Adversary Case No.

    8:21-ap-01097-SC

4.  *In re Jamie Lynn Gallian*, Bankruptcy Court Case No: 8:21-bk-

    11710-SC

DATED: June 20, 2023                    MARSHACK HAYS LLP


                                        */s/ D. Edward Hays*
                                        By: _____
                                        D. EDWARD HAYS
                                        LAILA MASUD
                                        BRADFORD N. BARNHARDT
                                        Attorneys for Appellant,
                                        HOUSER BROS. CO. dba RANCHO DEL REY
                                        MOBILE HOME ESTATES

---
iv
CERTIFICATE OF COMPLIANCE

Case Name: Houser Bros. Co., et al., vs. Jamie Lynn Gallian
USDC Case No. 8:23-cv-00001-DSF
USBC Case No.: 8:21-bk-11710-SC

## Form 6.    Certificate of Compliance with Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1.    This brief complies with the type-volume limitation of Fed. R. App. P.

32(a)(7)(B) because:

this brief contains 2803 words, excluding the parts of the brief exempted by

Fed. R. App. P. 32(a)(7)(B)(ii).

2.    This brief complies with the typeface requirements of Fed. R. App.

P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

this brief has been prepared in a proportionally spaced typeface using

Microsoft Word in 14-pt or larger Times New Roman.


DATED: June 20, 2023                  MARSHACK HAYS LLP


                                              */s/ D. Edward Hays*
                                      By: _____
                                      D. EDWARD HAYS
                                      LAILA MASUD
                                      BRADFORD N. BARNHARDT
                                      Attorneys for Appellant,
                                      HOUSER BROS. CO. dba RANCHO DEL REY
                                      MOBILE HOME ESTATES


4882-8842-9674, v. 1

v

CERTIFICATE OF COMPLIANCE

4854-0429-0429,v.2

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this District Court proceeding. My business address is: 870 Roosevelt, Irvine, CA 92620.

A true and correct copy of the foregoing document entitled: **APPELLANT'S REPLY BRIEF** will be served or was served **(a)** on the judge in chambers in the form and manner required by L.R. 5-4 in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and L.R 5-3.3, the foregoing document will be served by the court via NEF and hyperlink to the document. On **June 20, 2023**, I checked the CM/ECF docket for this case and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**: On **June 20, 2023**, I served the following persons and/or entities at the last known addresses in this case by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to F.R.Civ.P. 5 (d)(3) and/or controlling L.R. 5-4, on **June 20, 2023**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 20, 2023 | Layla Buchanan | /s/ Layla Buchanan |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

146786v1/9999-403

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
   - Bradford Nathan Barnhardt bbarnhardt@marshackhays.com
   - D Edward Hays ehays@marshackhays.com, kfrederick@ecf.courtdrive.com, cmendoza@marshackhays.com, cmendoza@ecf.courtdrive.com, ehays@ecf.courtdrive.com
   - Laila Masud lmasud@marshackhays.com, kfrederick@ecf.courtdrive.com, lbuchanan@marshackhays.com, lmasud@ecf.courtdrive.com

2. **SERVED BY UNITED STATES MAIL**: CONTINUED:

   Jamie Lynn Gallian
   16222 Monterey Lane Unit 376
   Huntington, CA 92649

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: CONTINUED:

   **VIA PERSONAL DELIVERY:**
   **MANDATORY CHAMBERS COPY**
   HONORABLE DALE S. FISCHER, DISTRICT JUDGE
   FIRST STREET COURTHOUSE
   350 WEST 1ST STREET, COURTROOM 7D
   LOS ANGELES, CA 90012

4888-6088-1744, v. 1

146786v1/9999-403