D. EDWARD HAYS, #162507
ehays@marshackhays.com
LAILA MASUD, #311731
lmasud@marshackhays.com
BRADFORD N. BARNHARDT, #328705
bbarnhardt@marshackhays.com
MARSHACK HAYS WOOD LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Appellant,
HOUSER BROS. CO.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>JAMIE LYNN GALLIAN,<br><br>Debtor.<br><br>---<br><br>HOUSER BROS. CO. DBA RANCHO DEL REY MOBILE HOME ESTATES,<br><br>Appellant,<br><br>v.<br><br>JAMIE LYNN GALLIAN,<br><br>Appellee. | Case No. 5:23-cv-00001-DSF<br><br>USBC Case No.: 8:21-bk-11710-SC<br><br>POST HEARING BRIEF<br><br>ORAL ARGUMENT:<br>Date: October 23, 2023<br>Time: 1:30 p.m.<br><br>Judge: Hon. Dale S. Fischer |

TO THE HONORABLE DALE S. FISCHER, UNITED STATES DISTRICT JUDGE, AND ALL INTERESTED PARTIES

    Appellant, Houser Bros. Co., dba Rancho Del Rey Mobile Home Estates ("Houser Bros."), files this post hearing brief ("Brief") following oral argument on October 23, 2023. At the conclusion of oral argument, the Court announced it's ruling to reverse and remand the subject order for further factual findings. The Court then requested that each party file a post-hearing brief with suggested language for the order reversing and remanding. Appellant respectfully suggests the following:

1

POST-HEARING BRIEF

**1. Pertinent Factual Background**

    **A.    Bankruptcy Case**

On July 9, 2021 ("Petition Date"), Jamie Lynn Gallian ("Debtor") filed a voluntary petition under Chapter 7 of Title 11 of the United States Code, commencing Bankruptcy Case No. 8:21-bk-11710 ("Bankruptcy Case"). [1]

In Schedule C, Debtor claimed a $600,000 homestead exemption in a manufactured home located at 16222 Monterey Lane, Space 376, Huntington Beach, CA 92649 ("Property") pursuant to § 704.730 of the California Code of Civil Procedure ("CCP").[2] *See* Docket No. 72 at 20.

On May 12, 2022, as Docket No. 95, Houser Bros. filed a "Motion Objecting to Debtor's Claimed Homestead Exemption" ("Homestead Motion"). The Motion was set for hearing on June 2, 2022, at 10:30 a.m. Docket No. 99. In the Homestead Motion, Houser Bros. provided evidence to show that Debtor's single-member LLC, J-Sandcastle Co., LLC ("J-Sandcastle"), was the Property's owner of record on the Petition Date, and because a debtor's right to claim an exemption is determined as of the petition date, the Property did not become property of the bankruptcy estate (and therefore Debtor could not be allowed a homestead). *see Owen v. Owen*, 500 U.S. 305 (1991) ("Property that is properly exempted under § 522 is (with some exceptions) immunized against liability for prebankruptcy debts. § 522(c). No property can be exempted (and thereby immunized), however, unless it first falls within the bankruptcy estate.") (emphasis in original); *see also Harrington v. Ainsworth (In re Harrington)*, 2005 Bankr.LEXIS 3379, at *8 (B.A.P. 9th Cir. Aug. 22, 2005) (noting

---

[1] Unless noted otherwise, all references in this Motion to docket numbers are to the docket in the Bankruptcy Case.

[2] California provides two alternative homestead exemptions: the declared homestead exemption set forth in CCP §§ 704.910-704.995, and the automatic homestead exemption set forth in CCP §§ 704.710-704.850. *In re Sain*, 584 B.R. 325, 328 (Bankr. S.D. Cal. 2018). Because declared homesteads apply to voluntary sales, they generally do not arise in bankruptcy cases. *Id.*

that the homestead exemptions set forth in CCP § 704.730(a) depend on whether the debtor is eligible for an exemption as of the petition date); *Goswami v. MTC Distrib. (In re Goswami)*, 304 B.R. 386, 391-92 (B.A.P. 9th Cir. 2003) (setting forth the "well-established rule" that the "critical date" for determining exemption rights is the petition date).

On June 1, 2022, the day prior to the scheduled hearing, Debtor filed an untimely "Reply Opposition, Memorandum of Points and Authorities to Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates' Motion Objecting to Debtor's Claimed Homestead Exemption and Joinder Parties Huntington Beach Gables HOA; Janine Jasso" ("Homestead Opposition"). Docket No. 105.

On July 7, 2022, Houser Bros. filed its "Reply to Debtor's Opposition to Motion Objecting to Claimed Homestead Exemption" ("Homestead Reply") and related documents. See, Bankruptcy Court Dk. Nos. 130-134.

Before the July 21, 2022, hearing, the Court published a tentative ruling to grant the Homestead Motion ("July 21 TR"). In the July 21 TR, the Court found that Debtor had failed to meet her burden that the Property was subject to any exemption. The Court alternatively found that had Debtor provided sufficient evidence of a transfer on February 25, 2021, the limitations of 11 U.S.C. § 522(p) would have applied.

On July 21, 2022, at 10:30 a.m., the Court held a continued hearing on the Homestead Motion. During the hearing, the Court orally granted the Homestead Motion for the reasons stated in the July 21 TR. On August 5, 2022 the court entered an order disallowing the claimed exemption ("Order Denying Exemption ").

On July 26, 2022, Debtor filed a "Motion for Reconsideration of 7.21.22 Order Sustaining Houser Bros. Co. DBA Rancho Del Rey Mobile Home Estates Objection to Debtor's Claimed Homestead Exemption and Joinder Parties Huntington Beach Gables HOA; Janine Jasso" ("Reconsideration Motion"). Docket No. 157. The Debtor bore the burden of proof to establish that the cause for the Court to reconsider the Order Denying Exemption.

On September 22, 2022, the Court held a hearing on the Reconsideration Motion. At the end of the hearing, the Court took the Reconsideration Motion under advisement.

About a week after the September 22, 2022, hearing, Houser Bros. filed a "Notice of Recent Decision Re: Debtor's Motion for Reconsideration of 7.21.22 Order Sustaining Objection to Debtor's Claimed Homestead Exemption" ("NRD"). The NRD attached a copy of the decision of the United States District Court for the Northern District of California in *Evander Frank Kane v. Zions Bancorporation, N.A.*, Case No. 21-cv-08209-WHO, which was entered on September 29, 2022. Hays Decl. Ex. 5. The NRD specified as follows:

> *Kane* is relevant to this case because it involved a claim of exemption in property acquired by an LLC which LLC was owned by an individual debtor. In *Kane*, the Court found that the debtor acquired the subject property from the LLC the day prior to bankruptcy and, as such, limited the exemption under Section 522(p). In this case, the Court has already found that Debtor did not acquire the property from the LLC until after bankruptcy. Under either scenario, the *Kane* decision stands for the proposition that property owned by an LLC cannot be exempted by an individual until she meets her burden of proof to establish a beneficial or equitable interest in such property.

Hays Decl. Ex. 5 at 432.

On December 19, 2022, the Court entered:

1) "Memorandum of Decision Regarding Debtor's Motion for Reconsideration of the Court's August 5, 2022 Order Sustaining Objection to Debtor's Homestead Exemption" ("MOD"), Docket No. 273; and

2) "Order Granting Debtor's Motion for Reconsideration of the Court's August 5, 2022 Order Sustaining Objection to Debtor's Homestead Exemption," Docket No. 274.

In the MOD, the Court held, among other things, that Debtor's homestead exemption in the amount of $600,000 was proper because the she had "sufficiently demonstrated both continuous occupancy of the Property as well as her intent to reside there." Docket No. 273 at 11. The MOD did not, however, contain any findings regarding what was Debtor's interest in the Property (when it was owned by an LLC on the petition date and the evidence showed Debtor was a tenant paying rent to the LLC. The MOD also did not cite to the *Kane* decision that concluded that when a debtor holds title in an LLC, that interest is insufficient to qualify for a homestead).

**B. Appeal**

On December 29, 2022, Houser Bros. timely filed a "Notice of Appeal and Statement of Election." Docket No. 280.

After extensively reviewing the evidence and law, the Court concludes that it must reverse and remand the subject order.

On appeal, a reviewing court reviews findings of fact for clear error. *In re Elliott*, 523 B.R. 188, 191 (9th Cir. BAP 2014)(internal citations omitted). In this case, however, the trial court failed to make findings on crucial issues.

Specifically, before a debtor can exempt an asset, it must first be property of the bankruptcy estate. *Owen v. Owen*, 500 U.S. 305 (1991). While the trial court correctly concluded that California law does not require that a debtor must hold title to claim a homestead exemption, a debtor must still have some equitable or beneficial interest in a dwelling.[3]

When a debtor in California claims an exemption, the trial court correctly held that the burden of proof rests upon the party claiming the exemption.

Based on the evidence presented by the Debtor (and the record does not have to be reopened on remand[4]), the Court was required to find facts that satisfied Debtor's burden of proof before allowing the claimed exemption.

---

[3] *See e.g., Schaefers v. Blizzard Energy, Inc. (In re Schaefers)*, 623 B.R. 777 (B.A.P. 9th Cir. 2020).
[4] *See generally*, *Jones & Laughlin Steel Corp. v. Pfeifer*, 462 U.S. 523, 551(1983).

5
POST-HEARING BRIEF

Instead, the record includes evidence that Debtor's interest in the property was only that of being the sole owner of the limited liability company that held title, that Debtor only held the interest of a month-to-month tenant. If these were interests were the extent of Debtor's interest that became property of the estate, then it would be error to allow debtor a homestead in the property when the property itself did not become property of the estate upon the petition date. Because the trial court's memorandum decision does not address these facts and fails to find facts establishing that Debtor had some equitable interest in the property itself, the order must be reversed for findings of fact to be made.

Based on the foregoing, the decision of the Bankruptcy Court is REVERSED and the matter is REMANDED so that the Bankruptcy Court can determine if Debtor satisfied her burden of proof to establish that she had a beneficial interest in the property which became property of the estate which she could then exempt.

DATED: October 30, 2023        MARSHACK HAYS WOOD LLP

By:   /s/ D. Edward Hays
    D. EDWARD HAYS
    BRADFORD N. BARNHARDT
    LAILA MASUD
    Attorneys for Appellant
    HOUSER BROS. CO.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this District Court proceeding. My business address is: 870 Roosevelt, Irvine, CA 92620.

A true and correct copy of the foregoing document entitled: **POST HEARING BRIEF** will be served or was served **(a)** on the judge in chambers in the form and manner required by L.R. 5-4 in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and L.R 5-3.3, the foregoing document will be served by the court via NEF and hyperlink to the document. On **October 30, 2023**, I checked the CM/ECF docket for this case and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On **October 30, 2023**, I served the following persons and/or entities at the last known addresses in this case by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to F.R.Civ.P. 5 (d)(3) and/or controlling L.R. 5-4, on **October 30, 2023**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 30, 2023 | Layla Buchanan | */s/ Layla Buchanan* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
   - Bradford Nathan Barnhardt bbarnhardt@marshackhays.com, kfrederick@ecf.courtdrive.com, cbastida@marshackhays.com
   - D Edward Hays ehays@marshackhays.com, kfrederick@ecf.courtdrive.com, cmendoza@marshackhays.com, cmendoza@ecf.courtdrive.com, ehays@ecf.courtdrive.com
   - Laila Masud lmasud@marshackhays.com, kfrederick@ecf.courtdrive.com, lbuchanan@marshackhays.com, lmasud@ecf.courtdrive.com

2. **SERVED BY UNITED STATES MAIL**: CONTINUED:

   Jamie Lynn Gallian
   16222 Monterey Lane Unit 376
   Huntington, CA 92649

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: CONTINUED:

   **VIA PERSONAL DELIVERY:**
   **MANDATORY CHAMBERS COPY**
   HONORABLE DALE S. FISCHER, DISTRICT JUDGE
   FIRST STREET COURTHOUSE
   350 WEST 1ST STREET, COURTROOM 7D
   LOS ANGELES, CA 90012

4888-6088-1744, v. 1

146786v1/9999-403